## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF DELAWARE

WAYNE VAN SCOY,                              )
                                             )
    Plaintiff and                        )
    Counterclaim-Defendant,              )
                                             )
        v.                        )
                                             )
VAN SCOY DIAMOND MINE OF                     )    Case No. 05-108 (KAJ)
DELAWARE, INC., a Delaware Corporation       )
KURT VAN SCOY, and DONNA VAN SCOY,           )
                                             )
    Defendants and                       )
    Counterclaim-Plaintiff.              )

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff, Van Scoy Diamond Mine of Delaware, Inc., and

Defendants Kurt Van Scoy and Donna Van Scoy, by and through their undersigned attorneys,

hereby answer the complaint in correspondingly numbered paragraphs and include counterclaims

as follows:

      1.      Admitted that Wayne Van Scoy is an individual; admitted that Wayne Van Scoy

is the record owner of two federal registrations for the mark "Van Scoy Diamond Mine" as listed

on the records of the United States Patent and Trademark Office; admitted that there is business

conducted at 154 Mundy Street, Wilkes-Barre, PA 18702; lacking information and belief, denied

that such business is a related company as respecting Wayne Van Scoy.

      2.      Admitted.

      3.      Admitted that Kurt Van Scoy is an individual who is at least a part owner and an

officer of Van Scoy Diamond Mine of Delaware, Inc.; admitted that Kurt Van Scoy directs in

part the operations of Van Scoy Diamond Mine of Delaware, Inc.; denied that Kurt Van Scoy has

directed any acts which amount to infringement or are otherwise wrongful, as asserted in the complaint.

4.    Admitted that Donna Van Scoy is an individual who is at least a part owner and an officer of Van Scoy Diamond Mine of Delaware, Inc.; admitted that Donna Van Scoy in part directs the operations of Van Scoy Diamond Mine of Delaware, Inc.; denied that Donna Van Scoy has directed any acts which to infringement or are otherwise wrongful as asserted in the complaint.

5.    Admitted that this Court has jurisdiction as respecting the allegations raised in the complaint pursuant to 15 USC 1051 et. seq. as amended and 28 USC 1331.

6.    Admitted that this Court has jurisdiction over supplemental claims of common law unfair competition under 28 USC 1338 as alleged in the complaint but denied that there has been any such unfair competition.

7.    Admitted that defendants Van Scoy Diamond Mine of Delaware, Inc.; Kurt Van Scoy and Donna Van Scoy reside within this District; denied that any of the defendants have committed or directed acts of infringement as alleged in the complaint, within this District or elsewhere; admitted respecting the allegations raised in the complaint that venue is proper in this District pursuant to 28 USC 1391(b) and (c).

## ANSWER TO FIRST CAUSE OF ACTION FOR INFRINGEMENT

8.    Admitted that the allegations in the complaint purport to state a cause of action arising under of the trademark laws of the United States, 15 USC 1051 et seq.; denied that any of the defendants have done anything which is actionable under the trademark laws of the United States.

9.    Admitted that plaintiff appears to be currently engaged in the business of

marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy Diamond Mine"; otherwise, lacking information and belief, denied.

10.     Admitted that plaintiff appears to be currently engaged in the business of marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy Diamond Mine"; otherwise, lacking information and belief, denied.

11.     Admitted that plaintiff appears to be currently engaged in the business of marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy Diamond Mine"; otherwise, lacking information and belief, denied.

12.     Admitted that plaintiff appears to be currently engaged in the business of marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy Diamond Mine"; otherwise, lacking information and belief, denied.

13.     Lacking information and belief, denied.

14.     Lacking information and belief, denied.

15.     Lacking information and belief, denied.

16.     Specifically denied that the mark "Van Scoy Diamond Mine" has become a famous mark; otherwise, lacking information and belief, denied.

17.     Admitted that the records of the United States Patent and Trademark Office indicate that on 21 October 1980 United States trademark registration 1,140,711 was issued to Van Scoy Diamond Mines, Inc., a Pennsylvania corporation, located at Gateway Shopping Center, Edwardsville, Pennsylvania, 18704. Lacking information and belief, denied that the party to whom U.S. trademark registration 1,140,711 issued on 21 October 1980 was or is plaintiff's predecessor in title. Admitted that the records of the United States Patent and Trademark Office show that United States trademark registration 1,140,711 was renewed on 21

- 3 -

October 2000 in the name of plaintiff. Admitted that what appears to be a true copy of the renewal registration showing plaintiff as the record owner of U.S. registration 1,140,711 as renewed was attached to the complaint as plaintiff's Exhibit A. Lacking information and belief, denied that U.S. registration 1,140,711 is in full force and effect, has been made incontestable under Section 15 of the Trademark Act, or is actually owned by plaintiff.

     18.    Admitted that the records of the United States Patent and Trademark Office indicate that on 28 October 1980 United States trademark registration 1,140,958 was issued to Van Scoy Diamond Mines, Inc., a Pennsylvania corporation, located at Gateway Shopping Center, Edwardsville, Pennsylvania, 18704. Lacking information and belief, denied that the party to whom U.S. trademark registration 1,140,958 issued on 28 October 1980 was or is plaintiff's predecessor in title. Admitted that the records of the United States Patent and Trademark Office show that United States trademark registration 1,140,958 was renewed on 28 October 2000 in the name of plaintiff. Admitted that what appears to be a true copy of the renewal registration showing plaintiff as the record owner of U.S. registration 1,140,958 as renewed was attached to the complaint as plaintiff's Exhibit B. Lacking information and belief, denied that U.S. registration 1,140,958 is in full force and effect, has been made incontestable under Section 15 of the Trademark Act, or is actually owned by plaintiff.

     19.    Lacking information and belief, denied.

     20.    Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. has rendered jewelry stores services and has sold diamonds, precious stones and jewelry under the mark "Van Scoy Diamond Mine of Delaware" from November of 1994 through the present; admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. may have recently rendered jewelry store services and may have recently sold diamonds, precious stones or jewelry under the mark "Van

- 4 -

Scoy Diamond Mine"; denied that such activities on the part of defendant Van Scoy Diamond

Mine of Delaware, Inc. have been to the detriment of plaintiff or have damaged plaintiff. As to

defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

     21.    Denied.

     22.    Denied.

     23.    Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. has used the

mark "Van Scoy Diamond Mine of Delaware, Inc." for retail jewelry store and services and in

connection with the sale of jewelry and precious stones since November of 1994; denied that any

of the defendants have had constructive or actual notice of any federal trademark registration

rights allegedly owned by plaintiff; denied that use of the mark "Van Scoy Diamond Mine of

Delaware, Inc." and/or use of the mark "Van Scoy Diamond Mine" by defendant Van Scoy

Diamond Mine of Delaware, Inc. has constituted infringement of any valid right of plaintiff;

denied that any use of any name, mark or other designation by defendant Van Scoy Diamond

Mine of Delaware, Inc. in connection with the offering and rendering of the retail jewelry store

services and the sale of jewelry and precious stones has caused any likelihood of confusion,

deception or mistake as respect to plaintiff. As to defendant Kurt Van Scoy, denied. As to

defendant Donna Van Scoy, denied.

     24.    Admitted.

     25.    Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. previously

operated a website located at www.vanscoydiamondmine.com; denied that creation and

operation of that website was done with any knowledge of any trademark registration rights

owned by plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy,

denied.

26.     Denied that defendant Van Scoy Diamond Mine of Delaware, Inc. uses "Vanscoy Diamond Mine" on any website; otherwise as to defendant Van Scoy Diamond Mine of Delaware, Inc., generally denied. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

27.     Admitted.

28.     Denied.

29.     Admitted that defendant Kurt Van Scoy has directed acts of defendant Van Scoy Diamond Mine of Delaware, Inc. but denied that any such acts amounted to infringement or any other actionable wrong as respecting plaintiff.

30.     Admitted that defendant Donna Van Scoy has directed acts of defendant Van Scoy Diamond Mine of Delaware, Inc. but denied that any such acts amounted to infringement or any other actionable wrong as respecting plaintiff.

31.     Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. has conducted its business in the District of Delaware, within the jurisdiction of this Court but denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement or any other actionable wrong as respecting plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

32.     Denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement of any mark allegedly belonging to plaintiff; otherwise, lacking information and belief, generally denied by defendant, Van Scoy Diamond Mine of Delaware, Inc. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

33.     Denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to any infringement of any mark allegedly belonging to plaintiff; otherwise, lacking

information and belief, generally denied by defendant, Van Scoy Diamond Mine of Delaware, Inc. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

34.    Denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to any infringement of any mark allegedly belonging to plaintiff; otherwise, lacking information and belief generally denied by defendant, Van Scoy Diamond Mine of Delaware, Inc. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

35.    Admitted that plaintiff sent defendants a letter dated 18 November 2004 asserting that plaintiff own certain United States trademark registrations and further asserting that defendants were infringing the marks which were the subject of those registrations; admitted that defendants have continued their business operations substantially as conducted prior to receipt of the 18 November 2004 letter; denied that any such business operations amounted to infringement of any federally registered mark allegedly owned by plaintiff as asserted in plaintiff's 18 November 2004 letter; otherwise, generally denied.

36.    Other than the letter dated 18 November 2004 as addressed in the preceding paragraph, denied that plaintiff has requested defendants to in any way change their manner of doing business; additionally denied that any manner of doing business by Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement of any rights allegedly owned by plaintiff in any federal trademarks allegedly owned by plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

37.    Other than the letter dated 18 November 2004 as addressed in the preceding two paragraphs, denied that plaintiff has requested defendants to in any way change their manner of doing business; additionally denied that any manner of doing business by Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement of any rights allegedly owned by plaintiff

- 7 -

PH2 221126v1 03/15/05 11:20:56 AM

in any federal trademarks allegedly owned by plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

38.    Denied.

39.    Admitted that the actions of defendant Van Scoy Diamond Mine of Delaware, Inc. have been directed by defendant Kurt Van Scoy and by defendant Donna Van Scoy but denied that any such acts of Van Scoy Diamond Mine of Delaware, Inc. have amounted to infringement.

40.    Denied.

41.    Denied.

## ANSWER TO SECOND CAUSE OF ACTION
## FOR ALLEGED FEDERAL UNFAIR COMPETITION

42.    Preceding paragraphs 1 through 41 are incorporated herein by reference as it fully sets forth herein.

43.    Denied that the trade name "Van Scoy Diamond Mine" and the mark "Van Scoy Diamond Mine" which is the subject of U.S. registrations 1,140,948 and 1,140,711 have become uniquely associated with or have come to identify plaintiff. As to "Van Scoy Diamond Mine" being a trade name of a company related to plaintiff, lacking information and belief, denied. Denied that any use by defendant Van Scoy Diamond Mine of Delaware, Inc. of the designation "Van Scoy Diamond Mine" and/or the designation "Vanscoy Diamond Mine" and/or the designation "Van Scoy Diamond Mine of Delaware, Inc." or any similar designation amounts to use of any false designation of origin or false representation which has in any way wrongly or falsely designated the retail jewelry store business operated by defendant Van Scoy Diamond Mine of Delaware, Inc. at which retail jewelry store services are rendered and precious stones and jewelry are sold, as originating from or connected with plaintiff; further denied that any such

- 8 -

activity constitutes utilizing false descriptions or representations in interstate commerce.

44.    Denied.

## ANSWER TO THIRD CAUSE OF ACTION FOR
## REGISTRATION OF PLAINTIFF'S MARK IS AN INTERNET DOMAIN NAME

45.    Preceding paragraphs 1 through 44 are incorporated herein by reference as it fully

sets forth herein.

46.    Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. caused the

internet domain name www.vanscoydiamondmine.com to be registered; denied that such

registration was done by any of the defendants with any knowledge of trademark registrations

subsisting on the principal register of the United States Patent and Trademark Office which

belong to plaintiff; otherwise generally denied.

47.    Denied that when defendant Van Scoy Diamond Mine of Delaware, Inc.

registered the internet domain name "www.vanscoydiamondmine.com" that any of the

defendants had any knowledge of any United States trademark registrations belonging to

plaintiff.  Denied that registration of such domain name was done with an intent to injure or

profit from plaintiff.

48.    Denied.

## ANSWER TO FOURTH CAUSE OF ACTION
## FOR COMMON LAW UNFAIR COMPETITION

49.    Preceding paragraphs 1 through 48 are incorporated herein by reference as it fully

sets forth herein.

50.    Admitted.

51.    Denied.

PH2 221126v1 03/15/05 11:20:56 AM

## AFFIRMATIVE DEFENSES OF DEFENDANTS VAN SCOY DIAMOND
## MINE OF DELAWARE, INC., KURT VAN SCOY AND DONNA VAN SCOY

52.    Plaintiff has failed to state a claim upon which relief can be granted.

53.    Plaintiff's claims are barred by the relevant statutes of limitations.

54.    Plaintiff's claims for recovery of property and damages are barred by plaintiff's

failure to give notice of registration pursuant to 15 USC 1111.

55.    Plaintiff's alleged mark "Van Scoy Diamond Mine" is generic, misdescriptive or

otherwise has no significance as a source indicator and hence counter function as a trademark.

56.    Plaintiff Wayne Van Scoy's alleged mark "Van Scoy Diamond Mine" is not

famous and has not acquired secondary meaning.

57.    Plaintiff Wayne Van Scoy's alleged mark Van Scoy Diamond Mine is generic or

merely descriptive and thus not capable of protection.

58.    Plaintiff's claims are barred by the doctrine of latches.

59.    Plaintiff's claims are barred by the doctrine of estoppel.

60.    Plaintiff's claims are barred by the doctrine of acquiescence.

61.    Plaintiff's claims are barred by the doctrine of waiver.

62.    United States trademark registration 1,140,711 on which plaintiff is the current

record owner is invalid and unassertable against defendants by reason of the mark which is the

subject of such registration having been abandoned by plaintiff and/or by plaintiff's predecessor

in title.

63.    United States trademark registration 1,140,958 on which plaintiff is the current

record owner is invalid and unassertable against defendants by reason of the mark which is the

subject of such registration having been abandoned by plaintiff and/or by plaintiff's predecessor

in title.

PH2 221126v1 03/15/05 11:20:56 AM

## AFFIRMATIVE DEFENSES OF DEFENDANTS
## KURT VAN SCOY AND DONNA VAN SCOY

64.     At all relevant times defendants Kurt Van Scoy and Donna Van Scoy acted within

the scope of their duties of employment by defendant Van Scoy Diamond Mine of Delaware,

Inc. and to the extent any actions by defendants Kurt Van Scoy and/or Donna Van Scoy are

actionable, responsibility for and any liability growing out thereof is that of defendant Van Scoy

Diamond Mine of Delaware, Inc., and not that of defendants Kurt Van Scoy and/or Donna Van

Scoy.

## COUNTERCLAIMS OF DEFENDANT VAN
## SCOY DIAMOND MINE OF DELAWARE, INC.

Defendant Van Scoy Diamond Mine of Delaware, Inc., in support of its counterclaims

against plaintiff Wayne Van Scoy, hereby avers:

59.     Defendant Van Scoy Diamond Mine of Delaware, Inc. is a corporation organized

and existing under the laws of the state of Delaware, having a principal place of business at 1117

Churchman Road, Newark, Delaware 19713.

60.     On information and belief, counterclaim-defendant/Wayne Van Scoy is an

individual residing at Wilkes-Barre, Pennsylvania and is the current owner of record in the

United States Patent and Trademark Office of United States trademark registrations 1,140,711

and 1,140,958 both being for the mark "Van Scoy Diamond Mine".

61.     Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201

and 2202.

62.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, and is also based

upon the filing by plaintiff Wayne Van Scoy of this action against defendant Van Scoy Diamond

Mine of Delaware, Inc. and other defendants in this district.

PH2 221126v1 03/15/05 11:20:56 AM

## COUNTERCLAIM FOR A DECLARATION OF INVALIDITY
## OF UNITED STATES TRADEMARK REGISTRATION 1,140,958

63.     Defendant Van Scoy Diamond Mine of Delaware, Inc. repeats and reavers each and ever averment contained in paragraphs 64 hereof as though fully set forth herein.

64.     This is a counterclaim under the trademark laws of the United States (15 U.S.C. §§ 1051, *et seq.*) for a declaration that United States trademark registration 1,140,958 for the mark "Van Scoy Diamond Mine" is invalid.

65.     Plaintiff Wayne Van Scoy asserts that defendant Van Scoy Diamond Mine of Delaware, Inc., and other defendants, by virtue of acts alleged in the complaint in this action, have infringed and continue to infringe the mark "Van Scoy Diamond Mine" which is the subject of United States trademark registration 1,140,958.  Defendants, including defendant Van Scoy Diamond Mine of Delaware, Inc., have denied such infringement and assert that U.S. trademark registration 1,140,958 for the mark "Van Scoy Diamond Mine" is invalid.

66.     An actual controversy exists between defendant Van Scoy Diamond Mine of Delaware, Inc. and plaintiff Wayne Van Scoy as to the invalidity of United States trademark registration 1,140,958, as evidenced by, *inter alia*, the Complaint and Answer in this action.

67.     United States trademark registration 1,140,958 is invalid by virtue of the mark having been abandoned by plaintiff Wayne Van Scoy and/or by plaintiff's predecessor in title, for failure to meet the requirements of, *inter alia*, 15 USC 1052 *et. seq.* of the United States Code.

68.     The acts of plaintiff Wayne Van Scoy including the filing of the instant lawsuit have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to defendant Van Scoy Diamond Mine of Delaware, Inc. for which defendant Van Scoy Diamond Mine of Delaware, Inc. has no adequate remedy at law and from which defendant

- 12 -

Van Scoy Diamond Mine of Delaware, Inc. is entitled to declaratory and injunctive relief.

## COUNTERCLAIM FOR A DECLARATION OF INVALIDITY
## OF UNITED STATES TRADEMARK REGISTRATION 1,140,711

69.     Defendant Van Scoy Diamond Mine of Delaware, Inc. repeats and reavers each and ever averment contained in paragraphs 64 hereof as though fully set forth herein.

70.     This is a counterclaim under the trademark laws of the United States (15 U.S.C. §§ 1051, et seq.) for a declaration that United States trademark registration 1,140,711 for the mark "Van Scoy Diamond Mine" is invalid.

71.     Plaintiff Wayne Van Scoy asserts that defendant Van Scoy Diamond Mine of Delaware, Inc., and other defendants, by virtue of acts alleged in the complaint in this action, have infringed and continue to infringe the mark "Van Scoy Diamond Mine" which is the subject of United States trademark registration 1,140,958. Defendants, including defendant Van Scoy Diamond Mine of Delaware, Inc., have denied such infringement and assert that U.S. trademark registration 1,140,958 for the mark "Van Scoy Diamond Mine" is invalid.

72.     An actual controversy exists between defendant Van Scoy Diamond Mine of Delaware, Inc. and plaintiff Wayne Van Scoy as to the invalidity of United States trademark registration 1,140,958, as evidenced by, *inter alia*, the Complaint and Answer in this action.

73.     United States trademark registration 1,140,958 is invalid by virtue of the mark having been abandoned by plaintiff Wayne Van Scoy and/or by plaintiff's predecessor in title, for failure to meet the requirements of, *inter alia*, 15 USC 1052 *et. seq.*

74.     The acts of plaintiff Wayne Van Scoy including the filing of the instant lawsuit have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to defendant Van Scoy Diamond Mine of Delaware, Inc. for which defendant Van Scoy Diamond Mine of Delaware, Inc. has no adequate remedy at law and from which defendant

- 13 -

Van Scoy Diamond Mine of Delaware, Inc. is entitled to declaratory and injunctive relief.

## COUNTERCLAIM FOR A DECLARATION OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF THE ALLEGED TRADEMARK "VAN SCOY DIAMOND MINE"

75.    Defendant Van Scoy Diamond Mine of Delaware, Inc. repeats and reavers each

and every averment contained in paragraphs 1-74 hereof as though fully set forth herein.

76.    This is a counterclaim under the Lanham Act and applicable state or common law

for a declaration that plaintiff Wayne Van Scoy's alleged mark "Van Scoy Diamond Mine" is not

infringed by the business activities of defendant Van Scoy Diamond Mine of Delaware, Inc., has

become generic as a result of use of that mark and/or colorable validations and imitations of that

mark by third parties in the retail jewelry business with the knowledge and acquiescence of

plaintiff Wayne Van Scoy, and thus is not capable of serving as a valid trademark.

77.    An actual controversy exists between defendant Van Scoy Diamond Mine of

Delaware, Inc. and plaintiff Wayne Van Scoy as to the validity of the alleged mark "Van Scoy

Diamond Mine", as evidenced by *inter alia* the complaint and answer in this action.

78.    The alleged mark "Van Scoy Diamond Mine" has become generic or at least

misdescriptive and in any event is not capable of serving as a valid trademark as a result of use

of that mark or designation and/or colorable variations and imitations of that mark or designation

by third parties in the retail jewelry business with the knowledge and acquiescence of plaintiff

Wayne Van Scoy.

79.    The acts of plaintiff Wayne Van Scoy, including the filing of the instant lawsuit,

have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss

and injury to defendant Van Scoy Diamond Mine of Delaware, Inc. for which defendant Van

Scoy Diamond Mine of Delaware, Inc. has no adequate remedy at law and from which defendant

- 14 -

Van Scoy Diamond Mine of Delaware, Inc. is entitled to declaratory and injunctive relief.

### PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff, Van Scoy Diamond Mine of Delaware, Inc., and Defendants Kurt Van Scoy and Donna Van Scoy pray for the following relief:

a.    Dismissal of the complaint with prejudice;

b.    Entry of judgment declaring that defendant Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy and Donna Van Scoy do not infringe and have not infringed, in any way, the mark "Van Scoy Diamond Mine";

c.    Entry of judgment declaring that United States trademark registration 1,140,711 is invalid;

d.    Entry of judgment declaring that United States trademark registration 1,140,958 is invalid;

e.    Entry of judgment that United States trademark registration 1,140,711 is unenforceable as against defendants on the basis of laches;

f.    Entry of judgment that United States trademark registration 1,140,958 is unenforceable as against defendants on the basis of laches;

g.    Entry of judgment declaring that the mark "Van Scoy Diamond Mine" is invalid as being generic or at least misdescriptive and is incapable of functioning as a trademark as a result of use of that mark and/or colorable variations and imitations of that mark by third parties in the retail jewelry business;

h.    Entry of an Order enjoining plaintiff Wayne Van Scoy, his successors, assigns, officers, agents, servants, employees, attorneys, and all other persons acting in active concert

with any of them, from directly or indirectly making any threats, charges, or assertions related to

any alleged infringement of, or institution of any action for infringement of, the mark "Van Scoy

Diamond Mine" against defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy

or Donna Van Scoy, including any of their successors, assigns, persons in privity with any of

them, agents, direct or indirect customers, or any other person by reason of offering to sell or

selling the products of defendant Van Scoy Diamond Mine of Delaware, Inc.;

   i.  An award to defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van

Scoy and Donna Van Scoy of their costs and attorney fees incurred in this action;

   j.  An award to defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van

Scoy and Donna Van Scoy of such other and further relief against plaintiff Wayne Van Scoy as

this Court deems just and equitable.

FOX ROTHSCHILD LLP

By:  /s/ Francis G.X. Pileggi
    Francis G.X. Pileggi (Del. Bar No. 2624)
    Citizen Bank Center
    Suite 1300
    919 North Market Street
    Wilmington, DE  19801-2323
    Phone:  (302) 654-7444
    E-mail:  fpileggi@foxrothschild.com

    Attorneys for Defendants and
    Counterclaim Plaintiff

*OF COUNSEL:*

Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA  19103
(215) 299-2135

Dated:  March 15, 2005

- 16 -

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE OF ANSWER

I hereby certify that on March 15, 2005, I electronically filed the foregoing Answer, Affirmative Defenses and Counterclaims with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

I hereby certify that on March 15, 2005, I have mailed by United States Postal Service, the foregoing document(s) to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899

/s/ Francis G.X. Pileggi
Francis G.X. Pileggi (I.D. No. 2624)
Fox Rothschild LLP
Suite 1300
919 N. Market Street
Wilmington, DE  19801
Phone:  (302) 654-7444
E-mail:  fpileggi@foxrothschild.com

WM1A 52859v1 03/15/05