IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-108-KAJ |
| v. ) | |
| ) | |
| VAN SCOY DIAMOND MINE OF ) | |
| DELAWARE, INC., a Delaware corporation, ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF WAYNE VAN SCOY'S REPLY TO DEFENDANT
VAN SCOY DIAMOND MINE OF DELAWARE, INC.'S COUNTERCLAIMS**

Plaintiff, Wayne Van Scoy ("Plaintiff"), by and through his attorneys, hereby replies to the Counterclaims in correspondingly numbered paragraphs as follows:

Defendants' pleading entitled Answer, Affirmative Defenses and Counterclaims (D.I. 6) repeats or reuses numbers 59 through 64 in both the Affirmative Defenses and in the Counterclaims. All of the allegations contained in the Affirmative Defenses are hereby Denied. Numbers 59 through 64 in the Affirmative Defenses will be referred to as 59 (First Occurrence) through 64 (First Occurrence) and numbers 59 through 64 used in Defendants' Counterclaims will be referred to as 59 (Second occurrence) through 64 (Second Occurrence).

59(Second Occurrence).   Admitted that Defendant Van Scoy Diamond Mine of Delaware, Inc. is a Delaware corporation having a principal place of business at 1117 Churchman Road, Newark, DE 19713.

60(Second Occurrence).   Admitted that Wayne Van Scoy is an individual who is the current owner of record in the U.S. Patent and Trademark Office of U.S. Registration Nos.

1

1,140,711 and 1,140,958, both being for the mark "VAN SCOY DIAMOND MINE." All other allegations contained therein are hereby Denied.

    61(Second Occurrence).    Admitted that this Court has jurisdiction as respecting the allegations raised in the Counterclaims, but Denies that the allegations of the Counterclaims have any merit.

    62(Second Occurrence).    Admitted that venue is proper.

**PLAINTIFF'S REPLY TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC.'S COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF UNITED STATES TRADEMARK REGISTRATION NO. 1,140,958**

    63(Second Occurrence).    Corporate Defendant Van Scoy Diamond Mine of Delaware, Inc. purported to incorporate by reference "paragraphs 64" of its pleading. Plaintiff Wayne Van Scoy (Counterclaim Defendant) hereby incorporates its answer to Paragraph 64 (Second Occurrence) and hereby Denies the allegations contained in Paragraph 64 (First Occurrence).

    64(Second Occurrence).    It is admitted that Corporate Defendant purports to state a counterclaim under the Trademark Laws for a declaration that United States Registration No. 1,140,958 for the mark "VAN SCOY DIAMOND MINE" is invalid, but Plaintiff Wayne Van Scoy hereby Denies that it is invalid and asserts that it is good and valid at law. Plaintiff Denies all other allegations of Paragraph 64 (Second Occurrence).

    65.    Plaintiff admits that it asserts that Defendant Van Scoy Diamond Mine of Delaware, Inc. and the other Defendants by virtue of the acts alleged in the Complaint in this action have infringed and continue to infringe the mark "VAN SCOY DIAMOND MINE" which is the subject of United States Service Mark Registration No. 1,140,958. It is admitted that Defendants have denied infringement, but Plaintiff asserts that they have infringed. It is

2

admitted that the Corporate Defendant asserts that U.S. Reg. No. 1,140,958 for the mark "VAN SCOY DIAMOND MINE" is invalid, but said registration is in fact good and valid at law. All other allegations contained in Paragraph 65 are Denied.

66. Admitted that an actual controversy exists between Defendant Van Scoy Diamond Mine of Delaware, Inc. and Plaintiff as to infringement of United States trademark registration 1,140,958. All of the other allegations are Denied.

67. As to the allegations in Paragraph 67, Denied.

68. As to the allegations in Paragraph 68, Denied.

**PLAINTIFF'S REPLY TO DEFENDANT VAN SCOY DIAMOND OF DELAWARE, INC.'S COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF <u>UNITED STATES TRADEMARK REGISTRATION NO. 1,140,711</u>**

69. Corporate Defendant Van Scoy Diamond Mine of Delaware, Inc. purported to incorporate by reference "paragraphs 64" of its pleading. Plaintiff Wayne Van Scoy (Counterclaim Defendant) hereby incorporates its answer to Paragraph 64 (Second Occurrence) and hereby Denies the allegations contained in Paragraph 64 (First Occurrence).

70. It is Denied that Corporate Defendant purports to state a counterclaim under the Trademark Laws of the United States for a declaration that United States Trademark Registration No. 1,140,711 for the mark "VAN SCOY DIAMOND MINE" is invalid, and Plaintiff Wayne Van Scoy hereby Denies that it is invalid and asserts that it is good and valid at law. Plaintiff Denies all other allegations contained in Paragraph 70.

71. Plaintiff admits that it asserts that Defendant Van Scoy Diamond Mine of Delaware, Inc. and the other Defendants by virtue of the acts alleged in the Complaint in this action have infringed and continue to infringe the mark "VAN SCOY DIAMOND MINE" which is the subject of United States Registration No. 1,140,958. It is admitted that Defendants have denied infringement, but Plaintiff asserts that they have infringed. It is admitted that Corporate Defendant asserts that U.S. Registration No. 1,140,958 for the mark "VAN SCOY DIAMOND

MINE" is invalid, but said Registration is in fact good and valid at law. All other allegations contained in Paragraph 71 are hereby Denied.

72.     Admitted that an actual controversy exists between Defendant Van Scoy Diamond Mine of Delaware, Inc. and Plaintiff as to infringement of United States trademark registration 1,140,958. All of the other allegations are Denied.

73.     As to the allegations in Paragraph 73, Denied.

74.     As to the allegations in Paragraph 74, Denied.

**PLAINTIFF'S REPLY TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC.'S COUNTERCLAIM FOR A DECLARATION OF NON INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF THE ALLEGED TRADEMARK "VAN SCOY DAIMOND MINE"**

75.     In response to the incorporation by reference of Paragraphs 1-74, Plaintiff repeats and incorporates by reference each and every averment contained in Paragraphs 1 through 51 of Plaintiff's Complaint as though fully set forth herein. Plaintiff acknowledges the admissions made in the Defendants' Answer but controverts the denials. Plaintiff admits that the two registrations asserted by Plaintiff were initially issued to Van Scoy Diamond Mine, Inc., a predecessor in title of Plaintiff. Any and all other allegations contained in Defendants' answer to Paragraphs 1 through 51 of Plaintiff's Complaint are hereby Denied. Plaintiff asserts that the affirmative defenses set forth in Paragraph 52 through 58 and 59 (First Occurrence) through 64 (First Occurrence) are conclusions of law to which no responsive pleading is required and are accordingly Denied. To the extent that an answer is required, the Affirmative Defense allegations contained in paragraphs 52 through 58 and 59 (First Occurrence) through 64 (First Occurrence) are hereby Denied. Further, it is specifically Denied that Plaintiff's claims for recovery of profits and damages are barred by failure of Plaintiff to give notice of registration pursuant to 15 U.S.C. §1111. It is further specifically Denied that the mark has been abandoned,

is generic, not famous, has not acquired secondary meaning or is merely descriptive. Further, all other allegations contained in the Affirmative Defenses are Denied. Plaintiff incorporates herein by reference as if fully set forth herein each and every answer to Corporate Defendant's allegations contained in Paragraphs 59 (Second Occurrence) through 64 (Second Occurrence) and Paragraphs 65 through 74 the same as if set forth at length.

76. It is admitted that Corporate Defendant purports to state a counterclaim under the Lanham Act. Plaintiff Denies all other allegations of Paragraph 76. Plaintiff specifically Denies that Plaintiff's mark "Van Scoy Diamond Mine" is not infringed by the business activities of Corporate Defendant, Denies that the mark has become generic as a result of use of the mark and/or colorable validations and imitations of the mark by third parties in the retail jewelry business with the knowledge and acquiescence of Plaintiff, and Denies that the mark is not capable of serving as a valid trademark.

77. Admitted that an actual controversy exists between Defendant Van Scoy Diamond Mine of Delaware, Inc. and Plaintiff as to infringement, otherwise Denied.

78. As to the allegations in Paragraph 78, Denied.

79. As to the allegations in Paragraph 79, Denied.

**PLAINTIFF'S AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS**

Plaintiff and Counterclaim Defendant Wayne Van Scoy, hereby asserts the following Affirmative Defenses to the Counterclaims raised by Corporate Defendant Van Scoy Diamond Mine of Delaware, Inc.:

80. Plaintiff's Federal Trademark Registration Nos. 1,140,711 and 1,140,958 have been made incontestable under Section 15 of the Trademark Act (15 U.S.C. §1065).

81. Corporate Defendant Van Scoy Diamond Mine of Delaware, Inc. has failed to

state a claim upon which relief can be granted.

      81.    Corporate Defendant's claims are barred by the relevant statute of limitations.

      82.    Corporate Defendant's claims are barred by the Doctrine of Laches.

      83.    Corporate Defendant's claims are barred by the Doctrine of Estoppel.

      84.    Corporate Defendant's claims are barred by the Doctrine of Acquiescence.

      85.    Corporate Defendant's claims are barred by the Doctrine of Waiver.

WHEREFORE, Plaintiff prays that:

      a.    This Honorable Court declare that Plaintiff's United States Trademark Registration No. 1,140,711 and Plaintiff's Service Mark Registration No. 1,140,958, both for the mark "VAN SCOY DIAMOND MINE" are good, valid and enforceable in law, incontestable under the Trademark Laws of the United States and that said marks have been infringed by Defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy and Donna Van Scoy.

      b.    This Honorable Court dismiss all of the Corporate Defendant's Counterclaims with prejudice.

      c.    This Honorable Court award Plaintiff, in addition to other remedies requested in its Complaint, an award for unjust enrichment of Defendants by reason of their infringement of Plaintiff's registered Trademark and Service Mark.

      d.    Corporate Defendant be required to pay Plaintiff's costs of this action plus reasonable attorney's fees.

      e.    Plaintiff be granted, in addition to the relief requested by Plaintiff in the Complaint, such other further relief as may be deemed just by this Honorable Court.

ASHBY & GEDDES

/s/ *John G. Day*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel*:

Michael F. Petock
Michael C. Petock
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, Pa 19482-0856
(610) 935-8600
MP@IPLaw-Petock.com

Dated: April 5, 2005
155462.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2005, the attached **PLAINTIFF WAYNE VAN SCOY'S REPLY TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC.'S COUNTERCLAIMS** was served upon the below-named counsel of record at the address and in the manner indicated:

Francis G.X. Pileggi, Esquire                                                         **HAND DELIVERY**
Fox Rothschild LLP
Citizen Bank Center
919 North Market Street
Suite 1300
Wilmington, DE  19801-2323

Charles N. Quinn, Esquire                                                         **VIA ELECTRONIC MAIL**
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA  19103


                                                                                                        /s/ *John G. Day*