# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 15, 2005

The Honorable Kent A. Jordan         VIA E-FILING
United States District Court
844 King Street
Wilmington, DE 19801

Re:   *Wayne Van Scoy v. Van Scoy Diamond Mine of Delaware, Inc., et al.,*
      C.A. No. 05-108-KAJ

Dear Judge Jordan:

We represent Plaintiff Wayne Van Scoy, and pursuant to the Court's April 26, 2005 Scheduling Order write to provide an Interim Status Report on the case. Currently, the parties are scheduled to appear telephonically before the Court on Monday August 22, 2005 at 4:30 PM.

Plaintiff served its first set of written interrogatories on Defendants on May 5, 2005. One of those interrogatories, Interrogatory No. 19, requested information on Defendants' sales, gross profits and net profits for the relevant years. This information has not been received by Plaintiff even though Defendants responded that the data would be supplied. Defendants should be required to provide a substantive answer to this Interrogatory at this time.

Plaintiff served a First Request for Production of Documents on May 5, 2005 which included Request No. 38 requesting Defendants' tax returns. Defendants first responded that they would produce the tax returns pursuant to the Protective Order now in effect. See Exhibit A, particularly pages A2-A3. Defendants subsequently purported to amend their response on July 22, 2005 (more than 33 days after service on May 5, 2005) by untimely objecting and stating that they would not produce the tax returns of the individual Defendants and would produce the tax returns of the corporation only upon modification of the Stipulated Protective Order entered by the Court. See Exhibit B, particularly pages B2-B3. Accordingly, since Defendants agreed to produce and did not object within the time for response, thirty three days of initial service, and first raised the objection more than thirty three days after service, any objection is waived. Plaintiff has also requested in a third request for production of documents served on July 6, 2005 that Defendants produce their tax returns which would provide the sales, profits and advertising expenditures. Defendants have now refused to produce these documents.

The deposition of Kurt Van Scoy was originally noticed on June 29, 2005 for July 8, 2005. Defendants said they were not available on that date, and the deposition was taken on July

The Honorable Kent A. Jordan
August 15, 2005
Page 2

26, 2005, but Kurt Van Scoy did not know the financial information or even trends in it. In response to questions, approximately what were Defendants' gross sales and gross profits for last year, he responded, "I have no idea" both times. Attempts are being made to schedule other depositions. The deposition of Plaintiff Wayne Van Scoy is scheduled for August 17, 2005.

      Plaintiff and Defendants have tried in telephone calls to resolve the differences. However, the parties cannot agree. Plaintiff is presently seeking from the Court an order compelling production of the tax returns for the years 1994 through 2004 and other existing financial summaries and information. Defendants are seeking from the Court to modify the protective order which they previously agreed to. Confidential information is adequately protected under the existing protective order. Confidential information shall be used only for the purposes of this litigation (page 2 of the Stipulated Protective Order "SPO"). The provisions of this order in so far as it restricts the disclosure, communication of and use of the confidential information produced hereto shall continue to be binding after the conclusion of the action (SPO at paragraph 13, page 6). The parties must sign a document acknowledging the Protective Order, that a copy of the Protective Order has been given to them and that they have carefully reviewed its terms and conditions, that the information be used only in connection with this particular litigation, and that use in any matter of confidential information contrary to the provisions of the Protective Order will subject the person to sanctions of the Court (Appendix A to SPO).

      The modification of the protective order which Defendants seek would prevent Plaintiff from being able to provide input on this confidential information, prevent Plaintiff from attending depositions and preclude Plaintiff from at least portions of the trial. There would be no one to make any informed decisions with respect to settlement or trial of the case, as the only persons with the information would be Plaintiff's attorneys who do not make ultimate decisions such as settlement of the case. The information sought by Plaintiff is necessary to support Plaintiff's claims and to negate defenses raised by Defendants, *inter alia*, extent of infringement, damages, lost profits and alleged defenses of laches, estoppel and acquiescence. The person controlling the litigation on Plaintiff's side is Wayne Van Scoy. Wayne Van Scoy needs this information to make decisions with respect to the case.

      In accordance with the procedures of the Scheduling Order of April 26, 2005, the parties were trying to schedule a telephone conference with the Court to resolve the discovery dispute. The Court suggested to the parties times on August 23 and 24, 2005. However, defense counsel Mr. Quinn advised that he was not available the week of August 22, 2005. Plaintiff requests that the Court consider the outstanding discovery dispute regarding the production by Defendants of financial records and information at the regularly scheduled Status Conference scheduled for 4:30 PM on Monday August 22, 2005.

      Respectfully,

      /s/ *John G. Day*

      John G. Day (I.D. #2403)

The Honorable Kent A. Jordan
August 15, 2005
Page 3

JGD: nml
Attachments
160461.1

cc: Clerk of the Court (by hand; w/attachments)
    Francis G.X. Pileggi, Esquire (by hand; w/attachments)
    Michael F. Petock, Esquire (via electronic mail; w/attachments)
    Michael C. Petock, Esquire (via electronic mail; w/ attachments)
    Charles N. Quinn, Esquire (via electronic mail; w/attachments)