IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, )<br>)<br>    Plaintiff and )<br>    Counterclaim-Defendant, )<br>)<br>    v. )<br>)<br>VAN SCOY DIAMOND MINE OF )<br>DELAWARE, INC., a Delaware corporation, )<br>KURT VAN SCOY, and DONNA VAN SCOY, )<br>)<br>    Defendants and )<br>    Counterclaim-Plaintiff. ) | Case No. 05-108 (KAJ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR REVISED PROTECTIVE ORDER

FOX ROTHSCHILD, LLP
    Sharon Oras Morgan
    Delaware Bar No. 4287
    919 North Market Street
    Suite 1300
    Wilmington, Delaware 19801
    Telephone: (302) 622-4246
    Facsimile: (302) 656-8920

Attorneys for Defendants and
Counterclaim Plaintiff

Dated: August 22, 2005
*OF COUNSEL:*
Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135

# TABLE OF CONTENTS

|     |                          | Page |
|-----|--------------------------|------|
| I.  | Statement of Proceedings | 3    |
| II. | Summary of Argument      | 4    |
| III.| Facts                    | 5    |
| IV. | Argument                 | 8    |
| V.  | Conclusion               | 10   |

# TABLE OF CITATIONS

Joint Stock Society v. UDV North America, Inc.,
104 F. Supp. 2d 390,396 (D.Del. 2000) ............................. 8

Pansy v. Borough of Stroudsburg, 23 F. 3d
772, 787 (3d cir. 1994) ................................................. 8

Smith v. BIC Corp.,
869 F. 2d 194, 199 (3d Cir. 1989) .................................... 8

United States v. Dentsply International, Inc.,
187 F.R.D. 152,158 (D.Del. 1999) ................................... 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiff. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR REVISED PROTECTIVE ORDER**

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, Defendants Kurt Van Scoy and Donna Van Scoy, and Defendant/Counterclaim-Plaintiff Van Scoy Diamond Mine of Delaware, Inc., (hereinafter and collectively, "Defendants") hereby move for entry of a Revised Protective Order, for the reasons set forth below.

**I.      STATEMENT OF NATURE AND STAGE OF PROCEEDING**

This action was instituted on February 3, 2005 by Complaint filed by Plaintiff, Wayne Van Scoy, against Defendants, alleging trademark infringement and unfair competition pertaining to the mark "Van Scoy Diamond Mine". On March 15, 2005, Defendants filed an Answer with Affirmative Defenses, and Defendant Van Scoy Diamond Mine of Delaware, Inc., filed a counterclaim against Plaintiff for a declaratory judgment of trademark invalidity.

The parties have exchanged interrogatories, requests for production of documents and requests for admissions. The depositions of Plaintiff and of Defendant Kurt Van Scoy have taken place. The parties have experienced a number of discovery disputes that remain

unresolved, as described more fully in Defendants' Interim Status Report to the Court, a copy of which is attached hereto as Exhibit "A".

## II. SUMMARY OF ARGUMENT

1. A stipulated protective order was entered by this court on May 4, 2005, (the "Order") pursuant to which certain types of documents, information or tangible items are to be designated as "confidential" as defined in the Order.

2. Pursuant to the Order, all confidential information may be disclosed to each individual party.

3. Plaintiffs are seeking discovery of Defendants' tax returns and other financial information, documents which contain sensitive financial and commercial information.

4. Given what is essentially a contentious family dispute between Plaintiff Wayne Van Scoy and Defendants Kurt Van Scoy and Donna Van Scoy, and given that there exists purported competition by virtue of Plaintiff's intention of establishing a competing business in the same geographic area as Defendants' business, the information contained in the tax returns, if disseminated to Plaintiff, could severely and unduly prejudice and embarrass the Defendants.

5. Accordingly, Defendants request the Order to be revised to provide that tax returns and any other financial information produced by Defendants be restricted to review by Plaintiffs' counsel only, and be marked for "attorney eyes only".

6. Additionally, Plaintiffs are seeking discovery of information pertaining to Defendants' advertising, which includes audio and video tapes that, if turned over, could be the subject of a copyright infringement dispute.

7. Accordingly, Defendants request the Order to include a provision prohibiting Plaintiff from using, copying or otherwise utilizing any advertising discovery for any purpose

other than this litigation, and further requiring all such advertising discovery to be returned to Defendants at the conclusion of this litigation.

### III. STATEMENT OF FACTS

The subject action is essentially a family dispute, brought before this court by the Plaintiff in the form of a trademark infringement case. It involves a dispute over a trademark originated by Tommy Van Scoy, the father of Plaintiff Wayne Van Scoy and Defendant Kurt Van Scoy. Plaintiff asserts that Defendants have infringed the mark "Van Scoy Diamond Mine", the subject of a United States trademark registration, of which Plaintiff is the record owner. Defendants Kurt Van Scoy and Donna Van Scoy, who own Van Scoy Diamond Mine of Delaware, Inc., were given a sign displaying the mark at issue by Tommy Van Scoy and were given his consent to use the mark. Moreover, the time in which Plaintiff had to challenge such use has passed. Accordingly, Defendants deny such infringement and assert that the U.S. trademark registration is invalid.

The parties agreed to the Order at the outset of discovery of this case to maintain the confidentiality of certain information, as described in paragraph 1 of the Order. On May 5, 2005, Plaintiff propounded its First Set of Requests for Production of Documents to Defendants ("Document Requests") (A true and correct copy of Plaintiff's Document Requests is attached hereto as Exhibit "B"). Document Request number 38 requests "[d]ocuments that comprise tax returns of all Defendants for the years 1994-2006". Document Request numbers 45 and 46 request all documents that fall under the category "radio advertising materials" and "television advertising materials".

Had production of all of Defendants' financial information and advertising information been contemplated at the time the Order was negotiated, Defendants would have at that time

5

insisted on a multi-tiered protective order to separately address varying degrees of confidential information. Tax returns and other "financial summaries and information" sought by Plaintiff (See Plaintiff's August 15, 2005 Interim Status Report attached hereto as Exhibit "C" and p.3) contain sensitive information pertaining to the operation of Defendants' business, the very business that Plaintiff is seeking to enjoin from future operation so that he may allegedly establish his own business and appropriate the goodwill developed by Defendants over the last eleven years.

Plaintiff argues that he is seeking monetary damages as a result of, among other things, "unfair competition". However, Plaintiff has admitted in his deposition that he has done no business in any manner or geographic area that could in any way be construed as competition with Defendants' store. The only "competition" is, presumably, the Delaware location that he has decided must be in the same vicinity as that of the Defendants. As such, there are no lost profits.

Additionally, Plaintiff's argument that he needs the financial information to respond to the defenses of laches, estoppel and acquiescence, lacks merit. The fact that Plaintiff must respond to Defendants' claim that he waited too long to bring this action, requires no financial analysis. Moreover, the argument that Plaintiff needs the figures to make informed decisions with respect to trial of the case suggests that an accounting expert would be called to testify to damages. However, Plaintiff has not identified an expert, and his time to do so has passed under this Court's Scheduling Order of April 26, 2005. As for the argument that Wayne Van Scoy controls the litigation and needs this information to make decisions with respect to the case, Mr. Van Scoy has testified that he has no accounting background, no formal education in the area, and relies upon his accountant and girlfriend to handle his finances. Stated differently, Plaintiff

6

WM1A 62118v1 08/19/05

is in no position to analyze financial data, and has retained no expert to do so on his behalf. Thus, his request for financials appears to be a mere subterfuge.

Even if Plaintiff had some expertise to review the requested financial information, production would be premature under the circumstances because he must first prove that Defendants are liable for infringing on the mark before he may seek damages. In the event he is unable to overcome this initial obstacle, he will have obtained sensitive and detailed financial information from his brother and perceived competitor, which could cause a clearly defined and serious injury to the Defendants.

Similarly, the radio and advertising information being sought by Plaintiff could give rise to future litigation if not adequately protected at this time. Plaintiff is seeking copies of audio and video tapes and discs, some of which were recorded by Tommy Van Scoy for the benefit of Defendants, a valuable asset of Defendants. To protect against mishandling and/or dissemination, particularly in the face of the contentious circumstances between the parties, Defendants seek more specific language in the Order to make clear that those tapes and discs may not be used for any purpose other than prosecuting this case, may not be copied and/or otherwise disseminated.

IV. **ARGUMENT**

"Under Rule 26(c)(7) of the Federal Rules of Civil Procedure, a court may, upon a showing of good cause, issue an order protecting a trade secret or other confidential research, development or commercial information from disclosure." *Smith v. BIC Corp.,* 869 F.2d 194, 199 (3d Cir.1989). The court may

> make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way. Fed.R.Civ.P. 26(c)(7).

*United States v. Dentsply International, Inc.,* 187 F.R.D. 152, 158 (D.Del.1999).

A prerequisite to the issuance of a protective order governing discovery is a showing of "good cause" under rule 26(c). *Id.* The court has wide discretion in determining the scope of a protective order. *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787 (3d Cir.1994). This court has recognized in the *Dentsply* decision that "the most common kind of protective order is an order limiting the persons who have access to the information disclosed and the purpose for which these persons may use the information. *Dentsply* at 158, footnote 5. The federal courts have consistently held that the type of sensitive financial information being sought here is entitled to confidential protection. *See Joint Stock Society v. UDV North America, Inc.,* 104 F.Supp.2d 390, 396 (D.Del.2000)

As set forth above, Plaintiff is seeking two types of discovery that warrant heightened levels of confidentiality. In his Intermin Status Report, Plaintiff argues that Defendants' concerns are adequately addressed in the existing Order. Specifically, counsel points to the requirement that the parties must sign a document acknowledging the Protective Order and the terms and conditions thereunder. Counsel also points to the provision of the Order that binds the

parties after the conclusion of the action. Plaintiff's arguments are short-sighted, and not in accordance with settled case law.

Were the issue as cut and dried as argued by Plaintiff, the courts would never have a need to craft different types of confidentiality orders, as theoretically the entry of an order binding all parties to non-disclosure requirements would solve the problem. The case law in the Third Circuit, however, recognizes that disclosure of certain types of information may be so sensitive as to require more stringent limitations. By way of example, the Court in *Dentsply* was required to consider the request to enter a protective order prohibiting in-house counsel for a Defendant corporation from access to documents produced by a competitor. The *Dentsply* court did not analyze the issue on the basis that language in a confidentiality order automatically cures the concerns relating to disclosure. To the contrary, the opinion delved into the practical effect of such disclosure. The court looked to the law of the Federal Circuit, which "instructed that a district court must examine the particular counsel's relationship and activities to determine an appropriate protective order". *Dentsply* at 160. The District Court then concluded that "[t]his Court has similarly stated that the critical inquiry is whether in-house counsel is involved in competitive decision making such that the attorney 'would have a difficult time compartmentalizing his knowledge'". *Id.*

The Plaintiff and Defendants are involved in what is essentially a family feud. To date the two brothers have operated the same type of business in different regions. Defendants' business is in a geographic area now being targeted by the Plaintiff. For Plaintiff to argue that confidential handling of sensitive financial business information will adequately protect Defendants ignores the reality that once the information is out there, it is absorbed by Plaintiff and at risk of being interspersed with existing knowledge. There is also the risk for the personal

WM1A 62118v1 08/19/05

9

contentiousness among the parties to cause dissemination that would, at a minimum, result in personal and family embarrassment and possible damage to Defendants' business. Enforcing the confidentiality provisions would be next to impossible for that reason.

With respect to the advertising discovery, no harm or prejudice would result to Plaintiff as Defendants are not seeking an order precluding Plaintiff from reviewing the information. The relief sought simply tightens the existing language to ensure against future problems.

## V.    CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court enter a Revised Protective Order, in the form proposed and submitted herewith.

Respectfully submitted,

FOX ROTHSCHILD LLP

By:    /s/ Sharon Oras Morgan
Sharon Oras Morgan
Bar ID No. 4287
919 North Market St, Suite 1300
Wilmington, DE  19899
(302) 622-4246
Attorneys for Defendants and
Counterclaim Plaintiff

Dated: August 22, 2005


OF COUNSEL:

Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA  19103
(215) 299-2135

WMIA 62118v1 08/19/05