# Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY<br>　　　　　PLAINTIFF<br><br>V.<br><br>VAN SCOY DIAMOND MINE OF DELAWARE, INC.,<br>KURT VAN SCOY AND<br>DONNA VAN SCOY<br>　　　　　DEFENDANTS | C.A.NO. 05-108 (KAJ) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC., DEFENDANT KURT VAN SCOY AND DEFENDANT DONNA VAN SCOY

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Wayne Van Scoy ("Plaintiff") hereby requests that Defendant Van Scoy Diamond Mine of Delaware, Inc., Defendant Kurt Van Scoy and Defendant Donna Van Scoy ("Defendants"), produce the following requested documents and things within thirty (30) days. Defendants are to produce each document requested herein and identify each document produced by the paragraph number of this Request pursuant to which the document is being produced. Plaintiff further requests that Defendants forward copies of the documents demanded to Plaintiff at the offices of Plaintiff's counsel, PETOCK & PETOCK, LLC, 46 The Commons at Valley Forge, 1220 Valley Forge Road, P.O. Box 856, Valley Forge, PA 19482-0856.

### INSTRUCTIONS

A.　　Each document furnished in response to this Request is to be identified with the request number or number and letter of this request pursuant to which the document is being

ReqPro04.295　　　　　　　　　　　　　1
443-12

produced.

B.  Each document furnished in response to this request is to be identified by the name and job title of the person from whose file the document was obtained and the name of the file from which the document was obtained.

C.  Each page of each document produced is to be stamped with or otherwise given a number for identification (such as a Bates stamp number).

D.  The Request herein shall be deemed to be continuing so as to require the production of any documents subsequently identified in any supplemental or amended answers to the Interrogatories listed in this Request. This Request includes all documents wherever located, including, but not limited to, documents found in personal homes, safes, safety deposit boxes or the like.

E.  If you withhold any documents covered by this request under a claim of privilege, furnish a list specifying for each such document the basis on which privilege is claimed, the name of each author, the name and job title of each recipient and person to whom a copy or copies were furnished, its date, the general subject matter of the document, the paragraph of this request to which each such document is responsive, and identify the person now in possession of the document.

F.  With respect to any document responsive hereto which was but is no longer in

your possession, custody or control, you are required to submit a statement setting forth as to each such document what disposition was made of it. Such statements shall:

(a) Identify and describe such document by date, title and type of document;

(b) State when each such document was most recently in the possession or subject of your control and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

(c) State when such document was transferred or destroyed, identify the person who transferred or destroyed such document and the person who authorized or directed the document to be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such document was transferred or destroyed; and

(d) Identify all person having knowledge of the contents thereof.

G.  You are to supplement your responses to these requests as required by Rule 26(e) of the Federal Rules of Civil Procedure.

H.  Plaintiff incorporates by reference the definitions set forth in <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC., DEFENDANT KURT VAN SCOY AND DEFENDANT DONNA VAN SCOY</u> served concurrently with these requests.

DOCUMENTS AND THINGS TO BE PRODUCED

1.  All documents and things identified in Defendants' responses to <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC., DEFENDANT KURT VAN SCOY AND DEFENDANT DONNA VAN SCOY</u>, such documents and things to be identified with the particular interrogatory

ReqPro04.295                         3
443-12

answer in addition to being identified with this First Request for Production Number 1.

2. All documents and things utilized in preparation of or referred to in Defendants' responses to <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC., DEFENDANT KURT VAN SCOY AND DEFENDANT DONNA VAN SCOY</u>, such documents and things to be identified with the particular interrogatory answer in addition to being identified with this First Request for Production Number 2.

3. All documents and things which relate to, refer to and/or mention Plaintiff, other than papers filed of record in this proceeding.

4. All documents and things provided by Defendants to any person that relate to, refer to, and/or mention Plaintiff, other than papers filed of record in this proceeding.

5. All communications to and from Defendants and any third party that relate to, refer to and/or mention Plaintiff.

6. All documents and things furnished to any expert or consultant relating to this litigation.

7. All documents relating to Defendants' decision to use the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

8. All documents relating to or reflecting any communications, oral or written,

ReqPro04.295
443-12

4

relating to the consideration, selection, approval or use of the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

9. All documents relating to or reflecting any alternate marks considered by Defendants during the consideration, selection and approval of the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

10. All documents and things which tend to establish the date when Defendants first began use of the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

11. All documents and things which Defendants contend show Defendants purportedly acquiring any right to use the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

12. All documents that Defendants use, or have used, for the purpose of informing or demonstrating to the public that Defendants are not affiliated with and are legally independent of Plaintiff and/or Plaintiff's licensee Van Scoy Diamond Mine store.

13. All documents and things showing use by Defendants of the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware" for goods or services.

14. Provide specimens of each form of the mark "Van Scoy Diamond Mine" and "Van Scoy Diamond Mine of Delaware" used by Defendants for any goods or services.

15. Provide specimens of each brochure, advertisement, catalog, flier, website or promotional material, bearing the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware" which Defendants have used in connection with the rendering of any services or the sale of any goods.

16. Documents sufficient to show advertising expenditures in connection with the mark "Van Scoy Diamond Mine" and "Van Scoy Diamond Mine of Delaware" for each year since the date of first use.

17. All documents referring to or relating to the assistance of any advertising, public relations, or sales agency in preparing the material requested in paragraph 16 above.

18. All documents, including mailing lists, related to potential and actual, past and present, customers of Defendants' goods and services.

19. All documents comprising a file or collection of documents relating to trademark or service mark matters for the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

20. All documents which comprise, memorialize, relate or refer to any searches performed relating to "Van Scoy Diamond Mine," "Van Scoy Diamond Mine of Delaware," or any similar marks.

21. All documents and things related to trademark or service mark matters of any kind.

ReqPro04.295
443-12

6

22. All documents and things referring to or relating to the bankruptcy and/or bankruptcy proceedings of Defendant Kurt Van Scoy's father, Thomas Van Scoy.

23. All documents and things relating to or reflecting any communications, oral or written, relating to the bankruptcy and/or bankruptcy proceedings of Defendant Kurt Van Scoy's father, Thomas Van Scoy.

24. All documents and things which show use or designation by third parties, past or present, of the mark "Van Scoy Diamond Mine" and/or colorable variations or imitations of the mark.

25. All documents and things which relate to, refer to and/or mention any third party use, designation or registration of the mark "Van Scoy Diamond Mine," and/or colorable variations or imitations of the mark, past or present.

26. All documents and things which relate to, refer to and/or mention any third party who has used or registered the mark "Van Scoy Diamond Mine," and/or colorable variations or imitations of the mark, past or present.

27. All documents which show, contain or relate to any party granting any authorization to Defendant to use "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware" for any goods or services.

28. All documents which show use or designations of the mark "Van Scoy Diamond

ReqPro04.295
443-12

7

Mine" or colorable variations or imitations of the mark by third parties.

29.     All documents and things which show acquiescence by Plaintiff to the use of the mark "Van Scoy Diamond Mine" or colorable variations or imitations of the mark by third parties.

30.     All documents relating to or reflecting any trademark search, clearance or investigation concerning the availability of the mark "Van Scoy Diamond Mine" or similar marks for Defendants' good and services, including but not limited to any search of the United States Patent and Trademark Office records, state trademark/service mark records, trademark or other trade publications, business directories, telephone directories or any records of any trademark service organization.

31.     All documents relating to or reflecting any contention by Defendants that there is no likelihood of confusion as to the source, origin or sponsorship of goods or services sold or offered by Defendants *vis a vis* the goods or services offered by Plaintiff.

32.     All documents which show acts, or lack of acts, by Defendants Kurt and Donna Van Scoy in the directing of the sale and continued sale of goods or services under the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware" after receipt of the Cease and Desist letter from Plaintiff in November of 2004.

33. Documents sufficient to show the suppliers of Defendants goods including Defendants' supplier(s) of diamonds.

34. All documents relating to or reflecting any plans for expansion that Defendants have for business locations other than those currently operated by Defendants of 1117 Churchmans Road, Newark, DE 19713.

35. Documents sufficient to show the sales made by Defendants for each year since they began using the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

36. Documents sufficient to show the expenses incurred by Defendants for each year since they began using the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

37. Documents that comprise a financial statement of Defendant Van Scoy Diamond Mine of Delaware, Inc.

38. Documents that comprise tax returns of all Defendants for the years 1994-2006.

39. Documents sufficient to show the officers, directors and employees of Defendant Van Scoy Diamond Mine of Delaware, Inc., past and present, along with their job descriptions or responsibilities.

40. Documents sufficient to show the names and addresses of the shareholders or owners of Defendant Van Scoy Diamond Mine of Delaware, Inc. and their respective percentage of ownership.

41. All documents relating to or reflecting the approximate date and circumstances under which Defendants first became aware of Plaintiff's Marks.

42. All documents referring to Plaintiff's Marks or Plaintiff's goods and services prepared, received or obtained by Defendants or at Defendants' direction.

43. All documents that fall under the category "utility-related documents."

44. All documents that fall under the category "rent and premise-related documents."

45. All documents that fall under the category "radio advertising materials."

46. All documents that fall under the category "television advertising materials."

47. All documents that fall under the category "corporate minute book."

48. All documents that fall under the category "sales receipts."

49. All documents that fall under the category "invoices."

50. All documents that fall under the category "testimonial materials."

51. All documents and things which relate to, refer to and or mention Thomas Van Scoy, Jr.

ReqPro04.295
443-12

10

52. All documents and things which relate to, refer to and or mention Tony Van Scoy.

53. All documents and things which relate to, refer to and or mention Ken Van Scoy.

54. All documents and things which relate to, refer to and or mention Rick Sendrick.

55. All documents and things which relate to, refer to and or mention Lou Hill.

56. All documents and things which relate to, refer to and or mention Mark Maurer.

57. All documents and things which relate to, refer to and or mention Bob Kooke.

58. All documents and things relating to or reflecting any communications between any Defendant and Thomas Van Scoy, Jr.

59. All documents and things relating to or reflecting any communications between any Defendant and Tony Van Scoy.

60. All documents and things relating to or reflecting any communications between any Defendant and Ken Van Scoy.

ReqPro04.295
443-12

11

61. All documents and things relating to or reflecting any communications between any Defendant and Rick Sendrick.

62. All documents and things relating to or reflecting any communications between any Defendant and Lou Hill.

63. All documents and things relating to or reflecting any communications between any Defendant and Mark Maurer.

64. All documents and things relating to or reflecting any communications between any Defendant and Bob Kooke.

65. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Thomas Van Scoy, Jr.

67. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Tony Van Scoy.

68. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Ken Van Scoy.

ReqPro04.295
443-12

12

69. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Rick Sendrick.

70. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Lou Hill.

71. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Mark Maurer.

72. Any writing, fee agreement and/or engagement letter as required by Pennsylvania Rule of Professional Conduct 1.5 or other Professional Rule between any counsel for Defendants and Bob Kooke.

73. Each and every document and thing not already produced in response to these Requests which Defendants may or will rely in this lawsuit.

74. All documents, data compilations, and tangible things in the possession, custody, or control of Defendants that support or contradict any disputed facts alleged within the pleadings which have not been already produced in response to these Requests.

75. All documents and things not previously produced identified in Initial Disclosures of Defendants pursuant to F.R.Civ.P. 26(a) served May 2, 2005.

ReqPro04.295
443-12

13

PETOCK & PETOCK, LLC

*Michael C. Petock*

Michael F. Petock, Esq.
Michael C. Petock, Esq.
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, Pa 19482-0856
(610) 935-8600

MP@IPLaw-Petock.com

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I hereby certify that on ___May 5_____, 2005, I served by first class mail postage prepaid by mailing the **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT VAN SCOY DIAMOND MINE OF DELAWARE, INC., DEFENDANT KURT VAN SCOY AND DEFENDANT DONNA VAN SCOY** addressed to the following:

> Francis G.X. Pileggi, Esquire
> Fox Rothschild LLP
> Suite 1300
> 919 N. Market Street
> Wilmington, DE 19801
>
> Charles N. Quinn, Esq.
> Fox Rothschild LLP
> 2000 Market Street
> Tenth Floor
> Philadelphia, PA 19103-3291

BY: _/s/ Michael C. Petock_
Michael F. Petock, Esq.
Michael C. Petock, Esq.
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, Pa 19482-0856
(610) 935-8600
MP@IPLaw-Petock.com

ReqPro04.295
443-12

15