# Exhibit "C"

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 15, 2005

The Honorable Kent A. Jordan
United States District Court
844 King Street
Wilmington, DE 19801

VIA E-FILING

Re:   *Wayne Van Scoy v. Van Scoy Diamond Mine of Delaware, Inc., et al.,*
      C.A. No. 05-108-KAJ

Dear Judge Jordan:

We represent Plaintiff Wayne Van Scoy, and pursuant to the Court's April 26, 2005 Scheduling Order write to provide an Interim Status Report on the case. Currently, the parties are scheduled to appear telephonically before the Court on Monday August 22, 2005 at 4:30 PM.

Plaintiff served its first set of written interrogatories on Defendants on May 5, 2005. One of those interrogatories, Interrogatory No. 19, requested information on Defendants' sales, gross profits and net profits for the relevant years. This information has not been received by Plaintiff even though Defendants responded that the data would be supplied. Defendants should be required to provide a substantive answer to this Interrogatory at this time.

Plaintiff served a First Request for Production of Documents on May 5, 2005 which included Request No. 38 requesting Defendants' tax returns. Defendants first responded that they would produce the tax returns pursuant to the Protective Order now in effect. See Exhibit A, particularly pages A2-A3. Defendants subsequently purported to amend their response on July 22, 2005 (more than 33 days after service on May 5, 2005) by untimely objecting and stating that they would not produce the tax returns of the individual Defendants and would produce the tax returns of the corporation only upon modification of the Stipulated Protective Order entered by the Court. See Exhibit B, particularly pages B2-B3. Accordingly, since Defendants agreed to produce and did not object within the time for response, thirty three days of initial service, and first raised the objection more than thirty three days after service, any objection is waived. Plaintiff has also requested in a third request for production of documents served on July 6, 2005 that Defendants produce their tax returns which would provide the sales, profits and advertising expenditures. Defendants have now refused to produce these documents.

The deposition of Kurt Van Scoy was originally noticed on June 29, 2005 for July 8, 2005. Defendants said they were not available on that date, and the deposition was taken on July

The Honorable Kent A. Jordan
August 15, 2005
Page 2

26, 2005, but Kurt Van Scoy did not know the financial information or even trends in it. In response to questions, approximately what were Defendants' gross sales and gross profits for last year, he responded, "I have no idea" both times. Attempts are being made to schedule other depositions. The deposition of Plaintiff Wayne Van Scoy is scheduled for August 17, 2005.

Plaintiff and Defendants have tried in telephone calls to resolve the differences. However, the parties cannot agree. Plaintiff is presently seeking from the Court an order compelling production of the tax returns for the years 1994 through 2004 and other existing financial summaries and information. Defendants are seeking from the Court to modify the protective order which they previously agreed to. Confidential information is adequately protected under the existing protective order. Confidential information shall be used only for the purposes of this litigation (page 2 of the Stipulated Protective Order "SPO"). The provisions of this order in so far as it restricts the disclosure, communication of and use of the confidential information produced hereto shall continue to be binding after the conclusion of the action (SPO at paragraph 13, page 6). The parties must sign a document acknowledging the Protective Order, that a copy of the Protective Order has been given to them and that they have carefully reviewed its terms and conditions, that the information be used only in connection with this particular litigation, and that use in any matter of confidential information contrary to the provisions of the Protective Order will subject the person to sanctions of the Court (Appendix A to SPO).

The modification of the protective order which Defendants seek would prevent Plaintiff from being able to provide input on this confidential information, prevent Plaintiff from attending depositions and preclude Plaintiff from at least portions of the trial. There would be no one to make any informed decisions with respect to settlement or trial of the case, as the only persons with the information would be Plaintiff's attorneys who do not make ultimate decisions such as settlement of the case. The information sought by Plaintiff is necessary to support Plaintiff's claims and to negate defenses raised by Defendants, *inter alia*, extent of infringement, damages, lost profits and alleged defenses of laches, estoppel and acquiescence. The person controlling the litigation on Plaintiff's side is Wayne Van Scoy. Wayne Van Scoy needs this information to make decisions with respect to the case.

In accordance with the procedures of the Scheduling Order of April 26, 2005, the parties were trying to schedule a telephone conference with the Court to resolve the discovery dispute. The Court suggested to the parties times on August 23 and 24, 2005. However, defense counsel Mr. Quinn advised that he was not available the week of August 22, 2005. Plaintiff requests that the Court consider the outstanding discovery dispute regarding the production by Defendants of financial records and information at the regularly scheduled Status Conference scheduled for 4:30 PM on Monday August 22, 2005.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

The Honorable Kent A. Jordan
August 15, 2005
Page 3


JGD: nml
Attachments
160461.1

cc:    Clerk of the Court (by hand; w/attachments)
       Francis G.X. Pileggi, Esquire (by hand; w/attachments)
       Michael F. Petock, Esquire (via electronic mail; w/attachments)
       Michael C. Petock, Esquire (via electronic mail; w/ attachments)
       Charles N. Quinn, Esquire (via electronic mail; w/attachments)

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

WAYNE VAN SCOY,
    Plaintiff and
    Counterclaim-Defendant

v.

VAN SCOY DIAMOND MINE OF
DELAWARE, INC.,
KURT VAN SCOY and
DONNA VAN SCOY,
    Defendants and
    Counterclaim-Plaintiff

Case No. 05-108 (KAJ)

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

The following objections apply to each document request propounded by plaintiff Wayne Van Scoy:

1. Defendants object to these requests to the extent that they seek disclosure of documents and other materials protected by the attorney-client priviledge and/or the work product doctrine.

2. Defendants' investigation and trial preparation is continuing. As a result defendants may supplement any of the following responses as necessary.

3. Defendants' responses and production of documents in response to one or more requests shall not be deemed to waiver of these General Objections or any specific objections or deemed an admission that the documents and things are relevant to this case or are admissible in evidence under the Federal Rules of Evidence.


EXHIBIT A1

PH2 229977v1 06/07/05 4:20:32 PM    1    94214.90101

35. Documents sufficient to show the sales made by Defendants for each year since they began using the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

*****************

36. Documents sufficient to show the expenses incurred by Defendants for each year since they began using the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware."

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

*****************

37. Documents that comprise a financial statement of Defendant Van Scoy Diamond Mine of Delaware, Inc.

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

*****************

38. Documents that comprise tax returns of all Defendants for the years 1994-2006.

Response: Documents responsive to this request are located at Defendants' business

premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

*****************

39. Documents sufficient to show the officers, directors and employees of Defendant Van Scoy Diamond Mine of Delaware, Inc., past and present, along with their job descriptions or responsibilities.

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

*****************

40. Documents sufficient to show the names and addresses of the shareholders or owners of Defendant Van Scoy Diamond Mine of Delaware, Inc. and their respective percentage of ownership.

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

*****************

41. All documents relating to or reflecting the approximate date and circumstances under which Defendants first became aware of Plaintiff's Marks.

Response: Defendants possess no responsive documents.

*****************

42. All documents referring to Plaintiffs Marks or Plaintiffs goods and services


EXHIBIT A3

PH2 229977v1 06/07/05 4:20:32 PM            11                             94214.90101

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

**DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire, as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire
Michael F. Petock, Esquire
Petock & Pectock LLC
4 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA 19482-0856**

and

**John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. B1150
Wilmington, DE 19899**

FOX ROTHSCHILD LLP

_____
Charles N. Quinn

7 June 2005
(date)

EXHIBIT
20    A5

PH2 229977v1 06/07/05 4:20:32 PM                              94214.90101

1

FOX ROTHSCHILD LLP

By: _____
Charles N. Quinn
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135

Attorney for Defendants and Counterclaim
Plaintiff

Date: 7 June 2005

# EXHIBIT B

RECEIVED
JUL 2 2 2005
MICHAEL F. PETO_

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY,<br>    Plaintiff and<br>    Counterclaim-Defendant<br><br>v.<br><br>VAN SCOY DIAMOND MINE OF<br>DELAWARE, INC.,<br>KURT VAN SCOY and<br>DONNA VAN SCOY,<br>    Defendants and<br>    Counterclaim-Plaintiff | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Case No. 05-108 (KAJ) |

## DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

### GENERAL OBJECTIONS

The following objections apply to each document request propounded by plaintiff Wayne Van Scoy:

1. Defendants object to these requests to the extent that they seek disclosure of documents and other materials protected by the attorney-client priviledge and/or the work product doctrine.

2. Defendants' investigation and trial preparation is continuing. As a result defendants may supplement any of the following responses as necessary.

3. Defendants' responses and production of documents in response to one or more requests shall not be deemed to waiver of these General Objections or any specific objections or deemed an admission that the documents and things are relevant to this case or are admissible in evidence under the Federal Rules of Evidence.


EXHIBIT B1

inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

\*\*\*\*\*\*\*\*\*\*

Supplemental Response: See the documents produced on 27 June 2005 in response to request 16 and 33; additionally, see documents D000144; D000145; D000178; D000181; D000190; D000191; D000188; D000203; D000228; D000231; D000234; D000239; D000245; D000275; D000278; D000280; D000282; D000294 through D000296; D000318 through D000322; D000325; D000327; D000329; D000333; D000334; D000338; D000360 through D000362; D00364 through D000370; D000380; D000386; D000407; D000422; D000424 through D000428; D000431 through D000433; D000457 through D000459; D000465; D000466; D000486 through D000489; D000499 through D000503; D000505 through D000508; D000532 through D000542; D000544 through D000553; D000556 through D000559; D000569 through D000578; D000603; D000608 through D000614; D000617 through D000625; D000629 through D000633; D000638 through D000649; D000662; D000665 through D000669; D000681; D000682; D000684 through 686; D000712 through D000718; D000720 through D000729; D000735 through D000747; D000751 through D000755, all as produced on 27 June 2005.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

37. Documents that comprise a financial statement of Defendant Van Scoy Diamond Mine of Delaware, Inc.

Amended Response and Objection: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, by plaintiff's counsel as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel after agreement is reached on a modification of the outstanding protective order.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

38. Documents that comprise tax returns of all Defendants for the years 1994-2006.

Amended Response and Objection: Defendants object to producing the individual income tax returns of defendants Kurt Van Scoy and Donna Van Scoy as being requested to embarrass and harass defendants Kurt Van Scoy and Donna Van Scoy and as being unlikely to lead to the discovery of relevant evidence. As respecting defendant Van Scoy Diamond Mine of Delaware, Inc., documents responsive to this request are located at the business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying by plaintiff's counsel as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel, after agreement is reached on a modification of the outstanding protective order.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

39. Documents sufficient to show the officers, directors and employees of Defendant Van Scoy Diamond Mine of Delaware, Inc., past and present, along with their job descriptions or responsibilities.

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

\*\*\*\*\*\*\*\*\*\*

Supplemental Response: See the supplemental response to request 47.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

40. Documents sufficient to show the names and addresses of the shareholders or owners of Defendant Van Scoy Diamond Mine of Delaware, Inc. and their respective percentage of ownership.

Response: Documents responsive to this request are located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced for inspection and copying, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's

are incomplete. Defendants will respond further to this request, as Defendants' trial plans progress. Subject to this objection, all documents not subject to objection were produced previously or have been identified herein as being available for inspection and copying at Defendants' business premises.

*****************

74. All documents, data compilations, and tangible things in the possession, custody, or control of Defendants that support or contradict any disputed facts alleged within the pleadings which have not been already produced in response to these Requests.

Response: Defendants object to this request as being premature. Defendants' trial plans are incomplete. Defendants will respond further to this request, as Defendants' trial plans progress. Subject to this objection, all documents not subject to objection have been produced or have been identified herein as being available for inspection and copying at Defendants' business premises.

*****************

75. All documents and things not previously produced identified in Initial Disclosures of Defendants pursuant to F.R.Civ.P. 26(a) served May 2, 2005.

Response: All documents not subject to objection have been produced or have been identified as being available for inspection and copying at Defendants' business premises. To the extent Defendants possess any such additional responsive documents and things, and things would be located at Defendants' business premises at 1117 Churchmans Road, Newark, Delaware, 19713 and will be produced, as they are kept in the usual course of business, pursuant to the outstanding protective order, at a time and date which is mutually convenient for plaintiff's counsel, defendants and defendants' counsel.

FOX ROTHSCHILD LLP

By:/Charles N. Quinn/
Charles N. Quinn
2000 Market Street
Tenth Floor
Philadelphia, PA 19103

22



EXHIBIT
B4

PH2 231944v1 07/22/05 12:55:24 PM

94214.90101

(215) 299-2135

Attorney for Defendants and Counterclaim Plaintiff

Date: 22 July 2005

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

**DEFENDANTS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire, as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire
Michael F. Petock, Esquire
Petock & Petock LLC
4 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA   19482-0856**

and

**John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. B1150
Wilmington, DE 19899**

FOX ROTHSCHILD LLP

/Charles N. Quinn/
Charles N. Quinn

<u>22 July 2005</u>
(date)

EXHIBIT
24
B6

PH2 231944v1 07/22/05 12:55:24 PM                                                 94214.90101