IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>VAN SCOY DIAMOND MINE OF<br>DELAWARE, INC., a Delaware corporation,<br>KURT VAN SCOY, and DONNA VAN SCOY,<br><br>    Defendants and<br>    Counterclaim-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 05-108 (KAJ)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROPOSED REVISED PROTECTIVE ORDER

AND NOW, this    day of August, 2005, upon consideration of Defendants' Motion for Revised Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and any response thereto,

IT IS HEREBY ORDERED that the motion is granted, and that the Stipulated Protective Order Entered May 4, 2005 is hereby revised as follows:

1. "Confidential Information" is intended to mean information of a type contemplated by Rule 26(c)(7) of the Federal Rules of Civil Procedure which a party regards as financial, proprietary, or otherwise sensitive business or technical information. Such information includes, but is not limited to, trade secrets, research or development information, technical and/or laboratory results and reports, business proposals and strategies, Income Tax Returns, balance sheet information, invoices, price lists, financial statements, lists of present or prospective customers (except that the naming of any such customers as a party to a lawsuit involving the subject matter in suit shall not be deemed a disclosure of Confidential

Information), contracts and other business or technical arrangements with third parties. Confidential Information shall be used only for the purposes of this litigation, and for no other purpose whatsoever. Further, neither party shall designate publicly available documents or information as being Confidential Information.

  2.  Documents, information, or tangible items shall be designated Confidential Information within the meaning of this Order in the following ways:

    a.  In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or words to this effect.

    b.  In the case of interrogatory answers and the information contained therein designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL" or words to this effect.

    c.  In the case of tangible items, designation shall be made by visibly marking items "CONFIDENTIAL" or words to this effect.

    d.  In producing original files and records for inspection, no marking need be made by the producing party in advance of the inspection. For the purposes of the inspection, documents produced shall be considered as marked "CONFIDENTIAL". Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark "CONFIDENTIAL" the copies of such documents as may contain Confidential Information.

  3.  With respect to all documents, information, or tangible items, produced or furnished by a party during this litigation, which are designated as Confidential Information by

the producing party, such information shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

4. If, in the course of this proceeding, depositions are conducted which involve Confidential Information, counsel or the witness or party producing such information may designate on the record, the portion of the deposition which counsel believes may contain Confidential Information. If such designation is made, these portions of said depositions involving such Confidential Information will be taken with no one present except those persons who are authorized to have access to such Confidential Information in accordance with this Protective Order, and a reporter, except that a witness, whose deposition is being taken, may see any document identified as Confidential Information that indicates, on the face of the document or otherwise, that the witness has previously seen, has been sent or has otherwise been made privy (by oral or written disclosure of the contents) of the document. Each party shall have thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcription (by specific page and line reference) to be designated as Confidential Information. The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Information. Transcripts of testimony, or portions thereof, containing the Confidential Information shall be filed only under seal as described in Paragraph 5, until further order of the Court.

5. Any document or pleading or tangible item which contains Confidential Information, if filed or submitted to the Court, shall be filed in a sealed envelope marked

"Confidential - filed under Protective Order dated _____, 2005 in C. A. No. 05-108KAJ - not to be opened except by order of the Court.".

6. All Confidential Information (except for Confidential Information pertaining to finances, the disclosure of which is addressed in paragraph 7 below) produced in this action shall not be disclosed in any way to anyone other than:

a. Attorneys of record and their associate attorneys, specifically excluding any in-house counsel, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

b. Independent individuals (i.e. individuals who are not directors, officers, employees, agents, representatives, consultants, regular outside experts, or affiliated with firms who represent or consult for a party or its parent or affiliated companies) retained specifically for the purposes of furnishing technical or expert services or to give expert testimony with respect to the subject matter of this action.

c. Each individual party and such employees of each of the parties controlling the litigation or with respect to whom access to such documents or information is necessary for the party's prosecution or defense to this action.

d. The Court handling the litigation involving the trademarks and service marks in suit and all personnel employed by or working with the Court.

7. All Confidential Information pertaining to finances, which includes, but is not limited to, Income Tax Returns, Financial Statements, Financial Summaries, Balance Sheets and accounting information, shall not be disclosed in any way to anyone other than Plaintiff's

Attorneys of record and their associate attorneys. Such information shall be marked "For Attorney Eyes Only" before such production.

8. Prior to any disclosure pursuant to paragraph 6(b) or 6(c), above, counsel shall obtain a written Affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure is to be made, acknowledging that any document, information or tangible item that has been designated as Confidential Information is subject to this Order, that the person has read this Order, that such person agrees to comply with and be bound by this Order, that such person submits to the jurisdiction of this Court for the purposes of this Order, that such person is a party, an employee of a party or an "independent individual" as defined above, and that such person is aware that contempt sanctions may be entered for violation of this Order. The Affidavits shall be provided to opposing counsel. With respect to any disclosure pursuant to Paragraph 6(b), but not Paragraph 6(c), the Affidavit shall be provided to counsel fourteen (14) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving the Confidential Information within such fourteen (14) day period, or the fourteen (14) day period is waived in writing, then Confidential Information may be disclosed to such person. If objection is made, then the party retaining such person may bring before the Court the question of whether the Confidential Information may be disclosed to such person bearing in mind that the definition of "independent individuals" will not be amended. All signed Affidavits shall be maintained through the conclusion of this action.

9. With respect to advertising information, which includes but is not limited to, videotapes, audiotapes and any print media, such information shall not be copied, disseminated, borrowed or used for any purpose, at any time, other than for purposes of this action, and all such information shall be returned to Defendants at the conclusion of this litigation. Plaintiff

understands and agrees that all advertising discovery is the property of Defendants, and may not be used by Plaintiff at any time for any purpose than for this action.

10. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for disclosure of confidential information, counsel may designate on the record prior to such disclosure that the disclosure is confidential. Whenever matter designated confidential is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may seek to exclude from the hearing or other proceeding any person who is not entitled under this Order to receive information designated confidential, except that such exclusion shall be left to the discretion of the Court.

11. No person or party shall directly or indirectly utilize or disclose any Confidential Information obtained pursuant to pretrial discovery in this action, except for the purposes of this action as well as any other litigation involving the subject matter in suit and in accordance with any further Order issued by the Court.

12. Acceptance by a party of any information, document, or thing designated Confidential shall not constitute a concession that the information, document or thing is Confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with a designation and marking by any producing party of any material as CONFIDENTIAL, then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

WM1A 62080v1 08/19/05

13. This Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality.

14. With the exception of the definition of "independent individual", this Order shall not prevent any party from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

15. At the conclusion of this action, including any appeals, all Confidential Information furnished pursuant to this Order and all copies thereof, shall be returned to the producing attorney of record, or, at the producing party's option, destroyed by counsel for the receiving party except to the extent such information is desired or needed for use in other litigation involving the subject matter in suit. The provisions of this Order insofar as it restricts the disclosure, communication of and use of the Confidential Information produced hereunto shall continue to be binding after the conclusion of the action.

16. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

<div style="text-align:right">
_____<br>
The Honorable Kent A. Jordan<br>
United States District Judge
</div>

<div style="display: flex;">

<div>

Michael F. Petock, Esq.
Michael C. Petock, Esq.
PETOCK & PETOCK
46 The Commons at Valley Forge
1220 Valley Forge Road
Post Office Box 856
Valley Forge, PA 19482-0856
(610) 935-8600 (voice)
(610) 933-9300 (fax)
MFP@IPLaw-Petock.com

Attorneys for Plaintiff
Wayne Van Scoy

</div>

<div>

Steven J. Balick, Esq.
John G. Day, Esq.
ASHBY & GEDDES
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888 (voice)
(302) 654-2067 (fax)
sbalich@ashby-geddes.com
jday@ashby-geddes.com

Attorneys for Plaintiff
Wayne Van Scoy

</div>

</div>

Francis G.X. Pileggi, Esq.
Fox Rothschild LLP
Suite 1300
919 N. Market Street
Wilmington, DE 19801u
(302) 654-7444 (voice)
(302) 656-8920 (fax)
fpileggi@foxrothschild.com

Attorney for Defendants
Van Scoy Diamond Mine
of Delaware, Inc.,
Kurt Van Scoy and
Donna Van Scoy

Charles N. Quinn, Esq.
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103-3291
(215) 299-2000 (voice)
(215) 299-2150 (fax)
cquinn@foxrothschild.com

Attorney for Defendants
Van Scoy Diamond Mine
of Delaware, Inc.,
Kurt Van Scoy and
Donna Van Scoy

APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY<br>　　　　Plaintiff, | )<br>)<br>) |
| V. | )<br>) |
| VAN SCOY DIAMOND MINE<br>OF DELAWARE, INC., | )<br>)<br>) |
| KURT VAN SCOY | )<br>) |
| AND | )<br>) |
| DONNA VAN SCOY<br>　　　　Defendants. | )<br>)<br>) |

1.　　My name is _____. I live at

_____. I am employed as (state position) _____ by

(state name and address of employer) _____. I am an

independent individual retained by _____ for the purpose

of _____ with respect to the subject matter of this action.

2.　　I am aware that a Protective Order regarding Confidential Information has been entered in <u>Wayne Van Scoy v. Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy and Donna Van Scoy</u>, in the United States District Court for the District of Delaware (C. A. NO. 05-108-KAJ). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

3.　　I promise that documents, information, and tangible items designated as "Confidential Information" under the Protective Order entered in the above case will be used by

- 9 -

me only in connection with this particular litigation even when discussing it with persons identified in paragraph 4 herein below.

4. I promise that I will not disclose or discuss "Confidential Information" with any persons other than each individual party and such employees of each of the parties controlling the litigation or with whom access to such information is necessary for the party's prosecution or defense of this action, counsel for any party and paralegal and clerical personnel assisting such counsel, and other persons permitted access to "Confidential Information" under the Protective Order who have signed affidavits undertaking to preserve the confidentiality of the "Confidential Information".

5. I understand that any use of "Confidential Information", or any portions or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

For the purposes of this Protective Order, I hereby agree to submit myself to the jurisdiction of the United States District Court for the District of Delaware, and pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

_____    _____
Signature                                                                    Date