IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, | ) |
|       Plaintiff and<br>      Counterclaim-Defendant, | )<br>)<br>) |
|       v. | )<br>) |
| VAN SCOY DIAMOND MINE OF<br>DELAWARE, INC., a Delaware corporation,<br>KURT VAN SCOY, and DONNA VAN SCOY, | )   Case No. 05-108-KAJ<br>)<br>) |
|       Defendants and<br>      Counterclaim-Plaintiff. | )<br>) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Wayne Van Scoy and Defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy and Donna Van Scoy hereby stipulate to the following Stipulated Protective Order, superceding the Protective Order entered May 6, 2005. Defendants' 22 August 2005 Motion for Revised Protective Order, that was entered May 6, 2005, is moot.

IT IS HEREBY ORDERED:

    1.    "Confidential Information" is information of the type contemplated by Rule 26(c)(7) of the Federal Rules of Civil Procedure that a party or Plaintiff's Licensee, Rings of Romance, Inc. regards as financial, proprietary, or otherwise valuable and/or sensitive business or technical information. Such information includes, but is not limited to, trade secrets, research or development information, technical and/or laboratory results and reports, business proposals and strategies, advertising strategies and advertising material created by and/or having therein the voice of Thomas Van Scoy, Sr., income tax returns, balance sheet information, invoices,

price lists, financial statements, lists of present or prospective customers (except that the naming of any such customers as a party to a lawsuit involving the subject matter in suit shall not be deemed a disclosure of Confidential Information), contracts and other business or technical arrangements with third parties. Confidential Information shall be used only for the purposes of this litigation, and for no other purpose whatsoever. Further, neither party nor Rings of Romance, Inc. shall designate publicly available documents or information as being Confidential Information. This Protective Order may be used to protect Confidential Information of Plaintiff's Licensee, Rings of Romance, Inc. (hereinafter "Rings"), to the same extent that confidential information of a party is protected.

    2.    Documents, information, or tangible items shall be identified as being "Confidential Information" within the meaning of this Stipulated Protective Order in the following ways:

        a.    In the case of documents and the information contained therein, by placing on the document the legend "CONFIDENTIAL" or words to this effect.

        b.    In the case of interrogatory answers and the information contained therein designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL" or words to this effect.

        c.    In the case of tangible items, designation shall be made by visibly marking items "CONFIDENTIAL" or words to this effect.

        d.    In producing original files and records for inspection, no marking need be made by the producing party or Rings in advance of the inspection. For the purposes of the

inspection, documents produced shall be considered as marked "CONFIDENTIAL". Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party or Rings shall mark "CONFIDENTIAL" the copies of such documents as may contain Confidential Information.

3. With respect to all documents, information, or tangible items, produced or furnished by a party or Rings during this litigation, which are designated as Confidential Information by the producing party or Rings, such documents, information and tangible items shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the documents, information or tangible items under the terms of this Stipulated Protective Order.

4. If, in the course of this proceeding, depositions are conducted which involve Confidential Information, counsel or the witness or party or Rings producing such information may designate on the record, the portion of the deposition which counsel believes may contain Confidential Information. If such designation is made, these portions of said depositions involving such Confidential Information will be taken with no one present except those persons who are authorized to have access to such Confidential Information in accordance with this Stipulated Protective Order, and a reporter, except that a witness, whose deposition is being taken, may see any document identified as Confidential Information that indicates, on the face of the document or otherwise, that the witness has previously seen, has been sent or has otherwise been made privy (by oral or written disclosure of the contents) to the document. Each party and Rings shall have thirty (30) days after receipt of the deposition transcript within which to inform the other parties to the action of the portions of the transcription (by specific page and line

reference) to be designated as Confidential Information. The right to make such designation shall be waived unless made within the thirty (30) day period. Prior to such designation, or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Information. Transcripts of testimony, or portions thereof, containing the Confidential Information shall be filed only under seal as described in Paragraph 5, until further order of the Court.

5. Any document or pleading or tangible item which contains Confidential Information, if filed or submitted to the Court, shall be filed in a sealed envelope marked "Confidential - filed under Protective Order dated _____, 2005 in C. A. No. 05-108KAJ - not to be opened except by order of the Court.".

6. All Confidential Information (except for Confidential Information pertaining to finances and advertising strategies and advertising material created by and/or having the voice of Thomas Van Scoy, Sr., the disclosure of which is addressed in paragraph 7 below produced in this action shall not be disclosed in any way to anyone other than:

    a. Attorneys of record and their associate attorneys, specifically excluding any in-house counsel, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

    b. Independent individuals (i.e. individuals who are not directors, officers, employees, agents, representatives, consultants, regular outside experts, or affiliated with firms who represent or consult for a party or its parent or affiliated companies) retained specifically for the purposes of furnishing technical or expert services or to give expert testimony with respect to the subject matter of this action.

c. Each individual party and such employees of each of the parties controlling the litigation or with respect to whom access to such documents or information is necessary for the party's prosecution or defense to this action.

d. The Court handling the litigation involving the trademarks and service marks in suit and all personnel employed by or working with the Court.

7. Confidential Information pertaining to finances advertising, strategies and advertising materials created by and/or having the voice of Thomas Van Scoy, Sr. that include, but are not limited to, income tax returns, financial statements, financial summaries, balance sheets, accounting information, patterns of advertising and audiotapes having the voice of Thomas Van Scoy Sr. shall not be disclosed in any way to anyone other than opposing counsel, that is Plaintiff's and Defendants' Attorneys of record and their associate attorneys. Such information shall be marked "Confidential - For Attorney Eyes Only" before production. The Court may allow viewing by a party of limited portions of such "Confidential—For Attorney Eyes Only" information as is reasonably necessary for the presentation of the party's case or defense at trial.

8. Prior to any disclosure pursuant to paragraph 6(b) or 6(c), above, counsel shall obtain a written Affidavit, in the form attached hereto as Appendix A, from each person to whom disclosure of designated "Confidential Information" is to be made, acknowledging that any document, information or tangible item that has been designated as Confidential Information is subject to this Stipulated Protective Order, that the person has read this Stipulated Protective Order, that such person agrees to comply with and be bound by this Stipulated Protective Order, that such person submits to the jurisdiction of this Court for the purposes of this Stipulated

Protective Order, that such person is a party, an employee of a party or an "independent individual" as defined above, and that such person is aware that contempt sanctions may be entered for violation of this Stipulated Protective Order. The Affidavits shall be provided to opposing counsel. With respect to any disclosure pursuant to Paragraph 6(b), but not Paragraph 6(c), the Affidavit shall be provided to counsel fourteen (14) days in advance of the first disclosure of any Confidential Information to such person. If no objection is made to such person receiving the Confidential Information within such fourteen (14) day period, or the fourteen (14) day period is waived in writing, then Confidential Information may be disclosed to such person. If objection is made, then the party retaining such person may bring before the Court the question of whether the Confidential Information may be disclosed to such person. All signed Affidavits shall be maintained through the conclusion of this action.

9. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party or Rings deems that any question or line of questioning calls for disclosure of confidential information, counsel may designate on the record prior to such disclosure that the disclosure is confidential. Whenever matter designated confidential is to be discussed in a hearing or other proceeding, any party or Rings claiming such confidentiality may seek to exclude from the hearing or other proceeding any person who is not entitled under this Stipulated Protective Order to receive information designated confidential, except that such exclusion shall be left to the discretion of the Court.

10. No person or party shall directly or indirectly utilize or disclose any Confidential Information obtained pursuant to pretrial discovery in this action, except for the purposes of this action and in accordance with any further Stipulated Protective Order issued by the Court.

11. Acceptance by a party of any information, document, or thing designated Confidential shall not constitute a concession that the information, document or thing is in fact Confidential. Either party may contest a claim of confidentiality. If the receiving party disagrees with a designation and marking by any producing party or Rings of any material as CONFIDENTIAL, then the parties shall first try to resolve such disputes on an informal basis. If agreement cannot be reached between counsel, then such dispute may be presented to the Court by motion or otherwise. In the resolution of such matter, the burden of establishing confidentiality shall be on the party or Rings asserting the same.

12. This Stipulated Protective Order shall be without prejudice to the right of any party or Rings to oppose production of any documents, information or things on grounds other than confidentiality.

13. This Stipulated Protective Order shall not prevent any party or Rings from applying to the Court for relief therefrom or from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Stipulated Protective Order, subject to the approval of the Court.

14. At the conclusion of this action, including any appeals, all Confidential Information furnished pursuant to this Stipulated Protective Order and all copies thereof, shall be returned to the producing attorney of record, or, at the producing party's or Rings' option, destroyed by counsel for the receiving party. The provisions of this Stipulated Protective Order insofar as it restricts the disclosure, communication of and use of the Confidential Information produced hereunto shall continue to be binding after the conclusion of the action.

15. <u>Other Proceedings</u>.  By entering this Stipulated Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Stipulated Protective Order who becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this Stipulated Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

_____
The Honorable Kent A. Jordan
United States District Judge

| ASHBY & GEDDES | FOX ROTHSCHILD LLP |
|---|---|
| /s/ *John G. Day* | /s/ *Sharon Oras Morgan* |

| | |
|---|---|
| Steven J. Balick (I.D. #2114) | Francis G.X. Pileggi (I.D. #2624) |
| John G. Day (I.D. #2403) | Sharon Oras Morgan (I.D. #4287) |
| 222 Delaware Avenue, 17th Floor | 919 N. Market Street, Suite 1300 |
| P.O. Box 1150 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | (302) 622-4246 (voice) |
| (302) 654-1888 (voice) | (302) 656-8920 (fax) |
| (302) 654-2067 (fax) | fpileggi@foxrothschild.com |
| sbalick@ashby-geddes.com | smorgan@foxrothscild.com |
| jday@ashby-geddes.com | |

*Attorneys for Plaintiff Wayne Van Scoy*   *Attorney for Defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy and Donna Van Scoy*

*Of Counsel:*   *Of Counsel:*

Michael F. Petock
Michael C. Petock
PETOCK & PETOCK
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA 19482-0856
(610) 935-8600 (voice)
(610) 933-9300 (fax)
MFP@IPLaw-Petock.com

Charles N. Quinn
FOX ROTHSCHILD LLP
2000 Market Street, Tenth Floor
Philadelphia, PA 19103-3291
(215) 299-2000 (voice)
(215) 299-2150 (fax)
cquinn@foxrothschild.com

Dated: September 21, 2005
161571.1

APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY | ) |
|     Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| VAN SCOY DIAMOND MINE | ) |
| OF DELAWARE, INC., | ) |
| | ) |
| KURT VAN SCOY | ) |
| | ) |
| AND | ) |
| | ) |
| DONNA VAN SCOY | ) |
|     Defendants. | ) |

1. My name is _____. I live at

_____. I am employed as (state position) _____ by

(state name and address of employer) _____. I am a

party, employed by a party or an "independent individual" retained by

_____ for the purpose of

_____ with respect to the subject matter of this action, as

provided in paragraph 8 of the Stipulated Protective Order entered in the above litigation.

2. I am aware that a Stipulated Protective Order regarding Confidential Information has been entered in Wayne Van Scoy v. Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy and Donna Van Scoy, in the United States District Court for the District of Delaware (C. A. NO. 05-108-KAJ) and have been given a copy of that Stipulated Protective Order. I have carefully reviewed its terms and conditions.

3. I promise that I will use documents, information, and tangible items designated as "Confidential Information" under the Stipulated Protective Order entered in the above case only in connection with this particular litigation even when discussing it with persons identified in paragraph 4 herein below.

4. I promise that I will not disclose or discuss "Confidential Information" to or with any persons other than each individual party and such employees of each of the parties controlling the litigation or with whom access to such information is necessary for the party's prosecution or defense of this action, counsel for any party and paralegal and clerical personnel assisting such counsel, and other persons permitted access to "Confidential Information" under the Stipulated Protective Order who have signed affidavits undertaking to preserve the confidentiality of the "Confidential Information".

5. I understand that any use of "Confidential Information", or any portions or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Stipulated Protective Order will subject me to the sanctions of the Court.

For the purposes of this Stipulated Protective Order, I hereby agree to submit myself to the jurisdiction of the United States District Court for the District of Delaware, and pursuant to 18 U.S.C. 1001 and 28 U.S.C. §1746, I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.

_____          _____
Signature                              Date