# Exhibit
# "L"

IN THE UNITED STATES DISTRICT COURT

THE DISTRICT OF DELAWARE

- - -

WAYNE VAN SCOY :
:
v. :
:
VAN SCOY DIAMOND :
MINE OF DELAWARE, :
INC., KURT VAN SCOY :
AND DONNA VAN SCOY : NO. 05-108(KAJ)

- - -

October 6, 2005

- - -

Oral deposition of MARK MAURER, taken pursuant to notice, was held at the law offices of Michael Petock, 46 The Commons at Valley Forge, 1220 Valley Forge Road, Valley Forge, Pennsylvania, commencing at 1:50 p.m., on the above date, before Sherry L. Stills, Court Reporter and Notary Public for the Commonwealth of Pennsylvania.

- - -

ESQUIRE DEPOSITION SERVICES
1880 John F. Kennedy Boulevard
15th Floor
Philadelphia, Pennsylvania 19103
(215) 988-9191

Q. He didn't disclose to you what the conflict was which he was referring to?

A. Well, he's representing, I think, one of the parties.

Q. Are you aware of the fact that the defendants in this action who are represented by Mr. Quinn are attempting to invalidate the trademark and service mark Van Scoy Diamond Mine?

A. I am not aware of that.

Q. And they are also trying to invalidate or hold the trademark and the service mark Van Scoy Diamond Mine invalid?

A. No, I am not aware of that.

Q. Are you presently operating any jewelry store under the name Van Scoy Diamond Mine?

A. I'm operating two jewelry stores, both of which were operating under Van Scoy Diamond Mine, and I

maintain clients that have been sold over the years under that name.

Q. Are you aware that if the defendants are successful with their defense and their counterclaims to hold the trademark and service mark of Van Scoy Diamond Mine invalid or generic, any person would be within their rights to open up a Van Scoy Diamond Mine in your town?

MR. QUINN: Objection. First of all, that mischaracterizes the defendants' position. The invalidation claim is with respect to the federal registrations of those Marks, and it further mischaracterizes the position in the hypothetical in that it does not take account of any common law rights that Mr. Maurer might have developed over the years through use of those Marks.

So, I object to that

for bankruptcy only about 70 miles away or 80 or however far it is, that tremendously damaged the name in the area for me.

Q. Okay. You no longer use the name Van Scoy Diamond Mine in any of your advertising?

A. I do in private communication to the about 10,000 customers I built up. Absolutely.

MR. MICHAEL F. PETOCK:

What's the manner of advertizing?

THE WITNESS: Direct mail.

BY MR. MICHAEL C. PETOCK:

Q. You do not do the -- do you use the name Van Scoy Diamond Mine in advertising?

A. To those customers, yes.

Q. In what medium?

A. In direct mail.

Q. And how do you communicate with them through direct mail?

A. I have also used it, by