# EXHIBIT J

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

WAYNE VAN SCOY,                           :
                                          :
    Plaintiff and                        :
    Counterclaim-Defendant,              :
                                          :
        v.                         :
                                          :
VAN SCOY DIAMOND MINE OF                  :
DELAWARE, INC., a Delaware Corporation    :    Case No. 05-108 (KAJ)
KURT VAN SCOY, and DONNA VAN SCOY,        :
                                          :
    Defendants and                       :
    Counterclaim-Plaintiff.              :

## DEFENDANTS' AMENDED AND SUPPLEMENTAL
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure Defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy, and Donna Van Scoy hereby supplement their 7 June 2005 responses to plaintiff's first set of interrogatories.

## GENERAL OBJECTIONS

1.    Plaintiff's first set of interrogatories is defective and, hence, invalid, as it fails to comply with Fed. R. Civ. P. 33.

2.    Defendants object to each and every interrogatory in its entirety to the extent it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to each and every interrogatory to the extent it calls for information that could have been obtained more efficiently by other means of discovery.

4.    Defendants object to each and every interrogatory to the extent it can be answered by the production of business records.

5.    Defendants object to each and every interrogatory to the extent it seeks disclosure of documents or information containing privileged communications, attorney work-product, client. work-product, or trial preparation material, on the grounds that such discovery is not permissible under the Federal Rules of Civil Procedure. None of Defendants' specific responses shall be construed to mean that Defendants intend to provide privileged or work-product documents or information in the absence of an intentional waiver. Any inadvertent disclosure of privileged documents or information or work-product shall not constitute a waiver of an otherwise valid claim of privilege, and any failure to assert a privilege or other protection as to certain documents or information shall not be deemed to constitute a waiver of the privilege or other protection as to any other documents or information so protected.

6.    Defendants object to each and every interrogatory to the extent that it is vague, ambiguous, overbroad, vexatious, unduly burdensome or seeks information not relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to each and every interrogatory to the extent that it seeks information or documents that are confidential and/or proprietary business and financial information.

8.    Defendants object to each and every interrogatory to the extent that it seeks documents or information protected by any confidentiality obligation owed to a third party.

9.    Defendants note that inasmuch as Defendants' discovery and investigation is continuing, Defendants' responses to contention interrogatories are limited by the information

94214.90101

available to date and are provided without prejudice to Defendants' right to amend or supplement the responses to those interrogatories.

10.    Defendants objects to Plaintiff's definitions and instructions as improperly attempting to impose burdens and obligations upon Defendants beyond the requirements of the Federal Rules of Civil Procedure.

11.    Defendants assert each of the general objections set forth above to each of the interrogatories. By setting forth specific objections, Defendants do not intend to limit or restrict the general objections contained in this response. To the extent Defendants provide information in response to a specific request to which objection has been raised, Defendants reserve the right to maintain such objections with respect to any additional information and such objections are not waived by the furnishing of documents or information.

12.    Defendants expressly reserve the right to supplement and/or amend these responses should additional documents or information become available.

## SPECIFIC ANSWERS AND/OR OBJECTIONS

Subject to each of the foregoing objections, each of which is interposed as to each of the following interrogatories as if each such objection was set forth at length therein, Defendants respond to Plaintiff's first set of interrogatories as follows:

1.    State the name of each individual who answered or provided information used to answer each of these Interrogatories on behalf of Defendants, the specific Interrogatory to which each of the identified individuals provided assistance in answering, and the job title or corporate capacity/affiliation of each identified individual.

this interrogatory once defendants' trial plans are more complete.  See the responses

to plaintiff's requests for production 11, 14, 15, 16, 35, 36 and 37.

iv) Kurt Van Scoy

**************************

Defendants' Supplemental Response:

i)     Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

ii)     Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

iii)     Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

iv)     See above.

**************************************************

12.     With respect to Defendants' Twelve and Thirteenth Affirmative Defenses alleging
that United States Trademark Registration No. 1,140,711 and United States Service Mark
Registration No. 1,140,958 "on which plaintiff is the current record owner [are] invalid and
unassertable against defendants by reason of the mark[s] which [are] the subject of the
registration[s] having been abandoned by plaintiff and/or plaintiff's predecessor in title,"

i)  state all of Defendants' contentions in support thereof,

ii)  state all facts,

iii) identify all documents and things in support thereof and

iv) identify the persons most knowledgeable with respect to such facts,
        documents and things.

Defendants' response:

94214.90101

i) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff's use of the mark at issue has been non-continuous, intermittent at best and with periods of non-use sufficient to result in abandonment of the mark as a matter of law.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff's use of the mark at issue has been non-continuous, intermittent at best and with periods of non-use resulting in abandonment of the mark.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, none at this time.

iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    See above.

**************************************************

13.    With respect to the Affirmative Defenses of Defendant Kurt Van Scoy and Defendant Donna Van Scoy stating that "to the extent any actions by defendants Kurt and/or Donna Van Scoy are actionable, responsibility for any liability growing out thereof is that of defendant Van Scoy Diamond Mine, Inc., and not that of Kurt Van Scoy and/or Donna Van Scoy,"

> i)    state all contentions and bases for alleging that Kurt Van Scoy and/or Donna Van Scoy are not personally liable for any alleged acts of Van Scoy Diamond Mine of Delaware, Inc., and
>
> ii)    state all facts,
>
> iii)    identify all documents and things in support thereof and
>
> iv)    identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)    Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. At all times actions by Defendant Kurt Van Scoy and Defendant Donna Van Scoy have been as employees of Van Scoy Diamond Mine of Delaware, Inc. and not acting on their own.

ii)    Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. At all times actions by Defendant Kurt Van Scoy and Defendant Donna Van Scoy have been as

employees of Van Scoy Diamond Mine of Delaware, Inc. and not acting on their own.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.

iv) Kurt Van Scoy

**************************

Defendants' Supplemental Response:

i)       Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)      See above.

**************************************************

14.    With respect to Defendant Van Scoy Diamond Mine of Delaware, Inc.'s First and Second Counterclaims alleging that United States Trademark Registration No. 1,140,711 and United States Service Mark Registration No.1,140,958 marks are invalid,

i)   state all of Defendant's contentions for why the marks are allegedly invalid,

ii)  state all facts,

iii) identify all documents and things in support thereof and

iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)    Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.

ii)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.

iii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete.  Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.  See

24

94214.90101

documents D000038; D000039 and D000044 through D000057 produced

concurrently herewith.

iv) Kurt Van Scoy

**************************

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

ii)      Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

iii)      Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

iv)      See above.

*************************************************

15.      With respect to Defendant Van Scoy Diamond Mine of Delaware, Inc.'s First and
Second Counterclaims denying that that United States Trademark Registration No. 1,140,711
and United States Service Mark Registration No. 1,140,958 have been infringed by Defendants
including Van Scoy Diamond Mine of Delaware, Inc., (i) state all of Defendant's contentions for
such denials, (ii) state all facts, (iii) identify all documents and things in support thereof and (iv)
identify the persons most knowledgeable with respect to such facts, documents and things.


Defendants' response:

i)  Defendants object to this interrogatory as exceeding the maximum permissible
    number of interrogatories, including subparts, under Local Rule 26.1(b).

ii) Defendants object to this interrogatory as exceeding the maximum permissible
    number of interrogatories, including subparts, under Local Rule 26.1(b).

94214.90101

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

We, the undersigned, hereby declare under 18 United States Code 1001 and penalty of perjury that all answers given above are true and correct to the best of our knowledge, information and belief.

Kurt Van Scoy

Donna Van Scoy

Kurt Van Scoy, President
Van Scoy Diamond Mine of Delaware, Inc.

As to objections:

Charles N. Quinn
Fox Rothschild LLP

Attorneys for Defendants and
Counterclaim Plaintiff

94214.9010i

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

### DEFENDANTS AMENDED AND SUPPLEMENTAL
### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire, as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire**
**Michael F. Petock, Esquire**
**Petock & Petock LLC**
**4 The Commons at Valley Forge**
**1220 Valley Forge Road**
**P.O. Box 856**
**Valley Forge, PA  19482-0856**

and

**John G. Day, Esquire**
**Ashby & Geddes**
**222 Delaware Avenue, 17th Floor**
**P.O. B1150**
**Wilmington, DE 19899**

FOX ROTHSCHILD LLP

Charles N. Quinn

22 June 2005
(date)

# EXHIBIT K

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

WAYNE VAN SCOY,                                    )
                                                   )
    Plaintiff and                                )
    Counterclaim-Defendant,                      )
                                                   )
        v.                                   )
                                                   )
VAN SCOY DIAMOND MINE OF                           )        Case No. 05-108 (KAJ)
DELAWARE, INC., a Delaware Corporation             )
KURT VAN SCOY, and DONNA VAN SCOY,                 )
                                                   )
    Defendants and                               )
    Counterclaim-Plaintiff.                      )

## INITIAL DISCLOSURES OF DEFENDANTS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)

       Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants hereby make these Initial Disclosures based on information now reasonably available to it, and reserve the right to supplement these disclosures if needed:

### A.    PERSONS WITH KNOWLEDGE

       At this time, Defendants believe the following individuals are likely to have discoverable information that they may use to support their claims and defenses. The following list is limited to those persons that we are specifically aware of at the present time. The undersigned counsel represents or expects to represent all of the witnesses listed for purposes of our defenses and claims. Plaintiff's counsel should direct any communication to the witnesses represented by counsel through the undersigned.

       Kurt Van Scoy
       820 Old Harmony Road
       Newark, DE 19711
       (302) 454-7979 (Bus.)



(302) 383-9346 (Mobile)

Donna Van Scoy
820 Old Harmony Road
Newark, DE 19711
(302) 454-0445

Thomas Van Scoy, Jr.
Dallas, PA

Tony Van Scoy
Kingston, PA

Ken Van Scoy
Kingston, PA

Rick Sendrick
Kingston, PA

Wayne Van Scoy
Kingston, PA

Lou Hill
Reading, PA

Mark Maurer
Lancaster, PA

Bob Kooke
Greensboro, NC

Defendants also believe their experts, to be disclosed in accordance with the Pretrial

Order to be entered, are likely to have discoverable information that Defendants may use to

support their claims or defenses. Defendants expect to discover additional witnesses whose

specific identities are not yet known to support their claims.

Defendants believe there may be employees of Plaintiff and there may be third parties

who have knowledge that support Defendants' defenses and claims. The specific nature of that

knowledge and the identity of those individuals are not yet known to us.

WM1A 55556v1 05/02/05 2:47:48 PM

(B)    **DESCRIPTION OF DOCUMENTS**

At this time, Defendants believe that the following categories of documents and things in the possession of Defendants or their retained counsel may be used to support Defendants claims or defenses.  In making these Initial Disclosures, Defendants do not waive applicable privileges or protections from disclosure, including the attorney-client privilege or attorney work product doctrine nor the right to designate confidential materials for appropriate protection under the local rules and any protective order to be entered.

Defendants identify the following seven categories of documents:

1.    Utility-related documents

2.    Rent and premises-related documents

3.    Radio advertising materials

4.    Television advertising materials

5.    Corporate minute book

5.    Sales Receipts

6.    Invoices

7.    Testimonial materials

All such documents are located at the Defendants' premises.

(C)    **COMPUTATION OF DAMAGES**

The costs and attorney fees incurred in defending this action.

Defendants reserve the right to modify their damages theories and calculations or to seek damages under different theories as appropriate in view of information to be discovered in this case and in view of further anticipated expert opinions on the subject of damages.

WM1A 55556v1 05/02/05 2:47:48 PM

(D)    **INSURANCE AGREEMENTS**

Will be produced if applicable at the offices of Fox Rothschild LLP; 2000 Market Street,

Philadelphia, Pa., 19103 at a time that is mutually convenient for plaintiff's and defendants'

counsel.

E.    **SUPPLEMENTAL DISCLOSURES**

Defendants expressly reserve the right to supplement these Initial Disclosures, including

the identification of individuals, identification of additional documents and materials and

Defendants' computation of any category of damages claimed, along with documents or other

evidentiary material upon which such computation is based, if such information comes to its

attention through further investigation, discovery or otherwise.


FOX ROTHSCHILD LLP


By:_____ */s/ Francis G.X. Pileggi*_____
Francis G.X. Pileggi (Del. Atty No. 2624),
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, DE 19801-2323
(302) 654-7444

Attorneys for Defendants and
Counterclaim Plaintiff

*OF COUNSEL:*

Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135

Dated: May 2, 2005

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

WAYNE VAN SCOY,                                  )
                                                 )
    Plaintiff and                              )
    Counterclaim-Defendant.                    )
                                                 )
        v.                                 )
                                                 )
VAN SCOY DIAMOND MINE OF                         )    Case No. 05-108 (KAJ)
DELAWARE, INC., a Delaware Corporation           )
KURT VAN SCOY, and DONNA VAN SCOY,               )
                                                 )
    Defendants and                             )
    Counterclaim-Plaintiff.                    )

## CERTIFICATE OF SERVICE FOR INITIAL DISCLOSURES
## OF DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)

       I hereby certify that on May 2, 2005, I have e-mailed the foregoing document(s) to the following:

    Steven J. Balick, Esquire
    John G. Day, Esquire
    Ashby & Geddes
    222 Delaware Avenue, 17th Floor
    P.O. Box 1150
    Wilmington, DE 19899

    John G. Day, Esq.
    Ashby & Geddes
    222 Delaware Avenue
    P.O. Box 1150
    Wilmington, DE 19899

                   /s/ Francis G.X. Pileggi
                   Francis G.X. Pileggi (I.D. No. 2624)
                   Fox Rothschild LLP
                   Suite 1300
                   919 N. Market Street
                   Wilmington, DE 19801
                   Phone: (302) 654-7444
                   E-mail: fpileggi@foxrothschild.com

WM1A 55556v1 05/02/05 2:47:48 PM

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

WAYNE VAN SCOY

        PLAINTIFF               :       C.A.NO. 05-108 (KAJ)

          V.                     :

VAN SCOY DIAMOND MINE OF
DELAWARE, INC.,  :
KURT VAN SCOY AND
DONNA VAN SCOY                :
              DEFENDANTS     :
                                       :

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR ADMISSIONS UNDER FRCP 36

Pursuant to Federal Rule of Civil Procedure 36, Defendants, through their counsel, hereby respond to Plaintiff's First Set of Requests For Admissions Under Fed. R. Civ.P.36.

## GENERAL OBJECTIONS

1.     Plaintiff's First Set Of Requests For Admissions Under Fed. R. Civ.P.36 is defective and, hence, invalid, in so far as it fails to comply with Fed. R. Civ. P. 36.

2.     Defendants object to all of Plaintiff's Definitions and Instructions in Plaintiff's First Set of Requests For Admissions Under Fed. R. Civ.P.36 to the extent that they do not conform to Fed. R. Civ.P.36.

3.     Defendants object to each and every request in its entirety to the extent it seeks admission that is not relevant to a claim or defense of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

4.    Defendants object to each and every request to the extent it calls for information that could have been obtained more efficiently by other means of discovery.

5.    Defendants object to each and every request to the extent it seeks admissions respecting information containing privileged communications, attorney work-product, client work-product, or trial preparation material, on the grounds that such discovery is not permissible under the Federal Rules of Civil Procedure. None of Defendants' specific responses shall be construed to mean that Defendants intend to provide privileged or work-product information in the absence of an intentional waiver. Any inadvertent disclosure of privileged information or work-product shall not constitute a waiver of an otherwise valid claim of privilege, and any failure to assert a privilege or other protection as to certain information shall not be deemed to constitute a waiver of the privilege or other protection as to any other information so protected.

6.    Defendants object to each and every request to the extent that it is vague, ambiguous, overbroad, vexatious, unduly burdensome or seeks information not relevant to a claim or defense involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to each and every request to the extent that it seeks an admission already elicited by plaintiff during the depositions of defendants Kurt Van Scoy, Donna Van Scoy and/or Van Scoy Diamond Mine of Delaware, Inc.

8.    Defendants object to each and every request to the extent that it seeks information protected by any confidentiality obligation owed to a third party, and to the extent such information is sought it is provided under the terms of the Stipulated Protective Order.

9.      Defendants object to Plaintiff's Definitions and Instructions as improperly attempting to impose burdens and obligations upon Defendants beyond the requirements of the Federal Rules of Civil Procedure.

10.     Defendants present each of the general objections set forth above to each of the requests. By setting forth specific objections, Defendants do not intend to limit or restrict the general objections contained in this response. To the extent Defendants provide information in response to a specific request to which objection has been raised, Defendants reserve the right to maintain such objection(s) with respect to any additional information and such objections are not waived by the furnishing of information.

11.     Defendants expressly reserve the right to supplement and/or amend these responses should additional information become available.


## REQUESTS FOR ADMISSIONS


1.      Tommy Van Scoy never expressly gave Kurt Van Scoy permission to use the mark VAN SCOY DIAMOND MINE.

RESPONSE:  Denied


2.      Van Scoy Diamond Mine, Inc. never impliedly nor expressly gave Kurt Van Scoy permission to use the mark VAN SCOY DIAMOND MINE.

RESPONSE:  Denied

26.     Defendant Van Scoy Diamond Mine of Delaware, Inc. operates its jewelry store business in a geographic area which, except for its internet business, is geographically distinct from any other jewelry store using the mark VAN SCOY DIAMOND MINE, VAN SCOY DIAMONDS, VAN SCOY JEWELERS or VAN SCOY.

RESPONSE:  Admitted that Defendants know of no other jewelry store in Defendants' trading area using the any of the marks "VAN SCOY DIAMOND MINE", "VAN SCOY DIAMONDS", "VAN SCOY JEWELERS" or "VAN SCOY".

27.     Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates its jewelry store business in a geographic area which is, except for its internet business, geographically distinct from the jewelry store business in Wilkes-Barre, PA under the mark VAN SCOY DIAMOND MINE.

RESPONSE:  Admitted.

28.     Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from the jewelry store business in Scranton, PA under the mark VAN SCOY DIAMOND MINE or VAN SCOY DIAMONDS.

RESPONSE:  Admitted.

29.     Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Lancaster, PA.

RESPONSE:  Admitted.

30.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Reading, PA.

RESPONSE:  Admitted.


31.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Erie, PA.

RESPONSE:  Admitted.


32.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Allentown, PA.

RESPONSE:  Admitted.


33.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in North Carolina.

RESPONSE:  Admitted.


34.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates its jewelry store business in a limited geographic area known as the Wilmington, Delaware area.

RESPONSE:  Defendants object to this request to this request as being vague in filing to defnine the modifer "limited" with respect to "geographic area".  Without prejudice to the forgoing objection denied; admitted that Defendant Van Scoy Diamond Mine of Delaware, Inc. operates its jewelry store business in Newark, Delaware.

CERTIFICATE OF SERVICE

I , the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST
SET OF REQUESTS FOR ADMISSIONS**

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire,as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire
Michael F. Petock, Esquire
Petock & Petock LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA  19482-0856**

and

**John G. Day, Esquire
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. B1150
Wilmington, DE 19899**

FOX ROTHSCHILD LLP

Charles N. Quinn

7 October 2005
(date)

# EXHIBIT M

**VAN SCOY DIAMOND MINE**
154 Mundy Street
WILKES-BARRE, PENNSYLVANIA 18702
**(717) 826-0765**
Cash Refunds Within 5 Days of Purchase
No Refunds on Special Orders

(w) 1-800-451-2572

01189

| CUSTOMER'S ORDER NO. | TELEPHONE (h)(919)661-8689 | DATE 1/31/01 |
|---|---|---|

NAME Jennifer Kern
ADDRESS 6840 Elk Park Dr.
Apex, NC 27502

VMC Phone order

| QTY. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| 1 | White gold gents wedding band M1262-69 Size 11 | | $325 00 |
| | | tax | $19 50 |
| | | total | $344 50 |
| | paid in full & will be mailed when order is received | paid | $344 50 |
| | | bal | $0 |
| | CONFIDENTIAL | | |
| | Special order Wedding band | | |

RECEIVED BY                                    TOTAL

All claims and returned goods
MUST be accompanied by this bill.    *Thank You*

