# EXHIBIT A



1345723

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

July 20, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,140,958* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 28, 1980*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *October 28, 2000*
*SECTION 8 PARTIAL & 15*
*AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED*
*LESS GOODS*
CLASS(ES) CANCELLED:
   *INT CL 35*

SAID RECORDS SHOW TITLE TO BE IN:
   *VAN SCOY, WAYNE*
   *AN INDIVIDUAL OF THE UNITED STATES*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS
Certifying Officer

EXHIBIT A

00414

Int. Cl.: 42

Prior U.S. Cl.: 101

**United States Patent and Trademark Office**

10 Year Renewal/New Cert.

Reg. No. 1,140,958

Registered Oct. 28, 1980

Renewal Term Begins Oct. 28, 2000

## SERVICE MARK
## PRINCIPAL REGISTER
## REGISTRATION ASSIGNED

# VAN SCOY DIAMOND MINE

VAN SCOY, WAYNE (UNITED STATES CITIZEN)
154 MUNDY STREET
WILKES-BARRE, PA 18702, BY ASSIGNMENT VAN SCOY DIAMOND MINES, INC. (PENNSYLVANIA CORPORATION) EDWARDSVILLE, PA

APPLICANT MAKES NO CLAIM TO THE EXCLUSIVE USE OF THE WORD "DIAMOND" APART FROM THE MARK AS SHOWN IN THE DRAWINGS, BUT RESERVES ANY COMMONLAW RIGHTS IT MAY HAVE THEREIN.

FOR: [ RENDERING OF TECHNICAL AID AND ASSISTANCE IN THE ESTABLISHMENT AND/OR OPERATION OF RETAIL JEWELRY STORES ], IN CLASS 35 (U.S. CLS. 100, 101 AND 102).
FIRST USE 5-26-1977; IN COMMERCE 5-26-1977.

FOR: RETAIL JEWELRY STORE SERVICES, IN CLASS 42 (U.S. CL. 101).
FIRST USE 11-0-1976; IN COMMERCE 3-11-1977.
SER. NO. 73-169,527, FILED 5-8-1978.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 2, 2001.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

00415

Int. Cls.: 35 and 42

Prior U.S. Cl.: 101

## United States Patent and Trademark Office

Reg. No. 1,140,958
Registered Oct. 28, 1980

## SERVICE MARK
### Principal Register

# VAN SCOY DIAMOND MINE

Van Scoy Diamond Mines, Inc. (Pennsylvania corporation)
Gateway Shopping Center
Edwardsville, Pa. 18704

For: RENDERING OF TECHNICAL AID AND ASSISTANCE IN THE ESTABLISHMENT AND/OR OPERATION OF RETAIL JEWELRY STORES, in CLASS 35 (U.S. Cl. 101).
First use May 26, 1977; in commerce May 26, 1977.

For: RETAIL JEWELRY STORE SERVICES, in CLASS 42 (U.S. Cl. 101).
First use Nov. 1976; in commerce Mar. 11, 1977.
Applicant makes no claim to the exclusive use of the word "Diamond" apart from the mark as shown in the drawings, but reserves any commonlaw rights it may have therein.

Ser. No. 169,527, filed May 8, 1978.

ROBERT PEVERADA, Primary Examiner

00416



1345723

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 20, 2005

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,140,711* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *October 21, 1980*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *October 21, 2000*
SECTION 8 & 15
AMENDMENT/CORRECTION/NEW CERT(SEC7) ISSUED
SAID RECORDS SHOW TITLE TO BE IN:
  *VAN SCOY, WAYNE*
  *AN IDIVIDUAL OF THE UNITED STATES*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

N. WILLIAMS

Certifying Officer

00417

Int. Cl.: 14

Prior U.S. Cl.: 28

**United States Patent and Trademark Office**

10 Year Renewal/New Cert.

Reg. No. 1,140,711

Registered Oct. 21, 1980

Renewal Term Begins Oct. 21, 2000

## TRADEMARK
## PRINCIPAL REGISTER
## REGISTRATION ASSIGNED

### VAN SCOY DIAMOND MINE

VAN SCOY, WAYNE (UNITED STATES CITIZEN)
154 MUNDY STREET
WILKES-BARRE, PA 18702, BY ASSIGN-MENT VAN SCOY DIAMOND MINES, INC. (PENNSYLVANIA CORPORA-TION) EDWARDSVILLE, PA
APPLICANT MAKES NO CLAIM TO THE EXCLUSIVE USE OF THE WORD "DIAMOND" APART FROM THE MARK AS SHOWN, BUT RESERVES ANY COM-MON LAW RIGHTS IT MAY HAVE THEREIN.

FOR: JEWELRY AND PRECIOUS STONES, IN CLASS 14 (U.S. CL. 28).

FIRST USE 3-11-1977; IN COMMERCE 3-11-1977.

SER. NO. 73-169,526, FILED 5-8-1978.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 2, 2001.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Int. Cl.: 14

Prior U.S. Cl.: 28

United States Patent and Trademark Office

Reg. No. 1,140,711
Registered Oct. 21, 1980

## TRADEMARK
### Principal Register

## VAN SCOY DIAMOND MINE

Van Scoy Diamond Mines, Inc. (Pennsylvania corporation)
Gateway Shopping Center
Edwardsville, Pa. 18704

For: JEWELRY AND PRECIOUS STONES, in CLASS 14 (U.S. Cl. 28).

First use Mar. 11, 1977; in commerce Mar. 11, 1977.

Applicant makes no claim to the exclusive use of the word "Diamond" apart from the mark as shown, but reserves any common law rights it may have therein.

Ser. No. 169,526, filed May 8, 1978.

ROBERT PEVERADA, Primary Examiner

00419

# EXHIBIT B

EXPRESS MAIL CERTIFICATE

NO. EL840038641US

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE                                    :        CHAPTER 7

THOMAS VAN SCOY                          :

DEBTOR                                   :        NO.: 5-94-01241

## ORDER APPROVING AGREEMENT IN SETTLEMENT OF ADVERSARY PROCEEDINGS AND CONTESTED MATTERS, WITH RELEASES AND OTHER PROVISIONS

AND NOW this 4th day of _____, 2000, upon consideration and review of the Agreement In Settlement of Adversary Proceedings and Contested Matters, with Releases and Other Provisions; and after notice and a hearing, it is

ORDERED, that the Agreement in Settlement of Adversary Proceedings and Contested Matters, with Releases and Other Provisions is hereby APPROVED as an order of this Court and the parties are directed to comply with its terms; and it is further

ORDERED, that in Adversary No. 5-95-00347A, the order entered on September 16, 1999, denying the Debtor, Thomas Van Scoy his chapter 7 discharge is hereby VACATED; the Debtor shall receive a chapter 7 discharge by a separate order of this Court; and this adversary proceeding is hereby dismissed with prejudice; and it is further

EXHIBIT B

ORDERED, that the order dated October 5, 1999, in the main bankruptcy case, allowing an administrative claim in the amount of $21,225.00 is hereby VACATED; and the motion filed by Thomas and Elizabeth Van Scoy seeking an administrative expense is hereby dismissed with prejudice; and it is further

ORDERED, that in Adversary No. 5-96-00180A, the judgment entered against Mr. and Mrs. Thomas Van Scoy in the amount of $146,683.43 is hereby VACATED; and the Complaint filed by the Trustee is hereby dismissed with prejudice; and it is further

ORDERED, that in Adversary No. 5-96-00196A, the order enjoining the use of the trademark "Van Scoy Diamond Mines" is hereby VACATED, except as to Richard and Betsy Williams, who are not parties to the Agreement; and any order requiring an accounting by any party is hereby VACATED, , except as to Richard and Betsy Williams, who are not parties to the Agreement; and any order of civil contempt is hereby VACATED, except as to Richard and Betsy Williams, who are not parties to the Agreement; and the Complaint is hereby dismissed with prejudice, except as to Richard and Betsy Williams, who are not parties to the Agreement; and it is further

ORDERED, in Adversary No. 5-95-00195A, the judgment against Richard and Betsy Williams shall not be VACATED, and the Complaint of the

2

00035

Plaintiff/Trustee shall not be dismissed; Wayne Van Scoy is hereby substituted for the Trustee as the party Plaintiff in the adversary; and it is further

ORDERED, that in Adversary No. 5-96-00194A, the judgment against Richard and Pamela Sendrick is hereby VACATED; and the Complaint of the Plaintiff/Trustee is dismissed with prejudice; and it is further

ORDERED, that in Adversary No. 5-99-00077A, the Complaint of the Plaintiff/Trustee is hereby dismissed with prejudice; and it is further

ORDERED, that the objections filed by the Debtor to the Trustee's Application to Compensate Accountants are hereby dismissed with prejudice; and it is further

ORDERED, that the Motion to Compel Abandonment and for Valuation filed by Thomas Van Scoy in the main bankruptcy case is hereby dismissed with prejudice; and it is further

ORDERED, that the above-captioned chapter 7 estate shall hereafter have no further right, title and interest in the trademark "Van Scoy Diamond Mines" and such trademark shall become the sole and exclusive property of Wayne Van Scoy; and it is further

ORDERED, that settlement proceeds of $70,000.00 shall be paid to Robert P. Sheils, Trustee, as follows: $45,000.00 shall be paid by Wayne Van Scoy; and

3

$25,000.00 shall be paid by Richard and Pamela Sendrick; and these amounts shall be paid no later that January 2, 2001.

BY THE COURT:

JOHN J. THOMAS, JUDGE
U.S. BANKRUPTCY COURT

Wilkes-Barre, Pennsylvania

cc:    Joseph G. Murray, Esquire
Robert C. Nowalis, Esquire
Richard and Betsy Williams
Peter J. Hoegen, Esquire
U.S. Trustee's Office
Robert P. Sheils, Jr., Esquire

4

00037

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

WAYNE VAN SCOY                      :
                    PLAINTIFF      :        C.A.NO. 05-108 (KAJ)
                                    :
        V.                          :
                                    :
VAN SCOY DIAMOND MINE OF            :
DELAWARE, INC.,  :                  :
KURT VAN SCOY AND                   :
DONNA VAN SCOY                      :
                    DEFENDANTS     :
                                    :

---

## DECLARATION OF WAYNE VAN SCOY

I, Wayne Van Scoy, declare and say as follows:

1.      I am the Plaintiff in this action.

2.      I am the owner of Federal Trademark Registration No. 1,140,711 and Federal Service Mark Registration No. 1,140,958 both for the marks "VAN SCOY DIAMOND MINE" (the "Marks at Issue").  Both Registrations are in full force and effect and have been made incontestable under Section 15 of the Trademark Act.

3.      The Marks at Issue were originally registered by my father's corporation, Van Scoy Diamond Mine, Inc., in 1980.

4.      My father's corporation used and licensed the marks "VAN SCOY DIAMOND MINE" consistently in connection with the operation of retail jewelry stores between 1977 and 1994.

1           Exhibit C

5.      My father filed for bankruptcy on September 23, 1994 in the United States Bankruptcy Court For The Middle District Of Pennsylvania and as a result of the Bankruptcy the Marks at Issue became part of the Bankruptcy Estate.

6.      I acquired the marks, associated good will and registrations pursuant to a settlement approved by the United States Bankruptcy Court for the Middle District of Pennsylvania by its Order of January 4, 2001. I along with my licensee Rick Sendrick expended a great deal of money and effort acquiring the marks.

7.      Defendants did not contribute in any way to acquiring the marks "VAN SCOY DIAMOND MINE" and Defendants and especially Defendant Kurt Van Scoy refused my requests asking Defendants to contribute money to help get the marks back from the Bankruptcy Estate.

8.      I have used the marks continuously since acquiring them in January of 2001 in connection with the retail jewelry store I operate in Wilkes-Barre, Pennsylvania.

9.      In July 2004, I for the first time discovered the existence of Defendants' infringing website www.vanscoydiamondmine.com while using the internet at my store in Wilkes-Barre, Pennsylvania.

10.     After not receiving a requested substantive response from Defendants to the Cease and Desist Letter of November 18, 2004 I initiated this lawsuit in February 2005.

11.     I met Mr. Alan Lapidus in the Summer or Fall of 2002 and approximately two years ago initiated discussions with Mr. Lapidus about the possibility of licensing the marks "VAN SCOY DIAMOND MINE" and opening a Van Scoy Diamond Mine store in Delaware. As time progressed my discussions with Mr. Lapidus became more

concrete and I am now ready to expand my business through Mr. Lapidus into

Defendants' infringing area.

      12.    I have known since 1993 that Mark Maurer and Lew Hill bought the

exclusive rights for limited geographic territories to trade under the marks "VAN SCOY

DIAMOND MINE."

      13.    The warranty certificate attached as Exhibit T is the warranty certificate

used by my Licensee Rings of Romance, Inc. doing business as Van Scoy Diamond Mine

in Wilkes-Barre, Pennsylvania.

      14.    I have personal knowledge of the facts set forth in this Declaration unless

specifically indicated otherwise.

      Wayne Van Scoy deposes and says that he is the Plaintiff in this matter; that the

foregoing is true and correct to the best of his knowledge and belief, that statements made

on information and belief are believed to be true; and that pursuant to 28 U.S.C. §1746,

he declares under penalty of perjury that the foregoing is true and correct.

Date: _11-14-05_

                                       Wayne Van Scoy
                                       Plaintiff

3

# EXHIBIT D

CONFIDENTIAL

**FILED UNDER SEAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, INC., KURT VAN SCOY AND DONNA VAN SCOY, MOTION FOR SUMMARY JUDGMENT

### I.    STATEMENT OF THE PROCEEDING

On February 23, 2005 Plaintiff Wayne Van Scoy instituted this trademark infringement suit pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, against his brother, Defendant Kurt Van Scoy, his sister-in-law, Defendant Donna Van Scoy, and the company they formed that owns and operates a retail jewelry business, defendant Van Scoy Diamond Mine of Delaware, Inc. (collectively, "Defendants") (D.I. 1)  On March 15, 2005, Defendants filed an Answer with Affirmative Defenses, along with a Counterclaim for a Declaration of Invalidity and Unenforceability of the Trademarks. (D. I. 6 )  The parties have exchanged and responded to Interrogatories, Requests for Production of Documents and Requests for Admissions. Depositions of all noticed parties and non-party witnesses have been taken.  Pursuant to this Court's Scheduling Order of April 26, 2005 (D.I. 16), discovery  closed on October 7, 2005.

EXHIBIT D

CONFIDENTIAL

Defendants seek summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure on the basis that Plaintiff Wayne Van Scoy unjustifiably waited too long to bring suit, and his claims are barred by the doctrine of Laches. Alternatively, Defendants Kurt Van Scoy and Donna Van Scoy seek summary judgment in their favor on the basis that they have no personal liability, and that Plaintiff Wayne Van Scoy cannot prove, as a matter of law, that they are personally liable for the alleged acts of defendant company Van Scoy Diamond Mine of Delaware, Inc. Finally, Defendants alternatively seek partial summary judgment limiting Plaintiff's potential recovery for damages pursuant to the applicable statute of limitations.

## II.   SUMMARY OF ARGUMENT

1.      Plaintiff Wayne Van Scoy is asserting that his brother, Defendant Kurt Van Scoy, and Kurt's wife, Defendant Donna Van Scoy, individually and through a separate corporate entity, defendant Van Scoy Diamond Mine of Delaware, Inc., violated the Lanham Act by operating a jewelry store trading as "Van Scoy Diamond Mine", a family name that was registered as a trademark in 1980 by Wayne and Kurt's father, Thomas Van Scoy, and has been used by various family members and other individuals and entities since 1976.

2.      Plaintiff Wayne Van Scoy has taken the position that on January 4, 2001, he obtained all right and title to the trademark "Van Scoy Diamond Mine" in the bankruptcy proceeding of his father, Thomas Van Scoy. He has also taken the position that the store owned and operated by Van Scoy Diamond Mine of Delaware, Inc. infringes that trademark through operating under the name "Van Scoy Diamond Mine".[1]

3.      From at least January 4, 2001 to the present, at least two unrelated non-party entities (operated by Mark Maurer and Lew Hill, respectively) engaging in the retail diamond

---

[1] Defendants do not concede that Plaintiff owns a trademark, nor do they concede that any trademark he might own is enforceable.

CONFIDENTIAL

and jewelry business, have been trading as or advertising under the name "Van Scoy Diamond Mine" or some name substantially similar thereto.

4.    Despite the fact that Plaintiff Wayne Van Scoy being aware that defendant Van Scoy Diamond Mine of Delaware, Inc. has been trading as "Van Scoy Diamond Mine" since at least 1996 and at all times thereafter, he waited until February 23, 2005 to bring this action.

5.    Plaintiff Wayne Van Scoy alleges that he obtained all right and title to the trademark "Van Scoy Diamond Mine" on January 4, 2001. However, he made no attempt to enforce the trademark against either Van Scoy Diamond Mine of Delaware, Inc. or any other entity using that trademark or other substantially similar name. Instead, without justification he waited over 4 years to bring this action. Plaintiff Wayne Van Scoy inexcusably delayed in bringing this suit, and his claims are therefore barred by the doctrine of laches.

6.    Plaintiff Wayne Van Scoy initiated this action against only one of the businesses currently using the alleged trademark. Instead of joining in this suit the other alleged offending entities, Wayne Van Scoy sued his brother Kurt Van Scoy and sister-in-law Donna Van Scoy individually, allegedly because of their roles as officers and employees of Van Scoy Diamond Mine of Delaware, Inc. The record is devoid of any evidence that either Kurt Van Scoy or Donna Van Scoy ever used the alleged trademark or any variation thereof in any individual capacity. The record is also devoid of any evidence that either Kurt Van Scoy or Donna Van Scoy acted as an "alter ego" of or otherwise engaged in any activity that would subject them to liability for the acts of defendant company Van Scoy Diamond Mine of Delaware, Inc. Because no legal or factual basis exists for their joinder, Defendants Kurt Van Scoy and Donna Van Scoy alternatively seek summary judgment on all counts of the Complaint.

CONFIDENTIAL

7.  Alternatively, to the extent Plaintiff Wayne Van Scoy is found to have any recoverable damages against any of the named defendants, such damages are limited to a three year period under the applicable statute of limitations pertaining to trademark infringement cases.  Accordingly, Defendants seek summary judgment limiting any award of damages to those accrued after February 23, 2002, three years prior to the date of filing of this action.

## III.    FACTS

This action involves a dispute between two brothers, Plaintiff Wayne Van Scoy and Defendant Kurt Van Scoy, over the use of the name, "Van Scoy Diamond Mine", that was first used by their father, Thomas Van Scoy ("Mr. Van Scoy"), on November 1, 1976 and registered as a trademark with the United States  Patent and Trademark Office on October 21, 1980. (See copy of registration attached hereto as Exhibit "A", A-1) That trademark was used, licensed and and franchised by Mr. Van Scoy at as many as 40 locations  along on the East Coast (including Pennsylvania and Delaware) in the late 1980's and early 1990's, but as a result of declining business was only in use at one store, located on Mundy Street in Wilkes-Barre, PA (The "Mundy Street Store"), at the time he filed bankruptcy in 1994. (See  October 3, 2005 Deposition of Kurt Van Scoy, 30 (b)(6) Representative of Van Scoy Diamond Mine of Delaware, Inc., attached hereto as Exhibit "B", B-4 at 114:6-9 )  Mr. Van Scoy commenced  a Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Middle District of Pennsylvania on September 23, 1994, case no. 5-94-01241, which date it was converted to a chapter 11 case on November 29, 1994. ("Van Scoy Bankruptcy") (See Bankruptcy Docket, attached hereto as Exhibit "C" )  The Chapter 13 case was converted to Chapter 7 on December 29, 1994.

Defendant Van Scoy Diamond Mine of Delaware, Inc. was incorporated on October 21, 1994 by defendants Kurt Van Scoy and Donna Van Scoy.  (See DE Secretary of State website

CONFIDENTIAL

printout attached hereto as Exhibit "D", D-1) On November 12, 1994, Van Scoy Diamond Mine

of Delaware, Inc., opened a retail diamond and jewelry store at 1117 Churchmans Road in

Newark, Delaware (the "Delaware Store Location"), trading as "Van Scoy Diamond Mine".

(See Exhibit "B", B-5 at 132:21-22 ). This is the same location at which Mr. Van Scoy had

previously established a jewelry store and operated a Delaware store, which also traded under the

name "Van Scoy Diamond Mine."

　　　In anticipation of the re-opening of that store in October of 1994, Mr. Van Scoy assisted

his son Kurt, the President of Van Scoy Diamond Mine, Inc., in selecting the name under which

to trade, and gave to Kurt a sign saying "Diamond Mine" that Mr. Van Scoy had previously

used at the Delaware Store Location and placed adjacent to another sign reading "Van Scoy",

which had remained at the Delaware Store Location. (See Exhibit "B", B-3 at 37:15-17; see also

July 26, 2005 Deposition Transcript of Kurt Van Scoy attached hereto as Exhibit "E", E-4 & E-8

at 69:2-9 and 146:8-17) Mr. Van Scoy helped Kurt transport the sign from a warehouse in

Wilkes-Barre to the Delaware Store Location. The result was that the sign placed on the

Delaware Store Location by Mr. Van Scoy and Kurt read as "Van Scoy Diamond Mine." ( See

Exhibit "B", B-2 at 14:2 – 15:14,). Mr. Van Scoy also physically helped Kurt transport a safe

from Wilkes-Barre to the Delaware Store Location. (See Exhibit "B", B-2 at 14:4-9). Further, he

gave to Kurt pre-printed sales pads reflecting the name "Van Scoy Diamond Mine". (See

Exhibit "E", E-5 at 70:7-18) Mr. Van Scoy also helped Defendants in the operation of the

Delaware Store Location, as evidenced by his personal sale of a bracelet in 1997 and as the fact

that he helped Kurt with the advertising. (See Exhibit "B", B-1, B-2 at 13:17-14:2). All of these

activities took place while Mr. Van Scoy was the undisputed owner of the trademark.

CONFIDENTIAL

Plaintiff Wayne Van Scoy knew in October, 1994, that his brother Kurt was opening the Delaware Store Location, and was present at the time Kurt and their father loaded the sign on a truck to transport it from a warehouse in Wilkes-Barre to the Delaware Store Location. (See Exhibit "B", B-2 at 15:4-9)

On March 21, 1995 Plaintiff formed and became sole officer and shareholder of Rings of Romance, Inc., a Delaware corporation (See DE Secretary of State website printout attached hereto as Exhibit "F", F-1 ). Plaintiff purchased through the Van Scoy Bankruptcy the assets of the Mundy Street Store, and thereafter started operating a jewelry store at that location, trading as "Van Scoy Diamond Mine". (See October 4, 2005 Deposition of Wayne Van Scoy 30(b)(6) representative of Rings of Romance, Inc., attached hereto as Exhibit "G", G-1 & G-2 at 13:12-20, 17:2-13. As a consequence of an injunction entered in the Van Scoy Bankruptcy on September 17, 1999, Plaintiff ceased doing business as "Van Scoy Diamond Mine", took down all signs reflecting that name, and erected two new store signs: "Van Scoy Diamond Center" and "Van Scoy Diamonds". (See Exhibit "G", G-3 & G-3.5 at 21:19-22:17) Wayne Van Scoy alleges that on January 4, 2001 that he purchased all right and title to the trademark "Van Scoy Diamond Mine" in the Van Scoy Bankruptcy.

In 2004, Plaintiff changed the sign in front of the Mundy Street Store from "Van Scoy Diamonds" to "Van Scoy Diamond Mine". (See Exhibit "G", G-4 at 27:1-7) However, the side of the Mundy Street Store still reflects the name "Van Scoy Diamond Center". (See Exhibit "G", G-4 at 27:8-15)

At all relevant times hereto, Plaintiff Wayne Van Scoy was aware that Van Scoy Diamond Mine of Delaware, Inc. was trading as "Van Scoy Diamond Mine" at the Delaware Store Location. It is undisputed that Plaintiff Wayne Van Scoy knew about the Delaware Store

CONFIDENTIAL

Location in at least 1996 (See Exhibit "G", G-5 at 29:14-17). Furthermore, Plaintiff and his girlfriend of over 25 years, Jacqueline Savoca (who is also an employee at Plaintiff's store and was employed by Mr. Van Scoy) both testified that there were multiple conversations with Defendant Kurt Van Scoy, over a course of years, pertaining to Defendants' operation of the Delaware Store. (See August 17, 2005 Deposition of Wayne Van Scoy attached hereto as Exhibit "H", H-3 & H-3.5 at 119:10 -120:4; see also September 30, 2005 Deposition Transcript of Jacqueline Savoca attached hereto as Exhibit " I", I-4 at 37:2-14)

Kurt and Donna Van Scoy  first became aware of Wayne Van Scoy's alleged ownership of the "Van Scoy Diamond Mine" trademark on or about November 18, 2004. (See Exhibit "E", E-3 at 48:11-18)  However, Plaintiff Wayne Van Scoy took no action to enforce the trademark for a period of years, despite having knowledge of the Delaware Store Location and the name under which it trades, both before and after he allegedly took ownership of the trademark in 2001.

Wayne Van Scoy claims that the Delaware Store Location is causing him to incur damages by virtue of the competition it creates that prohibits him from being unable to establish a franchise in that same geographic area, which he alleges would cause confusion to customers. (See Exhibit "G", G-7 at 86:18-24 ).  Wayne Van Scoy purports to have an interested franchisee, one Alan Lapidus, who signed a Notice of Intent on July 25, 2005, the day before Kurt Van Scoy's deposition. (See Notice of Intent attached hereto as Exhibit "J", J-1 & J-2).  Mr. Lapidus' own testimony reveals that he has allegedly been in discussions with Wayne Van Scoy about opening a store in Delaware for approximately two years , and that their plans have been placed on hold because of the Delaware Store Location and the subject lawsuit. (See October 4, 2005 Deposition of Alan Lapidus attached hereto as Exhibit "K", K-1 through K-4 at 36:5-39:18)  If in

CONFIDENTIAL

fact this were the case, Plaintiff Wayne Van Scoy would have had even more incentive to bring this action years ago. However, that did not occur. Instead, Wayne Van Scoy's eventual decision to take action against his brother was purportedly precipitated by his perception that Van Scoy Diamond Mine of Delaware, Inc., of which his brother Kurt is the president, was succeeding with internet sales, an area that Wayne had been reluctant to enter. (See Exhibit "G", G-6 at 66:7-67:9) (See also Exhibit "H", H-3 & H-3.5 at 119:20-120:4)

The jealousy and personal animosity that forms the basis of this suit is underscored by the fact that other retail jewelry businesses have historically and to this day continue to advertise or trade under names that include the words "Van Scoy", none of whom have been pursued or subject to a claim by Wayne Van Scoy. Mark Maurer testified that he operates two stores, one in Allentown, Pennsylvania and one in Lancaster, Pennsylvania, both of which traded at one time as "Van Scoy Diamond Mine" pursuant to a franchise agreement with Mr. Van Scoy, which agreement was ultimately terminated and witnessed by Wayne Van Scoy. (See Deposition of Mark Maurer attached hereto as Exhibit "L", L-1 & L-2 at 12:22 -13:2; see also Agreement attached hereto as Exhibit "M", M-1 through M-13) Mr. Maurer testified that he currently uses the name "Van Scoy Diamond Mine" in dealing with about 10,000 customers. (See Exhibit "L", L-3 at 27:8-18) Plaintiff Wayne Van Scoy has never accused Mr. Maurer of trademark infringement, likely because he has no concern about use of the alleged trademark by anyone than his brother Kurt. In fact, Wayne Van Scoy testified to having no knowledge about Mr. Maurer's whereabouts or current business practices, even though he knew that Mr. Maurer was at one time a franchisee. (See Exhibit "H", H-4 at 137:9-20)

Similarly, Lew Hill testified that he became a franchisee of Mr. Van Scoy Sr. in 1978 (See Deposition Transcript of Lew Hill attached hereto as Exhibit "N", N-2 at 41:21-24) The

CONFIDENTIAL

franchise relationship was terminated by agreement with Mr. Van Scoy. Mr. Hill currently

operates as Van Scoy Jewelers in Wyomissing, Pennsylvania. (See Exhibit "N", N-1 at 25:7-24)

Plaintiff Wayne Van Scoy has taken no action to enforce the alleged trademark against Mr. Hill,

and has no knowledge regarding the name under which he currently trades. (See Exhibit "H" at

138:22 – 139:21). The record shows that Wayne Van Scoy has paid no attention to the use of the

trademark he is now seeking to protect.

## IV.    ARGUMENT

### A.    Plaintiff Wayne Van Scoy Waited 4 Years to Sue his Brother Kurt Van Scoy and Sister-in-Law Donna Van Scoy, and His Claims are Barred by Laches

Rule 56(c) of the Federal Rules of Civil Procedure provides "that a party is

entitled to summary judgment if a court determines from its examination of the 'pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' that there are no genuine issues of material fact and that the moving party is entitled to

judgment as a matter of law." *Allen v. Howmedica Leibinger, Inc.,* 197 F.Supp.2d 101 (D.Del.

2002). The record contains undisputed evidence that Plaintiff Wayne Van Scoy did not assert

his claims in a timely manner. He is now precluded, as a matter of law, from proceeding with

this action.

The Complaint asserts that Defendants engaged in trademark infringement and unfair

competition, in violation of the common law and federal law. In response, Defendants have

asserted, among other things, the defense of Laches. Laches is an affirmative defense that the

plaintiff unreasonably delayed in bringing suit after the plaintiff knew of an infringement of his

rights, thereby resulting in material prejudice to the defendant. *See Nationwide Mutual Ins. Co.*

*v. Starr,* 575 A.2d 1083, 1088 (Del.1990) Laches is also a statutorily recognized defense to

CONFIDENTIAL

trademark infringement. *See* 15 U.S.C. § 1115(b)(9). The defense serves to bar both monetary and injunctive relief. *See Joint Stock Soc'y v. UDV N. Am., Inc.,* 53 F.Supp.2d 692, 712 (D.Del.1999).

Laches consists of two elements: (1) inexcusable delay in bringing suit; and (2) prejudice to the defendant as a result of the delay. *Autozone, Inc. v. Tri-State Auto Outlet, Inc.*, 2005 WL 1353797 (D.Del. June 7, 2005) (A copy of which is attached hereto as Exhibit "O" ), *citing Santana Prods. Inc. v. Bobrick Washroom Equip., Inc.* 401 F.3d 123, 138 (3d Cir. 2005). Once the statute of limitations expires for a cause of action, the defendant "enjoys the benefit of a presumption of inexcusable delay and prejudice." *See Autozone, supra, citing Santana,* 401 F.3d at 139. (See Exhibit " O", O-1) Under Delaware law the appropriate statute of limitations period in a trademark infringement case is three years. *Autozone, supra, citing Joint Stock Soc'y,* 53 F.Supp.2d at 713 n.18 (citing 10 Del. C. § 106).

Plaintiff Wayne Van Scoy contends that Defendants have been infringing the trademark he alleges he owns, through their operation of the Delaware Store Location, established in and continuously running since 1994. Wayne Van Scoy has clearly known about the Delaware Store Location for more than 3 years, admitting in his deposition that he has known its existence since at least 1996.

Q.    When did you first realize that Kurt Van Scoy was running a jewelry store under the name Van Scoy Diamond Mine - -

A.    Ninety –

Q.    --in Newark, Delaware?

A.    '96 I saw the sign.

Q.    You were there personally –

CONFIDENTIAL

A.    Yes.

Q.    -- in 1996?

A.    Yes.

Q.    At the store?

A.    Yes

.........

Q.    So you have known that he has been running a jewelry store under the mark

Van Scoy Diamond Mine since 1996?

A.    '6, yes.

(See Exhibit "H", H-1 & 2 at 117:12 – 118:24)

Plaintiff Wayne Van Scoy not only knew about the Delaware Store Location, he had

multiple conversations with his brother Kurt Van Scoy about the operation of that store over a

period of years.  In fact,  Plaintiff Wayne Van Scoy had many conversations with Defendant

Kurt Van Scoy for several years prior to the institution of this action about his use of the name

"Van Scoy Diamond Mine". (See Exhibit "H", H-1  at  117:7 )  However, over 4 years passed

between the time Plaintiff Wayne Van Scoy allegedly obtained ownership of the trademark in the

Van Scoy Bankruptcy and the time this action commenced.  During that entire period Plaintiff

Wayne Van Scoy knew of Defendant, Van Scoy Diamond Mine of Delaware, Inc's use of the

name "Van Scoy Diamond Mine", but took no action to enforce the alleged trademark, or to

prohibit any of the defendants or any other person or entity  from its use.  As the record clearly

establishes that the 3-year statute of limitations has passed, a presumption exists of inexcusable

delay and prejudice.

CONFIDENTIAL

It is equally clear that Plaintiff Wayne Van Scoy's delay was unjustifiable and prejudicial. Plaintiff Wayne Van Scoy testified that he delayed in enforcing the alleged trademark, and that the eventual impetus for bringing this action was Defendants' establishment of a web site.

> Q.   Why did you wait until November of ninety - - of 2004 to give notice to Kurt Van
>      Scoy regarding use of the mark Van Scoy Diamond Mine?
>
> A.   I had been telling him, telling him, telling him, telling him. Then he opens up
>      The Internet website, which then comes up into my area. People can go on,
>      Click. He can ship them merchandise. Now he's interfering with my business.
>      (See Exhibit "H ", H-3 & H-3.5  at 119:10 – 120:4)

Defendant Van Scoy Diamond Mine of Delaware, Inc. established a website on July 12, 2002. (See Exhibit "E", E-7 at 140:18-22). Wayne Van Scoy took no action at that time. Wayne Van Scoy's own testimony reflects that the web site had nothing to do with initiation of this action. Plaintiff Wayne Van Scoy testified to having considered a web site as early as 2000, only to be stymied by indecision, hesitation and of the general perception that diamond internet businesses are not profitable. (See Exhibit "G", G-6 & G-6.5 at 66:9 – 67:21) Despite his negative perception of the internet, Plaintiff went on to conclude that his decrease in business in 2004 was directly related to "Kurt's internet website, Van Scoy Diamond Mine is covering across the world" (See Exhibit "G", G-6.75 at 78:21-23) [2]

Wayne Van Scoy's testimony highlights the fact that the delay in bringing this action was not the result of any justifiable excuse, but rather was the result of long-simmering resentment and jealousy of his brother Kurt, whom he perceived as being more successful, in part because of

CONFIDENTIAL

the website established by Van Scoy Diamond Mine of Delaware, Inc., a site that for all intents and purposes has been a loss leader.

The resentment of Kurt Van Scoy's perceived success is corroborated by the testimony of Jacqueline Savoca, employee of Rings of Romance and long-time girlfriend of Wayne Van Scoy. (See Exhibit "I", I-8 at 59:1-3). Jacqueline Savoca testified that Plaintiff did not operate a website, has never discussed a website, had no plans to start a website, yet sued Defendants because of the website. (See Exhibit "I", I-3 at 23:30-24:22 and 26:2-22). Ms. Savoca also corroborated the testimony of Plaintiff Wayne Van Scoy that he has held resentment for Kurt Van Scoy. (See Exhibit "I" I-6 through I-7 at 46:22-47:17)

Most significantly, Ms. Savoca corroborated the fact that Plaintiff Wayne Van Scoy knew about the Delaware Store Location for several years. She testified that she and Wayne Van Scoy passed the Delaware Store on several occasions when visiting Wayne and Kurt's parents at Christiana Hospital, located across the street from the Delaware Store Location. (See Exhibit "I", I-3.5 at 28:2-18). She also testified that Wayne Van Scoy had multiple conversations with Kurt Van Scoy about use of the name "Van Scoy Diamond Mine".

(See Exhibit "I", I-4 & 5, I-9 at 37: 4 – 7; 38:18 – 39:2; 58:22-24)

Q.    How many conversations did Wayne and Kurt have about the use of the Name before the lawsuit was filed?

A.    Many. I would say - - I don't know how many, but many.

Q.    More than ten?

A.    Probably, yeah.

Q.    Over what period of time?

---

[2] As a practical matter, the evidence in this case has revealed that Defendant Diamond Mine of Delaware, Inc. realized one internet sale only since inception of the website in 2002. That sale was the result of a personal

CONFIDENTIAL

A.    Years.

Q.    By "years," more than two?

A.    Yes.

(See Exhibit "I", I-4 at 37:2-13)

Wayne Van Scoy's delay in bringing this lawsuit has resulted in a build-up of emotion that has culminated into expensive litigation over something that could have been resolved years ago without the need for judicial determination.  Instead, this untimely lawsuit has been brought by Wayne Van Scoy, prejudicing all of the defendants through the cost of litigation and the embarrassment created by negative publicity, including articles covering the "family feud".  (See News Article attached hereto as Exhibit "P", P-1). Plaintiff Wayne Van Scoy chose to file this suit without justification after the passing of the Statute of Limitations and with the result of prejudicing Kurt and Donna Van Scoy and the company that they run.  Accordingly, Defendants seek summary judgment on all counts of the Complaint as being time barred.

B.    **Kurt Van Scoy and Donna Van Scoy Cannot be Held Liable for the Acts of a Corporation and Should be Dismissed from this Action**

Plaintiff Wayne Van Scoy has joined his brother, Defendant Kurt Van Scoy and Kurt's wife, Donna Van Scoy, in this lawsuit under the pretext that each "is an individual who is on information and belief at least part owner and an officer of Van Scoy Diamond Mine of Delaware, Inc., and has directed the acts of infringement herein complained of."  (D.I. 1 at para. 3 and 4).  Although not specifically pleaded, the allegations  Plaintiff Wayne Van Scoy has made against his brother Kurt Van Scoy and Kurt's wife Donna Van Scoy suggest and attempt to apply the alter ego theory of liability to pierce the corporate veil of Defendant Van Scoy Diamond Mine of Delaware, Inc., and pursue judgment against his brother and sister-in-law individually.

---

relationship between the purchaser and Defendant  Kurt Van Scoy. (See Exhibit "E" at 150:18-151:14)

CONFIDENTIAL

"It should be noted at the outset that persuading a Delaware Court to disregard the corporate entity is a difficult task....The legal entity of a corporation will not be disturbed until sufficient reason appears." *Harco v. Green Farms, Inc.*, 1989 WL 110537 (Del.Ch.), 15 Del.J. Corp. L. 1030) ( See Opinion attached hereto as Exhibit "Q") A number of factors come into play when analyzing the alter ego theory. In the case of *United States v. Golden Acres, Inc.*, 702 F.Supp. 1097, 1104 (1988), this court adopted the following alter ego analysis:

> [A]n alter ego analysis must start with an examination of factors which reveal how the corporation operates and the particular defendant's relationship to that operation. These factors include whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a façade for the dominant shareholder.
> *Golden Acres*, D.Del., 702 F.Supp. at 1104.

A number of decisions in this district have held that "no single factor could justify a decision to disregard the corporate entity, but that some combination of them was required, and that an overall element of injustice or unfairness must always be present, as well." *Harper v. Delaware Valley Broadcasters, Inc.*, 743 F.Supp. 1076, 1085 (D.Del. 1990), *citing Harco at* 110539.

The record in this case is absolutely devoid of any evidence that either Kurt or Donna Van Scoy acted in a manner that would justify disregarding the corporate form. The document production of Van Scoy Diamond Mine of Delaware, Inc. shows that corporate formalities were observed; annual meetings and special meetings were held, corporate minutes were kept and corporate records were maintained. (See Examples of Corporate Records attached hereto as Exhibit "R", R1-4). Plaintiff has not even suggested, let alone put forth any evidence, that the company is a sham. There is absolutely no evidence that either Kurt or Donna Van Scoy siphoned corporate funds or inadequately capitalized the Company. To the contrary, the

CONFIDENTIAL

testimony of Kurt Van Scoy reflects a strong work ethic and determination. Kurt Van Scoy

started working for his father in the jewelry business at age 10. In 1994 he re-opened the store

that his father closed 18 months previously. (See Exhibit "E", E-22 & E-4 at 40:22-24 and 69:1-

9). Kurt Van Scoy testified that the monetary problems encountered by his father had a

detrimental impact upon his business and created an additional challenge for a period of time

after the Delaware Store Location starting operating in 1994. (See Exhibit "E", E-6 at 71:11-24)

Under the alter ego theory, an overall element of injustice or unfairness must always be

present. *Harco at* 1039.(Exhibit "Q") The unfairness and injustice in this case is the expense,

time expenditure and emotional turmoil that has been created by Plaintiff Wayne Van Scoy in

suing his brother and sister-in-law over a name that has been used by various family and non-

family for over 25 years. The unfairness is further evidenced by naming two individuals for the

actions of a corporate form. Neither Kurt Van Scoy nor Donna Van Scoy have used the name

"Van Scoy Diamond Mine" individually. The name "Van Scoy Diamond Mine" name has at all

relevant times been used by Defendant Van Scoy Diamond Mine of Delaware, Inc. As a matter

of law, Plaintiff Wayne Van Scoy cannot prove that either Kurt Van Scoy or Donna Scoy have

engaged in any conduct that would subject them to personal liability. Accordingly, summary

judgment in their favor as to all counts of the Complaint is warranted.

### C. Any Damages to Which Plaintiff May Be Entitled are Limited by the 3 Year Statute of Limitations

The nature and extent of Wayne Van Scoy's alleged damages has not been articulated

with any specificity in the pleadings or discovery. To the contrary, Wayne Van Scoy's claim

appears to be based upon his loss of earnings in 2004, which he attributes to Van Scoy Diamond

Mine of Delaware, Inc.'s use of the domain name www.vanscoydiamondmine.com. As

CONFIDENTIAL

discussed more fully above, the evidence produced in discovery shows that Defendants have realized negligible business from use of the web site.

Notwithstanding Wayne Van Scoy's failure to prove any quantifiable damages, to the extent the Court determines Plaintiff Wayne Van Scoy is entitled to an award of damages and a question of fact remains as to otherwise preclude summary judgment, Defendants seek summary judgment limiting those damages to the three years prior to institution of this action. As set forth in Section "A" above, a trademark infringement case in this District is subject to a three year statute of limitations. *See Autozone, Inc. v. Tri-State Auto Outlet, Inc.*, 2005 WL 1353797 (D.Del. June 7, 2005) Plaintiff is precluded by that statute from seeking damages for more than three years prior to the institution of this action. Accordingly, Defendants seek a judgment limiting the amount of any award of damages accordingly.

## V.    CONCLUSION

For the foregoing reasons, Defendants seek entry of summary judgment in their favor and against the Plaintiff, Wayne Van Scoy, on the basis that Plaintiff unduly delayed in bringing this suit and his claims are barred by Laches. Alternatively, Defendants Kurt Van Scoy and Donna Van Scoy seek entry of summary judgment in their favor on the basis that Plaintiff cannot prove under an alter ego theory they are subject to personal liability. Finally, in the event this Court finds issues of material facts to preclude summary judgment pursuant to Laches or Plaintiff's failure to prove an alter ego theory of liability, Defendants seek partial summary judgment limiting any resulting damages to three years pursuant to the applicable statute of limitations.

CONFIDENTIAL

Respectfully,


  /s/ Sharon Oras Morgan
Sharon Oras Morgan
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, DE 19801
Telephone: (302) 622-4246
Facsimile:   (302) 656-8920
E-mail: smorgan@foxrothschild.com

Attorneys for Defendants and
Counterclaim Plaintiffs

OF COUNSEL:
Charles N. Quinn Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2135
Facsimile:  (215) 299-2150

Dated: October 25, 2005

**FILED UNDER SEAL**

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

## APPENDIX TO

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, INC.,
### KURT VAN SCOY AND DONNA VAN SCOY,  MOTION FOR
### SUMMARY JUDGMENT

Sharon Oras Morgan
Fox Rothschild, LLP
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, DE 19801
Telephone: (302) 622-4246
Facsimile:  (302) 656-8920
E-mail: smorgan@foxrothschild.com

Attorneys for Defendants and
Counterclaim Plaintiffs

WM1A 66603v1 10/26/05



# TABLE OF CONTENTS

**Page**

Exhibit A – Trademark Registration ................................................................... A1

Exhibit B – Deposition Transcript of Kurt Van Scoy dated 10/3/0 ............................. B1 – B5

Exhibit C – U.S. Bankruptcy Court Docket Sheet ..................................................... C1 – C27

Exhibit D – Secretary of State Information on Van Scoy Diamond Mine............................. D1

Exhibit E - Deposition Transcript of Kurt Van Scoy dated July 26, 2005..................... E1 – E8

Exhibit F – Secretary of State Information on Rings of Romance........................................F-1

Exhibit G - Deposition Transcript of Wayne Van Scoy dated October 4, 2005........... G1 – G8

Exhibit H - Deposition Transcript of Wayne Van Scoy dated August 17, 2005 .......... H1 – H7

Exhibit I - Deposition Transcript of Jacqueline Savoca dated September 30, 2005.........I1 – I8

Exhibit J – Letter of Intent ..........................................................................................J1 – J2

Exhibit K - Deposition Transcript of Alan Lapidus dated October 4, 2005 ................. K1 – K4

Exhibit L - Deposition Transcript of Mark Maurer dated October 6, 2005 ................... L1 – L3

Exhibit M - Agreement ........................................................................................ M1 – M13

Exhibit N - Deposition Transcript of Lew Hill dated October 5, 2005......................... N1 – N2

Exhibit O –*Autozone, Inv. V. Tri-State Auto Outlet* .......................................................O1-O10

Exhibit P – News Article.......................................................................................P1 – P3

Exhibit Q – *Harco National Insurance v. Green Farms* ............................................. Q1 – Q5

Exhibit R – Corporate Minutes ................................................................................R1 – R4

# EXHIBIT E

CLOSED

# U.S. Bankruptcy Court
## Middle District of Pennsylvania (Wilkes-Barre)
### Adversary Proceeding #: 5:96-ap-00196-JJT

*Assigned to:* John J. Thomas
*Related BK Case:* 94-01241
*Related BK Title:* Thomas A. Van Scoy          *Date Filed:* 07/03/96
*Demand:* 0                                      *Date Terminated:* 01/08/2001
*Nature of Suit:* 454


**Plaintiff**
-----------------------

**Robert Sheils Esq Trustee**          represented by   **Doran & Nowalis**
                                                         69 PUBLIC SQUARE, STE. 700
                                                         WILKES-BARRE, PA 18701
                                                         570 823-9111


V.


**Defendant**
-----------------------

**Betsy and Richard Williams**         represented by   **Joseph G. Murray, Esq**
                                                         10 East South Street, Suite B
                                                         Wilkes Barre, PA 18701
                                                         570 822-1959


**Pamela & Richard Sendrick**          represented by   **Peter J. Hoegen, Jr., Esq**
                                                         152 South Franklin Street
                                                         PO BOX 346
                                                         WILKES BARRE, PA 18703-0346
                                                         570 820-3332


**Wayne Van Scoy**                     represented by
                                                         Hoegen Hoegen & Kelley
                                                         152 S FRANKLIN ST.
                                                         WILKES-BARRE, PA 18701
                                                         570 820-3332


| Filing Date | # | Docket Text |
|---|---|---|
| 07/03/1996 | 1 | COMPLAINT Filed [Disposed], [JK], ORIGINAL NIBS DOCKET ENTRY #1 (Entered: 07/03/1996) |
| 07/03/1996 | **EXHIBIT E** | MONS: answer date is 8/2/96; pretrial fixed on 10/08/96 :00 a.m. at Courtroom 1, Max Rosenn U.S. Courthouse, |

00654

| | | |
|---|---|---|
| | | 197 South Main Street, Wilkes-Barre, PA Re: Item # 1, [JK], ORIGINAL NIBS DOCKET ENTRY #2 (Entered: 07/03/1996) |
| 07/05/1996 | 3 | CERTIFICATE of service Re: Item # 1 [Entered: 07/08/96], [JK]<br>CERTIFICATE of service Re: Item # 2, [JK], ORIGINAL NIBS DOCKET ENTRY #3 (Entered: 07/08/1996) |
| 07/22/1996 | 4 | ANSWER by Richard & Pamela Sendrick. Re: Item # 1, [JK], ORIGINAL NIBS DOCKET ENTRY #4 (Entered: 07/22/1996) |
| 08/01/1996 | 5 | ANSWER by Wayne Van Scoy Re: Item # 1, [RY], ORIGINAL NIBS DOCKET ENTRY #5 (Entered: 08/01/1996) |
| 08/02/1996 | 6 | ANSWER by Richard and Betsy Williams. Re: Item # 1, [GP], ORIGINAL NIBS DOCKET ENTRY #6 (Entered: 08/08/1996) |
| 09/24/1996 | 7 | PROCEEDING MEMO re hearing held. Final hearing set PRETRIAL set for 10/08/97 cancelled. on 04/08/97 at 10:00 a.m. at Courtroom, 197, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, PA Re: Item # 1, [AG], ORIGINAL NIBS DOCKET ENTRY #7 (Entered: 09/25/1996) |
| 04/01/1997 | 8 | CORRESPONDENCE from Atty. Nowalis re: continuance of trial and agreement by all parties. Re: Item # 7, [GP], ORIGINAL NIBS DOCKET ENTRY #8 (Entered: 04/07/1997) |
| 04/03/1997 | 9 | CORRESPONDENCE from Judge to Attys. Nowalis, Feissner, Hoegen Re: concern with discovery deadlines. , [GP], ORIGINAL NIBS DOCKET ENTRY #9 (Entered: 04/07/1997) |
| 04/04/1997 | 10 | CORRESPONDENCE to Judge Thomas from Atty Nowalis re: waiting for appraiser expert retained by trustee and also agreed to continuance . Re: Item # 8, [GP], ORIGINAL NIBS DOCKET ENTRY #10 (Entered: 04/07/1997) |
| 04/04/1997 | 11 | PROCEEDING MEMO AND ORDER denying request for continuance of 4-8-97 trial. Re: Item # 8, [GP], ORIGINAL NIBS DOCKET ENTRY #11 (Entered: 04/07/1997) |
| 04/04/1997 | 12 | PROCEEDING MEMO RE; continuance granted. Mediation Order to be entered. Re: Item # 8, [GP], ORIGINAL NIBS DOCKET ENTRY #12 (Entered: 04/07/1997) |

00655

| | | |
|---|---|---|
| 05/02/1997 | 13 | ORDER Appointing Mediator [Myles R. Wren, Esq.] and Assignment to Mediation Re: Item # 1, [CA], ORIGINAL NIBS DOCKET ENTRY #13 (Entered: 05/02/1997) |
| 05/14/1997 | 14 | MOTION to withdraw as counsel for Richard and Betsy Williams by Peter Hoegen, Esq. [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #14 (Entered: 05/16/1997) |
| 05/15/1997 | 16 | Mediator's Oath Notification to parties of compliance with ORDER appointing mediator and certificate of qualification under 28 U.S.C. 144 and 455. , [GP], ORIGINAL NIBS DOCKET ENTRY #16 (Entered: 05/21/1997) |
| 05/16/1997 | 15 | ORDER fixing hearing date on 06/19/97 at 10:00 a.m. at Courtroom 1, Max Rosenn U.S. Courthouse, 197 South Main Street, Wilkes-Barre, PA Re: Item # 14, [GP], ORIGINAL NIBS DOCKET ENTRY #15 (Entered: 05/19/1997) |
| 06/19/1997 | 17 | PROCEEDING MEMO re hearing held; no appearance for Defendants, Williams. Re: Item # 14 [Entered: 06/19/97], [AG] ORDER granting Re: Item # 14, [AG], ORIGINAL NIBS DOCKET ENTRY #17 (Entered: 06/19/1997) |
| 10/20/1997 | 18 | Correspondence from Judge Thomas to Atty. Wren re: waiting for report from mediator. , [GP], ORIGINAL NIBS DOCKET ENTRY #18 (Entered: 10/23/1997) |
| 10/28/1997 | 19 | Report of Mediator, Myles R. Wren, Esq. , [GP], ORIGINAL NIBS DOCKET ENTRY #19 (Entered: 10/29/1997) |
| 05/07/1999 | 20 | ORDER that trial is scheduled on 07/06/99 at 10:00 a.m. at Courtroom #2, Max Rosenn US Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701 Re: Item # 1, [GP], ORIGINAL NIBS DOCKET ENTRY #20 (Entered: 05/10/1999) |
| 06/29/1999 | 21 | REQUEST fonr continuance of trial. Re: Item # 20, [GP], ORIGINAL NIBS DOCKET ENTRY #21 (Entered: 07/01/1999) |
| 06/29/1999 | 22 | ORDER granting request to continue trial.ORDER rescheduling trial Re: Item # 21, [GP], ORIGINAL NIBS DOCKET ENTRY #22 (Entered: 07/01/1999) |
| 09/09/1999 | 23 | ENTRY OF APPEARANCE of Joseph G. Murray, Esq. for Betsy Williams and Rich Williams i/t/a Van Scoy Diamond Mines , [JT], ORIGINAL NIBS DOCKET ENTRY #23 (Entered: 09/10/1999) |

^656

| 09/17/1999 | 25 | ORDER that defendants listed in order are hereby permanently enjoined from using the trademark "Van Scoy Diamond Mines". ORDER that defendants file an accounting within 45 days from the date of this order. Re: Item # 1, [GP], ORIGINAL NIBS DOCKET ENTRY #25 (Entered: 09/21/1999) |
| 09/20/1999 | 24 | PROCEEDING MEMO re: Trial held 9/14/99. Order to be submitted by Atty. Nowalis. Re: Item # 1, [AG], ORIGINAL NIBS DOCKET ENTRY #24 (Entered: 09/20/1999) |
| 09/27/1999 | 26 | MOTION to reconsider Order Re: Item # 25 [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #26 (Entered: 09/27/1999) |
| 09/27/1999 | 28 | MOTION to reconsider Order by defendants Pamela and Richard Sendrick Re: Item # 25 [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #28 (Entered: 09/30/1999) |
| 09/27/1999 | 29 | BRIEF in support of Motion. Re: Item # 28, [GP], ORIGINAL NIBS DOCKET ENTRY #29 (Entered: 09/30/1999) |
| 09/29/1999 | 27 | ORDER that answers are ORDER that Movant's Brief shall be filed on or before ORDER that Respondents' Briefs are due on or before ORDER that oral argument is scheduled due on 10/14/99 Re: Item # 26, [GP], ORIGINAL NIBS DOCKET ENTRY #27 (Entered: 09/29/1999) |
| 10/06/1999 | 30 | ORDER that answers are ORDER that respondent's briefs are ORDER that oral argument is scheduled due on 10/21/99 Re: Item # 28, [GP], ORIGINAL NIBS DOCKET ENTRY #30 (Entered: 10/06/1999) |
| 10/14/1999 | 31 | ANSWER by Trustee Re: Item # 26, [GP], ORIGINAL NIBS DOCKET ENTRY #31 (Entered: 10/15/1999) |
| 10/18/1999 | 32 | BRIEF in supprt of Motion. Re: Item # 26, [GP], ORIGINAL NIBS DOCKET ENTRY #32 (Entered: 10/19/1999) |
| 10/29/1999 | 33 | TRUSTEE'S BRIEF in opposition. Re: Item # 29, [GP], ORIGINAL NIBS DOCKET ENTRY #33 (Entered: 11/01/1999) |
| 10/29/1999 | 34 | ANSWER by Trustee. Re: Item # 28, [GP], ORIGINAL NIBS DOCKET ENTRY #34 (Entered: 11/01/1999) |
| 10/29/1999 | 35 | CORRESPONDENCE from Atty. Nowalis re: time of hearing on 11-3-99. Re: Item # 30, [GP], ORIGINAL NIBS DOCKET ENTRY #35 (Entered: 11/03/1999) |

00657

| | | |
|---|---|---|
| 11/03/1999 | 36 | PROCEEDING MEMO re hearing not held. Continued to 11-8-99. Re: Item # 30, [GP], ORIGINAL NIBS DOCKET ENTRY #36 (Entered: 11/03/1999) |
| 11/03/1999 | 37 | CORRESPONDENCE from Atty. Murray re: confirmation of oral argument continued to 11-8-99. Re: Item # 36, [GP], ORIGINAL NIBS DOCKET ENTRY #37 (Entered: 11/03/1999) |
| 11/05/1999 | 38 | CORRESPONDENCE from Chambers to parties re: rescheduling oral argument from 10:00 AM to 2:00 PM Re: Item # 37, [CA], ORIGINAL NIBS DOCKET ENTRY #38 (Entered: 11/05/1999) |
| 11/10/1999 | 39 | PROCEEDING MEMO re: Hrg. held 11/8/99. Matter taken under advisement. Re: Item # 1, [AG], ORIGINAL NIBS DOCKET ENTRY #39 (Entered: 11/10/1999) |
| 11/19/1999 | 40 | ORDER denying Re: Item # 26 [Entered: 11/22/99], [GP] ORDER denying Re: Item # 28, [GP], ORIGINAL NIBS DOCKET ENTRY #40 (Entered: 11/22/1999) |
| 01/24/2000 | 41 | MOTION OF TRUSTEE to hold all defendants in civil contempt. [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #41 (Entered: 01/25/2000) |
| 02/01/2000 | 42 | ORDER fixing hearing date ORDER that Trustee shall serve motion together with required notice by ORDER that defendants shall answer on 03/16/00 at 10:00 A.M. at Courtroom #2, Max Rosenn US Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701 Re: Item # 41, [GP], ORIGINAL NIBS DOCKET ENTRY #42 (Entered: 02/02/2000) |
| 02/04/2000 | 43 | TRANSCRIPT of testimony [title pages only] of trial held 9-14-99, 9-15-99 and 9-16-99 [For original transcript see main case file 5-94-01241] Re: Item # 24, [PJ], ORIGINAL NIBS DOCKET ENTRY #43 (Entered: 02/04/2000) |
| 02/07/2000 | 44 | NOTICE of hearing set for 3/16/00 served pursuant to 9020[b] Re: Item # 42, [GP], ORIGINAL NIBS DOCKET ENTRY #44 (Entered: 02/08/2000) |
| 02/22/2000 | 45 | ANSWER by defendants, Richard and Pamela Sendrick Re: Item # 41, [GP], ORIGINAL NIBS DOCKET ENTRY #45 (Entered: 02/23/2000) |
| 02/22/2000 | 46 | ANSWER by defendant, Wayne Van Scoy Re: Item # 41, [GP], ORIGINAL NIBS DOCKET ENTRY #46 (Entered: 02/23/2000) |

00658

| 03/07/2000 | 47 | ANSWER by defendants Richard and Betzy Williams. Re: Item # 41, [MM], ORIGINAL NIBS DOCKET ENTRY #47 (Entered: 03/08/2000) |
| 03/16/2000 | 48 | PROCEEDING MEMO re: Hrg. held on Motion of Trustee to Hold Defendants in Civil Contempt. Orders to be entered. Re: Item # 41, [AG], ORIGINAL NIBS DOCKET ENTRY #48 (Entered: 03/17/2000) |
| 03/17/2000 | 49 | ORDER granting Trustee's Motion to hold defendant in civil contempt. And that Betsy Williams a/k/a Elizabeth Williams and Rich Williams a/k/a Richar Williams, i/t/a Van Scoy diamond Mine, jointlya nd severlly are assessed a fine of $3,375.00 with the sum of $25.00 per day for every day the accounting Ordered by this Court is not filed. Re: Item # 41, [JT], ORIGINAL NIBS DOCKET ENTRY #49 (Entered: 03/17/2000) |
| 03/17/2000 | 50 | ORDER granting Trustee's Motion to hold Defendants in civial contmept. And that Pamela Sendrick and Richard Sendrick i/t/a Van Scoy Diamond Mine jointly and severally are assessedt a fine of $3,375.00 together with the sum of $25.00 as day for every days the accounting ordered by the court is not filed. Re: Item # 41, [JT], ORIGINAL NIBS DOCKET ENTRY #50 (Entered: 03/17/2000) |
| 03/17/2000 | 51 | ORDER granting Trustee's Motion to hold Defendants in civil contempt. And that Wayne Vany Scoy i/t/a Van Scoy Diamond Mine is assessed a fine of $3,375.00 together with the sum of $25.00 a day for every day the accounting order by theis court is not filed. Re: Item # 41, [JT], ORIGINAL NIBS DOCKET ENTRY #51 (Entered: 03/17/2000) |
| 03/22/2000 | 52 | MOTION to reconsider Order by Richard & Pamela Sendrick. Re: Item # 50 [Disposed], [JK], ORIGINAL NIBS DOCKET ENTRY #52 (Entered: 03/23/2000) |
| 03/22/2000 | 53 | MOTION to reconsider Order by Wayne Van Scoy. Re: Item # 51 [Disposed], [JK], ORIGINAL NIBS DOCKET ENTRY #53 (Entered: 03/23/2000) |
| 03/27/2000 | 54 | MOTION to reconsider Order Re: Item # 49 [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #54 (Entered: 03/29/2000) |
| 03/27/2000 | 55 | MOTION for extension of time TO COMPLY WITH ORDER of 9-17-99 at request of Richard and Betsy VanScoy Williams. Re: Item # 25 [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #55 (Entered: 03/29/2000) |

| 04/26/2000 | 56 | NOTICE to parties of hearing on 05/11/00 at 10:00 A.M. at Courtroom #2, Max Rosenn US Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701 Re: Item # 55, [GP], ORIGINAL NIBS DOCKET ENTRY #56 (Entered: 04/26/2000) |
|---|---|---|
| 05/11/2000 | 58 | PROCEEDING MEMO re: Motion of Williams to Extend Time to Comply with Order; no appearances. ORDER denying Motion. Re: Item # 55, [AG], ORIGINAL NIBS DOCKET ENTRY #58 (Entered: 05/17/2000) |
| 05/16/2000 | 57 | TRUSTEE'S MOTION to dismiss Re: Item # 52 [Disposed] [Entered: 05/17/00], [GP] TRUSTEE'S MOTION to dismiss Re: Item # 53 [Disposed] [Entered: 05/17/00], [GP] TRUSTEE'S MOTION to dismiss Re: Item # 54 [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #57 (Entered: 05/17/2000) |
| 05/17/2000 | 59 | BRIEF in support of Motion for reconsideration. Re: Item # 52, [GP], ORIGINAL NIBS DOCKET ENTRY #59 (Entered: 05/18/2000) |
| 05/18/2000 | 60 | ANSWER by Wayne VanScoy, Pamela and Richard Sendrick. Re: Item # 57, [GP], ORIGINAL NIBS DOCKET ENTRY #60 (Entered: 05/18/2000) |
| 05/18/2000 | 61 | MOTION to withdraw as counsel for Richard and Betsy Williams by J. Murray, Esq. [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #61 (Entered: 05/19/2000) |
| 05/19/2000 | 62 | BRIEF in support of Motion to dismiss. Re: Item # 57, [GP], ORIGINAL NIBS DOCKET ENTRY #62 (Entered: 05/23/2000) |
| 05/24/2000 | 63 | NOTICE to parties of hearing on 07/13/00 at 10:00 A.M. at Courtroom #2, Max Rosenn US Courthouse, 197 South Main Street, Wilkes-Barre, PA 18701 Re: Item # 61, [GP], ORIGINAL NIBS DOCKET ENTRY #63 (Entered: 05/24/2000) |
| 05/30/2000 | 64 | BRIEF in support of answer. Re: Item # 60, [GP], ORIGINAL NIBS DOCKET ENTRY #64 (Entered: 05/30/2000) |
| 05/31/2000 | 65 | CORRESPONDENCE from Atty. Murray re: proceeding memo of 05/11/00. Re: Item # 58, [GP], ORIGINAL NIBS DOCKET ENTRY #65 (Entered: 06/01/2000) |
| 06/21/2000 | 66 | ORDER denying Re: Item # 57 [Entered: 06/21/00], [GP] ORDER denying Re: Item # 57 [Entered: 06/21/00], [GP] |

00660

https://ecf.pamb.uscourts.gov/cgi-bin/DktR...

| | | |
|---|---|---|
| | | ORDER denying Re: Item # 57 [Entered: 06/21/00], [GP] ORDER directing filing of briefs: in repsonse to Motions for reconsideration by defendants. due by 07/11/00, [GP], ORIGINAL NIBS DOCKET ENTRY #66 (Entered: 06/21/2000) |
| 07/11/2000 | 67 | BRIEF of Trustee in opposition to defendants' Motion for reconsideration , [GP], ORIGINAL NIBS DOCKET ENTRY #67 (Entered: 07/12/2000) |
| 07/13/2000 | 68 | PROCEEDING MEMO re: Motion of J. Murray, Esq. to withdraw as counsel for Williams. ORDER granting Motion. Re: Item # 61, [AG], ORIGINAL NIBS DOCKET ENTRY #68 (Entered: 07/14/2000) |
| 07/20/2000 | 69 | CERTIFICATE of service Re: Item # 68, [GP], ORIGINAL NIBS DOCKET ENTRY #69 (Entered: 07/21/2000) |
| 12/14/2000 | 70 | TRUSTEE's MOTION for approval of settlement stipulation. [Original notice appears in main case.] [Disposed], [GP], ORIGINAL NIBS DOCKET ENTRY #70 (Entered: 12/15/2000) |
| 01/04/2001 | 71 | ORDER vacating. Re: Item # 25 [Entered: 01/08/01], [GP] ORDER approving Re: Item # 70 [Entered: 01/08/01], [GP] ORDER dismissing proceedings with prejudice. Re: Item # 1 [Entered: 01/08/01], [GP] This disposes of prior pleading Re: Item # 52 [Entered: 01/19/01], [RY] This disposes of prior pleading Re: Item # 53 [Entered: 01/19/01], [RY] This disposes of prior pleading Re: Item # 54, [RY], ORIGINAL NIBS DOCKET ENTRY #71 (Entered: 01/19/2001) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/12/2005 15:30:15 | | |
| PACER Login: | mp0534 | Client Code: | vanscoy |
| Description: | Docket Report | Search Criteria: | 5:96-ap-00196-JJT Fil or Ent: Fil Doc From: 0 Doc To: 99999999 Term: y Links: n Format: HTMLfmt |
| Billable Pages: | 4 | Cost: | 0.32 |

00661

00663