# EXHIBIT V

# REDACTED

# EXHIBIT W

MINUTES

DATED:  August 22, 1996


At a special meeting of the Board of Directors held at 1218 South Main St.  Wilkes-Barre, Pa.  The following items were discussed:

1. Lease Arrangement on Delaware Property

2. Marketing strategies for 1996 and 1997

3. Trade name issues.

After much discussion it was unanimously determined to adjourn the meeting at 1:15 p.m.

_Kut Van Scoy, President_

EXHIBIT W

D000766



DEPOSITION EXHIBIT
Van Scoy 1
7/26/05 aba
PENGAD 800-631-6989

# EXHIBIT X

IN THE UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

WAYNE VAN SCOY
                    PLAINTIFF           :

                  :        C.A.NO. 05-108 (KAJ)

      V.                       :

                     :

VAN SCOY DIAMOND MINE OF     :
DELAWARE, INC.,  :
KURT VAN SCOY AND             :
DONNA VAN SCOY
                 DEFENDANTS     :

                     :

---

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF REQUESTS FOR ADMISSIONS UNDER FRCP 36

Pursuant to Federal Rule of Civil Procedure 36, Defendants, through their counsel,

hereby respond to Plaintiff's First Set of Requests For Admissions Under Fed. R. Civ.P.36.

### GENERAL OBJECTIONS

1.      Plaintiff's First Set Of Requests For Admissions Under Fed. R. Civ.P.36 is

defective and, hence, invalid, in so far as it fails to comply with Fed. R. Civ. P. 36.

2.      Defendants object to all of Plaintiff's Definitions and Instructions in Plaintiff's

First Set of Requests For Admissions Under Fed. R. Civ.P.36 to the extent that they do not

conform to Fed. R. Civ.P.36.

3.      Defendants object to each and every request in its entirety to the extent it seeks

admission that is not relevant to a claim or defense of this litigation and is not reasonably

calculated to lead to the discovery of admissible evidence.

4.    Defendants object to each and every request to the extent it calls for information that could have been obtained more efficiently by other means of discovery.

5.    Defendants object to each and every request to the extent it seeks admissions respecting information containing privileged communications, attorney work-product, client work-product, or trial preparation material, on the grounds that such discovery is not permissible under the Federal Rules of Civil Procedure. None of Defendants' specific responses shall be construed to mean that Defendants intend to provide privileged or work-product information in the absence of an intentional waiver. Any inadvertent disclosure of privileged information or work-product shall not constitute a waiver of an otherwise valid claim of privilege, and any failure to assert a privilege or other protection as to certain information shall not be deemed to constitute a waiver of the privilege or other protection as to any other information so protected.

6.    Defendants object to each and every request to the extent that it is vague, ambiguous, overbroad, vexatious, unduly burdensome or seeks information not relevant to a claim or defense involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to each and every request to the extent that it seeks an admission already elicited by plaintiff during the depositions of defendants Kurt Van Scoy, Donna Van Scoy and/or Van Scoy Diamond Mine of Delaware, Inc.

8.    Defendants object to each and every request to the extent that it seeks information protected by any confidentiality obligation owed to a third party, and to the extent such information is sought it is provided under the terms of the Stipulated Protective Order.

9.    Defendants object to Plaintiff's Definitions and Instructions as improperly attempting to impose burdens and obligations upon Defendants beyond the requirements of the Federal Rules of Civil Procedure.

10.    Defendants present each of the general objections set forth above to each of the requests. By setting forth specific objections, Defendants do not intend to limit or restrict the general objections contained in this response. To the extent Defendants provide information in response to a specific request to which objection has been raised, Defendants reserve the right to maintain such objection(s) with respect to any additional information and such objections are not waived by the furnishing of information.

11.    Defendants expressly reserve the right to supplement and/or amend these responses should additional information become available.

## REQUESTS FOR ADMISSIONS

1.    Tommy Van Scoy never expressly gave Kurt Van Scoy permission to use the mark VAN SCOY DIAMOND MINE.

RESPONSE: Denied

2.    Van Scoy Diamond Mine, Inc. never impliedly nor expressly gave Kurt Van Scoy permission to use the mark VAN SCOY DIAMOND MINE.

RESPONSE: Denied

3.      Tommy Van Scoy never expressly consented to use of the mark VAN SCOY
DIAMOND MINE by Kurt Van Scoy.

RESPONSE:  Denied

4.      Van Scoy Diamond Mine, Inc. never consented to use of the mark VAN SCOY
DIAMOND MINE by Kurt Van Scoy.

RESPONSE:  Denied

5.      Tommy Van Scoy never consented to the use of the mark VAN SCOY DIAMOND
MINE by Van Scoy Diamond Mine of Delaware, Inc.

RESPONSE:  Denied

6.      Van Scoy Diamond Mine, Inc. never consented to the use of the mark VAN SCOY
DIAMOND MINE by Van Scoy Diamond Mine of Delaware, Inc.

RESPONSE:  Denied

7.      Defendants have no written document which purports to give any of them permission to
use the mark VAN SCOY DIAMOND MINE.

RESPONSE:  Denied

8.      Defendants were aware that there was at least one federal registration for VAN SCOY
DIAMOND MINE but believed that it had not survived bankruptcy proceedings of Tommy
Van Scoy.

RESPONSE: Denied

9.    Defendants, in response to receipt of the cease and desist letter of November 18, 2004, for a period of months blocked out "Mine" of Van Scoy Diamond Mine of Delaware, Inc. on sales receipts.

RESPONSE: Admitted.

10.    Defendants continued to use the mark VAN SCOY DIAMOND MINE as a sign on the front of their store after receipt of the cease and desist letter of November 18, 2004.

RESPONSE:   Admitted

11.    Defendants continued to use the mark  VAN SCOY DIAMOND MINE as a sign on the front of their store after receipt of the cease and desist letter of November 18, 2004 and continue to use the sign to present.

RESPONSE:   Admitted.

12.    After receipt of the cease and desist letter of November 18, 2004, Defendants changed their website address from vanscoydiamondmine.com to vanscoydiamondsofdelaware.com.

RESPONSE:   Denied as written; after receipt of the cease and desist letter of 18 November 2004, defendants changed their website address from vanscoydiamondmine.com to vanscoydiamondsofdeleware.com.

13.    Some time prior to July of 2004, Defendants began offering for sale diamonds and other jewelry via the internet at the website vanscoydiamondmine.com.

RESPONSE:  Admitted.


14.    The sign allegedly given to Kurt Van Scoy by Tommy Van Scoy did not read "VAN SCOY DIAMOND MINE."

RESPONSE:   Defendants object to this request as to the usage and characterization of "sign", without prejudice to the foregoing objection Defendants admit that Tommy Van Scoy gave Kurt Van Scoy a sign portion bearing the words "DIAMOND MINE" to complete the signage reading "VAN SCOY DIAMOND MINE" for use and display at what became the business premises of Defendants.


15.    The sign allegedly given by Tommy Van Scoy to Kurt Van Scoy in 1994 read "DIAMOND MINE."

RESPONSE:   Defendants object to this request as to the usage and characterization of "sign", without prejudice to the foregoing objection Defendants admit that Tommy Van Scoy gave Kurt Van Scoy a sign portion bearing the words "DIAMOND MINE" to complete the signage reading "VAN SCOY DIAMOND MINE" for use and display at what became the business premises of Defendants.


16.    Plaintiff Wayne Van Scoy has never given any of the Defendants permission to use the mark "VAN SCOY DIAMOND MINE."

RESPONSE:  Denied.

17.    Plaintiff Wayne Van Scoy has never given any of the Defendants a license to use the mark "VAN SCOY DIAMOND MINE."

RESPONSE: Denied.

18.    Plaintiff Wayne Van Scoy has never given any of the Defendants a consent to use the mark "VAN SCOY DIAMOND MINE."

RESPONSE: Denied.

19.    Plaintiff Wayne Van Scoy acquired the mark at issue, namely "VAN SCOY DIAMOND MINE" along with U.S. Trademark Registrations 1,140,711 and 1,140,958 and the good will associated therewith on January 4, 2001.

RESPONSE: Denied.

20.    Defendant Van Scoy Diamond Mine of Delaware, Inc. continued to use the mark "VAN SCOY DIAMOND MINE" after receipt of the cease and desist letter of November 18, 2004.

RESPONSE: Admitted.

21.    Defendant Van Scoy Diamond Mine of Delaware, Inc. continued to use the mark "VAN SCOY DIAMOND MINE" after the cease and desist letter of November 18, 2004 and continues to use it to the present.

RESPONSE: Admitted

22.    Defendant Van Scoy Diamond Mine of Delaware, Inc. deleted from sales receipts the word "Mine" of Van Scoy Diamond Mine of Delaware, Inc. after receipt of the cease and desist letter for a period of at least two months.

RESPONSE:  Admitted.


22.    Defendants have no knowledge of any third party using the mark "VAN SCOY DIAMOND MINE" in connection with a jewelry store.

RESPONSE:  Denied.


23.    Defendants have no knowledge of any third party using the mark "VAN SCOY DIAMOND MINE" in connection with the sale of diamonds.

RESPONSE:  Denied.


24.    Defendant Kurt Van Scoy was aware during the bankruptcy proceedings of his father Tommy Van Scoy that the Bankruptcy Court had enjoined the use of "VAN SCOY DIAMOND MINE" at the 154 Mundy Street in Wilkes-Barre, PA location.

RESPONSE:  Denied.


25.    Defendant Kurt Van Scoy was aware during the bankruptcy proceeding of his father Tommy Van Scoy that the Bankruptcy Court had enjoined one or more parties from using the mark "VAN SCOY DIAMOND MINE" in connection with jewelry store services.

RESPONSE:  Denied.

26.     Defendant Van Scoy Diamond Mine of Delaware, Inc. operates its jewelry store business in a geographic area which, except for its internet business, is geographically distinct from any other jewelry store using the mark VAN SCOY DIAMOND MINE, VAN SCOY DIAMONDS, VAN SCOY JEWELERS or VAN SCOY.

RESPONSE:  Admitted that Defendants know of no other jewelry store in Defendants' trading area using the any of the marks "VAN SCOY DIAMOND MINE", "VAN SCOY DIAMONDS", "VAN SCOY JEWELERS" or "VAN SCOY".


27.     Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates its jewelry store business in a geographic area which is, except for its internet business, geographically distinct from the jewelry store business in Wilkes-Barre, PA under the mark VAN SCOY DIAMOND MINE.

RESPONSE:  Admitted.


28.     Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from the jewelry store business in Scranton, PA under the mark VAN SCOY DIAMOND MINE or VAN SCOY DIAMONDS.

RESPONSE:  Admitted.


29.     Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Lancaster, PA.

RESPONSE:  Admitted.

30.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Reading, PA.

RESPONSE:  Admitted.

31.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Erie, PA.

RESPONSE:  Admitted.

32.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in Allentown, PA.

RESPONSE:  Admitted.

33.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates it jewelry store business in a geographic area which is, except for its internet business, geographically distinct from a jewelry store business operated in North Carolina.

RESPONSE:  Admitted.

34.    Defendant, Van Scoy Diamond Mine of Delaware, Inc., operates its jewelry store business in a limited geographic area known as the Wilmington, Delaware area.

RESPONSE:  Defendants object to this request to this request as being vague in filing to defnine the modifer "limited" with respect to "geographic area".  Without prejudice to the forgoing objection denied; admitted that Defendant Van Scoy Diamond Mine of Delaware, Inc. operates its jewelry store business in Newark, Delaware.

35.     Defendant Kurt Van Scoy's father, Tommy Van Scoy, filed for bankruptcy on September 23, 1994.

RESPONSE:  Admitted.


36.     Defendant Kurt Van Scoy's father, Tommy Van Scoy, filed for Chapter 13 bankruptcy on September 23, 1994.

RESPONSE:  Admitted.


37.     Defendant Kurt Van Scoy's father, Tommy Van Scoy, filed for Chapter 11 Bankruptcy on November 29, 1994.

RESPONSE:  Denied as stated above; admitted that Tommy Van Scoy's bankruptcy proceeding was converted from a Chapter 13 proceeding to a Chapter 11 proceeding on 29 November 1994.


38.     Defendant Kurt Van Scoy's father, Tommy Van Scoy, filed for Chapter 7 bankruptcy on December 29, 1994.

RESPONSE:  Denied as stated above; admitted that Tommy Van Scoy's bankruptcy proceeding was converted from a Chapter 11 proceeding to a Chapter 7 proceeding on 29 December 1994.


FOX ROTHSCHILD LLP

Date:  7 October 2005          By: _____
                              Charles N. Quinn
                              2000 Market Street
                              Tenth Floor
                              Philadelphia, PA 19103
                              (215) 299-2135

                              Attorney for Defendants and Counterclaim
                              Plaintiff

## CERTIFICATE OF SERVICE

I , the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

### DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST
### SET OF REQUESTS FOR ADMISSIONS

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire,as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire**
**Michael F. Petock, Esquire**
**Petock & Petock LLC**
**46 The Commons at Valley Forge**
**1220 Valley Forge Road**
**P.O. Box 856**
**Valley Forge, PA  19482-0856**

and

**John G. Day, Esquire**
**Ashby & Geddes**
**222 Delaware Avenue, 17th Floor**
**P.O. B1150**
**Wilmington, DE 19899**

FOX ROTHSCHILD LLP

Charles N. Quinn

7 October 2005
(date)

# EXHIBIT Y

**NetworkSolutions**®    WHOIS    VIEW ORDER    CUSTOMER SERVICE    ACCOU

| HOME | REGISTER A DOMAIN | HOST YOUR WEB SITE | CREATE A WEB SITE | BUY E-MAIL | PROMOTE YOUR SITE | GROW YOUR BUSINESS | TI YOU |

**Thousands of domains expire every d**

## WHOIS SEARCH RESULTS

WHOIS RECORD FOR

### vanscoydiamondmine.com

IMAGE NOT AVAILABLE

Certified Offer Service - Make an offer on this domain
Backorder - Try to get this name when it becomes available
Similar Names - See suggested alternatives for this domain

Whois Server Version 1.3

Domain names in the .com and .net domains can now be registered with many different competing registrars. Go to http://www.internic.net for detailed information.

    Domain Name: VANSCOYDIAMONDMINE.COM
    Registrar: TUCOWS INC.
    Whois Server: whois.opensrs.net
    Referral URL: http://domainhelp.tucows.com
    Name Server: NS1.SCOY.NET
    Name Server: NS2.SCOY.NET
    Status: ACTIVE
    Updated Date: 08-Jan-2005
    Creation Date: 12-Jul-2002
    Expiration Date: 12-Jul-2005

>>> Last update of whois database: Tue, 10 May 2005 08:38:58 EDT <<<

NOTICE: The expiration date displayed in this record is the date the registrar's sponsorship of the domain name registration in the registry is currently set to expire. This date does not necessarily reflect the expiration date of the domain name registrant's agreement with the sponsoring registrar. Users may consult the sponsoring registrar's Whois database to view the registrar's reported date of expiration for this registration.

TERMS OF USE: You are not authorized to access or query our Whois database through the use of electronic processes that are high-volume and automated except as reasonably necessary to register domain names or modify existing registrations; the Data in VeriSign Global Registry Services' ("VeriSign") Whois database is provided by VeriSign for information purposes only, and to assist persons in obtaining information about or related to a domain name registration record. VeriSign does not guarantee its accuracy. By submitting a Whois query, you agree to abide by the following terms of use: You agree that you may use this Data only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via e-mail, telephone, or facsimile; or (2) enable high volume, automated, electronic processes that apply to VeriSign (or its computer systems). The compilation, repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of VeriSign. You agree not to

BUY THE AVAIL FOR THIS DOM

vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam
vanscoydiam

SEARCH AGAI

Enter a searc

e.g. networks

Search by:
◉ Domain N
○ NIC Handl
○ IP Addres

RELATED CATE

diamonds
diamond mine

**EXHIBIT Y**

use electronic processes that are automated and high-volume to access or query the Whois database except as reasonably necessary to register domain names or modify existing registrations. VeriSign reserves the right to restrict your access to the Whois database in its sole discretion to ensure operational stability. VeriSign may restrict or terminate your access to the Whois database for failure to abide by these terms of use. VeriSign reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and Registrars.
The previous information has been obtained either directly from the registrant or a registrar of the domain name other than Network Solutions. Network Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record

| | |
|---|---|
| Current Registrar: | TUCOWS INC. |
| Record Type: | Domain Name |
| Server Type: | Apache 2 |
| Lock Status: | ACTIVE |
| Web Site Status: | Active |
| DMOZ | no listings |
| Y! Directory: | see listings |
| Secure: | No |
| E-commerce: | No |
| Traffic Ranking: | Not available |
| Data as of: | 08-Jun-2004 |

precious stone
precious stone
gemstones



**Travel**
Car Rental
Hotels
Airline

**Financial Pla**
Debt
Credit Cards
Loans

**Business and**
Affiliate Progra
Student Loans
Stocks





When you register a domain name, current policies require that the contact information for your domain name included in a public database known as WHOIS. To learn about actions you can take to protect your WHOIS info www.internetprivacyadvocate.org.

NOTICE AND TERMS OF USE: You are not authorized to access or query our WHOIS database through the use automated, electronic processes or for the purpose or purposes of using the data in any manner that violates th The Data in Network Solutions' WHOIS database is provided by Network Solutions for information purposes only persons in obtaining information about or related to a domain name registration record. Network Solutions does accuracy. By submitting a WHOIS query, you agree to abide by the following terms of use: You agree that you only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherw transmission of mass unsolicited, commercial advertising or solicitations via direct mail, e-mail, telephone, or fa enable high volume, automated, electronic processes that apply to Network Solutions (or its computer systems repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of You agree not to use high-volume, automated, electronic processes to access or query the WHOIS database. Ne reserves all rights and remedies it now has or may have in the future, including, but not limited to, the right to access to the WHOIS database in its sole discretion, for any violations by you of these terms of use, including w excessive querying of the WHOIS database or for failure to otherwise abide by these terms of use. Network Sol right to modify these terms at any time.



Back to top | About Us | Partnerships | Customer Service | Site Map

Home    Register    Host Your    Create a    Buy    Promote    Grow Your    Transfer    Renew    Accou
          a Domain    Web Site    Web Site    E-mail    Your Site    Business    Your Domains    Services    Manac

Review our Policies, Service Agreement, and Legal Notice
© Copyright 2005 Network Solutions. All rights reserved.

00354

# EXHIBIT Z

# Network**Solutions**



## WHOIS Search Results

> **WANT A DOMAIN NAME THAT'S ALREADY REGISTERED?**
> **Use our Backorder service**
>   **to get that name as soon as it expires.**      **» TRY IT NOW**

**Join Us in Supporting Those Affected by Hurricane Katrina**

## WHOIS Record For

**vanscoydiamondmine.com**

Certified Offer Service - Make an offer on this domain
Backorder - Try to get this name when it becomes available
SSL Certificates - Make this site secure
Site Confirm Seals - Become a trusted Web Site

Whois Server Version 1.3

Domain names in the .com and .net domains can now be registered
with many different competing registrars. Go to http://www.internic.net
for detailed information.

Domain Name: VANSCOYDIAMONDMINE.COM
Registrar: TUCOWS INC.
Whois Server: whois.opensrs.net
Referral URL: http://domainhelp.tucows.com
Name Server: NS1.SCOY.NET
Name Server: NS2.SCOY.NET
Status: ACTIVE
Updated Date: 11-jul-2005
Creation Date: 12-jul-2002
Expiration Date: 12-jul-2006

>>> Last update of whois database: Wed, 2 Nov 2005 02:19:09 EST <<<
NOTICE: The expiration date displayed in this record is the date the

**View Order**

**BUY THE AVAILABLE
EXTENSIONS
FOR THIS DOMAIN NAME**

vanscoydiamo... ☑ .net
vanscoydiamo... ☑ .org
vanscoydiamo... ☑ .info
vanscoydiamo... ☑ .biz
vanscoydiamo... ☑ .tv
vanscoydiamo... ☑ .us
vanscoydiamo... ☑ .cc
vanscoydiamo... ☑ .ws
vanscoydiamo... ☑ .bz
vanscoydiamo... ☑ .vg
vanscoydiamo... ☑ .gs
vanscoydiamo... ☑ .tc
vanscoydiamo... ☑ .ms

Continue »

**SEARCH AGAIN**

**Enter a search term:**

e.g. networksolutions.com

EXHIBIT Z

registrar's sponsorship of the domain name registration in the registry is currently set to expire. This date does not necessarily reflect the expiration date of the domain name registrant's agreement with the sponsoring registrar. Users may consult the sponsoring registrar's Whois database to view the registrar's reported date of expiration for this registration.

TERMS OF USE: You are not authorized to access or query our Whois database through the use of electronic processes that are high-volume and automated except as reasonably necessary to register domain names or modify existing registrations; the Data in VeriSign Global Registry Services' ("VeriSign") Whois database is provided by VeriSign for information purposes only, and to assist persons in obtaining information about or related to a domain name registration record. VeriSign does not guarantee its accuracy. By submitting a Whois query, you agree to abide by the following terms of use: You agree that you may use this Data only for lawful purposes and that under no circumstances will you use this Data to: (1) allow, enable, or otherwise support the transmission of mass unsolicited, commercial advertising or solicitations via e-mail, telephone, or facsimile; or (2) enable high volume, automated, electronic processes that apply to VeriSign (or its computer systems). The compilation, repackaging, dissemination or other use of this Data is expressly prohibited without the prior written consent of VeriSign. You agree not to use electronic processes that are automated and high-volume to access or query the Whois database except as reasonably necessary to register domain names or modify existing registrations. VeriSign reserves the right to restrict your access to the Whois database in its sole discretion to ensure operational stability. VeriSign may restrict or terminate your access to the Whois database for failure to abide by these terms of use. VeriSign reserves the right to modify these terms at any time.

The Registry database contains ONLY .COM, .NET, .EDU domains and Registrars.
The previous information has been obtained either directly from the registrant or a registrar of the domain name other than Network Solutions. Network Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record

| | |
|---|---|
| **Current Registrar:** | TUCOWS INC. |
| **Record Type:** | Domain Name |
| **Server Type:** | Indeterminate |
| **Lock Status:** | ACTIVE |
| **DMOZ** | no listings |
| **Y! Directory:** | see listings |
| **Secure:** | No |
| **E-commerce:** | No |

**Search by:**
- ◉ **Domain Name**
- ○ **NIC Handle**
- ○ **IP Address**

[ Search ]

**RELATED CATEGORIES**

**Diamond Mine**
**Bejeweled Games**
**Mind Game**
**Bejeweled & Alchemy**
**Yahoo Games Chuzzle**

**Yahoo Gem Drop**
**Yahoo Bejeweled**
**Bejeweled Cell Phone**
**Yahoo Games.com Text Twist**
**Yahoo Super Bounce Out**

**POPULAR CATEGORIES**

**Travel**
**Car Rental**
**Hotels**
**Airline**

**Financial Planning**
**Debt**
**Credit Cards**
**Loans**

**Business and Finance**
**Affiliate Program**
**Student Loans**
**Stocks**

**Traffic Ranking:**    Not available
**Data as of:**    14-Jun-2005



**Get a Web Site Fast and Easy**
Our hosting packages gets you started with a Web site and a FREE domain.





**Search Through Thousands of Expired Domains**
Don't miss your chance to find a domain name you want. Place a Backorder on an expired domain name today.

Go ≫



Secure Your Site with an SSL Certificate

© Copyright 2005 Network Solutions. All rights reserved.

# EXHIBIT AA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUTOZONE, INC. and AUTOZONE    )
PARTS, INC.    )
    )
         Plaintiffs    )
    )
        v.    )  Civil Action No. No. 04-103-SLR
    )
TRI-STATE AUTO OUTLET, INC.  and  )
ROBERT MOSEDER    )
    )
        Defendants  )

## ORDER

Pursuant to the uncontested motion filed by Plaintiffs AutoZone, Inc. and AutoZone Parts, Inc., and the Court have been advised as to the premises, it is hereby ORDERED, ADJUDGED and DECREED that the Opinion and Judgment entered in Defendants' favor in the above-captioned civil action on June 7 and 8, 2005, respectively, is hereby vacated.

SO ORDERED at Wilmington, Delaware, this 25th day of _October_, 2005.

_____
United States District Judge

EXHIBIT AA

# EXHIBIT BB

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

WAYNE VAN SCOY,                                     :
                                               :
   Plaintiff and                     :
   Counterclaim-Defendant,           :
                                               :
      v.             :
                                               :
VAN SCOY DIAMOND MINE OF                            :     Case No. 05-108 (KAJ)
DELAWARE, INC., a Delaware Corporation              :
KURT VAN SCOY, and DONNA VAN SCOY,                  :
                                               :
   Defendants and                    :
   Counterclaim-Plaintiff.           :

## DEFENDANTS' AMENDED AND SUPPLEMENTAL
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure Defendants Van Scoy

Diamond Mine of Delaware, Inc., Kurt Van Scoy, and Donna Van Scoy hereby supplement their

7 June 2005 responses to plaintiff's first set of interrogatories.


## GENERAL OBJECTIONS

1.     Plaintiff's first set of interrogatories is defective and, hence, invalid, as it fails to

comply with Fed. R. Civ. P. 33.

2.      Defendants object to each and every interrogatory in its entirety to the extent it

seeks information that is not relevant to the subject matter of this litigation and is not reasonably

calculated to lead to the discovery of admissible evidence.

3.      Defendants object to each and every interrogatory to the extent it calls for

information that could have been obtained more efficiently by other means of discovery.

EXHIBIT BB

94214.90101

this interrogatory once defendants' trial plans are more complete. Use of the mark at issue by numerous third parties without licensure or control by plaintiff has resulted in the mark becoming generic or merely descriptive and in event not capable of being protected.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete; see documents D000038; D000039 and D000044 through D000057.

iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)     Kurt Van Scoy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8.      With respect to Defendants' Seventh Affirmative Defense alleging that "Plaintiff claims are barred by the doctrine of laches,"

i)   state all of Defendants' contentions for why Plaintiffs claims are allegedly barred by the doctrine of laches,

ii)  state all facts,

iii) identify all documents and things in support thereof and

iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Defendants' commenced use of the mark at issue sufficiently long ago with plaintiff's knowledge that the period for laches as long since expired.

ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Defendants' commence use of the mark at issue sufficiently long ago with plaintiff's knowledge that the period for laches as long since expired.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  See the response to plaintiff's request for production of documents number 11.

iv) Kurt Van Scoy

*************************

Defendants' Supplemental Response:

i)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    See above.

**************************************************

9.    With respect to Defendants' Eighth Affirmative Defense alleging that "Plaintiff's claims are barred by the doctrine of estoppel,"

i) state all of Defendants' contentions for why Plaintiffs claims are allegedly barred by the doctrine of estoppel,

ii) state all facts,

iii) identify all documents and things in support thereof and

iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Plaintiff has known of Defendants' use of the mark at issue for many, many years and has not, until November 2004, objected in any manner to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction and silent respecting Defendants' ongoing use of the mark at issue.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

iv)    See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

13.    With respect to the Affirmative Defenses of Defendant Kurt Van Scoy and Defendant Donna Van Scoy stating that "to the extent any actions by defendants Kurt and/or Donna Van Scoy are actionable, responsibility for any liability growing out thereof is that of defendant Van Scoy Diamond Mine, Inc., and not that of Kurt Van Scoy and/or Donna Van Scoy,"

> i)   state all contentions and bases for alleging that Kurt Van Scoy and/or Donna Van Scoy are not personally liable for any alleged acts of Van Scoy Diamond Mine of Delaware, Inc., and
>
> ii)  state all facts,
>
> iii) identify all documents and things in support thereof and
>
> iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

> i)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  At all times actions by Defendant Kurt Van Scoy and Defendant Donna Van Scoy have been as employees of Van Scoy Diamond Mine of Delaware, Inc. and not acting on their own.
>
> ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  At all times actions by Defendant Kurt Van Scoy and Defendant Donna Van Scoy have been as

22

employees of Van Scoy Diamond Mine of Delaware, Inc. and not acting on their own.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.

iv) Kurt Van Scoy

*************************

Defendants' Supplemental Response:

i)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    See above.

*************************************************

14.    With respect to Defendant Van Scoy Diamond Mine of Delaware, Inc.'s First and Second Counterclaims alleging that United States Trademark Registration No. 1,140,711 and United States Service Mark Registration No.1,140,958 marks are invalid,

i)  state all of Defendant's contentions for why the marks are allegedly invalid,

ii)  state all facts,

iii)  identify all documents and things in support thereof and

iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

We, the undersigned, hereby declare under 18 United States Code 1001 and penalty of perjury that all answers given above are true and correct to the best of our knowledge, information and belief.

_____
Kurt Van Scoy

_____
Donna Van Scoy

_____
Kurt Van Scoy, President
Van Scoy Diamond Mine of Delaware, Inc.


As to objections:

_____
Charles N. Quinn
Fox Rothschild LLP


Attorneys for Defendants and
Counterclaim Plaintiff

PH2 231578v1 06/22/05 5:22:13 PM                                              94214.90101

## CERTIFICATE OF SERVICE

I , the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

## **DEFENDANTS AMENDED AND SUPPLEMENTAL**
## <u>RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

<u>MP@IPLaw-Petock.com</u> and

mfpetock@comcast.net

and on John G. Day, Esquire,as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire**
**Michael F. Petock, Esquire**
**Petock & Petock LLC**
**4 The Commons at Valley Forge**
**1220 Valley Forge Road**
**P.O. Box 856**
**Valley Forge, PA  19482-0856**

and

**John G. Day, Esquire**
**Ashby & Geddes**
**222 Delaware Avenue, 17th Floor**
**P.O. B1150**
**Wilmington, DE 19899**

FOX ROTHSCHILD LLP

Charles N. Quinn

22 June 2006
(date)