## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
| Plaintiff and | ) | Case No. 05-108 (KAJ) |
| Counterclaim-Defendant, | ) | |
| | ) | **PUBLIC VERSION** |
| v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | |
| DELAWARE, INC., a Delaware corporation, | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

**ANSWERING BRIEF OF DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, KURT VAN SCOY & DONNA VAN SCOY TO PLAINTIFF WAYNE VAN SCOY'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' LACHES, ACQUIESCENCE AND ESTOPPEL DEFENSES**

FOX ROTHSCHILD, LLP

By: ___*/s/ Sharon Oras Morgan (#4287)*___
Sharon Oras Morgan
919 North Market Street
Suite 1300
Wilmington, DE 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920
E-mail: smorgan@foxrothschild.com
*Attorneys for Defendants and*
*Counterclaim Plaintiffs*

OF COUNSEL:

Charles N. Quinn Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2135
Facsimile: (215) 299-2150

Dated: December 5, 2005
Public Version Filed: December 12, 2005

WM1A 69385v1 12-12-05

# TABLE OF CONTENTS

**Page**

ii.   TABLE OF AUTHORITIES ............................................................. ii

I.    NATURE AND STAGE OF PROCEEDINGS ......................................... 1

II.   SUMMARY OF ARGUMENT ........................................................... 2

III.  STATEMENT OF FACTS .............................................................. 3

IV.   ARGUMENT ............................................................................ 6

      A.   Legal Standard ............................................................. 6

      B.   Summary Judgment On The Laches And Acquiescence Defenses Is
      Inappropriate Because Plaintiff, The Moving Party, Is Not Entitled
      To Judgment As A Matter of Law ...................................... 7

             1.   Laches ................................................................ 7

             2.   Acquiescence ..................................................... 9

             3.   Trademark Dilution and Confusion ..................... 11

      C.   Plaintiff's Analysis of the Prejudice Suffered By Defendants Ignores
      The Facts And The Law ................................................... 16

      D.   The Theory Of Progressive Encroachment Has No Impact On
      Plaintiff's Inexcusable Delay............................................. 17

      E.   Plaintiff Is Estopped From Bringing This Action ...................... 18

IV.   CONCLUSION ....................................................................... 19

# TABLE OF AUTHORITIES

**Page**

Analytic Recruiting, Inc. v. Analytic Resources, LLC
156 F.Supp.2d 499, 519 (2001) ........................................................ 18

Dawn Donut Company v. Hart's Food Stores, Inc.
267 F.2d 358, 365 (2nd Cir.1959) .................................................... 13

First Keystone Federal Savings Bank v. First Keystone Mortgage, Inc.
923 F.Supp. 693, 702 (E.D.Pa. 1996) .............................................. 9

GTE Corp. v. Williams, 649 F.Supp.
649 F.Supp. 164, 175-76 (D.Utah1986), aff'd, 904 F.2d 536 (10thCir.1990) ............. 9

Holiday Inns of America, Inc. v. B&B Corp.
409 F.2d 614 (3d Cir. 1969) ............................................................ 11

Jenn-Air Corp. v. Penn Ventilator Co.
464 F.2d 48, 49-50 (3d Cir. 1972) .................................................... 18

Johanna Farms, Inc. v. Citrus Bowl, Inc.
468 F.Supp. 866 (E.D.N.Y. 1978) .................................................... 13

Johnson v. Cullen
925 F.Supp. 244 (D. Del. 1996) ....................................................... 7

Kason Industries, Inc. v. Component Hardware Group, Inc.
120 F.3d 1199, 1206 (11th Cir.1997) ............................................... 18

Lopez v. S.B. Thomas, Inc.
831 F.2d 1184, 1187 (2d Cir. 1987) .................................................. 7

New Dana Perfumes Corp. v. The Disney Store
131 F.Supp.2d 616, 632 (M.D. Pa. 2001) ......................................... 12

Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc.
143 F.3d 800, 804 (3rd Cir. 1998) .................................................... 7

Profitness Phys. Therapy Ctr. v. Pro-Fit Orthopedic & Sports Phys. Therapy
314 F.3d 62, 70 (2nd Cir. 2002) ....................................................... 8

University of Pittsburgh v. Champion Products Inc.
686 F.2d 1040, 1045 (3d Cir.1982) .................................................. 18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

## ANSWERING BRIEF OF DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, KURT VAN SCOY & DONNA VAN SCOY TO PLAINTIFF WAYNE VAN SCOY'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' LACHES, ACQUIESCENCE AND ESTOPPEL DEFENSES

## I.    NATURE AND STAGE OF PROCEEDING

This suit for trademark infringement was brought by the Plaintiff, Wayne Van Scoy ("Plaintiff" or "Wayne Van Scoy"), under the incorrect assumption that Plaintiff has a valid, registered trademark and that his brother and sister-in-law, Kurt Van Scoy and Donna Van Scoy, through the company Van Scoy Diamond Mine of Delaware, Inc., ("Defendants") have wrongfully used that trademark. Discovery closed in this case on October 7, 2005; however, the parties have exchanged supplemental discovery responses since the filing of dispositive motions on November 1, 2005. On December 1, 2005, the Court entered a Stipulated Order, granting an extension until Monday, December 5, 2005 to file answering briefs, and until December 29, 2005, to file reply briefs.

## II.    SUMMARY OF ARGUMENT

1.    Plaintiff's Motion for Summary Judgment on Defendants' laches, acquiescence and estoppel defenses should be denied because Plaintiff's recitation and interpretation of the material facts are fundamentally flawed.

2.    First, a review of the evidence could not lead anyone to reasonably conclude that Plaintiff Wayne Van Scoy felt he had no reason to bring this action before July of 2004.  It is undisputed that Plaintiff Wayne Van Scoy, a 43 year old business owner knew since at least 1996 that Defendants opened a store under the name "Van Scoy Diamond Mine" (the "Delaware Store").

3.    Wayne Van Scoy admitted in his deposition that he considered his brother, Kurt Van Scoy's operation of that store an infringement on the trademark he alleges to own, and that he had several conversations with Kurt Van Scoy, over a period of years, about his operation of the Delaware Store.

4.    Because he cannot deny knowledge of operation of the Delaware Store over the past 11 years, Plaintiff Wayne Van Scoy now attempts to avoid the affirmative defenses of laches, acquiescence and estoppel by arguing that no infringement occurred until Plaintiff became aware in 2004 of the Delaware Store's establishment of a web site (the "Web Site").

5.    Aside from the fact that this argument is contrary to Wayne Van Scoy's own testimony that he spent years accusing Kurt of infringement, Plaintiff's assertion that he did not know about the Web Site until July of 2004 is not only irrelevant, it is erroneous.  In August or September of 2003, Wayne Van Scoy made a comment to Defendant Kurt Van Scoy that he saw the website and he thought it was impressive.

6.    As for the argument that there is a "licensee ready to move into Defendants'
infringing territory," ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████

8.    Wayne Van Scoy knew about Kurt's operation of the Delaware Store since at
least 1996, yet took no action until 2005.  Through his own silence and other affirmative acts
Wayne Van Scoy is estopped from asserting claims against Kurt Van Scoy.

9.    Additionally, for the reasons set forth in Defendants' Motion for Summary
Judgment, incorporated herein by reference, Summary Judgment in Defendants' favor is
appropriate.

10.    Finally, for reasons set forth more fully in Defendants' Answering Brief in
Response To Plaintiff's Motion for Summary Judgment of Infringement and Willful
Infringement by Defendants and Defendant's Answering Brief in Response to Plaintiff's Motion

for Summary Judgment Against Defendants Claims of Invalidity and Abandonment which are incorporated herein by response, Plaintiff has no valid trademark to enforce.

## III.    STATEMENT OF FACTS

It is undisputed that Plaintiff Wayne Van Scoy has known of Defendants' use of the name "Van Scoy Diamond Mine" since at least 1996. (See Exhibit "A", A1-A2 at 116:19-22; see also 117:12-23). It is also undisputed that Plaintiff believed Defendants were infringing upon his alleged trademark, as evidenced by Plaintiff's testimony that:

A.    I told him, you're using that name. You have no right to use that name. You're not paying anything for it. Many a times.

By Mr. Quinn:

Q.    When was the first time you told him that?

. . . . . . . . . . . . . . . . . . . .

A.    Had to be - - let's see. I was using it in '96, '98. Since 2001, whenever we might have made phone conversations of my parents' health and stuff.

(See Exhibit "A", A1 at 116:8-22)

The testimony of Plaintiff's girlfriend, Jacqueline Savoca, corroborates Plaintiff's knowledge of Defendant's use of the mark. Ms. Savoca testified that those conversations started taking place around 2000. (See Exhibit "B", B1 at 27:1-9) She also testified those conversations took place over several years. (See Exhibit "B", B2 at 37:2-12).

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████



████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████

## IV.    ARGUMENT

### A.    <u>Legal Standard</u>

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment may only be granted if there is no dispute on any genuine issue of material fact. A Court cannot decide disputed issues of fact, but instead must address whether any factual issues exist, and resolve any ambiguities or inferences against the moving party. *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir. 1987). If the facts are undisputed and the issues presented are legal, rather than factual, the case may well be suited for resolution by judgment as a matter of law. *Johnson v. Cullen*, 925 F.Supp. 244, 247 (D. Del. 1996).

### B.    Summary Judgment On The Laches And Acquiescence Defenses Is Inappropriate Because Plaintiff, The Moving Party, Is Not Entitled To Judgment As A Matter Of Law

#### 1.    Laches

Plaintiff incorrectly relies on the case of *Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc.*, 143 F.3d 800, 804 (3rd Cir. 1998), in support of his argument that there is no evidence to prove inexcusable delay and that no prejudice has been suffered. Such reliance is misplaced for three reasons: 1) as set forth in Defendants' motion for summary judgment incorporated herein by reference, a presumption of inexcusable delay and prejudice exists once a statute of limitations expires; 2) the three year statute of limitations has passed; and, 3) there is evidence to show undue delay on the part of Plaintiff and prejudice to the Defendants.

The Cease and Desist letter served on Defendants by Plaintiff's counsel plainly indicates that Plaintiff views Defendants' operation of the Delaware Store to be an act of infringement. That letter notes that it "is important that you stop all use immediately as Mr. Wayne Van Scoy intends to have a franchise moving into your area." (See copy of Cease and Desist Letter attached hereto as Exhibit "E"). Additionally, the Complaint filed in this action does not allege that the Web Site is the sole act of infringement that gives rise to Plaintiff's cause of action. Rather, the Complaint alleges at paragraph 20 that "to the great detriment of Plaintiff, the Defendants have begun rendering jewelry store services and the selling of diamonds, precious stones and jewelry under the mark "VAN SCOY DIAMOND MINE" and names substantially identical thereto." Paragraph 27 of the Complaint provides that "[o]n information and belief, Defendants have used in the past and use the mark "VAN SCOY DIAMOND MINE" as signage on Defendants' retail jewelry store in Newark, Delaware."

Plaintiff cites to the case of *Profitness Phys. Therapy Ctr. v. Pro-Fit Orthopedic & Sports Phys. Therapy*, 314 F.3d 62, 70 (2nd Cir. 2002) in support of the proposition that a "plaintiff should not be obligated to sue until its right to protection has ripened such that plaintiff knew or should have known, not simply that defendant was using the potentially offending mark, but that plaintiff had a provable infringement claim against defendant." Plaintiff Wayne Van Scoy testified that he had conversations with Kurt Van Scoy, over a course of years, about his use of the name "Van Scoy Diamond Mine". Plaintiff testified that his brother Kurt Van Scoy has used the name without paying him a royalty.

To the contrary, Wayne's comments to Kurt amounted to nothing more than mere complaints. "I told him, you're using that name. You have no right to use that name. You're not paying anything for it. Many a times." (See Exhibit "A", A12 at 116:8-10; see also Exhibit "B", B3 at 38:4-13). This is significant because it demonstrates that Defendants, the alleged infringers, received ambiguous notice from Wayne Van Scoy and reasonably assumed that any objections were withdrawn. *See First Keystone Federal Savings Bank v. First Keystone Mortgage, Inc.*, 923 F.Supp. 693, 702 (E.D.Pa. 1996) Because Plaintiff was aware of Defendants' use of the name and efforts to develop goodwill and recognition for several years, yet took no action, prejudice may be found because Defendants reasonably relied on Plaintiff's inaction in conducting its business. *Id. See also GTE Corp. v. Williams*, 649 F.Supp. 164, 175-76 (D.Utah 1986), *aff'd*. 904 F.2d 536 (10th Cir. 1990).

To the extent Plaintiff is attempting to argue that he is not culpable of laches or acquiescence because the alleged infringement changed in magnitude once he learned of the web site, such argument lacks merit. First and foremost, the evidence shows that only one sale was realized from the Web Site, which was made to an acquaintance of Kurt Van Scoy. There is no evidence that the Web Site has otherwise been of any benefit to Defendants. Further, there is no evidence that the web site has lured any customers away from Wayne Van Scoy's store, or has otherwise created any type of increase in Defendants' sales. Also, the fact that Wayne Van Scoy was unhappy with the operation of the Delaware Store over a course of years, casts serious doubt on any change in magnitude theory. *See First Keystone* at 702.

2.        **Acquiescence**

Not only does the evidence show that Plaintiff inexcusably delayed and that such delay resulted in prejudice, it also supports a finding of affirmative acquiescence on the part of Plaintiff Wayne Van Scoy.  In 1996 Wayne Van Scoy made a ring for Defendants, and he was paid for his services. (See Exhibit "F", F1 at 32:1-33:1).  More significantly, however, in 2002, a year after Wayne Van Scoy allegedly obtained a trademark, Wayne Van Scoy faxed a cover sheet to Defendants, with a handwritten note, that reads, "Hi.  How is the family?  I hope very good. Please call the company and ship statements to you.  Thank you." (See Facsimile Transmittal form attached hereto as Exhibit "G").  This note was faxed from Wayne to advise Defendants that a company with whom Defendants do business mistakenly sent a statement to the Delaware Store. (See Exhibit "F", F1 at 32:10-33:5)

This acquiescence is similar to that found in the case of *First Keystone, supra.*  In *Keystone*, the Court held that plaintiff First Keystone Federal Savings Bank acquiesced in the name of defendant, First Keystone Mortgage, Inc.  Although plaintiff First Keystone Federal Savings Bank objected to the name of defendant First Keystone Mortgage, Inc., the court found that the fact that plaintiff forwarded mail and phone calls to defendant was evidence of affirmative acquiescence.  *Keystone* at 703.  The court noted that at "no point did [p]laintiff ever indicate in one of its transmittal letters that it viewed the misdirection as evidence of confusion or used that opportunity to request [d]efendant change its name. *Id.*  In this way, it can be seen that [p]laintiff acquiesced and indeed, aided [d]efendant's use of the First Keystone name." *Id.* The transmittal letter from Plaintiff Wayne Van Scoy to Defendant Kurt Van Scoy is devoid of any effort to request that Defendants stop using or change the name of the Delaware Store. (See Exhibit "G").  To the contrary, that fax transmittal sends regards to the family.

Moreover, as reflected in the Affidavit of Kurt Van Scoy, Wayne Van Scoy acknowledged in 2003 that he had seen the Web Site, and complimented Kurt on its appearance. ( See Affidavit of Kurt Van Scoy attached hereto as Exhibit "H")  Since his alleged ownership of the mark, Plaintiff Wayne Van Scoy has not only failed to take steps to stop Defendants' alleged actionable conduct, he affirmatively acquiesced their use of the name.  Plaintiff argues that implicit in a finding of the laches and acquiescence defenses is the presumption that any underlying claim for infringement existed at the time at which the Court begins to measure Plaintiff's delay. (Plaintiff's brief at pg. 11).  As addressed more fully in Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment of Infringement and Willful Infringement by Defendants being contemporaneously filed herewith, all evidence points to the conclusion that Plaintiff does not own the federally registered trademark that he attempts to enforce in this action.  At a minimum, a genuine issue of material issue of fact exists as to what, if anything, Wayne Van Scoy obtained through Thomas Van Scoy Senior's bankruptcy. Defendants assert that Plaintiff holds no trademark enforceable against Defendants.  However, in the event this Court does find that Plaintiff did at one time have an underlying claim for infringement, Defendants assert that such claims are barred by the doctrines of laches and acquiescence, for the reasons set forth above and in Defendants' Motion for Summary Judgment.

### 3.     Trademark Dilution and Confusion

Plaintiff's argument that discovery of the Web Site was the event to trigger the need for injunctive relief is utterly baseless.  The case of *Holiday Inns of America, Inc. v. B&B Corp.*, 409 F.2d 614 (3d Cir. 1969), cited by Plaintiff in support of that premise is outdated and irrelevant,

In the Complaint filed in this matter, Plaintiff alleges that Plaintiff's "mark has become a famous mark". (Complaint at Para. 17). Under the Federal Trademark Act:

> The owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as a the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark **has become famous** (emphasis added) and causes dilution of the distinctive quality of the famous mark, and to obtain such relief as is provided in this section ….

15 U.S.C. § 1125(c)(1). To establish a *prima facie* case of trademark dilution under § 1125, a plaintiff must establish that: (1) it is owner of a mark that qualifies as a famous mark; (2) defendant is making commercial use in interstate commerce of mark or trade name; (3) defendant's use began after plaintiff's mark became famous; and, (4) defendant's use causes dilution by lessening capacity of plaintiff's mark to identify and distinguish goods and services. *See New Dana Perfumes Corp. v. The Disney* Store, 131 F.Supp.2d 616, 632 (M.D. Pa. 2001). Dilution by blurring occurs where defendant uses or modifies plaintiff's trademark to identify plaintiff's goods and services, raising the possibility that the mark will lose its ability to serve as a unique identifier of plaintiff's product. *Id at* 632-33.

Section 1125 of the Lanham Act was enacted in 1999, thirty years after the ruling in *Holiday Inns,* and provides a basis for injunctive relief in instances where Plaintiff is trying to protect a famous mark. By Plaintiff's own pleading, it is clear that the allegation "Van Scoy Diamond Mine" is a famous mark would, by statute, have given Wayne Van Scoy a basis to seek injunctive relief at the time he allegedly obtained ownership of the federal registration for the mark in 2001. Also, Wayne Van Scoy testified that the name "Van Scoy Diamond Mine" is famous up and down the East Coast by virtue of stock car races that took place in 1968. (See Exhibit "I", 11-12 at 88:10-89:13) Assuming, *arguendo,* plaintiff owned a famous mark based

upon the 37 year old car race. Plaintiff certainly had a basis to seek injunctive relief prior to 2005.

Not only has Plaintiff pleaded that the mark is famous, he has also alleged that the federal registration for the mark represents superior quality, and that he has been damaged by Defendants' "inferior jewelry, precious stones and retail store services". (Complaint at Para. 34). The alleged infamy of the mark and alleged inferior quality of Defendants' business would have existed before the advent of the Web Site. Further, Plaintiff has not introduced a scintilla of evidence to support the assertion that Defendant's jewelry, precious stones and retail store services are inferior to that of the Plaintiff's.

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████ However, Wayne Van Scoy first considered operating in Delaware prior to 2002. Further, Plaintiff admits that he has desired for years to license the mark "Van Scoy Diamond Mine" throughout the country. (See Plaintiff's Brief at 15).

Similarly, Plaintiff cites to *Johanna Farms, Inc. v. Citrus Bowl, Inc.*, 468 F.Supp. 866 (E.D.N.Y. 1978) and *Dawn Donut Company v. Hart's Food Stores, Inc.*, 267 F.2d 358, 365 (2nd Cir. 1959), to support the proposition that no basis for an infringement suit exists until "the likelihood of public confusion looms large." However, *Johanna Farms* and *Dawn Donut* predate § 1125 of the Lanham Act, and do not account for Plaintiff's own assertion that he owns a famous mark, which allegedly is being damaged by Defendants' "inferior" products and services





**C.    Plaintiff's Analysis of the Prejudice Suffered by Defendants Ignores the Facts And the Law**

As briefed more fully in Defendants' Motion for Summary Judgment on Laches, incorporated herein by reference, the passing of the applicable statute of limitations creates a presumption of prejudice to Defendants. Separate and apart from that legal analysis, however, ample evidence exists to document prejudice suffered by Defendants as a result of Plaintiff's inexcusable delay in bringing this action.

These expenses are a culmination of continued efforts by Defendants, Kurt and Donna Van Scoy, over a period of 10 years, to re-build the name and reputation of the store. The testimony of Kurt Van Scoy reveals that he endured years of addressing disgruntled customers

who had negative experiences in dealing with Kurt's father when he ran the store in Delaware and subsequently filed bankruptcy. (See Exhibit "K", K1-K2 at 71:11-72:2). As a consequence of years of efforts to develop the reputation and good will, Defendants have developed their own customer base and have realized an increase in business over a series of years, as reflected by an increase in gross receipts. ( See Exhibit "J). The fact that the Defendants have been able to rebuild a bankrupt business and continue to run it for 11 years, including 2001 through the present, is a testament to their ongoing efforts to cultivate and maintain their reputation.

D.    **The Theory of Progressive Encroachment Has No Impact on Plaintiff's Inexcusable Delay**

Plaintiff is arguing that Defendants' use of the alleged trademark changed so dramatically with the advent of the Web Site that the statute of limitations started to run again once Wayne Van Scoy found out about the Web Site. The evidence shows that the Web Site has had no impact on either Wayne Van Scoy's or Defendants' business. There is nothing in the record to even remotely suggest that the Web Site causes any type of heightened competition. To the contrary, the Web Site has resulted in only one sale. That sale involved an individual that Kurt Van Scoy already had a personal relationship with. There is no evidence that people from Wilkes-Barre or the surrounding area have ever seen the Web Site, or even made any inquiries to the Delaware Store. Further, aside from the Web Site, which Wayne Van Scoy knew about at least as far back as 2003, Defendants' business has not changed in any substantial way since it started operation in 1994. The showroom has been expanded and some showcases were added. Otherwise, Defendants have at all times engaged in the same retail jewelry business.

"Though courts typically discuss encroachment as an excuse for delay ... the doctrine significantly overlaps the courts' inquiry into when delay begins .... Delay is to be measured

from the time at which the plaintiff knows or should know that she has a provable claim for infringement." *Kason Industries, Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1206 (11th Cir.1997). For the reasons set forth above, Plaintiff could have brought a claim for infringement back in 2001. The existence of web-based advertising did not act to change Defendants' use of the name or the type of business in which they engage, and it has no bearing on the fact that Plaintiff waited too long to bring this action.

### E.    Plaintiff is Estopped From Bringing This Action

Estoppel is an equitable defense left to the sound discretion of the district court. *University of Pittsburgh v. Champion Products Inc.*, 686 F.2d 1040, 1045 (3d Cir.1982). Its application is inextricably bound up with the nature and quality of the plaintiff's claim on the merits. *Id.* at 1044; *See also Analytic Recruiting, Inc. v. Analytic Resources, LLC*, 156 F.Supp.2d 499, 519 (2001). A finding of laches in effect works an equitable estoppel barring all relief and requires a showing of both delay and prejudice. *Jenn-Air Corp. v. Penn Ventilator Co.*, 464 F.2d 48, 49-50 (3d Cir. 1972). As set forth above, Wayne Van Scoy's inexcusable delay is supported by the evidence in this case. Moreover, by waiting too long to bring this suit, Plaintiff allowed Defendants to spend considerable time, effort and expense in advertising, cultivating and maintaining the reputation of the Delaware Store and the name under which it trades. Plaintiff has shown absolutely no basis as to why he should have waited to bring suit, and Defendants should not be punished as a result through a finding of prospective injunctive relief.

Additionally, the length of time Plaintiff waited in bringing this suit is relevant to this Court's finding of equitable estoppel. As set forth in Defendants' Motion for Summary Judgment, Plaintiff's delay caused the relevant statute of limitations to pass. "Our recent cases have held that where the 'plaintiff sleeps on his rights for a period of time greater than the

applicable statute of limitations', the burden of proof shifts to the plaintiff to prove the absence

of such prejudice to the defendant as would bar all relief." *See Champion Products* at 1044.

Plaintiff has failed to prove that Defendants have not suffered any prejudice. Moreover,

Plaintiff has failed to show that Plaintiff did not mislead Defendants through affirmative acts of

misconduct. As set forth in Exhibit "G", Plaintiff faxed a note to Defendants in 2002, asking

them to advise a vendor to redirect invoices, and sending his regards to the family. In 2003 he

complimented Kurt Van Scoy on the Web Site. Those acts, in combination with his failure to

take any action to stop the purported infringement, all amount to affirmative acts that would lead

Defendants to conclude that no basis existed to not continue to do business.

## V.     CONCLUSION

Plaintiff cannot prove, as a matter of law, that his delay in bringing this suit is barred by

the equitable doctrines of laches, acquiescence and estoppel. Accordingly, Plaintiff's Motion for

Summary Judgment should be denied.

**FOX ROTHSCHILD, LLP**

By:     */s/ Sharon Oras Morgan*
          Sharon Oras Morgan (#4287)
          919 North Market Street
          Suite 1300
          Wilmington, DE 19801
          Telephone: (302) 622-4246
          Facsimile:  (302) 656-8920
          E-mail: smorgan@foxrothschild.com
          *Attorneys for Defendants and*
          *Counterclaim Plaintiffs*

OF COUNSEL:

Charles N. Quinn Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2135
Facsimile:  (215) 299-2150

Dated: December 5, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WAYNE VAN SCOY,                              )
                                             )
    Plaintiff and                        )
    Counterclaim-Defendant,              )
                                             )
        v.                          )
                                             )
VAN SCOY DIAMOND MINE OF                     )    Case No. 05-108 (KAJ)
DELAWARE, INC., a Delaware corporation,      )
KURT VAN SCOY, and DONNA VAN SCOY,           )
                                             )
    Defendants and                       )
    Counterclaim-Plaintiffs.             )

**APPENDIX TO
REPLY OF DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE,
KURT VAN SCOY & DONNA VAN SCOY TO PLAINTIFF WAYNE VAN SCOY'S
MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS'
LACHES, ACQUIESCENCE AND ESTOPPEL DEFENSES**

                       **FOX ROTHSCHILD, LLP**

By:    ***/s/ Sharon Oras Morgan***
        Sharon Oras Morgan (#4287)
        919 North Market Street
        Suite 1300
        Wilmington, DE 19801
        Telephone: (302) 622-4246
        Facsimile:   (302) 656-8920
        E-mail: smorgan@foxrothschild.com
        *Attorneys for Defendants and*
        *Counterclaim Plaintiffs*

OF COUNSEL:
Charles N. Quinn Esquire
Fox Rothschild, LLP
2000 Market Street, 10th Floor
Philadelphia, PA 19103
Telephone: (215) 299-2135
Facsimile:  (215) 299-2150

Dated: December 5, 2005
Public Version Filed: December 12, 2005

# TABLE OF CONTENTS

**Page**

Exhibit A- Deposition Transcript of Wayne Van Scoy dated August 17. 2005    A1- A12

Exhibit B- Deposition Transcript of Jacqueline Savoca dated September 30. 2005    B1-B3

Exhibit C- **Redacted**

Exhibit D- **Redacted**

Exhibit E- Letter from M. Petock to Kurt & Donna Van Scoy demanding
Cease and Desist    E1-E2

Exhibit F- 30(b)(6) Deposition Transcript of Kurt Van Scoy dated October 3. 2005    F1

Exhibit G- 2002 Facsimile Transmittal Letter to Kurt from Wayne dated 1/02    G1

Exhibit H- Affidavit of Kurt Van Scoy    H1-H4

Exhibit I- Deposition Transcript of Wayne Van Scoy dated October 4. 2005    I1

Exhibit J- **Redacted**

Exhibit K-Deposition Transcript of Kurt Van Scoy dated July 26. 2005    K1-K3