# EXHIBIT E

04/10/2001 14:13   17178260802   VAN SCOY DIA MINE   PAGE 02
JUN-04-01 05:09 PM   JOSEPH   MURRAY   EXPRESS MAIL CERTIFICATE   P.01

NO. EL840038641US

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| THOMAS VAN SCOY | : | |
| DEBTOR | : | NO.: 5-94-01241 |

### ORDER APPROVING AGREEMENT IN SETTLEMENT OF ADVERSARY PROCEEDINGS AND CONTESTED MATTERS, WITH RELEASES AND OTHER PROVISIONS

AND NOW this 4th day of _____, 2001, upon consideration and review of the Agreement In Settlement of Adversary Proceedings and Contested Matters; with Releases and Other Provisions; and after notice and a hearing, it is

ORDERED, that the Agreement in Settlement of Adversary Proceedings and Contested Matters, with Releases and Other Provisions is hereby APPROVED as an order of this Court and the parties are directed to comply with its terms; and it is further

ORDERED, that in Adversary No. 5-95-00347A, the order entered on September 16, 1999, denying the Debtor, Thomas Van Scoy his chapter 7 discharge is hereby VACATED; the Debtor shall receive a chapter 7 discharge by a separate order of this Court; and this adversary proceeding is hereby dismissed with prejudice; and it is further

E0001

TRADEMARK
REEL: 2307 FRAME: 0687

04/10/2001  14:13   17178268802         VAN SCOY DIA MINE           PAGE  03
JAN-04-01  05:10 PM  JOSEPH   MURRAY                                  P.02

ORDERED, that the order dated October 5, 1999, in the main bankruptcy case, allowing an administrative claim in the amount of $21,225.00 is hereby VACATED; and the motion filed by Thomas and Elizabeth Van Scoy seeking an administrative expense is hereby dismissed with prejudice; and it is further

ORDERED, that in Adversary No. 5-96-00180A, the judgment entered against Mr. and Mrs. Thomas Van Scoy in the amount of $146,683.43 is hereby VACATED; and the Complaint filed by the Trustee is hereby dismissed with prejudice; and it is further

ORDERED, that in Adversary No. 5-96-00196A, the order enjoining the use of the trademark "Van Scoy Diamond Mines" is hereby VACATED, except as to Richard and Betsy Williams, who are not parties to the Agreement; and any order requiring an accounting by any party is hereby VACATED, , except as to Richard and Betsy Williams, who are not parties to the Agreement; and any order of civil contempt is hereby VACATED, except as to Richard and Betsy Williams, who are not parties to the Agreement; and the Complaint is hereby dismissed with prejudice, except as to Richard and Betsy Williams, who are not parties to the Agreement; and it is further

ORDERED, in Adversary No. 5-95-00195A, the judgment against Richard and Betsy Williams shall not be VACATED, and the Complaint of the

2

E0002

TRADEMARK
REEL: 2307 FRAME: 0688

04/10/2001 14:13   17178260802            VAN SCOY DIA MINE            PAGE 04
JAN-04-01 05:10 PM   JOSEPH   MURRAY                                   P.03

Plaintiff/Trustee shall not be dismissed; Wayne Van Scoy is hereby substituted for the Trustee as the party Plaintiff in the adversary; and it is further

ORDERED, that in Adversary No. 5-96-00194A, the judgment against Richard and Pamela Sendrick is hereby VACATED; and the Complaint of the Plaintiff/Trustee is dismissed with prejudice; and it is further

ORDERED, that in Adversary No. 5-99-00077A, the Complaint of the Plaintiff/Trustee is hereby dismissed with prejudice; and it is further

ORDERED, that the objections filed by the Debtor to the Trustee's Application to Compensate Accountants are hereby dismissed with prejudice; and it is further

ORDERED, that the Motion to Compel Abandonment and for Valuation filed by Thomas Van Scoy in the main bankruptcy case is hereby dismissed with prejudice; and it is further

ORDERED, that the above-captioned chapter 7 estate shall hereafter have no further right, title and interest in the trademark "Van Scoy Diamond Mines" and such trademark shall become the sole and exclusive property of Wayne Van Scoy; and it is further

ORDERED, that settlement proceeds of $70,000.00 shall be paid to Robert P. Shells, Trustee, as follows: $45,000.00 shall be paid by Wayne Van Scoy; and

70k

3

E0003

TRADEMARK
REEL: 2307 FRAME: 0689

EXPRESS MAIL CERTIFICATE

NO. EL840038641US

## MEMORANDUM RE: TRANSFER OF TRADEMARK AND SERVICE MARK, REGISTRATIONS, GOOD WILL AND RIGHT TO RECOVER FOR PAST INFRINGEMENT

This Memorandum is intended to be attached to the Order of the United States Bankruptcy Court for the Middle District of Pennsylvania dated January 4, 2001 in the matter of in re: Thomas Van Scoy, Debtor.

The attached Order of the Court reflects that all right, title and interest in the mark "VAN SCOY DIAMOND MINE" became the sole and exclusive property of Wayne Van Scoy for good and valuable consideration including a payment of $45,000.00 paid by Wayne Van Scoy. This included the good will of the business associated with the marks, the registrations covering the marks, and the right to recover for past infringement.

More specifically, Wayne Van Scoy acquired:

1.  Trademark Registration No. 1,140,711 for the mark "VAN SCOY DIAMOND MINE" for jewelry and precious stone which was originally issued on October 21, 1980, along with the mark covered by said registration, the good will of the business associated with the mark and the right to recover for past infringement; and

2.  Service Mark Registration No. 1,140,958 for the mark "VAN SCOY DIAMOND MINE" for rendering of technical aid and assistance in the establishment and/or operation of retail jewelry stores and for retail jewelry store services which was originally issued on October 28, 1980, along with the mark covered by said registration, the good will of the business associated with the mark and the right to recover for past infringement.

TiMemo04.111
443-1
443-2

-1-

The marks, associated good will and registrations became subject to the Bankruptcy Proceeding in the name of Thomas Van Scoy as Van Scoy Diamond Mines, Inc., the corporation named in the aforementioned registrations as the owner, was an asset of Thomas Van Scoy and was drawn into the Bankruptcy Proceeding along with the registrations, marks and associated good will. Accordingly, the Bankruptcy Court had jurisdiction over the previous owner named in the registrations (Van Scoy Diamond Mines, Inc.), the marks, associated good will and registrations as well as the rights to recover for past infringement. All of the rights and associated good will were transferred to Wayne Van Scoy by the Order of January 4, 2001 of the United States Bankruptcy Court of the Middle District of Pennsylvania.

The Undersigned declares: that all statements made herein of his own knowledge are true and that all statements made on information and belief are believed to be true; and further that the statements were made with the knowledge that willful false statements and the like so made punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the registrations identified above.

_4-13-01_
Date

_Wayne Van Scoy_
Wayne Van Scoy

TiMemo04.111
443-1
443-2

-2-

# EXHIBIT F

| | | | |
|---|---|---|---|
| F<br>/f<br>o | 08-13-2001<br>[barcode]<br>101807491 | ...OATION FORM COVER SHEET<br>TRADEMARKS ONLY<br>▼   ▼   ▼   ▼   ▼<br>...ents and Trademarks: Please record the attached original documents or copy thereof. | U.S. DEPARTMENT OF COMMERCE<br>Patent and Trademark Office |

1. Name of conveying party(ies):   4-16-01

   Van Scoy Diamond Mines, Inc.

   ☐ Individual(s)   ☐ Association
   ☐ General Partnership   ☐ Limited Partnership
   ☒ Corporation-State PA
   ☐ Other _____

   Additional name(s) of conveying party(ies) attached? ☐ Yes ☐ No

2. Name and address of receiving party(ies)

   Name: Wayne Van Scoy

   Internal Address: _____

   Street Address: 154 Mundy Street

   City: Wilkes-Barre   State: PA   ZIP: 18702

   ☒ Individual(s) citizenship U.S.
   ☐ Association _____
   ☐ General Partnership _____
   ☐ Limited Partnership _____
   ☐ Corporation-State _____
   ☐ Other _____

   If assignee is not domiciled in the United States, a domestic representative designation is attached:   ☐ Yes ☐ No
   (Designations must be a separate document from assignment)
   Additional name(s) & address(es) attached? ☐ Yes ☐ No

3. Nature of conveyance:

   ☐ Assignment   ☐ Merger
   ☐ Security Agreement   ☐ Change of Name
   ☒ Other Bankruptcy Court Order & Memorandum

   Execution Date: January 4, 2001

4. Application number(s) or patent number(s):

   A. Trademark Application No.(s)
   EXPRESS MAIL CERTIFICATE
   NO. EL840038641US

   B. Trademark Registration No.(s)
   1,140,711
   1,140,958

   Additional numbers attached? ☐ Yes ☒ No

5. Name and address of party to whom correspondence concerning document should be mailed:

   Name: Michael F. Petock, Esquire

   Internal Address: _____

   Street Address: 46 The Commons at Valley Forge
   1220 Valley Forge Rd., P.O. Box 856

   City: Valley Forge   State: PA   ZIP: 19482

6. Total number of applications and registrations involved: 2

7. Total fee (37 CFR 3.41).............$ 65.00

   ☐ Enclosed
   ☒ Authorized to be charged to deposit account

8. Deposit account number:
   16-1428

   (Attach duplicate copy of this page if paying by deposit account)

DO NOT USE THIS SPACE

9. Statement and signature.
   To the best of my knowledge and belief, the foregoing information is true and correct and any attached copy is a true copy of the original document.

   Michael F. Petock, Esquire       [signature: Michael F Petock]       4/12/2001
   Name of Person Signing             Signature                           Date
   Total number of pages including cover sheet, attachments, and document: 7

Mail documents to be recorded with required cover sheet information to:
Commissioner of Patents & Trademarks, Box Assignments
Washington, D.C. 20231

TRADEMARK   F0001
REEL: 2307 FRAME: 0686