# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| VAN SCOY DIAMOND MINE OF | ) Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) |
| | ) |
| Defendants and | ) |
| Counterclaim-Plaintiffs. | ) |

## REPLY BRIEF OF DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, INC., KURT VAN SCOY AND DONNA VAN SCOY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**FOX ROTHSCHILD LLP**

By:   **/s/ Sharon Oras Morgan**
Sharon Oras Morgan, Esquire
Delaware Bar No. 4287
919 North Market Street
Suite 1300
Wilmington, DE  19801
Telephone: (302) 622-4246
Facsimile:  (302) 656-8920
E-mail: smorgan@foxrothschild.com
*Attorneys for Defendants and*
*Counterclaim Plaintiffs*

OF COUNSEL:
Charles N. Quinn, Esquire
Fox Rothschild LLP
200 Market Street, 10th Floor
Philadelphia, PA  19103
Telephone: (215) 299-2135
Facsimile:  (215) 299-2150
E-mail: cquinn@foxrothschild.com

Dated:  December 29, 2005

# TABLE OF CONTENTS

**Page**

I.    SUMMARY JUDGMENT ON THE BASIS OF THE STATUTE OF
      LIMITATIONS IS APPROPRIATE WHEN THERE ARE NO DISPUTED
      ISSUES OF MATERIAL FACT.  DETERMINATION OF APPLICABLE
      STATUES OF LIMITATIONS IS A QUESTION OF LAW.  SINCE THIS
      CASE WAS FILED IN DELAWARE AND THE DISPUTED USE OF THE
      MARK "VAN SCOY DIAMOND MINE" OCCURRED IN DELAWARE,
      THERE IS NO DISPUTED MATERIAL FACT AFFECTING
      DETERMINATION OF THE APPLICABLE STATUTE(S) OF
      LIMITATIONS.  UNDER CONTROLLING PRECEDENT THE STATUtE
      OF LIMITATIONS FOR TRADEMARK ACTIONS IN DELAWARE IS
      THREE YEARS.  THE STATUTE OF LIMITATIONS FOR ACTIONS
      RESPECTING A FAMOUS MARK IS, AT MOST, FOUR YEARS ..........................1

II.   SUMMARY JUDGMENT SHOULD BE GRANTED AS A MATTER OF
      LAW WHERE THERE IS NO GENUINE ISSUE OF MATERIAL FACT.
      WHILE THE PARTIES DIFFER AS TO THE APPLICABLE STATUTE
      OF LIMITATIONS, ESSENTIALLY ALL OF PLAINTIFF'S
      ARGUMENTS AGAINST SUMMARY JUDGMENT REST ON THE
      ERRONEOUS PREMISE THAT A SIX-YEAR STATUTE OF
      LIMITATIONS APPLIES.  SINCE THE ISSUE OF THE APPLICABLE
      STATUTE OF LIMITATIONS IS ONE OF LAW, AND SINCE THE
      APPLICABLE STATUTES OF LIMITATIONS ARE THREE AND FOUR
      YEARS, SUMMARY JUDGMENT SHOULD BE GRANTED FOR
      DEFENDANTS RESPECTING ALL OF THE DEFENSES THAT TURN
      ON THE STATUTE OF LIMITATIONS, NAMELY NON-
      INFRINGEMENT, NON-LIABILITY UNDER THE STATUTE OF
      LIMITATIONS, LACHES, ACQUIESCENCE AND ESTOPPEL ...............................3

III.  PLAINTIFF HAS FAILED TO ADDUCE ANY EVIDENCE THAT MR.
      VAN SCOY, SR.'S GIFT TO HIS SON KURT OF THE RIGHT TO USE
      THE MARK "VAN SCOY DIAMOND MINE" WAS ANYTHING OTHER
      THAN A PERPETUAL CONSENT TO USE THE MARK.  SINCE THERE
      IS NO EVIDENCE CONTROVERTING THE TESTIMONIAL AND
      PHYSICAL EVIDENCE THAT MR. VAN SCOY, SR. GAVE KURT THE
      RIGHT TO USE THE MARK "VAN SCOY DIAMOND MINE," THERE
      IS NO DISPUTED ISSUE OF MATERIAL FACT AND SUMMARY
      JUDGMENT OF NON-INFRINGEMENT IN FAVOR OF DEFENDANTS
      SHOULD BE GRANTED. ..........................................................................................6

PH2 246236v1 12/29/05  6:07:50 PM                                        94214.90101

IV.  SUMMARY JUDGMENT SHOULD BE GRANTED WHERE THERE IS
     NO GENUINE ISSUE OF MATERIAL FACT AND THE PARTIES
     DIFFER AS TO LEGAL CONSEQUENCES FLOWING FROM GIVEN
     FACTS.  ACCEPTING, ARGUENDO, PLAINTIFF'S ERRONEOUS
     CHARACTERIZATION OF MR. VAN SCOY, SR.'S GIFT TO HIS SON,
     DEFENDANT KURT VAN SCOY, AS A LICENSE TO USE THE MARK
     "VAN SCOY DIAMOND MINE," AS THE PURPORTED OWNER OF
     THE MARK, WAYNE VAN SCOY COULD HAVE TERMINATED
     SUCH ALLEGED LICENSE ON 5 JANUARY 2001 AND
     IMMEDIATELY FILED SUIT. SINCE WAYNE COULD HAVE FILED
     SUIT ON 5 JANUARY 2001 UNDER THE LICENSE
     CHARACTERIZATION, BUT INSTEAD DELAYED UNTIL 23
     FEBRUARY 2005, EVEN IF THE LICENSE CHARACTERIZATION IS
     ACCEPTED SUMMARY JUDGMENT FOR DEFENDANTS SHOULD
     BE GRANTED ........................................................................................................7

V.   PLAINTIFF'S ANSWERING BRIEF, WHILE PRESENTING
     INAPPLICABLE LEGAL PRECEDENTS ON THE ISSUE OF
     PERSONAL LIABILITY OF CORPORATE OFFICERS IN TRADEMARK
     CASES, DOES NOT PRESENT OR ALLEGE ANY DISPUTED ISSUE
     OF MATERIAL FACT AS RESPECTING KURT AND DONNA VAN
     SCOY'S CONDUCT IN RUNNING THEIR BUSINESS USING THE
     MARK "VAN SCOY DIAMOND MINE".  SINCE THERE IS NO
     DISPUTED ISSUE OF MATERIAL FACT RESPECTING KURT AND
     DONNA VAN SCOY'S CONDUCT IN RUNNING THEIR BUSINESS
     UNDER THE MARK "VAN SCOY DIAMOND MINE," AND THE ONLY
     DISPUTE ON THIS ISSUE IS AS TO APPLICABLE LAW, SUMMARY
     JUDGMENT OF NON-LIABILITY FOR INDIVIDUAL DEFENDANTS
     KURT AND DONNA VAN SCOY SHOULD BE GRANTED ......................................13

     A.   DEFENDANTS' HANDS ARE CLEAN ............................................................15

     B.   THERE IS NO UNFAIR PREJUDICE TO PLAINTIFF .....................................18

VI.  CONCLUSION ..................................................................................................19

PH2 246236v1 12/29/05   6:07:50 PM                    94214.90101

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*AutoZone, Inc. v. Tri-State Automobile Outlet, Inc.*, 2005 WL. 1353797 (D. Del. June 7, 2005) ...........................................................................................2

*In re Wilson Jones Co.*, 337 F.2d 670, 143 U.S.P.Q. 238 (C.C.P.A. 1964) .......................8

*Brandywine Mushroom Company v. Hockessin Mushroom Products, Inc.*, 682 F. Supp. 1307 (D. Del. 1988)........................................................................14

*Bunn-O-Matic Corp. v. Bunn Coffee Service, Inc.*, 88 F. Supp. 2d 914, 54 U.S.P.Q. 2d 1012 (C.D. Ill. 2000).........................................................................8

*Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.*, 847 F. Supp. 18 (E.D. N.Y. 1994)...............................................................................8

*Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978) ....................................10, 14

*Exxon Corporation v. Oxford Clothes, Inc.*, 109 F.3d 1070 (5th Cir. 1997) .......................8

*Jones v. RR. Donnelley & Sons Co.*, 541 U.S. 369 (2004) .................................................1, 3

*MacLean Associates, Inc. v. WM. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769 (3rd Cir. 1991) ................................................................................8

*In re Mastic Inc.*, 829 F.2d 1114, 4 U.S.P.Q. 2d 1292 (Fed. Cir. 1987).............................8

*Moore Business Forms, Inc. v. Ryu*, 960 F.2d 486, 22 U.S.P.Q. 2d 1773 (5th Cir. 1992) ...........................................................................................8

*Pappin Fashions, Inc. v. Barnded Apparel Merchandising, Inc.*, 592 F. Supp. 648 (D. Mass. 1984)...............................................................................9

*Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.*, 592 F. Supp. 648 (D.Mass. 1984)..............................................................................10, 14

*Santana Products Inc v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123 (3rd Cir. 2005) ................................................................................2

*United Joint Stock Society v. UDV North America, Inc.*, 53 F. Supp. 2d 692 (D. Del. 1999) .......................................................................1, 4

*What a Burger of Virginia v. Whataburger, Inc.*, 357 F.3d 441 (4th Cir. 2004)................4

i

**FEDERAL STATUTES**

15 U.S.C. 1125(d) ..................................................................................................17

28 U.S.C. 1043(c) ...................................................................................................5

28 U.S.C. 1658 ................................................................................................1, 3, 4

**MISCELLANEOUS**

J. Thomas McCarthy, *Trademarks and Unfair Competition* ........................................1, 5, 8

PH2 246236v1 12/29/05   6:07:50 PM                                    94214.90101

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

**REPLY BRIEF OF DEFENDANTS VAN SCOY DIAMOND MINE**
**OF DELAWARE, INC., KURT VAN SCOY AND DONNA VAN SCOY**
**IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    SUMMARY JUDGMENT ON THE BASIS OF THE STATUTE OF LIMITATIONS IS APPROPRIATE WHEN THERE ARE NO DISPUTED ISSUES OF MATERIAL FACT.  DETERMINATION OF APPLICABLE STATUES OF LIMITATIONS IS A QUESTION OF LAW.  SINCE THIS CASE WAS FILED IN DELAWARE AND THE DISPUTED USE OF THE MARK "VAN SCOY DIAMOND MINE" OCCURRED IN DELAWARE, THERE IS NO DISPUTED MATERIAL FACT AFFECTING DETERMINATION OF THE APPLICABLE STATUTE(S) OF LIMITATIONS.  UNDER CONTROLLING PRECEDENT THE STATUTE OF LIMITATIONS FOR TRADEMARK ACTIONS IN DELAWARE IS THREE YEARS.  THE STATUTE OF LIMITATIONS FOR ACTIONS RESPECTING A FAMOUS MARK IS, AT MOST, FOUR YEARS**

The statute of limitations for trademark infringement in Delaware is three years, as

established by this Court.[1]  The Federal statute of limitations for trademark cases, for causes

of action based on statutes passed subsequent to 1990, is four years.[2]  The 28 U.S.C. 1658

four-year statute applies to certain aspects of this case because Wayne Van Scoy alleges that

---

[1]    *United Joint Stock Society v. UDV North America, Inc.*, 53 F. Supp. 2d 692 (D. Del. 1999).

[2]    28 U.S.C. 1658; see *Jones v. RR. Donnelley & Sons Co.* 541 U.S. 369 (2004); see also J. Thomas McCarthy, *Trademarks and Unfair Competition*, Volume 4, 24:98, pp. 24-234.21.

"Van Scoy Diamond Mine" is a "famous mark."[3]  The three-year Delaware statute applies to the remainder.

Plaintiff contends the statute of limitations should be six years, asserting that *AutoZone*[4] (previously cited by defendants as authority for a three-year statute of limitations for trademark cases in Delaware) has been vacated. *AutoZone* has been vacated, but only because the parties reached a mediated settlement; vacation of the decision had no effect on the three-year statute of limitations in Delaware for trademark cases.[5] [6]

Plaintiff's favored six-year statute of limitations is said to be consistent with that applied by the Third Circuit in *Santana*.[7]  Plaintiff fails to note that *Santana* concerned false advertising in Pennsylvania.  The Third Circuit found that since the *Santana* cause of action arose in Pennsylvania and since *Santana* involved false advertising in Pennsylvania and had been tried in Pennsylvania, that Pennsylvania's unfair trade practices law was an appropriate statute of limitations to apply in that case.

*Santana* has no applicability here; this is a trademark case, not a false advertising case, filed and being tried in Delaware.  The applicable statutes of limitations are three (3) and four (4) years.

---

[3] See Complaint, Paragraph 16, Docket No. 1; and also Exhibit A, at 82:8-84:22; Exhibit B, at 88:10-89:13; and Exhibit C, at 54:5-55:22.
[4] *AutoZone, Inc. v. Tri-State Auto Outlet, Inc.*, 2005 WL 1353797 (D. Del. June 7, 2005).
[5] *United Joint Stock Society, supra.*
[6] See Exhibit D, which is a copy of Plaintiff AutoZone, Inc. and AutoZone Parts, Inc.'s Uncontested Motion to Vacate Judgment.
[7] *Santana Products In. v. Bobrick Washroom Equipment, Inc.*, 401 F.3d 123 (3rd Cir. 2005).

2

II.    **SUMMARY JUDGMENT SHOULD BE GRANTED AS A MATTER OF LAW WHERE THERE IS NO GENUINE ISSUE OF MATERIAL FACT. WHILE THE PARTIES DIFFER AS TO THE APPLICABLE STATUTE OF LIMITATIONS, ESSENTIALLY ALL OF PLAINTIFF'S ARGUMENTS AGAINST SUMMARY JUDGMENT REST ON THE ERRONEOUS PREMISE THAT A SIX-YEAR STATUTE OF LIMITATIONS APPLIES. SINCE THE ISSUE OF THE APPLICABLE STATUTE OF LIMITATIONS IS ONE OF LAW, AND SINCE THE APPLICABLE STATUTES OF LIMITATIONS ARE THREE AND FOUR YEARS, SUMMARY JUDGMENT SHOULD BE GRANTED FOR DEFENDANTS RESPECTING ALL OF THE DEFENSES THAT TURN ON THE STATUTE OF LIMITATIONS, NAMELY NON-INFRINGEMENT, NON-LIABILITY UNDER THE STATUTE OF LIMITATIONS, LACHES, ACQUIESCENCE AND ESTOPPEL**

With the applicable statutes of limitation being three and four years, Wayne Van Scoy's delay in filing this suit was beyond both of the statutes of limitations applicable to his various causes of action as pleaded. Because he waited for longer than the applicable statute of limitations periods to file suit, the burden rests on Wayne Van Scoy to show excusable delay on his part in instituting suit. There being no material evidence of any plausible excuse for his delay of over four years in filing suit, Wayne Van Scoy is barred from any recovery as against his brother and sister-in-law Kurt and Donna Van Scoy and their corporation. Summary judgment should be entered in favor of defendants Kurt and Donna Van Scoy, and their corporation, on the basis of laches, as well as the statute of limitations.

Plaintiff claims that Wayne Van Scoy's delay in filing suit was well within any conceivable statute of limitations for trademark infringement.[8] Plaintiff has failed to note this Court's holding in *United Joint Stock Society* as to the statute of limitations for trademark suits in Delaware and has similarly failed to note the provisions of 28 U.S.C. 1658 and the United States Supreme Court's holding in *Jones*[9] construing 28 U.S.C. 1658. Wayne Van Scoy's delay exceeded both the Delaware three-year statute of limitations for

---

[8] Page 19, line 16, Plaintiff's Answering Brief to Defendant's Motion for Summary Judgment, Docket No. 134.
[9] *Jones v. RR. Donnelley & Sons Co., 541 U.S. 369 (2004)*.

3

trademark infringement, as has been established by this Court,[10] and the Federal four-year statute of limitations[11] for trademark infringement causes of action based on statutes passed subsequent to 1990. As such, the burden is on Wayne Van Scoy to plead and prove a reasonable, plausible excuse for his delay. He has done neither. There is no burden on defendants Kurt and Donna Van Scoy.

Not only was there inexcusable, unreasonable delay on the part of Wayne Van Scoy in instituting this suit, Wayne Van Scoy acquiesced for years in approving of his brother, Kurt Van Scoy, and his sister-in-law, Donna Van Scoy, operating their jewelry store under the mark "Van Scoy Diamond Mine," for which mark Wayne Van Scoy now, belatedly, asserts questionable ownership thereof.[12]

Plaintiff's relies on *What a Burger*[13] for the proposition that unreasonable delay does not include any period of time before the trademark owner is able to pursue a claim for injunctive relief. Plaintiff's reliance on *What a Burger* is misplaced. *What a Burger* did not involve a famous mark, which Wayne Van Scoy asserts is involved here, but concerned the "limited area exception to the exclusive use rights flowing from an incontestable, properly owned mark where those rights may occur if the third party adopted the mark prior to the date of registration, did so without knowledge or the registrant's prior use and had used the mark continuously since that time." It is undisputed that the first owner of the mark at issue was Van Scoy Diamond Mine, Inc., the family corporation, and that registration occurred

---

[10] *United Joint Stock Society v. UDV North America, Inc.*, 53 F. Supp. 2d 692 (D. Del. 1999).
[11] 28 U.S.C. 1658.
[12] Defendants incorporate by reference their position and argument that plaintiff Wayne Van Scoy does not own the Federal registrations for the mark "Van Scoy Diamond Mine" as set forth in Defendants' Answering Brief to Plaintiff's Motion for Summary Judgment of Infringement and Willful Infringement and Defendants' Answering Brief to Plaintiff's Motion for Summary Judgment Against Defendants' Claims of Invalidity and Abandonment.
[13] *What a Burger of Virginia v. Whataburger, Inc.*, 357 F.3d 441 (4th Cir. 2004).

4

before use or alleged ownership of the mark by either of the combatants in this case. Accordingly, *What a Burger* is inapplicable here.

Alleging that "Van Scoy Diamond Mine" is a famous mark, Wayne Van Scoy could have sued for infringement the day he allegedly acquired ownership of the federal registrations for "Van Scoy Diamond Mine." Wayne Van Scoy pleaded[14] and testified,[15] as did his employee Marie Kornish, and his long-time friend and employee Jaqueline Savocca,[16] that "Van Scoy Diamond Mine" was and is a famous mark and had been for many years. Wayne Van Scoy further pleaded that his brother and sister-in-law, defendant Kurt Van Scoy and defendant Donna Van Scoy had engaged in unfair competition by using the mark and had been requested on several times to cease and desist.

The right to pursue an injunction enjoining use of a famous mark accrues the moment a mark allegedly becomes "famous."[17] With Wayne Van Scoy asserting that "Van Scoy Diamond Mine" was allegedly famous on the day he purportedly acquired the federal registrations, and with Wayne Van Scoy having delayed longer than the applicable statutes of limitations as respecting every count at issue in this case, the doctrine of laches is applicable against him. Wayne Van Scoy has presented no evidence and can point to no disputed issues of material fact as providing any excuse for failing to institute suit in a timely fashion. As a result, summary judgment is in order and Wayne Van Scoy is not entitled to any profits, damages, statutory damages or any other relief in light of his unconscionable delay in filing suit. Rather, defendants Kurt and Donna Van Scoy, and their corporation, are entitled to

---

[14] See the Complaint, Paragraph 16, Docket No. 1.
[15] See Exhibit B 88:10-89:13; see also Exhibit A 82:8-84:22.
[16] See Exhibit C 54:5-55:22.
[17] 28 U.S.C. 1043(c); J. Thomas McCarthy, *Trademarks and Unfair Competition*, Volume 2, 18:79, pp. 18-143, 144.

summary judgment of non-infringement on the bases of the doctrine of laches, the statute of limitations, and the doctrines of acquiescence and estoppel.

**III.    PLAINTIFF HAS FAILED TO ADDUCE ANY EVIDENCE THAT MR. VAN SCOY, SR.'S GIFT TO HIS SON KURT OF THE RIGHT TO USE THE MARK "VAN SCOY DIAMOND MINE" WAS ANYTHING OTHER THAN A PERPETUAL CONSENT TO USE THE MARK. SINCE THERE IS NO EVIDENCE CONTROVERTING THE TESTIMONIAL AND PHYSICAL EVIDENCE THAT MR. VAN SCOY, SR. GAVE KURT THE RIGHT TO USE THE MARK "VAN SCOY DIAMOND MINE," THERE IS NO DISPUTED ISSUE OF MATERIAL FACT AND SUMMARY JUDGMENT OF NON-INFRINGEMENT IN FAVOR OF DEFENDANTS SHOULD BE GRANTED**

There are no disputed issues of material fact respecting the gift by Mr. Thomas Van Scoy, Sr. of the right to use "Van Scoy Diamond Mine" in Newark, Delaware. This means that defendants Kurt and Donna Van Scoy's motion for summary judgment of non-infringement should be granted.

There is no evidence of record that Mr. Van Scoy, Sr.'s act of giving the perpetual, irrevocable right to use the mark in Newark, Delaware to his son Kurt Van Scoy was anything but that - - a gift.

Plaintiff has not presented any testimonial or documentary evidence to the contrary.[18] Pages 13 and 14 are the only text in plaintiff's answering brief addressing Mr. Van Scoy, Sr.'s actions. Close reading of those two pages reveals that plaintiff has no evidence, testimonial or documentary, contradicting or inconsistent with Mr. Van Scoy, Sr.'s gift to his son Kurt of the right to use "Van Scoy Diamond Mine" in Newark, Delaware. Mr. Van Scoy, Sr. made the gift in July or August of 1994.[19] There is no testimonial or documentary evidence of record to the contrary. Plaintiff can point to no evidence which is inconsistent

---

[18] See Exhibit E, pages 13 and 14 from Plaintiff's Answering Brief in Response to Defendant's Motion for Summary Judgment.
[19] See Exhibit F 97:21-98:10; see also Exhibit G.

6

with the giving of the gift of the right to use the mark "Van Scoy Diamond Mine", by his

father, to Kurt Van Scoy. Careful study of pages 13 and 14 of plaintiff's Answering Brief

confirms this. Because there is no testimonial or documentary evidence of record

contradicting, refuting or inconsistent with Mr. Van Scoy, Sr.'s gift to his son of the

perpetual right to use the mark "Van Scoy Diamond Mine" in Newark, Delaware in

connection with a jewelry store, there is no disputed issue of material fact respecting such

gift. This being the case, summary judgment of non-infringement in favor of defendants

Kurt and Donna Van Scoy and their corporation should be granted.

**IV.    SUMMARY JUDGMENT SHOULD BE GRANTED WHERE THERE IS NO GENUINE ISSUE OF MATERIAL FACT AND THE PARTIES DIFFER AS TO LEGAL CONSEQUENCES FLOWING FROM GIVEN FACTS. ACCEPTING, ARGUENDO, PLAINTIFF'S ERRONEOUS CHARACTERIZATION OF MR. VAN SCOY, SR.'S GIFT TO HIS SON, DEFENDANT KURT VAN SCOY, AS A LICENSE TO USE THE MARK "VAN SCOY DIAMOND MINE," AS THE PURPORTED OWNER OF THE MARK, WAYNE VAN SCOY COULD HAVE TERMINATED SUCH ALLEGED LICENSE ON 5 JANUARY 2001 AND IMMEDIATELY FILED SUIT. SINCE WAYNE COULD HAVE FILED SUIT ON 5 JANUARY 2001 UNDER THE LICENSE CHARACTERIZATION, BUT INSTEAD DELAYED UNTIL 23 FEBRUARY 2005, EVEN IF THE LICENSE CHARACTERIZATION IS ACCEPTED SUMMARY JUDGMENT FOR DEFENDANTS SHOULD BE GRANTED**

Plaintiff's characterization of the gift as a "license" has no evidentiary basis; it is a

creature of plaintiff's counsel's imagination. There was no quality control, no standards, no

monitoring and no oversight at all by Thomas Van Scoy, Sr. or by Wayne Van Scoy as

respecting use of the mark "Van Scoy Diamond Mine" for over eleven years by Kurt and

Donna Van Scoy.

Plaintiff contends that any grant of permission to use a grantor's trademark is a

license and that, therefore, Kurt and Donna must have had a license. This is an incorrect

statement of law.

7

Consents involving trademarks are well recognized. A consent is the legal pigeon hole into which fits Mr. Van Scoy, Sr.'s gift of the right to use the mark "Van Scoy Diamond Mine" in Newark, Delaware: [20]

> A consent agreement is neither an assignment nor a license. It is not an assignment because neither party is assigning any rights of ownership in their mark to the other. It is not a license because party A is not granting a right to sue to Z in return for payment of royalties. In a license, the licensee is engaging in acts which would infringe the licensor's mark but for the permission granted in the license.[21] In that event, quality control is essential. But in a consent, the consentee is permitted to engage in defined actions which do not infringe the consentor's mark, and the agreement implicitly or explicitly recognizes that. Thus, a consent agreement needs no quality control.[22] If, in fact, party A "consents" to Z's usage which is an infringement, then it would be a "license" which requires quality control to be valid and to prevent abandonment or loss of priority.[23]
>
> A consent agreement does not require quality control because by the very essence of the agreement, the parties recognize that concurrent usage does not lead customers to link the goods or services of the parties. Whereas a license brings the parties together into a common public image and a joint enterprise, a consent agreement keeps the parties apart at a defined distance. A license integrates, while a consent differentiates.

Since Mr. Van Scoy, Sr.'s gift of the right to use the mark "Van Scoy Diamond Mine" was not a license but amounted to a consent under the trademark law, the cases[24] cited

---

[20] The quoted material, including the footnotes, is from J. Thomas McCarthy, *Trademarks and Unfair Competition*, Volume 2, 18:79, pp. 18-143, 144.

[21] *Bunn-O-Matic Corp. v. Bunn Coffee Service, Inc.*, 88 F.Supp. 2d 914, 54 U.S.P.Q.2d 1012 (C.D. Ill. 2000) (contract was held to be a license, not a consent agreement, court listing the elements of each type of agreement).

[22] *Moore Business Forms, Inc. v. Ryu*, 960 F.2d 486, 22 U.S.P.Q.2d 1773 (5th Cir. 1992) (While quality control is essential to a license, the agreement here is a consent, which needs no quality control. "[T]here is no control requirement when a trademark owner consents to another party's defined usage of the trademark.")

[23] *See* § 18:48. *See In re Wilson Jones Co.*, 337 F.2d 670, 143 U.S.P.Q. 238 (C.C.P.A. 1964) (a license is not a consent by the licensor to the licensee to register the mark); *In re Mastic Inc.*, 829 F.2d 1114, 4 U.S.P.Q.2d 1292 (Fed. Cir. 1987) (citing the treatise with approval, court noted that if the goods of the parties are likely to be attributed to the same source because of the use of similar mark, a license, not merely a consent, is necessary to cure the conflict).

[24] *Bunn-O-Matic Corp. v. Bunn Coffee Service, Inc.*, 88 F.Supp. 2d 914 (C.D. Ill. 2000); *Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc.*, 847 F.Supp. 18 (E.D. N.Y. 1994); *Exxon Corporation v. Oxford Clothes, Inc.*, 109 F.3d 1070 (5th Cir. 1997); and *MacLean Associates, Inc. v. WM. M. Mercer-Meidinger-Hansen, Inc.*, 952 F.2d 769, 778-779 (3rd Cir. 1991).

8

by the plaintiff in connection with the characterization of the gift as a "license," and the consequences alleged to flow therefrom, are irrelevant.

In the course of attempting to characterize Kurt Van Scoy's right to use the mark "Van Scoy Diamond Mine" as a license, plaintiff's assertion that *Pappin*[25] is "factually analogous to the present case"[26] is misplaced. In *Pappin*, a plaintiff/franchisor and defendant/franchisee were in a dispute as to royalty and advertising payments that were part of their franchise agreement. Upon the plaintiff/franchisor losing patience with the non-paying franchisee, the plaintiff/franchisor terminated the franchise agreement and one month later sought a preliminary injunction. This was at the end of a fifteen (15) month period during which the franchisee failed to make the required royalty and advertising payments while continuing to use the marks at issue. As the opinion states, the franchisee did not begin infringing the marks until the franchisor terminated the franchise and the associated license agreement.

Obviously, in *Pappin*, until the franchisor terminated the franchise agreement, thereby terminating the license under which the franchisee operated, the franchisor had no basis to sue for infringement and to seek an injunction. *Pappin* is hardly "factually analogous" to the situation as between Wayne Van Scoy and his brother Kurt.

Kurt Van Scoy has never had a license from Wayne. Kurt never needed one. Kurt acquired the legal right to use the mark "Van Scoy Diamond Mine" from his father in 1994 and has continued to use that mark to this day, pursuant to the gift his father gave him.

---

[25] *Pappin Fashions, Inc. v. Branded Apparel Merchandising, Inc.*, 592 F.Supp. 648 (D. Mass. 1984).
[26] See pg. 15, line 6, Plaintiff's Answering Brief in Response to Defendants Motion for Summary Judgment, Docket No. 134.

There has never been any license or franchise agreement between Wayne and his brother Kurt. Indeed, if there had, this would be a further reason for finding the federal registrations of the trademarks invalid.[27] Wayne Van Scoy has never inspected the operation of Kurt Van Scoy and Donna Van Scoy's jewelry store. If Kurt and Donna Van Scoy were licensees of Wayne Van Scoy, as asserted in Wayne's answering brief, the mark "Van Scoy Diamond Mine" and the federal registrations therefor would be invalid for Wayne Van Scoy's failure to exercise quality control over his brother Kurt, as the licensee.[28]

Wayne asserts that there has been no inexcusable delay on his part in instituting suit. This assertion is grounded on plaintiff's "license" characterization of the actions of Mr. Van Scoy, Sr. vis-à-vis Kurt, as respecting Kurt's right to use the trademark "Van Scoy Diamond Mine" at the Newark, Delaware store location. Plaintiff seeks to negate all of Kurt and Donna Van Scoy's defenses by characterizing the actions of Mr. Van Scoy, Sr. as granting a "license" to Kurt Van Scoy. From this plaintiff Wayne Van Scoy argues that the license "was a revocable license or a license at will and was therefore terminated by Plaintiff's Cease

---

[27] *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978) and *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.*, 592 F.Supp. 648 (D.Mass. 1984).
[28] Defendants incorporate by reference their position and arguments respecting invalidity of the trademark "Van Scoy Diamond Mine" on the basis of unregulated notice licensing, absence of quality control, third party usage and the like, as detailed in Defendants' Answering Brief to Plaintiff's Motion for Summary Judgment Against Defendants' Claims of Invalidity and Abandonment.

and Desist Letter of November 18, 2004 which was received by Defendants on November 20, 2004."[29]

Taking this premise to its logical conclusion, if Wayne Van Scoy could terminate the alleged license held by his brother and sister-in-law Kurt and Donna Van Scoy by sending them a cease and desist letter on November 18, 2004, he could just as well have terminated the license by sending them a cease and desist letter on January 4, 2001, the day he purportedly acquired ownership of the federal trademark registrations for the mark at issue. However, Wayne Van Scoy did not send any such cease and desist letter; he waited until the three-year statute of limitations applicable to trademark actions in Delaware had passed, and delayed still longer in filing suit, until after the 28 U.S.C., four-year general Federal statute of limitations, applicable to count I of the complaint, had passed.

Since Wayne Van Scoy could have sent a cease and desist letter to his brother and sister-in-law, Kurt and Donna Van Scoy on 4 January 2001 when Wayne Van Scot purportedly acquired ownership of the federal trademark registrations for the mark "Van Scoy Diamond Mine," the delay in sending the cease and desist letter weighs against Wayne Van Scoy and further establishes the equities of this case in favor of defendants Kurt and Donna Van Scoy. During the nearly four years that elapsed between 4 January 2001 and 18 November 2004, Kurt and Donna diligently continued to build their business, nurtured the goodwill that they had established in Newark for the mark "Van Scoy Diamond Mine," cultivated their customers, and generally continued their operation as responsible business people and valuable citizens of the community.

---

[29] See page 14, Plaintiff's Answering Brief in Response to Motion of Defendants' Motion for Summary Judgment, Docket No. 134.

Plaintiff goes to great lengths in contending that a license containing no time frame is generally terminable at will and that a license grant containing no mention of a time frame is revocable and terminal will by the licensor. However, Wayne Van Scoy cannot point to any evidence of record, as amply demonstrated by pages 13 and 14 of plaintiff's answering brief,[30] establishing that Mr. Van Scoy, Sr. granted a license, as opposed to a consent to use the trademark "Van Scoy Diamond Mine," to his son Kurt, now a defendant in this litigation.

Plaintiff asserts that Mr. Van Scoy, Sr.'s act granting Kurt the consented right to use the mark "Van Scoy Diamond Mine" in Newark, Delaware occurred subsequent to Mr. Van Scoy's personal bankruptcy. This is incorrect. As established by the affidavit[31] of Kurt Van Scoy, Mr. Van Scoy, Sr. gave Kurt the right to use the mark "Van Scoy Diamond Mine" in Newark, Delaware in mid to late summer of 1994, well before Mr. Van Scoy, Sr.'s personal bankruptcy.

Since there is no evidence of record establishing that Mr. Van Scoy, Sr. granted a license to Kurt, as opposed to a consent to use the trademark "Van Scoy Diamond Mine," summary judgment of non-infringement should be entered in favor of defendants Kurt and Donna Van Scoy on the basis that they had and continued to have a valid consent to use the trademark "Van Scoy Diamond Mine" at their Newark, Delaware jewelry store.

---

[30] See Exhibit E, pgs. 13-14, Docket No. 134.
[31] See Exhibit G.

PH2 246236v1 12/29/05  6:07:50 PM                                        94214.90101

V.    **PLAINTIFF'S ANSWERING BRIEF, WHILE PRESENTING INAPPLICABLE LEGAL PRECEDENTS ON THE ISSUE OF PERSONAL LIABILITY OF CORPORATE OFFICERS IN TRADEMARK CASES, DOES NOT PRESENT OR ALLEGE ANY DISPUTED ISSUE OF MATERIAL FACT AS RESPECTING KURT AND DONNA VAN SCOY'S CONDUCT IN RUNNING THEIR BUSINESS USING THE MARK "VAN SCOY DIAMOND MINE". SINCE THERE IS NO DISPUTED ISSUE OF MATERIAL FACT RESPECTING KURT AND DONNA VAN SCOY'S CONDUCT IN RUNNING THEIR BUSINESS UNDER THE MARK "VAN SCOY DIAMOND MINE," AND THE ONLY DISPUTE ON THIS ISSUE IS AS TO APPLICABLE LAW, SUMMARY JUDGMENT OF NON-LIABILITY FOR INDIVIDUAL DEFENDANTS KURT AND DONNA VAN SCOY SHOULD BE GRANTED**

As noted above, Kurt and Donna Van Scoy own the irrevocable, perpetual right to use the mark "Van Scoy Diamond Mine" in connection with their jewelry business in Newark, Delaware. Accordingly, Kurt Van Scoy and Donna Van Scoy have not infringed any right purportedly belonging to Wayne Van Scoy. There is no evidence of either Kurt Van Scoy or Donna Van Scoy engaging in any conduct subjecting them to personal liability. Summary judgment in their favor as to the assertion of personal liability for trademark infringement is warranted.

Wayne Van Scoy argues that Kurt and Donna Van Scoy are liable for trademark infringement based on the fact that they did not cause their corporation, Defendant Van Scoy Diamond Mine of Delaware, Inc., to stop using the mark "Van Scoy Diamond Mine" after receipt of the November 18, 2004 cease and desist letter. As owners of the irrevocable, perpetual right to use the mark "Van Scoy Diamond Mine" in Newark, Delaware for over eleven years and having used the mark for that time without prior protest by Wayne Van Scoy, Kurt and Donna Van Scoy were under no obligation to cease their use of the mark. Summary judgment in Kurt and Donna Van Scoy's favor is appropriate.

Further, Wayne Van Scoy's assertion of individual liability for his brother and sister-in-law relies on a string of cases in which courts found individuals liable for trademark

PH2 246236v1 12/29/05   6:07:50 PM                                                94214.90101

infringement as a result of performing egregious acts or doing egregious things against which law protects.[32]  In plaintiff's cases finding an individual liable for trademark infringement, the individual had been an active participant in egregious intentional acts with knowledge that those acts were wrongful as respecting the trademark owner:

In *Polo*, an individual defendant admitted that he had coordinated, initiated, supervised and managed the sale of 224 counterfeit shirts.  The individual knew the shirts were counterfeit, knew that the trademark borne by the shirts was unauthorized and illegitimate, but nevertheless proceeded to organize, supervise and manage sales of the counterfeit shirts.

Similarly, in *Brandywine Mushroom*, an individual found liable for trademark infringement had actively participated in and coordinated sales of mushrooms that were falsely labeled as those of the plaintiff.  The individual knew that the mushrooms were wrongly labeled, knew that the label bore the plaintiff's trademark but nevertheless proceeded to orchestrate sales of those mushrooms bearing a label with an infringing, illegitimate imitation of plaintiff's trademark.

In *Donsco v. Casper*, the individual found liable for trademark infringement knew the plaintiff was the only manufacturer with certain unique product characteristics. Nevertheless, the individual authorized and approved actions by which his corporation sold known counterfeit goods, infringing the plaintiff's trademark rights.

All of the cases cited by Wayne in support of the proposition that Kurt and Donna Van Scoy face trademark infringement liability as individuals involve egregious, unlawful,

---

[32] Defendants' Answering Brief at 31-32, Docket No. 134, citing *Brandywine Mushroom Company v. Hockessin Mushroom Products, Inc.*, 682 F.Supp. 1307, 1311 (D. Del. 1988); *Polo Fashions, Inc. v. Branded Apparel Merchandising, Inc.*, 592 F.Supp. 648 (D.Mass. 1984); *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3rd Cir. 1978).

conduct vis-à-vis the owner of a legitimate trademark. That is not the case here. Kurt and Donna Van Scoy have at all times owned the perpetual, irrevocable right to use the mark "Van Scoy Diamond Mine" in the Newark, Delaware area, as such right was granted to Kurt in the form of a consent by Mr. Van Scoy, Sr. Kurt opened the store and Kurt and his wife Donna have subsequently used the mark "Van Scoy Diamond Mine" on and in connection with the operation of their store for the last eleven years, through their married life.

This is not a situation where Kurt and Donna Van Scoy have engaged in egregious conduct. Plaintiff can point to no such conduct. There is none. With the record being devoid of any evidence of any conduct by Kurt and Donna Van Scoy even remotely approaching the conduct found to be actionable in the cases cited by plaintiff, with Kurt and Donna Van Scoy having had, pursuant to the grant to Kurt by his father, the irrevocable, perpetual right to use the mark "Van Scoy Diamond Mine" in Newark, Delaware, and having operated under that grant for the past eleven years, summary judgment absolving Kurt and Donna Van Scoy from any liability as individuals is in order.

## A. DEFENDANTS' HANDS ARE CLEAN

Plaintiff wrongly asserts that defendants "purportedly took a license" to use the mark "Van Scoy Diamond Mine" when they knew that Mr. VanScoy, Sr. was in bankruptcy. This is without foundation. It is wrong. The date of filing Mr. Van Scoy Sr.'s bankruptcy was well after Kurt received the right to use the mark "Van Scoy Diamond Mine" from his father.

It is plaintiff's position that defendants hid from the Bankruptcy Court during the bankruptcy proceedings in a deliberate effort to prevent their use of the mark "VanScoy Diamond Mine" from being enjoined, as it was for the other Van Scoy family members. Wayne Van Scoy was part and parcel of the bankruptcy proceeding, participating in a contested aspect of that proceeding regarding certain assets of the bankrupt estate.

15

Wayne Van Scoy had every opportunity to bring to the attention of the Bankruptcy Court the activities of all of his siblings with respect to use of the mark "Van Scoy Diamond Mine". This would include not only his brother Kurt, but also his brother Tommy, and others of his brothers and sisters operating stores under the mark "Van Scoy Diamond Mine" and variations thereof, throughout the Northeastern part of the United States. However, Wayne Van Scoy did no such thing but rather sat on his hands respecting his brother Kurt and sister-in-law Donna Van Scoy, allowing them to build their business and the goodwill associated with the name "Van Scoy Diamond Mine" in the Newark, Delaware area during and after the bankruptcy. Wayne Van Scoy, when enjoined by the Bankruptcy Court from using the name "Van Scoy Diamond Mine", could have raised the question with the Bankruptcy Court as to the conduct of his siblings and why those siblings had not been similarly enjoined by the Bankruptcy Court from use of "Van Scoy Diamond Mine". However, he didn't, or if he did, it does not appear in the record. For Wayne now to argue that defendants have unclean hands has no evidentiary basis. The defendants had no obligation to go to the Bankruptcy Court to do anything. Being based solely on Wayne Van Scoy's speculation, there is no evidentiary basis for any finding of unclean hands on the part of defendants.

Respecting the matter of registration of the domain name, Kurt Van Scoy testified that he had no knowledge of there being any trademark registration or trademark rights involved in the name "Van Scoy Diamond Mine" until he received the cease and desist letter from plaintiff. There is no evidence to the contrary. There is no evidence from which any inference could be drawn that Kurt Van Scoy had knowledge that Van Scoy Diamond Mine was a federally registered trademark or that any other person, including his brother Wayne,

16

might object to his use of the mark pursuant to the consent his father had given to him.[33]  As

Kurt Van Scoy observed the growth of the Internet he did what any rational businessman

would do – he attempted to set up a website for his business using the name that his business

had operated under for the last nine years.  He had no reason to believe that doing so was

improper in any respect.  There is no evidence to the contrary anywhere in the record.

Any action under 15 U.S.C. 1125(d) requires that the person allegedly wrongfully

using a name which is protected as a mark, must have a bad faith intent to profit from that

mark.  In determining whether such a person has a bad faith intent, a court may consider

factors including but not limited to, "the person's prior use, if any, of the domain name in

connection with the bona fide offering of any goods or services" and, the person's "intent to

divert consumers from the marks owners' online location to a site accessible under the

domain name that could harm the goodwill represented by the mark."[34]  Before registering

the domain name, Kurt Van Scoy had used, for nine previous years, the mark "Van Scoy

Diamond Mine" in connection with the sale of jewelry at the jewelry store operated by Kurt

and his wife Donna through their controlled corporation.  That prior use in connection with

Kurt and Donna Van Scoy's bona fide offering of their jewelry weighs heavily against the

finding of any bad faith as required for liability under 15 U.S.C. 1125(d).  Moreover, there

could be no intent to divert consumers from the alleged mark owner's online location since

Wayne Van Scoy, purportedly the owner of the mark, has never had an online location.  This

factor additionally weighs heavily against any finding of bad faith, which is required for

liability to accrue under 15 U.S.C. 1125(d)(1)(A).  For these reasons, there are disputed

---

[33] See Exhibit F, 97:21-98:10.
[34] 15 U.S.C. 1125(d)(1)(A).

issues of material fact precluding any ground of summary judgment in favor of the plaintiff on count III of the complaint.

**B.     THERE IS NO UNFAIR PREJUDICE TO PLAINTIFF**

Plaintiff's characterization of defendants' Summary Judgment Memorandum as unfairly prejudicial to plaintiff is baseless. Plaintiff contends that statements in defendants' Memorandum were "highly inappropriate for a motion for summary judgment since Plaintiff's basis for filing suit is a disputed fact and, therefore, clearly should not be part of Defendants' argument."[35] The whole basis for defeating a motion for summary judgment is a showing that there are disputed issues of material fact. Accordingly, setting forth disputed facts is highly appropriate in reply to a motion for summary judgment. For the plaintiff to admit that plaintiff's "basis for filing suit is a disputed fact" and then to assert that this should not be a part of defendants' argument, is at odds with all accepted pretrial practice in dealing with motions for summary judgment.

---

[35] See Plaintiff's Answering Brief to Defendants' Motion for Summary Judgment, pgs. 23-27, Docket No. 134.

PH2 246236v1 12/29/05   6:07:50 PM                                94214.90101

## VI.    CONCLUSION

Because plaintiff has failed:

to specify any disputed issue of material fact as regarding Kurt Van Scoy's
receipt of his father's gift of the consented right to use the mark "Van Scoy
Diamond Mine" for a jewelry store in Newark, Delaware;

to adduce any evidence creating any issue of material fact as to whether Kurt
Van Scoy held a terminable license under the mark "Van Scoy Diamond
Mine" (as contrasted to the consented right to use the mark "Van Scoy
Diamond Mine" in Newark, Delaware; and

to adduce any evidence relating to any justification for plaintiff's four-plus
year delay, exceeding the applicable statutes of limitations, before filing suit
against his brother and sister-in-law Kurt and Donna Van Scoy and their
controlled corporation;

the motion by defendants Kurt and Donna Van Scoy, and their corporation Van Scoy
Diamonds of Delaware, Inc., for summary judgment of non-infringement on the basis of the

19

applicable statutes of limitations, and the doctrines of laches, acquiescence and estoppel, should be granted.

**FOX ROTHSCHILD LLP**

By:    **/s/ Sharon Oras Morgan (#4287)**
Sharon Oras Morgan, Esquire
(Del. Bar No. 4287)
919 North Market Street
Suite 1300
Wilmington, DE  19801
Telephone: (302) 622-4246
Facsimile:  (302) 656-8920
E-mail: smorgan@foxrothschild.com
*Attorneys for Defendants and*
*Counterclaim Plaintiffs*

OF COUNSEL:
Charles N. Quinn, Esquire
Fox Rothschild LLP
200 Market Street, 10th Floor
Philadelphia, PA  19103
Telephone: (215) 299-2135
Facsimile:  (215) 299-2150
Dated: December 29, 2005