# EXHIBIT E

elements of their laches defense, which Defendants can not do.

    1.    **The Alleged Permission Given To Defendants By Tommy Van Scoy, Sr. Should Be Characterized As A Revocable License Or A License At Will That Was Terminated By Plaintiff's Cease and Desist Letter of November 18, 2004.**

A trademark license is a grant of permission to use the grantor's trademark. Bunn-O-Matic Corp. v. Bunn Coffee Service, Inc., 88 F.Supp 2d 914, 920-921 (C.D. ILL. 2000). Even if the parties intend no formal licensing agreement, the course of conduct between a trademark owner and an accused infringer may create an implied license. Exxon Corporation v. Oxford Clothes, Inc., 109 F.3d 1070, 1076 (5th Cir. 1997). See also MacLean Associates, Inc. v. WM. M. Mercer-Meidinger-Hansen, Inc., 952 F.2d 769, 778-779 (3d Cir. 1991). Defendants claim that in October of 1994 Tommy Van Scoy, Sr., gave Defendants permission to use the marks "VAN SCOY DIAMOND MINE" when Tommy Van Scoy, Sr. gave Defendant Kurt Van Scoy a sign that read "Diamond Mine" and said "[h]ere's the sign. Good luck to you. I love you very much and I'm proud of you." (Kurt: 9, 119, 138, EX. K; Kurt: 14, 60, 91, EX. L). Defendant Kurt Van Scoy also claims that this alleged permission or implied license extended to his corporation, Defendant Van Scoy Diamond Mine of Delaware, Inc. (Kurt: 138, EX. K).

Defendants erroneously claim in their statement of "Facts" that other acts by Tommy Van Scoy, Sr., while he "was the undisputed owner of the trademark," evidence Defendants' permission to use the mark such as Tommy Van Scoy, Sr.'s "personal sale of a bracelet in 1997." (Defendants' Memorandum: 5, EX. D). There is no basis for Defendants to claim that Tommy Van Scoy, Sr. was the undisputed owner of the trademark in 1997 when, as Defendants point out in their Memorandum, Tommy Van Scoy, Sr. filed for bankruptcy on September 23, 1994 and on July 3, 1996 Adversary Proceeding 5:96-AP-00196 was initiated by the Trustee of the Bankruptcy Estate in the United States Bankruptcy Court For The Middle District Of

13

Pennsylvania in an eventual successful attempt to enjoin use by Van Scoy family members of the marks "VAN SCOY DIAMOND MINE." (Defendants' Memorandum: 6, EX. D; Bankruptcy Docket, EX. E; Kurt: 60, 62-63,136-137, EX. L; Wayne: 19, EX. M).

Furthermore, any license that Defendants may have had was a revocable license or a license at will and was therefore terminated by Plaintiff's Cease and Desist Letter of November 18, 2004 which was received by Defendants on November 20, 2004. (Kurt: 13, EX. K; Kurt: 23, EX. L; Donna: 43-44, 53-54, EX. O; Cease and Desist Letter, EX. F). "An agreement conferring a license to use a trademark for an indefinite time, whether oral, written or by implication, is terminable at will by the licensor." Dial-A-Mattress Operating Corp. v. Mattress Madness, Inc., 847 F.Supp. 18, n. 1 (E.D. N.Y. 1994). See also Bunn-O-Matic Corp., 88 F.Supp 2d 914 at 922 ("A license containing no time frame is generally terminable at will"). Defendants claim that in October of 1994 Tommy Van Scoy, Sr., gave Defendants permission to use the marks "VAN SCOY DIAMOND MINE" when Tommy Van Scoy, Sr. gave Defendant Kurt Van Scoy a sign that read "Diamond Mine" and said "[h]ere's the sign. Good luck to you. I love you very much and I'm proud of you." (Kurt: 9, 119, 138, EX. K; Kurt: 14, 60, 91, EX. L). Clearly this alleged license granted to Defendants was for an indefinite time as it contained no mention of a time frame and as such is revocable and terminable at will by the licensor. Dial-A-Mattress Operating Corp., 847 F.Supp. 18, n. 1. Since Plaintiff Wayne Van Scoy succeeded to the ownership of the trademark and service mark "VAN SCOY DIAMOND MINE," "[P]laintiff similarly succeeded to the right to terminate the licenses." Dial-A-Mattress Operating Corp., 847 F.Supp. 18 at 19-20. Plaintiff clearly terminated any license Defendants had by sending Defendants the Cease and Desist Letter of November 18, 2004. (Kurt: 13, EX. K; Kurt: 23, EX. L; Donna: 43-44, 53-54, EX. O; Cease and Desist Letter, EX. F).

14