# EXHIBIT N

1A

1996 JUL -3 PM 3: 01

CLERK OF THE BANKRUPTCY COURT

# In the United States Bankruptcy Court
## for the Middle District of Pennsylvania

In re:                                      }
                                            }
Thomas A. Van Scoy t/a                      }
Van Scoy Diamond Mines,                     }          Case Number 5-94-01241
                                            }          Chapter 7
                                            }
            Debtor.                         }
                                            }
_____         }
                                            }
Robert P. Sheils, Jr., Trustee in           }      CERTIFIED FROM THE RECORD this 5th
Bankruptcy for Thomas A. Van Scoy t/a       }      day of _December_____, 20 05
Van Scoy Diamond Mines,                     }
                                            }      Clerk, U.S. Bankruptcy Court
                                            }
            Plaintiff,                      }      Per _____
                                            }                      Deputy Clerk
                                            }
        v.                                  }      Adversary Number:
                                            }
Betsy Williams a/k/a/                       }
Elizabeth Williams and Rich                 }
Williams a/k/a Richard Williams             }
i/t/a Van Scoy Diamond Mines,               }        5 - 96 - 0 0 1 9 6 A
Pamela Sendrick and Richard                 }
Sendrick i/t/a Van Scoy Diamond             }
Mines, and Wayne Van Scoy i/t/a             }
Van Scoy Diamond Mines,                     }
                                            }
            Defendants.                     }
                                            }
                                            }
                                            }

## Complaint of Robert P. Sheils, Jr., Esquire, Trustee

Robert P. Sheils, Jr., Esquire, Trustee in Bankruptcy for Thomas A. Van Scoy

EXHIBIT N

t/a Van Scoy Diamond Mine, hereby makes the following complaint against Betsy Williams a/k/a/ Elizabeth Williams and Rich Williams a/k/a Richard Williams i/t/a Van Scoy Diamond Mines, Pamela Sendrick and Richard Sendrick i/t/a Van Scoy Diamond Mines, and Wayne Van Scoy i/t/a Van Scoy Diamond Mines:

### The Parties

1.  The plaintiff is Robert P. Sheils, Jr., Esquire, the duly appointed and qualified trustee in bankruptcy for Thomas A. Van Scoy t/a Van Scoy Diamond Mines.

2.  The defendants Betsy Williams a/k/a/ Elizabeth Williams and Rich Williams a/k/a Richard Williams are adult individuals who trade and do business as Van Scoy Diamond Mines. These defendants maintain a place of business at 4700 Vestal Parkway East, Vestal Plaza, Binghamton, New York 13903. It is believed and therefore averred that these defendants are married to each other.

3.  The defendants Pamela Sendrick and Richard Sendrick are adult individuals who trade and do business as Van Scoy Diamond Mines. These defendants maintain a place of business at Keyser Oak Plaza, Scranton, Pennsylvania 18504. It is believed and therefore averred that these defendants are married to each other.

4.  The defendant Wayne Van Scoy is an adult individual who trades and does business as Van Scoy Diamond Mines. The defendant maintain a place of business at 154 Mundy Street, Wilkes-Barre, Pennsylvania 18702. The defendant resides at 360 Joseph Drive, Kingston, Pennsylvania 18704.

5. Defendants Betsy Williams a/k/a Elizabeth Williams, Pamela Sendrick and Wayne Van Scoy are the children of Thomas A. Van Scoy, the debtor in this proceeding, and Elizabeth Van Scoy, husband and wife.

## Jurisdiction

6. This adversary proceeding arises out of and relates to the chapter 7 case of Thomas A. Van Scoy t/a Van Scoy Diamond Mines, Case Number 5-94-01241 on the docket of this court. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 105, 542 and 548. This is a core proceeding under 28 U.S.C. § 157(b)(A), (E), (H), and (O).

## Facts

7. This proceeding was commenced on September 23, 1994 when Thomas A. Van Scoy filed a voluntary case under chapter 13 of the Bankruptcy Code. On November 29, 1994 the case was converted to a case under chapter 11. On December 29, 1994 the case was converted to a case under chapter 7 of the Bankruptcy Code.

10. Upon conversion of the case to a case under chapter 7 of the Bankruptcy Code, Robert P. Sheils, Jr., Esquire, was appointed trustee in this case, qualified to serve as trustee and has continued in that capacity since his appointment.

11. For many years prior to his bankruptcy Thomas A. Van Scoy conducted a retail jewelry business from diverse location under the name "Van Scoy Diamond Mines."

12. "Van Scoy Diamond Mines" is a registered trade mark of Thomas A. Van Scoy.

13. The trade mark of "Van Scoy Diamond Mines" is a scheduled, non-exempt asset of the Debtor, Thomas A. Van Scoy.

14. Within one year of his bankruptcy Thomas A. Van Scoy owned and operated Van Scoy Diamond Mine stores at the following locations: 154 Mundy Street, Wilkes-Barre, Pennsylvania; Keyser Oak Plaza, Scranton, Pennsylvania; and 4700 Vestal Parkway East, Vestal Plaza, Binghamton, New York.

15. Within one year of bankruptcy Thomas A. Van Scoy transfered the 4700 Vestal Parkway East, Vestal Plaza, Binghamton, New York store to Elizabeth Williams and Richard Williams and the Keyser Oak Plaza, Scranton, Pennsylvania store to Pamela Sendrick and Richard Sendrick.

16. Prior to bankruptcy and through the present time the Defendants Elizabeth William and Richard Williams and the Defendants Pamela Sendrick and Richard Sendrick have used the trade mark "Van Scoy Diamond Mines."

17. At some time subsequent to October 1, 1995 the Defendant Wayne Van Scoy began to use the trade mark "Van Scoy Diamond Mines."

18. The trade mark "Van Scoy Diamond Mines" is property of this estate.

19. The use of the trade mark "Van Scoy Diamond Mines" was never authorized by the Trustee or this Court.

20. The estate has been damaged and these Defendants have been unjustly

enriched by the illegal use of the trade mark "Van Scoy Diamond Mines."

*Wherefore*, the Trustee prays that these Defendants be permanently enjoined from using the trade mark "Van Scoy Diamond Mines" and that they be compelled to account to the Trustee for their profits from the illegal use of the trade mark.

Doran & Nowalis

Dated: July 3, 1996.

By: _____

Robert C. Nowalis, Esquire, I.D. 21970
69 Public Square, Suite 700
Wilkes-Barre, Pennsylvania 18701
717-823-9111

**Attorneys for Robert P. Sheils, Jr., Esquire, Trustee.**

B 104
(Rev. 8/87)
ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

Case 5:94-bv-01241-JJT Doc 54-2 Filed 01/06/2000 Page 7 of 43

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert P. Sheils, Jr., Trustee in Bankruptcy for Thomas A. Van Scoy t/a Van Scoy Diamond Mines, | Betsy Williams a/k/a Elizabeth Williams and Rich Williams a/k/a Richard Williams i/t/a Van Scoy Diamond Mines, Pamela Sendrick and Richard Sendrick i/t/a Van Scoy Diamond Mines, and Wayne Van Scoy i/t/a Van Scoy Diamond Mines, |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Doran & Nowalis      (717) 823-9111 Robert C. Nowalis, Esquire 69 Public Square - Suite 700 Wilkes-Barre, Pennsylvania 18701-2588 | Not known |

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Trade Mark violation - Accounting and Injunction

## NATURE OF SUIT
(Check the one most appropriate box only.)

☒ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)
☒ 1 Original Proceeding
☐ 2 Removed Proceeding
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another Bankruptcy Court
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND | NEAREST THOUSAND $ Unliquidated | OTHER RELIEF SOUGHT Injunction | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Thomas A. Van Scoy t/a Van Scoy Diamond Mines | 5-94-01241 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Middle District of Pennsylvania | Wilkes-Barre | Judge Thomas |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE | |
|---|---|---|---|

**FILING FEE** (Check one box only.)    ☐ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☒ FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|
| July 3, 1996 | Robert C. Nowalis | |

# EXHIBIT O

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

WAYNE VAN SCOY,                              :

    Plaintiff and                            :
    Counterclaim-Defendant,                  :

          v.                       :

VAN SCOY DIAMOND MINE OF                     :    Case No. 05-108 (KAJ)
DELAWARE, INC., a Delaware Corporation       :
KURT VAN SCOY, and DONNA VAN SCOY,          :

    Defendants and                           :
    Counterclaim-Plaintiff.                  :

## DEFENDANTS' AMENDED AND SUPPLEMENTAL
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure Defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy, and Donna Van Scoy hereby supplement their 7 June 2005 responses to plaintiff's first set of interrogatories.

## GENERAL OBJECTIONS

1.    Plaintiff's first set of interrogatories is defective and, hence, invalid, as it fails to comply with Fed. R. Civ. P. 33.

2.    Defendants object to each and every interrogatory in its entirety to the extent it seeks information that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

3.    Defendants object to each and every interrogatory to the extent it calls for information that could have been obtained more efficiently by other means of discovery.

EXHIBIT O

94214.90101

4.    Defendants object to each and every interrogatory to the extent it can be answered by the production of business records.

5.    Defendants object to each and every interrogatory to the extent it seeks disclosure of documents or information containing privileged communications, attorney work-product, client. work-product, or trial preparation material, on the grounds that such discovery is not permissible under the Federal Rules of Civil Procedure. None of Defendants' specific responses shall be construed to mean that Defendants intend to provide privileged or work-product documents or information in the absence of an intentional waiver. Any inadvertent disclosure of privileged documents or information or work-product shall not constitute a waiver of an otherwise valid claim of privilege, and any failure to assert a privilege or other protection as to certain documents or information shall not be deemed to constitute a waiver of the privilege or other protection as to any other documents or information so protected.

6.    Defendants object to each and every interrogatory to the extent that it is vague, ambiguous, overbroad, vexatious, unduly burdensome or seeks information not relevant to the subject matter involved in the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendants object to each and every interrogatory to the extent that it seeks information or documents that are confidential and/or proprietary business and financial information.

8.    Defendants object to each and every interrogatory to the extent that it seeks documents or information protected by any confidentiality obligation owed to a third party.

9.    Defendants note that inasmuch as Defendants' discovery and investigation is continuing, Defendants' responses to contention interrogatories are limited by the information

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

available to date and are provided without prejudice to Defendants' right to amend or supplement the responses to those interrogatories.

10.    Defendants objects to Plaintiff's definitions and instructions as improperly attempting to impose burdens and obligations upon Defendants beyond the requirements of the Federal Rules of Civil Procedure.

11.    Defendants assert each of the general objections set forth above to each of the interrogatories. By setting forth specific objections, Defendants do not intend to limit or restrict the general objections contained in this response. To the extent Defendants provide information in response to a specific request to which objection has been raised, Defendants reserve the right to maintain such objections with respect to any additional information and such objections are not waived by the furnishing of documents or information.

12.    Defendants expressly reserve the right to supplement and/or amend these responses should additional documents or information become available.


## SPECIFIC ANSWERS AND/OR OBJECTIONS


Subject to each of the foregoing objections, each of which is interposed as to each of the following interrogatories as if each such objection was set forth at length therein, Defendants respond to Plaintiff's first set of interrogatories as follows:


1.    State the name of each individual who answered or provided information used to answer each of these Interrogatories on behalf of Defendants, the specific Interrogatory to which each of the identified individuals provided assistance in answering, and the job title or corporate capacity/affiliation of each identified individual.

94214.90101

Defendants' response:

Kurt Van Scoy; all interrogatories and subparts thereof; owner of defendant Van Scoy Diamond Mine of Delaware, Inc.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2.      With respect to Defendants' First Affirmative Defense alleging that "Plaintiff has failed to state a claim upon which relief can be granted,"

   i) state all of Defendants' contentions for why Plaintiff has allegedly failed to state a claim upon which relief can be granted,

   ii) state all facts,

   iii) identify all documents and things in support thereof and

   iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' amended response:

i)  Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete.  Subject to and without prejudice to the foregoing objection, plaintiff's claims are based on a mark which is incapable of functioning as a trademark and/or has lost its trademark significance; plaintiff's claims are additionally barred by various equitable doctrines.  Additionally, Defendants Kurt Van Scoy and Donna Van Scoy have not used the mark at issue.

ii)  Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete.  Subject to and without prejudice to the foregoing objection, the mark plaintiff seeks to assert against defendants has been used by third parties without supervision or control or authorization by plaintiff, thereby resulting in lost of trademark significance for the mark plaintiff seeks to assert.

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

iii) Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete. Subject to and without prejudice to the foregoing objection. See documents D000038; D000039 and D000044 through D000057.

iv) Kurt Van Scoy

*************************

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)     See above.

****************************************************

3.      With respect to Defendants' Second Affirmative Defense alleging that "Plaintiff's claims are barred by the relevant statute of limitations"

i) state all of Defendants' contentions for why Plaintiff's claims are barred by the relevant statute of limitations,

ii) state all facts,

iii) identify all documents and things in support thereof and

iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i) Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete. Subject to and without prejudice to the foregoing objection, the relevant statute of limitations has expired. Additionally, Defendants Kurt Van Scoy and Donna Van Scoy have not used the mark at issue.

ii) Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete. Subject to and without prejudice to the foregoing objection, Defendant Van Scoy Diamond Mine of Delaware, Inc. began use of the mark at issue longer ago than the relevant statute of limitations. Defendants Kurt Van Scoy and Donna Van Scoy have not used the mark at issue.

iii) See the response to plaintiff's requests for production of documents numbers 10, 11 and 13.

iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    See above.

iv)    See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4.    With respect to Defendants' Third Affirmative Defense alleging that "Plaintiff's claims for recovery of property and damages are barred by Plaintiffs failure to give notice of

94214.90101

registration pursuant to 15 USC 1111,"

    i)  state all of Defendants' contentions for why Plaintiffs claims for recovery of property are allegedly barred by the Plaintiffs failure to give notice of registration pursuant to 15 USC 1111,

    ii)  state all facts,

    iii) identify all documents and things in support thereof and

    iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendant's amended response:

    i)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.

    ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.

    iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, none at this time.

    iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

    i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above. Failure of a registrant to give notice that the mark is registered by

7

displaying where the mark the words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off" or the letter "R" enclosed with a circle, no profits or damages shall be recovered under the provisions of U.S.C. 1051 et seq. unless the defendant had actual notice of the registration.

ii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.  Defendants lacked actual notice of the registration.

iii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.  Defendants have no documents responsive to this interrogatory.

iv)     See above.

**************************************************

5.     With respect to Defendants' Fourth Affirmative Defense alleging that Plaintiff's mark "Van Scoy Diamond Mine" "is generic, misdescriptive or otherwise has no significance as a source indicator and hence can not function as a trademark,"

> i)  state all of Defendants' contentions for why Plaintiff's mark is allegedly generic, misdescriptive, or otherwise has no significance as a source indicator and hence can not function as a trademark,
>
> ii)  state all facts,
>
> iii) identify all documents and things in support thereof and
>
> iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

> i)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to

this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark, see documents D000038; D000039 and D000044 through D000057.

iv) Kurt Van Scoy

*************************

Defendants' Supplemental Response:

94214.90101

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)     See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

6.      With respect to Defendants' Fifth Affirmative Defense alleging that Plaintiff's mark "Van Scoy Diamond Mine" "is not famous and has not acquired secondary meaning,"

i)   state all of Defendants' contentions for why Plaintiff's mark "Van Scoy Diamond Mine" is allegedly not famous and has not acquired secondary meaning,

ii)  state all facts,

iii) identify all documents and things in support thereof and

iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source

indicator and hence cannot function as a trademark. The mark at issue simply has not had sufficient advertising and promotional efforts or expenditure to rise to the level of a famous mark and lack of recognition of the mark by the public has resulted in an absence of secondary meaning for the mark at issue.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark. The mark at issue simply has not had sufficient advertising and promotional efforts or expenditure to rise to the level of a famous mark and lack of recognition of the mark by the public has resulted in an absence of secondary meaning for the mark at issue.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete; see documents D000038; D000039 and D000044 through D000057.

iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

94214.90101

ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    See above.

**************************************************

7.    With respect to Defendants' Sixth Affirmative Defense alleging that Plaintiff's mark "Van Scoy Diamond Mine" "is generic or merely descriptive and thus not capable of protection,"

 i)    state all of Defendants' contentions for why Plaintiff's mark "Van Scoy Diamond Mine" is allegedly generic or merely descriptive and thus not capable of protection,

 ii)    state all facts,

 iii)    identify all documents and things in support thereof and

 iv)    identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

 i)    Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Use of the mark at issue by numerous third parties without licensure or control by plaintiff has resulted in the mark becoming generic or merely descriptive and in event not capable of being protected.

 ii)    Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to

94214.90101

this interrogatory once defendants' trial plans are more complete. Use of the mark at issue by numerous third parties without licensure or control by plaintiff has resulted in the mark becoming generic or merely descriptive and in event not capable of being protected.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete; see documents D000038; D000039 and D000044 through D000057.

iv) Kurt Van Scoy

*************************

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    Kurt Van Scoy.

**************************************************

8.      With respect to Defendants' Seventh Affirmative Defense alleging that "Plaintiff claims are barred by the doctrine of laches,"

i)   state all of Defendants' contentions for why Plaintiffs claims are allegedly barred by the doctrine of laches,

ii)  state all facts,

iii) identify all documents and things in support thereof and

iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Defendants' commenced use of the mark at issue sufficiently long ago with plaintiff's knowledge that the period for laches as long since expired.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Defendants' commence use of the mark at issue sufficiently long ago with plaintiff's knowledge that the period for laches as long since expired.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. See the response to plaintiff's request for production of documents number 11.

iv) Kurt Van Scoy

**************************

Defendants' Supplemental Response:

i)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

94214.90101

ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    See above.

**************************************************

9.    With respect to Defendants' Eighth Affirmative Defense alleging that "Plaintiff's claims are barred by the doctrine of estoppel,"

i)  state all of Defendants' contentions for why Plaintiffs claims are allegedly barred by the doctrine of estoppel,

ii)  state all facts,

iii)  identify all documents and things in support thereof and

iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  Plaintiff has known of Defendants' use of the mark at issue for many, many years and has not, until November 2004, objected in any manner to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction and silent respecting Defendants' ongoing use of the mark at issue.

ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

this interrogatory once defendants' trial plans are more complete. Plaintiff has known of Defendants' use of the mark at issue for many, many years and has not, until November 2004, objected in any manner to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction and silence respecting Defendants' ongoing use of the mark at issue. Additionally, Defendants' have worked for 11 years to build goodwill in the name and mark used by Defendants all the time with the knowledge of the plaintiff during which time plaintiff has been silence respecting Defendants' use of the mark at issue.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. See the response to plaintiff's requests for production 11, 14, 15, 16, 35, 36 and 37.

iv) Kurt Van Scoy

*************************

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)      See above.

*************************************************

94214.90101

    10.     With respect to Defendants' Ninth Affirmative Defense alleging that "Plaintiffs claims are barred by the doctrine of acquiescence,"

       i)  state all of Defendants' contentions for why Plaintiffs claims are barred by the doctrine of acquiescence,

      ii)  state all facts,

     iii)  identify all documents and things in support thereof and

     iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

    i)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff has known of Defendants' use of the mark at issue for many, many years and has, until November 2004, acquiesced to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction and silence respecting Defendants' ongoing use of the mark at issue.

    ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff has known of Defendants' use of the mark at issue for many, many years and has not, until November 2004, objected in any manner to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction and silence respecting Defendants' ongoing use of the mark at issue. Additionally, Defendants' have worked for 11 years to build goodwill in the name and mark used by Defendants all the time with

the knowledge of the plaintiff, during which time plaintiff has been silent respecting Defendants' use of the mark at issue.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. See the response to plaintiff's requests for production 11, 14, 15, 16, 35, 36 and 37.

iv) Kurt Van Scoy

**************************

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)     Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)     See above.

**************************************************

11.    With respect to Defendants' Tenth Affirmative Defense alleging that "Plaintiffs claims are barred by the doctrine of waiver,"

i)   state all of Defendants' contentions for why Plaintiff's claims are barred by the doctrine of waiver,

ii)  state all facts,

iii) identify all documents and things in support thereof and

iv)  identify the persons most knowledgeable with respect to such facts,

documents and things.

Defendants' response:

i) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff has known of Defendants' use of the mark at issue for many, many years and has not, until November 2004, objected in any manner to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction respecting Defendants' ongoing use of the mark at issue. Additionally, Defendants' have worked for eleven years to build goodwill in the name and mark used by Defendants all the time with the knowledge of the plaintiff during which time plaintiff has been silent respecting Defendants' use of the mark at issue.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff has known of Defendants' use of the mark at issue for many, many years and has not, until November 2004, objected in any manner to Defendants' use of the mark at issue. Defendants' have relied on plaintiff's inaction respecting Defendants' ongoing use of the mark at issue. Additionally, Defendants' have worked for eleven years to build goodwill in the name and mark used by Defendants all the time with the knowledge of the plaintiff during which time plaintiff has been silent respecting Defendants' use of the mark at issue.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to

19

this interrogatory once defendants' trial plans are more complete. See the responses

to plaintiff's requests for production 11, 14, 15, 16, 35, 36 and 37.

    iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

    i)       Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

    ii)     Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

    iii)    Defendants withdraw the objection to this contention interrogatory as being

premature, as stated above.

    iv)    See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    12.     With respect to Defendants' Twelve and Thirteen Affirmative Defenses alleging

that United States Trademark Registration No. 1,140,711 and United States Service Mark

Registration No. 1,140,958 "on which plaintiff is the current record owner [are] invalid and

unassertable against defendants by reason of the mark[s] which [are] the subject of the

registration[s] having been abandoned by plaintiff and/or plaintiff's predecessor in title,"

        i)  state all of Defendants' contentions in support thereof,

        ii)  state all facts,

        iii) identify all documents and things in support thereof and

        iv) identify the persons most knowledgeable with respect to such facts,

            documents and things.

Defendants' response:

i) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff's use of the mark at issue has been non-continuous, intermittent at best and with periods of non-use sufficient to result in abandonment of the mark as a matter of law.

ii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Plaintiff's use of the mark at issue has been non-continuous, intermittent at best and with periods of non-use resulting in abandonment of the mark.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, none at this time.

iv) Kurt Van Scoy

**************************

Defendants' Supplemental Response:

i)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)      Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

iv)     See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

13.     With respect to the Affirmative Defenses of Defendant Kurt Van Scoy and Defendant Donna Van Scoy stating that "to the extent any actions by defendants Kurt and/or Donna Van Scoy are actionable, responsibility for any liability growing out thereof is that of defendant Van Scoy Diamond Mine, Inc., and not that of Kurt Van Scoy and/or Donna Van Scoy,"

>  i)   state all contentions and bases for alleging that Kurt Van Scoy and/or Donna Van Scoy are not personally liable for any alleged acts of Van Scoy Diamond Mine of Delaware, Inc., and
>
>  ii)  state all facts,
>
>  iii) identify all documents and things in support thereof and
>
>  iv)  identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

>  i)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  At all times actions by Defendant Kurt Van Scoy and Defendant Donna Van Scoy have been as employees of Van Scoy Diamond Mine of Delaware, Inc. and not acting on their own.
>
>  ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete.  Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.  At all times actions by Defendant Kurt Van Scoy and Defendant Donna Van Scoy have been as

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

employees of Van Scoy Diamond Mine of Delaware, Inc. and not acting on their own.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete.

iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

iv)    See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

14.    With respect to Defendant Van Scoy Diamond Mine of Delaware, Inc.'s First and Second Counterclaims alleging that United States Trademark Registration No. 1,140,711 and United States Service Mark Registration No.1,140,958 marks are invalid,

    i)  state all of Defendant's contentions for why the marks are allegedly invalid,

    ii)  state all facts,

    iii) identify all documents and things in support thereof and

    iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)   Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.

ii)  Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark.

iii) Defendants object to this interrogatory as being a contention interrogatory when defendants' trial plans are incomplete. Defendants will supplement and respond to this interrogatory once defendants' trial plans are more complete. Defendants object to this contention interrogatory as being premature on the grounds that Defendants' trial plans are incomplete. Subject to the foregoing objection, use of the mark at issue by third parties without licensure or control by plaintiff has resulted in the mark at issue becoming generic, being misdescriptive, and losing any significance it might ever have had as a source indicator and hence cannot function as a trademark. See

documents D000038; D000039 and D000044 through D000057 produced concurrently herewith.

    iv) Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

    i)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

    ii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

    iii)    Defendants withdraw the objection to this contention interrogatory as being premature, as stated above.

    iv)    See above.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    15.    With respect to Defendant Van Scoy Diamond Mine of Delaware, Inc.'s First and Second Counterclaims denying that that United States Trademark Registration No. 1,140,711 and United States Service Mark Registration No. 1,140,958 have been infringed by Defendants including Van Scoy Diamond Mine of Delaware, Inc., (i) state all of Defendant's contentions for such denials, (ii) state all facts, (iii) identify all documents and things in support thereof and (iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

    i)    Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    ii)    Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

94214.90101

iii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)      An invalid mark cannot be infringed.  See the responses to interrogatories 2(i), 5(i) and 7(i).

ii)      Plaintiff's mark has lost any ability it ever had to serve as a trademark and source identifier through the use of plaintiff's mark by third parties without licensure, control or supervision by plaintiff.

iii)      Defendants currently have no documents responsive to this interrogatory.

iv)      Kurt Van Scoy.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

16.      With respect to Defendants Third Counterclaim that Plaintiff's mark "Van Scoy Diamond Mine" is allegedly not infringed by the business activities of defendant Van Scoy Diamond Mine of Delaware, Inc., (i) state all of Defendant's contentions for why the mark is allegedly not infringed by the business activities of Defendant Van Scoy Diamond Mine of Delaware, Inc. or otherwise unenforceable, (ii) state all facts, (iii) identify all documents and things in support thereof and (iv) identify the persons most knowledgeable with respect to such facts, documents and things.

Defendants' response:

i)      Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

ii)      Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

iii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

**************************

Defendants' Supplemental Response:

    i)     See the response to the corresponding subpart of interrogatory 15.

    ii)    See the response to the corresponding subpart of interrogatory 15.

    iii)   See the response to the corresponding subpart of interrogatory 15.

    iv)   Kurt Van Scoy.

**************************

17.    With respect to Defendant's Third Counterclaim that the mark "Van Scoy Diamond Mine" allegedly "has become generic or misdescriptive and in any event is not capable of serving as a valid trademark as a result of use of that mark or designation and/or colorable variations and imitations of that mark or designation by third parties in the retail jewelry business with the knowledge and acquiescence of plaintiff Wayne Van Scoy," (i) state all facts, (ii) identify all documents and things in support thereof, (iii) identify the persons most knowledgeable with respect to such facts, documents and things, and (iv) state with particularity all of Defendant's contentions for why the mark Van Scoy Diamond Mine" is allegedly not capable of serving as a valid trademark.

Defendants' response:

    i)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    ii)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

i)      See the response to the corresponding subpart of interrogatory 15.

ii)     See the response to the corresponding subpart of interrogatory 15.

iii)    Kurt Van Scoy.

iv)     See the response to subpart "i" to interrogatory 15.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

18.     Describe in detail (i) each use of the mark "Van Scoy Diamond Mine" and "Van Scoy Diamond Mine of Delaware" made by Defendants, including the services and goods connected with such use, (ii) the date when such use began, and (iii) identify all documents which show or support such use.

Defendants' response:

i)   Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

ii)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

Defendants' Supplemental Response:

Without prejudice to the foregoing objection, Defendant Van Scoy Diamond Mine of Delaware, Inc. has used the mark "VAN SCOY DIAMOND MINE" and "VAN SCOY DIAMOND MINE OF DELAWARE" in connection with retail jewelry services and sale of precious gems with such use commencing in November of 1994. Identification of documents showing and supporting such use will be made upon completion of Bates numbering of the documents being produced as Defendants' Supplemental Response to Plaintiff's First Document Production Request. As to defendants Kurt Van Scoy and Donna Van Scoy, there has been no use by either of these defendants of the mark "VAN SCOY DIAMOND MINE" or the mark "VAN SCOY DIAMOND MINE OF DELAWARE".

************************

19.     State for each year the amount of (i) sales, (ii) gross profits and (iii) net profits in U.S. dollars for Van Scoy Diamond Mine of Delaware, Inc. having a principal place of business at 1117 Churchman Road, Newark, DE 19713 from when sales began to the present and state for each year during the same period the amount of (iv) sales, (v) gross profits and (vi) net profits in U.S. dollars for the sale of jewelry or jewelry services by Kurt Van Scoy and/or Donna Van Scoy and/or their employees, agents and representatives which are not included as part of the sales, gross profits and net profits for Van Scoy Diamond Mine of Delaware, Inc. (vii) identify all documents showing such sales and profits and (viii) identify persons most knowledgeable with respect to such sales and profits.

Defendants' response:

    i)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    ii)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

Without waiver of the foregoing objection, defendants respond as follows:

i)    This data is being compiled and computed and will be supplied when the computations are complete.

ii)    This data is being compiled and computed and will be supplied when the computations are complete.

iii)    This data is being compiled and computed and will be supplied shortly when the computations are complete.

iv)    None.

v)    None.

vi)    None.

vii)    Defendants Kurt Van Scoy and Donna Van Scoy have no documents responsive to this interrogatory; documents of defendants Van Scoy Diamond Mine of Delaware, Inc. will be identified once document numbering is complete.

viii)    Kurt Van Scoy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

20.    Identify all employees of Van Scoy Diamond Mine of Delaware, Inc, past and present, the job description of the employee, the employee's responsibilities, and the dates of employment.

Defendants' response:

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

i) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

ii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

Subject to the foregoing objection, which is not waived, information concerning employees of Van Scoy Diamond Mine of Delaware, Inc., in addition to Kurt Van Scoy and Donna Van Scoy, will be supplied.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

21.   Identify (i) all documents and (ii) all persons with knowledge of the facts supporting or contradicting any of the claims or defenses set forth in Defendant's Answer, Affirmative Defenses and Counterclaims.

Defendants' response:

i) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

ii) Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants' Supplemental Response:

Without waiver of the foregoing objection, defendants respond as follows:

PH2 231578v1 06/22/05 5:22:13 PM

94214.90101

i)    Defendants object to this interrogatory as being unclear and not understandable. A response will be provided once the interrogatory is clarified.

ii)    Kurt Van Scoy, Donna Van Scoy, Mark Mauer.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

22.    Identify all witnesses, including expert witnesses, upon whose testimony Defendant(s) will or may rely in this litigation, stating the subject matter of the witnesses knowledge or anticipated testimony, and in the case of an expert witness, identify all documents and things given to the expert witness, state all opinions and state all factual basis for any such opinions.

Defendants' response:

i)    Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

ii)    Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iii)    Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

iv)    Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Defendants' Supplemental Response:

Defendants' object to this interrogatory in that Defendants' trial plans are incomplete. Defendants have not, to date, engaged any expert witnesses. This interrogatory will be supplemented from time to time as Defendants' trial plans develop.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

23.    Identify all (i) instances, inquires and/or occurrences (ii) as well as any documents

relating to or reflecting such instances, inquires and/or occurrences of confusion or mistake involving the source, origin or sponsorship of goods or services offered by Defendants under the mark "Van Scoy Diamond Mine" and/or "Van Scoy Diamond Mine of Delaware" including any (iii) inquiry regarding whether Defendants goods or services were sponsored by or otherwise connected with Plaintiff or Plaintiff's licensee, (iv) any goods or services of Plaintiff or Plaintiff's licensee, or (v) any other third party or the goods or services of that third party.

Defendants' response:

    i)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    ii)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    iii)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    iv)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

    v)  Defendants object to this interrogatory as exceeding the maximum permissible number of interrogatories, including subparts, under Local Rule 26.1(b).

**************************
Defendants' Supplemental Response:

    Without waiver of the foregoing objections, defendants respond as follows:

    i)     None.

    ii)     None.

    iii)    None.

    iv)    None.

    v)     None.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

We, the undersigned, hereby declare under 18 United States Code 1001 and penalty of perjury that all answers given above are true and correct to the best of our knowledge, information and belief.

_____
Kurt Van Scoy

_____
Donna Van Scoy

_____
Kurt Van Scoy, President
Van Scoy Diamond Mine of Delaware, Inc.

As to objections:

_____
Charles N. Quinn
Fox Rothschild LLP

Attorneys for Defendants and
Counterclaim Plaintiff

## CERTIFICATE OF SERVICE

I , the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

## DEFENDANTS AMENDED AND SUPPLEMENTAL
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire,as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

**Michael C. Petock, Esquire**
**Michael F. Petock, Esquire**
**Petock & Petock LLC**
**4 The Commons at Valley Forge**
**1220 Valley Forge Road**
**P.O. Box 856**
**Valley Forge, PA  19482-0856**

and

**John G. Day, Esquire**
**Ashby & Geddes**
**222 Delaware Avenue, 17th Floor**
**P.O. B1150**
**Wilmington, DE 19899**


FOX ROTHSCHILD LLP

Charles N. Quinn

22 June 2005
(date)