UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>    v.<br><br>VAN SCOY DIAMOND MINE OF<br>DELAWARE, INC., a Delaware corporation,<br>KURT VAN SCOY, and DONNA VAN SCOY,<br><br>    Defendants and<br>    Counterclaim-Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 05-108 (KAJ)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF MOTION
BY DEFENDANTS KURT VAN SCOY, DONNA VAN SCOY, AND
VAN SCOY DIAMOND MINE OF DELAWARE, INC.
FOR LEAVE TO FILE AN
<u>AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

                                FOX ROTHSCHILD LLP
                                Sharon Oras Morgan (DE Bar No. 4287)
                                919 N. Market Street
                                Suite 1300
                                Wilmington, Delaware 19801
                                Telephone: (302) 622-4246
                                Facsimile: (302) 656-8920

                                *Attorneys for Defendants and*
                                *Counterclaim Plaintiff*

OF COUNSEL:
Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135

Dated: January 23, 2006

## Table of Contents

**Page No.**

**Statement of the Nature and Stage of the Proceeding** ...............................................................1
**Summary of Argument**................................................................................................................2
**Statement of Facts**......................................................................................................................2
**Argument**....................................................................................................................................5
**Conclusion** ...............................................................................................................................10

**Affidavit of Kurt Van Scoy** ..........................................................................Appendix 1

**Trademark Registration Assigned**
**October 21, 1980** ..........................................................................................Appendix2

**Bankruptcy Docket Sheet and Schedules of**
**Thomas Van Scoy Senior** .............................................................................Appendix3

**Trustees' Answer to Motion for Relief from Automatic**
**Stay**..............................................................................................................Appendix4

**January 4, 2001 Bankruptcy Order** ............................................................Appendix5

**Defendants' Amended Answer, Affirmative**
**Defenses and Counterclaims** ......................................................................Appendix6

**Defendants' Amended Answer, Affirmative**
**Defenses and Counterclaims, marked with**
**brackets and underlining indicating text**
**deleted from and added to Defendants' Answer,**
**Affirmative Defenses and Counterclaims**
**as originally filed**........................................................................................Appendix7

PH2 247802v1 01/23/06 2:44:47 PM                                                                                            94214.90101

## Table of Citations

**Page No.**

*Bechtel et. al. v. Robinson, et. al.*, 886 F.2d 644, at 652 (3rd Cir. 1989) ..................... 8

*Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2L.Ed.2d 80 (1957) ................. 9

PH2 247802v1 01/23/06  2:44:47 PM                                                                                       94214.90101

## Statement of the Nature and Stage of the Proceeding

The plaintiff Wayne Van Scoy, purporting to own two United States trademark registrations for the mark "Van Scoy Diamond Mine", and who operates a retail jewelry store in Wilkes-Barre, Pennsylvania, has sued his brother Kurt, and Kurt's wife Donna Van Scoy, and their corporation, for trademark infringement based on their operation of a jewelry store in Newark, Delaware. The defendants freely admit having used the mark "Van Scoy Diamond Mine" for nearly twelve (12) years, having been given the right to use the mark by Kurt and Wayne's father. The defendants have answered, pleading various affirmative defenses including laches, acquiescence, the statute of limitations and abandonment of the mark by the plaintiff, and have asserted counterclaims respecting (1) their right to continue to use the mark "Van Scoy Diamond Mine" and (2) invalidity of the federal registrations.

Discovery has closed.

The parties have cross-moved for summary judgment, have answered each other's summary judgment motions and have replied to each other's answers. Oral argument on the summary judgment motions is scheduled for Tuesday, 24 January 2006. A proposed joint final pre-trial order is due 6 March 2006. Jury trial is scheduled to commence 3 May 2006.

## Summary of the Argument

Defendants should be given leave to amend their answer, affirmative defenses and counterclaims, to allege with even greater specificity that plaintiff Wayne Van Scoy does not own the United States trademark registrations for the mark at issue, because ownership of the trademark registrations is the threshold issue in this case. The amendments are sought in part as a result of new evidence that defendants first discovered on Friday, 20 January 2006. The amendments sought are minor and merely involve making more specific allegations, not differing significantly from the allegations already pleaded.

The amendments will not delay the trial and do not prejudice the plaintiff. The plaintiff already has notice as respecting the amendments from repeated assertions, in defendants' summary judgment motions and defendants' answers to plaintiff's summary judgment motions, that Wayne Van Scoy does not own the federal registrations for the mark at issue.

Since leave to amend is to be freely granted in the interest of justice, since the amendments merely make more specifically of record allegations already in the case, since the trial will not be delayed, and since plaintiff already has notice and hence will not be prejudiced by the amendments, defendants' motion for leave to amend should be granted.

## Statement of Facts

Thomas A. Van Scoy, Sr., the father of plaintiff Wayne Van Scoy and defendant Kurt Van Scoy, operating as a sole proprietor and trading initially as "Van Scoy the G.I. Jeweler" and later as "Thomas A. Van Scoy, t/a Van Scoy Diamond Mine", opened a jewelry store, specializing in sale of diamonds, in Wilkes-Barre, Pennsylvania in the late 1960's. (See Affidavit of Kurt Van Scoy attached hereto as Appendix 1.) The business prospered and grew. Eventually, Mr. Van Scoy personally owned as many as seven stores and franchised others,

which were scattered throughout the northeastern United States. The business peaked during the late 1980's when about forty (40) retail stores were operating. (See Appendix 1).

In 1977, Mr. Van Scoy formed Van Scoy Diamond Mines, Inc. as a Pennsylvania business corporation, to handle franchising, while continuing to operate his retail stores as a sole proprietor. (See Exhibit 2 to Appendix 1) That corporation continued to exist until at least some time in calendar year 2000.

Six months after Van Scoy Diamond Mines, Inc. was formed, the corporation applied to register the mark "Van Scoy Diamond Mine" in the United States Patent and Trademark Office. The applications were successful and United States trademark registrations for the mark "Van Scoy Diamond Mine" issued to the corporation, Van Scoy Diamond Mines, Inc., in October of 1980. (See copy of registration attached hereto as Appendix 2)

In the early 1990's, business declined and in September of 1994, Mr. Van Scoy was forced into bankruptcy. By that time all but one of the stores Mr. Van Scoy owned had closed. Mr. Van Scoy was still operating his original store, as a sole proprietor, in Wilkes-Barre under the name Thomas A. Van Scoy, t/a Van Scoy Diamond Mine. (See Appendix 1)

The schedules of Mr. Van Scoy's personal property filed as a part of his bankruptcy listed "Van Scoy Diamond Mines" as a trademark he owned. (See Bankruptcy Petition and Schedules attached hereto as Appendix 3). This "trademark" was, more accurately, the trade name under which Mr. Van Scoy had traded as a sole proprietor. The schedules of personal property also listed the stock of the corporation Van Scoy Diamond Mines, Inc. as Mr. Van Scoy's personal property.

The bankruptcy proceeding involved only Mr. Van Scoy. The corporation, Van Scoy Diamond Mines, Inc., was not a party to the bankruptcy proceeding. (See Appendix 3). In the

course of the bankruptcy proceeding, the trustee for the bankrupt estate acknowledged that the bankruptcy estatee did not include any assets of Van Scoy Diamond Mines, Inc. (See paragraph 1 of Trustees' Answer to Motion of Kashi, Inc. for Relief from Automatic Stay, attached hereto as Appendix 4)

On 4 January 2001 the Bankruptcy Court ordered that the Chapter 7 estate of Mr. Van Scoy would have no further right, title or interest in the trademark "Van Scoy Diamond Mines" and that the trademark would become the sole and exclusive property of Wayne Van Scoy. (See January 2001 Order attached hereto as Appendix 5). The order made no mention of either of the federal trademark registrations for the mark "Van Scoy Diamond Mine", made no mention of any transfer of the goodwill associated with any trademark, made no mention of any right to recover for past infringement of any trademark, nor did it make any mention of Van Scoy Diamond Mines, Inc.

On Friday, 20 January 2006 defendants learned of new evidence additionally supporting defendants' position that plaintiff Wayne Van Scoy does not own the United States trademark registrations for the mark at issue. Specifically, Kurt Van Scoy's sister, Pamela Sendrick, provided to Kurt a brochure used by the corporate entity, Van Scoy Diamond Mines, Inc., to market potential franchisees. (See Exhibit 1 to Appendix 1).

[Remainder of page intentionally left blank]

## **Argument**

Federal Rule of Civil Procedure 15(a) permits amendment of pleadings by leave of the Court, and requires that leave be freely given when justice so requires. Defendants seek to amend their answer, affirmative defenses and counterclaims, to allege with even greater specificity that plaintiff Wayne Van Scoy does not own the United States trademark registrations for the mark at issue, as those registrations were not part of the bankruptcy estate and could not have been conveyed to plaintiff in that proceeding, hence rendering the registrations that form the subject of this action invalid.

Ownership of the trademark registrations is the threshold issue in this case. If defendants prove Wayne Van Scoy does not own the registrations at issue, then the registrations are necessarily invalid and counts I and III of plaintiff's complaint are moot.

Justice requires that leave be given defendants to amend their pleadings. Defendants have already alleged that the trademark registrations are invalid[1] and have sought, in their prayer for relief, a declaration of invalidity. Defendants have also asserted that Wayne Van Scoy does not own the trademark registrations[2]. The amendments sought are not particularly substantial; two of the amendments[3] involve only removal of the phrase "on information and belief" from defendants' pleadings. Perhaps most significantly, the amendments do not involve allegations that differ significantly from the allegations already pleaded.

---

[1] See, for example, paragraphs 62 (second occurrence), 63 (second occurrence), 64 (second occurrence), 67, 70, 71 and 73 of defendants' Answer, Affirmative Defenses and Counterclaims. Defendants regret the duplicate numbering of paragraphs 59 through 64 of their original Answer, Affirmative Defenses and Counterclaims and have corrected this in the attached proposed Amended Answer, Affirmative Defenses and Counterclaims, attached hereto as Appendices 6 and 7.

[2] See, for example, paragraphs 17 and 18 of defendants' Answer, Affirmative Defenses and Counterclaims; pp. 5-7 and 9 of defendants' Answering Brief to Plaintiff's Motion for Summary Judgment of Infringement (D.I. 136); and pp. 5, 6 of defendants' Answering Brief to Plaintiff's Motion for Summary Judgment Against Defendants' Claims of Invalidity and Abandonment (D.I. 137)

[3] See paragraphs 11 and 12 of defendants; Amended Answer, Affirmative Defenses and Counterclaims, as attached.

As an example, here is the amendment sought to paragraph 67 of defendants' Answer, Affirmative Defenses and Counterclaims, with the text to be added underlined.

> 67. United States trademark registration 1,140,958 is invalid by virtue of the mark having been abandoned by plaintiff Wayne Van Scoy and/or by plaintiff's predecessor in title, for failure to meet the requirements of, *inter alia*, 15 USC 1052 *et. seq.* of the United States Code. <u>Additionally and specifically, on information and belief, plaintiff Wayne Van Scoy did not acquire, from the previous owner, Van Scoy Diamond Mine, Inc., and hence does not actually own United States trademark registration 1,140,958. As a result, on information and belief, the application filed for renewal of United States trademark registration 1,140,958 by plaintiff fraudulently represented plaintiff to be the owner of United States trademark registration 1,140,958 when that was not correct. The renewal application, having been filed by an entity, namely the plaintiff, which did not own the registration, was fraudulent and the renewed registration was and is invalid.</u>

Lest there be any doubt that defendants have already placed plaintiff on notice of this position, here is relevant language from defendants' answering brief to plaintiff's motion for summary judgment of infringement:

> A. Contrary to Plaintiff's Assertions, There are Numerous Issues of Disputed Fact Respecting Whether Wayne Van Scoy Does or Does Not Own the Federal Registrations for the Mark and Hence Whether He Has or Lacks Standing to Bring this Suit; Additionally There are Related Issues of Disputed Fact Regarding Arguably Fraudulent Misrepresentations Made to the United States Patent and Trademark Office by the Plaintiff in Seeking to Acquire and Maintain the Federal Registrations for the Mark at Issue.
>
> Plaintiff Wayne Van Scoy contends that he not only owns U.S. registrations 1,140,711 and 1,140,958 but that those registrations are in full force and effect and have been made incontestable under 15 U.S.C. 1065. The fact is that the agreement approved by the Bankruptcy Court on January 4, 2001 on which Wayne Van Scoy relies, did not address, much less convey, title to either of the federal registrations, namely U.S. registrations 1,140,711 and 1,140,958. (See Exhibit "I", I2 at 3:6). The facts further are that Wayne Van Scoy's counsel subsequently submitted a memorandum to the U.S. Patent and Trademark Office to be recorded as against U.S. registrations 1,140,958 and 1,140,711, representing to the United States Patent and Trademark Office that Wayne Van Scoy had purchased the two federal trademark registrations from bankruptcy on January 4, 2001. (See Exhibit "J") That representation was false. It perpetrated a fraud on the United States Patent and Trademark Office as to the ownership of U.S. registrations 1,140,958 and 1,140,711, as to the right to renew those registrations, and

> hence as to the right to assert these registrations against third parties such as Kurt and Donna Van Scoy.
> It is axiomatic that a federal trademark registration may properly be renewed only by its true owner. Since Wayne Van Scoy had no documents from the bankruptcy court evidencing any acquisition of United States trademark registrations 1,140,958 and 1,140,711, his counsel created a self-serving memorandum (See Exhibit "J", J5-J6) and submitted that memorandum to the United States Patent and Trademark Office, representing wrongfully that the two registrations were owned by plaintiff Wayne Van Scoy. The memorandum concealed from the United States Patent and Trademark Office that neither of the two trademark registrations was addressed in the 4 January 2001 Bankruptcy Court order (See Exhibit "I", I1-I4), concealed from the United States Patent and Trademark Office that the two registrations were not a part of the bankruptcy estate and concealed from the United States Patent and Trademark Office that the two registrations had never been transferred from their corporate owner to any one, much less to any entity involved in any bankruptcy proceeding. As such, the representation made to the U.S. Patent and Trademark Office by Wayne Van Scoy's counsel as to Wayne Van Scoy's ownership of the two trademark registrations at issue was false.

With the foregoing being only one of several instances of having placed plaintiff on notice of defendants' position of non-ownership by plaintiff and consequent invalidity of the registrations, plaintiff will not be prejudiced by the requested amendments to defendants' pleadings.

The amendments sought do not add any cause of action to the case, will not delay the trial of this action, and, as noted above, have already been telegraphed to plaintiff by defendants' repeated assertions that Wayne Van Scoy does not own the federal registrations for the mark at issue. So, there is no reason to deny defendants' motion.

Leave to amend is sought based in part on the discovery of new evidence which only came to defendants on Friday 20 January 2006[4]. This new evidence further supports defendants' position, as stated in defendants' summary judgment motions and defendants' answers to plaintiff's summary judgment motions, that plaintiff Wayne Van Scoy does not own the federal registrations for the mark at issue. With this new evidence, defendants believe it prudent to seek

---

[4] See paragraph 4 of the attached Affidavit of defendant Kurt Van Scoy.

to amend the pleadings, so that there be no doubt as to defendants' right to present evidence that plaintiff Wayne Van Scoy does not own the federal registrations for the mark at issue.

Leave to amend the pleadings is not sought to add an additional defendant, nor to change in any significant way the legal issues involved in the case, nor to state a new cause of action, nor to delay the trial, nor to pursue an additional party, nor to otherwise delay the proceedings. With the evidence spurring defendants' instant motion for leave to amend only coming to hand on Friday 20 January, the motion is unquestionably timely.

This Circuit liberally allows amendments to the pleadings under Rule 15(a). As Judge Higgenbotham said in *Bechtel et.al. v. Robinson, et.al.*, 886 F.2d 644, at 652 (3rd Cir. 1989):

> We have noted that the courts 'have shown a strong liberality ... in allowing amendments under Rule 15(a).' *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing*, 663 F.2d 419, 425 (3d Cir. 1981) (quoting 3 J. Moore, Moore's Federal Practice 15.08(2) (2d ed. 1989)), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982). In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court identified a number of factors to be considered in deciding on a motion to amend under Rule 15(a):
>> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'
>
> *Id.* at 182, 83 S.Ct. at 230; accord, *Heyl & Patterson Int'l*, 663 F.d (sic) at 425; *Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

Defendants make this motion out of an abundance of caution--so that the record is clear that defendants have the right to prove at trial that Wayne Van Scoy does not own the federal registrations for the mark at issue. As noted above, defendants alleged in their answer and counterclaims that the registrations are invalid. The non-ownership of the registrations by

Wayne Van Scoy was asserted in defendants' summary judgment motions and answers to plaintiff's summary judgment motion but was not explicitly alleged as a basis for the invalidity that was pleaded in defendants' answer, affirmative defenses and counterclaims.

Grant of the instant motion will make the record clear that defendants have the right to present such evidence of non-ownership of the federal registrations by Wayne Van Scoy in the course of presenting their defense and asserting their already pleaded counterclaim for invalidity of the registrations. While defendants do not concede any deficiency in their answer, affirmative defenses and counterclaims, with new evidence supporting defendants' position that plaintiff Wayne Van Scoy does not own the federal registrations for the mark at issue, leave to amend defendants' pleadings should be granted to ensure a proper decision on the merits of this case, as contemplated by the Federal Rules of Civil Procedure:

> '(T)he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits,' *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2L.Ed.2d 80 (1957).

[Remainder of page intentionally left blank]

## Conclusion

In order to assure a proper decision on the merits of this case and because there will be no effect on the trial date and not prejudice to plaintiff, defendants' motion for leave to amend their answer, affirmative defenses and counterclaims, into the form attached, should be granted.

FOX ROTHSCHILD LLP

/s/ Sharon Oras Morgan
Sharon Oras Morgan (DE Bar No. 4287)
919 N. Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920

OF COUNSEL:
Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135
*Attorneys for Defendants and
Counterclaim Plaintiff*

Dated: January 23, 2006