# Appendix "1"

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, | ) |
| | ) |
|     Plaintiff and | ) |
|     Counterclaim-Defendant, | ) |
| | ) |
|     v. | ) |
| | ) |
| VAN SCOY DIAMOND MINE OF | )    Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) |
| | ) |
|     Defendants and | ) |
|     Counterclaim-Plaintiffs. | ) |

## AFFIDAVIT OF KURT VAN SCOY
## IN SUPPORT OF MOTION BY DEFENDANTS
## KURT VAN SCOY, DONNA VAN SCOY, AND
## VAN SCOY DIAMOND MINE OF DELAWARE, INC.
## FOR LEAVE TO FILE AN
## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

STATE OF DELAWARE :
                   : SS.
NEW CASTLE COUNTY:

I, KURT VAN SCOY, being duly sworn according to law, depose and say as follows:

1. I am an officer of defendant corporation Van Scoy Diamond Mine of Delaware, Inc., a Delaware corporation that owns and operates a retail jewelry store in Newark, Delaware. I am also an individually named defendant and am the husband of defendant Donna Van Scoy.

2. My family, namely my father (now deceased), my mother Elizabeth (now deceased), my brothers and sisters Tommy Van Scoy Jr., Tony Van Scoy, Pamela Van Scoy Sendrick, and Wayne Van Scoy, and me, has been in the retail jewelry business since the late 1960's. The business was started by my father Thomas A. Van Scoy, Sr., operating as a sole proprietor

initially under the name "Thomas A. Van Scoy t/a Van Scoy the G.I. Jeweler" and later under the name "Thomas A. Van Scoy t/a Van Scoy Diamond Mine". The business initially prospered and grew with my father owning as many as seven stores. Additional stores were franchised. The stores, both owned and franchised were, with one or two exceptions, scattered throughout the northeastern United States. At its peak, during the late 1980's, the business involved about 40 stores.

3. In the 1990's the business declined. My father was forced into bankruptcy in September 1994. At that time he was still operating his original store as a sole proprietor in Wilkes-Barre, Pennsylvania, under the name Thomas A. Van Scoy t/a Van Scoy Diamond Mine. All of the other stores he had owned had closed. Most, if not all, of the franchised stores had also closed.

4. While operating his stores as a sole proprietor, on 29 December 1977 my father formed Van Scoy Diamond Mines, Inc., as a Pennsylvania business corporation. My understanding, reinforced by a brochure I received from my sister, Pamela Sendrick, on Friday 20 January 2006, of which a copy of the cover and back page, is attached hereto as Exhibit 1, is that Van Scoy Diamond Mines, Inc. granted the franchises. Based on the Internet site of the Pennsylvania Department of State, Van Scoy Diamond Mines, Inc. continues to exist as a Pennsylvania corporation. In that regard a photocopy of a page from the Pennsylvania Department of State Internet site, which was printed on 18 January 2006, is attached as Exhibit 2.

5. Until receiving a letter dated 18 November 2004 from my brother Wayne's lawyer, Mr. Petock, I did not know that Van Scoy Diamond Mines, Inc. had filed applications in the United States Patent and Trademark Office in 1978 to register the trademark "Van Scoy Diamond Mine" for use in connection with jewelry and jewelry sales.

6. From the enclosures to Mr. Petock's letter I learned that United States trademark registrations 1,140,711 and 1,140,958 for the mark "Van Scoy Diamond Mine" issued in 1980 to Van Scoy Diamond Mines, Inc. Until receiving that letter I had no knowledge of any trademark registration, of any type, for the mark "Van Scoy Diamond Mine".

7. The schedule submitted in my father's bankruptcy listed as one item of his personal property the common law trademark "Van Scoy Diamond Mines". The schedule also listed as my father's property the stock of the corporation Van Scoy Diamond Mines, Inc.

8. Documents from the bankruptcy proceeding already produced to the plaintiff, Wayne Van Scoy, clearly state that the bankruptcy involved only my father, Thomas A. Van Scoy t/a Van Scoy Diamond Mine, and that the only "trademark" involved was "Van Scoy Diamond Mines". Those documents clearly evidence that United States registrations 1,140,711 and 1,149,948 for the trademark "Van Scoy Diamond Mine" were never a part of the bankrupt estate and were not addressed as a part of the bankruptcy proceeding.

9. There is no evidence that United States trademark registrations 1,140,711 and 1,149,948 were ever transferred by Van Scoy Diamond Mines, Inc. to my father, or to my father's bankruptcy estate, or to anyone else.

10. In this litigation my lawyers have requested from the plaintiff "All documents pertaining to plaintiff's acquisition of" United States trademark registrations 1,140,711 and 1,149,948. A copy of those document production requests (numbers 9 and 10) is attached as Exhibit 3. None of the documents received in response to that request addressed or evidenced any transfer of United States trademark registrations 1,140,711 and 1,149,948 from Van Scoy Diamond Mines, Inc. to my father, to my brother Wayne, or to anyone else.

11. A paper dated 4 January 2001 from the bankruptcy proceeding captioned "Order Approving Agreement and Settlement of Adversary Proceedings and Contested Matters, With Releases and Other Provisions", which my brother Wayne contends evidences his purchase of the United States registrations for the mark at issue, lists the mark transferred pursuant to that order as "Van Scoy Diamond Mines". This is the same mark that was listed on the schedule of my father's personal property submitted to the Bankruptcy Court at the start of the bankruptcy proceeding. There is no mention in the 4 January 2001 paper of any transfer of any United States trademark registration.

12. It is correct, as I stated in my affidavit of 5 December 2005, that in the early 1990s business slowed and many of the Van Scoy Diamond Mine businesses closed and further that by September of 1994 only the original store in Wilkes-Barre, Pennsylvania was operating. However, based on my review of the bankruptcy related documents provided to the plaintiff, I now realize that in September 1994 the store in Wilkes-Barre was being operated by my father in his capacity as a sole proprietor and not by Van Scoy Diamond Mines, Inc., as I had stated in my affidavit of 5 December 2005.

_____
Kurt Van Scoy

Sworn to and subscribed before me
this ___ of January 2006,
_____
Notary Public

My Commission Expires:

**BRIDGET L. ROBINSON**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
My Commission Expires Oct. 19, 2006

# EXHIBIT 1

to

**AFFIDAVIT OF KURT VAN SCOY
IN SUPPORT OF MOTION BY DEFENDANTS
KURT VAN SCOY, DONNA VAN SCOY, AND
VAN SCOY DIAMOND MINE OF DELAWARE, INC.
FOR LEAVE TO FILE AN
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**



## PRESTIGE

There are few occupations, businesses or professions that rival a diamond dealer in prestige since practically everyone realizes the high value of diamonds. The exciting mystique, the great desire for ownership and the part that diamonds played throughout history are all factors to be considered.

## YOUR INVITATION

We are in the process of establishing Van Scoy Diamond Mines across the United States and we can have only winners, so we must pick the best location for you, select the best merchandise at the best price for you and guide your advertising program continually to achieve this success.

We cordially invite you to join our happy, prosperous, growing family.

## YOUR REQUIREMENTS

Personality — Honest and personable and coachable.

Cash — Complete package; franchise fee, store setup, inventory and beginning advertising — approximately $150,000.00 subject to change with area and time.

Van Scoy Diamond Mine, Inc.
717 — 288-2538

# EXHIBIT 2

to

**AFFIDAVIT OF KURT VAN SCOY
IN SUPPORT OF MOTION BY DEFENDANTS
KURT VAN SCOY, DONNA VAN SCOY, AND
VAN SCOY DIAMOND MINE OF DELAWARE, INC.
FOR LEAVE TO FILE AN
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

PH2 247876v1 01/23/06



# Corporations

Corporations | Forms | Contact Corporations | Business Services

Search
By Business Name
By Business Entity ID
Verify
Verify Certification

**Business Entity Filing History**
Date: 1/18/2006
(Select the link above to view the Business Entity's Filing History)

## Business Name History

| Name | Name Type |
|---|---|
| VAN SCOY DIAMOND MINES, INC. | Current Name |

## Business Corporation - Domestic - Information

**Entity Number:** 624670
**Status:** Active
**Entity Creation Date:** 12/29/1977
**Registered Office Address:** GATEWAY SHOPPING CENTER
EDWARDSVILLE PA 18704-0
**Mailing Address:** No Address

## Officers

**Name:** THOMAS A VANSCOY SR
**Title:** President
**Address:** GATEWAY S/C
EDWARDSVILLE PA 18704-0

Home | Site Map | Site Feedback | View as Text Only | Employment


Home

Copyright © 2002 Pennsylvania Department of State. All Rights Reserved.
Commonwealth of PA Privacy Statement

http://www.corporations.state.pa.us/corp/soskb/Corp.asp?401291    1/18/2006

...

# EXHIBIT 3

to

**AFFIDAVIT OF KURT VAN SCOY  
IN SUPPORT OF MOTION BY DEFENDANTS  
KURT VAN SCOY, DONNA VAN SCOY, AND  
VAN SCOY DIAMOND MINE OF DELAWARE, INC.  
FOR LEAVE TO FILE AN  
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

PH2 247876v1 01/23/06

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY,<br>    Plaintiff and<br>    Counterclaim-Defendant<br><br>v.<br><br>VAN SCOY DIAMOND MINE OF<br>DELAWARE, INC.,<br>KURT VAN SCOY and<br>DONNA VAN SCOY,<br>    Defendants and<br>    Counterclaim-Plaintiff | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 05-108 (KAJ)<br><br>FIRST REQUEST OF<br>DEFENDANTS KURT VAN<br>SCOY, DONNA VAN SCOY<br>AND VAN SCOY DIAMOND<br>MINE OF DELAWARE, INC. FOR<br>PRODUCTION OF DOCUMENTS<br>AND THINGS BY PLAINTIFF<br>WAYNE VAN SCOY |

Pursuant to Federal Rule of Civil Procedure 34, Defendants Kurt Van Scoy, Donna Van Scoy and Van Scoy Diamond Mine of Delaware, Inc. (collectively "Defendants") request that plaintiff Wayne Van Scoy ("Plaintiff") produce for inspection and copying the documents and things described below. In accordance with Rule 34(b), the production shall be made at the offices of Fox Rothschild, LLP, 2000 Market Street, 10th Floor, Philadelphia, Pennsylvania 19103-3291, or at such other place and time as counsel shall mutually agree. Production shall be made on or before thirty (30) days from the date of service of these requests.

DEFINITIONS AND INSTRUCTIONS

1.  As used in this request, the term "writing" shall mean each and every document (as defined in Rule 34) in the possession, custody, or control of Plaintiff, whether a copy, draft, or original, wherever located, with all exhibits, attachments, and schedules, including but not limited to the following: correspondence and drafts of correspondence; notes or summaries of conversation; income tax returns, forms, schedules or worksheets; inter- and intra-office memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; memoranda; brochures, circulars, bulletins, advertisements, sales catalogs or literature;

PH2 230312v1 06/10/05 12:16:43 PM

8. All documents relating to any enforcement efforts by plaintiff against any third party with respect to the mark at issue or any colorable variation thereof.

9. All documents relating to plaintiff's acquisition of United States registration 1,140,711.

10. All documents relating to plaintiff's acquisition of United States registration 1,140,958.

11. All documents relating to "Plaintiff's licensee Van Scoy Diamond Mine store" as identified in plaintiff's 12th request for production of documents by defendants.

12. For each month commencing 1 January 1976 through the present, four exemplary documents, evidencing use of the mark at issue, disseminated or displayed to customers, potential customers and/or the public in the ordinary course of the jewelry business conducted by plaintiff or by plaintiff's predecessor in interest during that month.

13. Each brochure, advertisement, counter talker, catalog, flyer, website or other promotional material, whether or not displaying the mark at issue, which plaintiff or plaintiff's predecessor in interest has ever used in connection with jewelry, precious stones, and/or in connection with retail jewelry store services.

14. All documents relating to any franchise awarded by plaintiff under or in connection with the mark at issue or any colorable variation thereof.

15. All documents relating to any license granted by plaintiff under the mark at issue or any colorable variation thereof.

16. All documents relating to any permission given expressly or implicitly by plaintiff or by plaintiff's predecessor in interest to any third party to use the mark at issue or any colorable variation thereof.

17. All documents relating to United States registration 1,140,711.

7

65. Documents sufficient to show the geographic scope of advertising by plaintiff and by plaintiff's predecessor in interest in connection with the mark "Van Scoy Diamond Mine" or any colorable variation thereof, for each year since first use of the mark at issue.

66. Documents sufficient to identity all locations at which plaintiff currently conducts business.

67. Documents sufficient to identify all locations at which any third party does business under the mark at issue, or any colorable variation thereof, without regard to whether such third party is authorized by plaintiff.

FOX ROTHSCHILD LLP

By: _____
Charles N. Quinn
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135

Attorney for Defendants and Counterclaim Plaintiff

Date: 10 June 2005

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the date written below adjacent to my signature I served the following document

**DEFENDANTS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on Michael C. Petock, Esquire, as an attachment to e-mails addressed to:

MP@IPLaw-Petock.com and

mfpetock@comcast.net

and on John G. Day, Esquire, as an attachment to an e-mail addressed to:

jday@ashby-geddes.com

and by United States Postal Service first class mail, postage prepaid, to the following addresses:

> Michael C. Petock, Esquire
> Michael F. Petock, Esquire
> Petock & Petock LLC
> 4 The Commons at Valley Forge
> 1220 Valley Forge Road
> P.O. Box 856
> Valley Forge, PA 19482-0856

and

> John G. Day, Esquire
> Ashby & Geddes
> 222 Delaware Avenue, 17th Floor
> P.O. B1150
> Wilmington, DE 19899

FOX ROTHSCHILD LLP

_____
Gayle Ruckstuhl

10 June 2004
(date)

14

PH2 230312v1 06/10/05                                    94214.90101