# Appendix
## "7"

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE VAN SCOY, | ) | |
| | ) | |
|     Plaintiff and | ) | |
|     Counterclaim-Defendant, | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| VAN SCOY DIAMOND MINE OF | ) | Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware Corporation | ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) | |
| | ) | |
|     Defendants and | ) | |
|     Counterclaim-Plaintiff. | ) | |

## AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff, Van Scoy Diamond Mine of Delaware, Inc., and

Defendants Kurt Van Scoy and Donna Van Scoy, by and through their undersigned attorneys,

hereby answer the complaint in correspondingly numbered paragraphs and include counterclaims

as follows:

1.      Admitted that Wayne Van Scoy is an individual; admitted that Wayne Van Scoy

is the record owner of two federal registrations for the mark "Van Scoy Diamond Mine" as listed

on the records of the United States Patent and Trademark Office but denied that Wayne Van

Scoy actually owns the two federal registrations for the mark "VAN SCOY DIAMOND MINE";

admitted that there is business conducted at 154 Mundy Street, Wilkes-Barre, PA 18702; lacking

information and belief, denied that such business is a related company as respecting Wayne Van

Scoy.

2.      Admitted.

3.      Admitted that Kurt Van Scoy is an individual who is at least a part owner and an

officer of Van Scoy Diamond Mine of Delaware, Inc.; admitted that Kurt Van Scoy directs in

part the operations of Van Scoy Diamond Mine of Delaware, Inc.; denied that Kurt Van Scoy has

directed any acts which amount to infringement or are otherwise wrongful, as asserted in the

complaint.

4.     Admitted that Donna Van Scoy is an individual who is at least a part owner and

an officer of Van Scoy Diamond Mine of Delaware, Inc.; admitted that Donna Van Scoy in part

directs the operations of Van Scoy Diamond Mine of Delaware, Inc.; denied that Donna Van

Scoy has directed any acts which to amount infringement or are otherwise wrongful as asserted

in the complaint.

5.     Admitted that this Court has jurisdiction as respecting the allegations raised in the

complaint pursuant to 15 USC 1051 et. seq. as amended and 28 USC 1331.

6.     Admitted that this Court has jurisdiction over supplemental claims of common

law unfair competition under 28 USC 1338 as alleged in the complaint but denied that there has

been any such unfair competition.

7.     Admitted that defendants Van Scoy Diamond Mine of Delaware, Inc.; Kurt Van

Scoy and Donna Van Scoy reside within this District; denied that any of the defendants have

committed or directed acts of infringement as alleged in the complaint, within this District or

elsewhere; admitted respecting the allegations raised in the complaint that venue is proper in this

District pursuant to 28 USC 1391(b) and (c).

## ANSWER TO FIRST CAUSE OF ACTION FOR INFRINGEMENT

8.     Admitted that the allegations in the complaint purport to state a cause of action

arising under of the trademark laws of the United States, 15 USC 1051 et seq.; denied that any of

the defendants have done anything which is actionable under the trademark laws of the United

States.

9.      Admitted that plaintiff appears to be currently engaged in the business of
marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy
Diamond Mine"; otherwise, lacking information and belief, denied.

10.     Admitted that plaintiff appears to be currently engaged in the business of
marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy
Diamond Mine"; otherwise, lacking information and belief, denied.

11.     Admitted that plaintiff appears to be currently engaged in the business of
marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy
Diamond Mine"; otherwise [, lacking information and belief,] denied.

12.     Admitted that plaintiff appears to be currently engaged in the business of
marketing, selling and distributing diamonds and other jewelry under the mark "Van Scoy
Diamond Mine"; otherwise, [lacking information and belief,] denied.

13.     Specifically denied that plaintiff has validly renewed the registered mark since
defendants deny plaintiff's ownership of the registered mark.  Otherwise, [L]lacking information
and belief, denied.

14.     Lacking information and belief, denied.

15.     Lacking information and belief, denied.

16.     Specifically denied that the mark "Van Scoy Diamond Mine" has become a
famous mark; specifically denied that plaintiff is the successor in title to an entity that engaged in
such advertising; otherwise, lacking information and belief, denied.

17.     Admitted that the records of the United States Patent and Trademark Office
indicate that on 21 October 1980 United States trademark registration 1,140,711 was issued to

- 3 -

Van Scoy Diamond Mines, Inc., a Pennsylvania corporation, located at Gateway Shopping

Center, Edwardsville, Pennsylvania, 18704. [Lacking information and belief,] [d]Denied that the

party to whom U.S. trademark registration 1,140,711 issued on 21 October 1980 was or is

plaintiff's predecessor in title. Admitted that the records of the United States Patent and

Trademark Office show that United States trademark registration 1,140,711 was renewed on 21

October 2000 in the name of plaintiff, but denied that such renewal was valid. Admitted that

what appears to be a true copy of the renewal registration showing plaintiff as the record owner

of U.S. registration 1,140,711 as renewed was attached to the complaint as plaintiff's Exhibit A.

[Lacking information and belief,][d]Denied that U.S. registration 1,140,711 is in full force and

effect [has been made] or remains incontestable under Section 15 of the Trademark Act. Denied

that U.S. registration 1,140,711 is actually owned by plaintiff.[or is actually owned by plaintiff.]

18.     Admitted that the records of the United States Patent and Trademark Office

indicate that on 28 October 1980 United States trademark registration 1,140,958 was issued to

Van Scoy Diamond Mines, Inc., a Pennsylvania corporation, located at Gateway Shopping

Center, Edwardsville, Pennsylvania, 18704. [Lacking information and belief,] [d]Denied that the

party to whom U.S. trademark registration 1,140,958 issued on 28 October 1980 was or is

plaintiff's predecessor in title. Admitted that the records of the United States Patent and

Trademark Office show that United States trademark registration 1,140,958 was renewed on 28

October 2000 in the name of plaintiff. Admitted that what appears to be a true copy of the

renewal registration showing plaintiff as the record owner of U.S. registration 1,140,958 as

renewed was attached to the complaint as plaintiff's Exhibit B. [Lacking information and

belief,][d]Denied that U.S. registration 1,140,958 is in full force and effect or remains [has been

made] incontestable under Section 15 of the Trademark Act. Denied that U.S. registration

- 4 -

1,140,958 is actually owned by plaintiff. [, or is actually owned by plaintiff.]

      19.     Lacking information and belief, denied.

      20.     Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. has rendered jewelry stores services and has sold diamonds, precious stones and jewelry under the mark "Van Scoy Diamond Mine of Delaware" from November of 1994 through the present; admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. may have recently rendered jewelry store services and may have recently sold diamonds, precious stones or jewelry under the mark "Van Scoy Diamond Mine"; denied that such activities on the part of defendant Van Scoy Diamond Mine of Delaware, Inc. have been to the detriment of plaintiff or have damaged plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

      21.     Denied.

      22.     Denied.

      23.     Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. has used the mark "Van Scoy Diamond Mine of Delaware, Inc." for retail jewelry store and services and in connection with the sale of jewelry and precious stones since November of 1994; denied that any of the defendants have had constructive or actual notice of any federal trademark registration rights allegedly owned by plaintiff; denied that use of the mark "Van Scoy Diamond Mine of Delaware, Inc." and/or use of the mark "Van Scoy Diamond Mine" by defendant Van Scoy Diamond Mine of Delaware, Inc. has constituted infringement of any valid right of plaintiff; denied that any use of any name, mark or other designation by defendant Van Scoy Diamond Mine of Delaware, Inc. in connection with the offering and rendering of the retail jewelry store services and the sale of jewelry and precious stones has caused any likelihood of confusion, deception or mistake as respect to plaintiff. As to defendant Kurt Van Scoy, denied. As to

- 5 -

defendant Donna Van Scoy, denied.

24.    Admitted.

25.    Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. previously operated a website located at www.vanscoydiamondmine.com; denied that creation and operation of that website was done with any knowledge of any trademark registration rights owned by plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

26.    Denied that defendant Van Scoy Diamond Mine of Delaware, Inc. uses "Vanscoy Diamond Mine" on any website; otherwise as to defendant Van Scoy Diamond Mine of Delaware, Inc., generally denied. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

27.    Admitted.

28.    Denied.

29.    Admitted that defendant Kurt Van Scoy has directed acts of defendant Van Scoy Diamond Mine of Delaware, Inc. but denied that any such acts amounted to infringement or any other actionable wrong as respecting plaintiff.

30.    Admitted that defendant Donna Van Scoy has directed acts of defendant Van Scoy Diamond Mine of Delaware, Inc. but denied that any such acts amounted to infringement or any other actionable wrong as respecting plaintiff.

31.    Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. has conducted its business in the District of Delaware, within the jurisdiction of this Court but denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement or any other actionable wrong as respecting plaintiff. As to defendant Kurt Van

- 6 -

Scoy, denied. As to defendant Donna Van Scoy, denied.

32.     Denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement of any mark allegedly belonging to plaintiff; otherwise, lacking information and belief, generally denied by defendant, Van Scoy Diamond Mine of Delaware, Inc. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

33.     Denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to any infringement of any mark allegedly belonging to plaintiff; otherwise, lacking information and belief, generally denied by defendant, Van Scoy Diamond Mine of Delaware, Inc. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

34.     Denied that any act of defendant Van Scoy Diamond Mine of Delaware, Inc. has amounted to any infringement of any mark allegedly belonging to plaintiff; otherwise, lacking information and belief generally denied by defendant, Van Scoy Diamond Mine of Delaware, Inc. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

35.     Admitted that plaintiff sent defendants a letter dated 18 November 2004 asserting that plaintiff own certain United States trademark registrations and further asserting that defendants were infringing the marks which were the subject of those registrations; admitted that defendants have continued their business operations substantially as conducted prior to receipt of the 18 November 2004 letter; denied that any such business operations amounted to infringement of any federally registered mark allegedly owned by plaintiff as asserted in plaintiff's 18 November 2004 letter; otherwise, generally denied.

36.     Other than the letter dated 18 November 2004 as addressed in the preceding paragraph, denied that plaintiff has requested defendants to in any way change their manner of doing business; additionally denied that any manner of doing business by Van Scoy Diamond

- 7 -

Mine of Delaware, Inc. has amounted to infringement of any rights allegedly owned by plaintiff in any federal trademarks allegedly owned by plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

37.     Other than the letter dated 18 November 2004 as addressed in the preceding two paragraphs, denied that plaintiff has requested defendants to in any way change their manner of doing business; additionally denied that any manner of doing business by Van Scoy Diamond Mine of Delaware, Inc. has amounted to infringement of any rights allegedly owned by plaintiff in any federal trademarks allegedly owned by plaintiff. As to defendant Kurt Van Scoy, denied. As to defendant Donna Van Scoy, denied.

38.     Denied.

39.     Admitted that the actions of defendant Van Scoy Diamond Mine of Delaware, Inc. have been directed by defendant Kurt Van Scoy and by defendant Donna Van Scoy but denied that any such acts of Van Scoy Diamond Mine of Delaware, Inc. have amounted to infringement.

40.     Denied.

41.     Denied.

### ANSWER TO SECOND CAUSE OF ACTION
### FOR ALLEGED FEDERAL UNFAIR COMPETITION

42.     Preceding paragraphs 1 through 41 are incorporated herein by reference as it fully sets forth herein.

43.     Denied that the trade name "Van Scoy Diamond Mine" and the mark "Van Scoy Diamond Mine" which are the subject of U.S. registrations 1,140,948 and 1,140,711 have become uniquely associated with or have come to identify plaintiff. As to "Van Scoy Diamond Mine" being a trade name of a company related to plaintiff, lacking information and belief,

- 8 -

denied. Denied that any use by defendant Van Scoy Diamond Mine of Delaware, Inc. of the

designation "Van Scoy Diamond Mine" and/or the designation "Vanscoy Diamond Mine" and/or

the designation "Van Scoy Diamond Mine of Delaware, Inc." or any similar designation amounts

to use of any false designation of origin or false representation which has in any way wrongly or

falsely designated the retail jewelry store business operated by defendant Van Scoy Diamond

Mine of Delaware, Inc. at which retail jewelry store services are rendered and precious stones

and jewelry are sold, as originating from or connected with plaintiff; further denied that any such

activity constitutes utilizing false descriptions or representations in interstate commerce.

      44.     Denied.

## ANSWER TO THIRD CAUSE OF ACTION FOR
## REGISTRATION OF PLAINTIFF'S MARK IS AN INTERNET DOMAIN NAME

      45.     Preceding paragraphs 1 through 44 are incorporated herein by reference as it fully

sets forth herein.

      46.     Admitted that defendant Van Scoy Diamond Mine of Delaware, Inc. caused the

internet domain name www.vanscoydiamondmine.com to be registered; denied that such

registration was done by any of the defendants with any knowledge of trademark registrations

subsisting on the principal register of the United States Patent and Trademark Office which

belong to plaintiff; otherwise generally denied.

      47.     Denied that when defendant Van Scoy Diamond Mine of Delaware, Inc.

registered the internet domain name "www.vanscoydiamondmine.com" that any of the

defendants had any knowledge of any United States trademark registrations belonging to

plaintiff. Denied that registration of such domain name was done with an intent to injure or

profit from plaintiff.

      48.     Denied.

- 9 -

## ANSWER TO FOURTH CAUSE OF ACTION
## FOR COMMON LAW UNFAIR COMPETITION

49.      Preceding paragraphs 1 through 48 are incorporated herein by reference as it fully sets forth herein.

50.      Admitted.

51.      Denied.


## AFFIRMATIVE DEFENSES OF DEFENDANTS VAN SCOY DIAMOND
## MINE OF DELAWARE, INC., KURT VAN SCOY AND DONNA VAN SCOY

52.      Plaintiff has failed to state a claim upon which relief can be granted.

53.      Plaintiff's claims are barred by the relevant statutes of limitations.

54.      Plaintiff's claims for recovery of property and damages are barred by plaintiff's failure to give notice of registration pursuant to 15 USC 1111.

55.      Plaintiff's alleged mark "Van Scoy Diamond Mine" is generic, misdescriptive or otherwise has no significance as a source indicator and hence cannot [counter] function as a trademark.

56.      Plaintiff Wayne Van Scoy's alleged mark "Van Scoy Diamond Mine" is not famous and has not acquired secondary meaning.

57.      Plaintiff Wayne Van Scoy's alleged mark Van Scoy Diamond Mine is generic or merely descriptive and thus not capable of protection.

58.      Plaintiff's claims are barred by the doctrine of latches.

59.      Plaintiff's claims are barred by the doctrine of estoppel.

60.      Plaintiff's claims are barred by the doctrine of acquiescence.

61.      Plaintiff's claims are barred by the doctrine of waiver.

- 10 -

62.    United States trademark registration 1,140,711 on which plaintiff is the current record owner is invalid and unassertable against defendants by reason of the mark which is the subject of such registration having been abandoned by plaintiff and/or by plaintiff's predecessor in title.  Plaintiff does not actually own United States trademark registration 1,140,711.

63.    United States trademark registration 1,140,958 on which plaintiff is the current record owner is invalid and unassertable against defendants by reason of the mark which is the subject of such registration having been abandoned by plaintiff and/or by plaintiff's predecessor in title.  Plaintiff does not actually own United States trademark registration 1,140,958.

## AFFIRMATIVE DEFENSES OF DEFENDANTS
## KURT VAN SCOY AND DONNA VAN SCOY

64.    At all relevant times defendants Kurt Van Scoy and Donna Van Scoy acted within the scope of their duties of employment by defendant Van Scoy Diamond Mine of Delaware, Inc. and to the extent any actions by defendants Kurt Van Scoy and/or Donna Van Scoy are actionable, responsibility for and any liability growing out thereof is that of defendant Van Scoy Diamond Mine of Delaware, Inc., and not that of defendants Kurt Van Scoy and/or Donna Van Scoy.

## COUNTERCLAIMS OF DEFENDANT VAN
## SCOY DIAMOND MINE OF DELAWARE, INC.

Defendant Van Scoy Diamond Mine of Delaware, Inc., in support of its counterclaims against plaintiff Wayne Van Scoy, hereby avers:

65.    Defendant Van Scoy Diamond Mine of Delaware, Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 1117 Churchman Road, Newark, Delaware 19713.

- 11 -

66.    On information and belief, counterclaim-defendant/Wayne Van Scoy is an individual residing at Wilkes-Barre, Pennsylvania and is the current owner of record in the United States Patent and Trademark Office of United States trademark registrations 1,140,711 and 1,140,958 both being for the mark "Van Scoy Diamond Mine"[.], but does not actually own United States trademark registrations 1,140,711 and 1,140,958.

67.    Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

68.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, and is also based upon the filing by plaintiff Wayne Van Scoy of this action against defendant Van Scoy Diamond Mine of Delaware, Inc. and other defendants in this district.

### COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF UNITED STATES TRADEMARK REGISTRATION 1,140,958

69.    Defendant Van Scoy Diamond Mine of Delaware, Inc. repeats and reavers each and ever averment contained in paragraphs 65-68 hereof as though fully set forth herein.

70.    This is a counterclaim under the trademark laws of the United States (15 U.S.C. §§ 1051, *et seq.*) for a declaration that United States trademark registration 1,140,958 for the mark "Van Scoy Diamond Mine" is invalid.

71.    Plaintiff Wayne Van Scoy asserts that defendant Van Scoy Diamond Mine of Delaware, Inc., and other defendants, by virtue of acts alleged in the complaint in this action, have infringed and continue to infringe the mark "Van Scoy Diamond Mine" which is the subject of United States trademark registration 1,140,958. Defendants, including defendant Van Scoy Diamond Mine of Delaware, Inc., have denied such infringement and assert that U.S. trademark registration 1,140,958 for the mark "Van Scoy Diamond Mine" is invalid.

72.    An actual controversy exists between defendant Van Scoy Diamond Mine of

- 12 -

Delaware, Inc. and plaintiff Wayne Van Scoy as to the invalidity of United States trademark registration 1,140,958, as evidenced by, *inter alia*, the Complaint and Answer in this action.

73.     United States trademark registration 1,140,958 is invalid by virtue of the mark having been abandoned by plaintiff Wayne Van Scoy and/or by plaintiff's predecessor in title, for failure to meet the requirements of, *inter alia*, 15 USC 1052 *et. seq.* of the United States Code. Additionally and specifically, on information and belief, plaintiff Wayne Van Scoy did not acquire, from the previous owner, Van Scoy Diamond Mine, Inc., and hence does not actually own United States trademark registration 1,140,958. As a result, on information and belief, the application filed for renewal of United States trademark registration 1,140,958 by plaintiff fraudulently represented plaintiff to be the owner of United States trademark registration 1,140,958 when that was not correct. The renewal application, having been filed by an entity, namely the plaintiff, which did not own the registration, was fraudulent and the renewed registration was and is invalid.

74.     The acts of plaintiff Wayne Van Scoy including the filing of the instant lawsuit have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to defendant Van Scoy Diamond Mine of Delaware, Inc. for which defendant Van Scoy Diamond Mine of Delaware, Inc. has no adequate remedy at law and from which defendant Van Scoy Diamond Mine of Delaware, Inc. is entitled to declaratory and injunctive relief.

### COUNTERCLAIM FOR A DECLARATION OF INVALIDITY
### OF UNITED STATES TRADEMARK REGISTRATION 1,140,711

75.     Defendant Van Scoy Diamond Mine of Delaware, Inc. repeats and reavers each and ever averment contained in paragraphs 65-74  hereof as though fully set forth herein.

76.     This is a counterclaim under the trademark laws of the United States (15 U.S.C.

- 13 -

PH2 247701v1 01/23/06 12:15:32 PM

§§ 1051, *et seq.*) for a declaration that United States trademark registration 1,140,711 for the mark "Van Scoy Diamond Mine" is invalid.

77.    Plaintiff Wayne Van Scoy asserts that defendant Van Scoy Diamond Mine of Delaware, Inc., and other defendants, by virtue of acts alleged in the complaint in this action, have infringed and continue to infringe the mark "Van Scoy Diamond Mine" which is the subject of United States trademark registration 1,140,958. Defendants, including defendant Van Scoy Diamond Mine of Delaware, Inc., have denied such infringement and assert that U.S. trademark registration 1,140,958 for the mark "Van Scoy Diamond Mine" is invalid.

78.    An actual controversy exists between defendant Van Scoy Diamond Mine of Delaware, Inc. and plaintiff Wayne Van Scoy as to the invalidity of United States trademark registration 1,140,958, as evidenced by, *inter alia*, the Complaint and Answer in this action.

79.    United States trademark registration 1,140,958 is invalid by virtue of the mark having been abandoned by plaintiff Wayne Van Scoy and/or by plaintiff's predecessor in title, for failure to meet the requirements of, *inter alia*, 15 USC 1052 *et. seq*. Additionally and specifically, on information and belief, plaintiff Wayne Van Scoy did not acquire, from the previous owner, Van Scoy Diamond Mine, Inc., and hence does not actually own United States trademark registration 1,140,711. As a result, on information and belief, the application filed for renewal of United States trademark registration 1,140,711 by plaintiff fraudulently represented plaintiff to be the owner of United States trademark registration 1,140,711 when that was not correct. The renewal application, having been filed by an entity, namely the plaintiff, which did not own the registration, was fraudulent and the renewed registration was and is invalid.

80.    The acts of plaintiff Wayne Van Scoy including the filing of the instant lawsuit have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss

- 14 -

and injury to defendant Van Scoy Diamond Mine of Delaware, Inc. for which defendant Van

Scoy Diamond Mine of Delaware, Inc. has no adequate remedy at law and from which defendant

Van Scoy Diamond Mine of Delaware, Inc. is entitled to declaratory and injunctive relief.

## COUNTERCLAIM FOR A DECLARATION OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF THE ALLEGED TRADEMARK "VAN SCOY DIAMOND MINE"

81.    Defendant Van Scoy Diamond Mine of Delaware, Inc. repeats and reavers each

and every averment contained in paragraphs 1-80 hereof as though fully set forth herein.

82.    This is a counterclaim under the Lanham Act and applicable state or common law

for a declaration that plaintiff Wayne Van Scoy's alleged mark "Van Scoy Diamond Mine" is not

infringed by the business activities of defendant Van Scoy Diamond Mine of Delaware, Inc., has

become generic as a result of use of that mark and/or colorable validations and imitations of that

mark by third parties in the retail jewelry business with the knowledge and acquiescence of

plaintiff Wayne Van Scoy, and thus is not capable of serving as a valid trademark.

83.    An actual controversy exists between defendant Van Scoy Diamond Mine of

Delaware, Inc. and plaintiff Wayne Van Scoy as to the validity of the alleged mark "Van Scoy

Diamond Mine", as evidenced by *inter alia* the complaint and answer in this action.

84.    The alleged mark "Van Scoy Diamond Mine" has become generic or at least

misdescriptive and in any event is not capable of serving as a valid trademark as a result of use

of that mark or designation and/or colorable variations and imitations of that mark or designation

by third parties in the retail jewelry business with the knowledge and acquiescence of plaintiff

Wayne Van Scoy.

85.    The acts of plaintiff Wayne Van Scoy, including the filing of the instant lawsuit,

have caused, and unless enjoined by this Court, will continue to cause irreparable damage, loss

- 15 -

and injury to defendant Van Scoy Diamond Mine of Delaware, Inc. for which defendant Van

Scoy Diamond Mine of Delaware, Inc. has no adequate remedy at law and from which defendant

Van Scoy Diamond Mine of Delaware, Inc. is entitled to declaratory and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaim Plaintiff, Van Scoy Diamond Mine of

Delaware, Inc., and Defendants Kurt Van Scoy and Donna Van Scoy pray for the following

relief:

      a.      Dismissal of the complaint with prejudice;

      b.      Entry of judgment declaring that defendant Van Scoy Diamond Mine of

Delaware, Inc., Kurt Van Scoy and Donna Van Scoy do not infringe and have not infringed, in

any way, the mark "Van Scoy Diamond Mine";

      c.      Entry of judgment declaring that United States trademark registration 1,140,711 is

invalid;

      d.      Entry of judgment declaring that United States trademark registration 1,140,958 is

invalid;

      e.      Entry of judgment that United States trademark registration 1,140,711 is

unenforceable as against defendants on the basis of laches;

      f.      Entry of judgment that United States trademark registration 1,140,958 is

unenforceable as against defendants on the basis of laches;

      g.      Entry of judgment declaring that the mark "Van Scoy Diamond Mine" is invalid

as being generic or at least misdescriptive and is incapable of functioning as a trademark as a

result of use of that mark and/or colorable variations and imitations of that mark by third parties

in the retail jewelry business;

- 16 -

h.      Entry of an Order enjoining plaintiff Wayne Van Scoy, his successors, assigns,

officers, agents, servants, employees, attorneys, and all other persons acting in active concert

with any of them, from directly or indirectly making any threats, charges, or assertions related to

any alleged infringement of, or institution of any action for infringement of, the mark "Van Scoy

Diamond Mine" against defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van Scoy

or Donna Van Scoy, including any of their successors, assigns, persons in privity with any of

them, agents, direct or indirect customers, or any other person by reason of offering to sell or

selling the products of defendant Van Scoy Diamond Mine of Delaware, Inc.;

i.      An award to defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van

Scoy and Donna Van Scoy of their costs and attorney fees incurred in this action;

j.      An award to defendants Van Scoy Diamond Mine of Delaware, Inc., Kurt Van

Scoy and Donna Van Scoy of such other and further relief against plaintiff Wayne Van Scoy as

this Court deems just and equitable.

FOX ROTHSCHILD LLP


/s/ Sharon Oras Morgan
Sharon Oras Morgan (DE Bar No. 4287)
919 N. Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone:  (302) 622-4246
Facsimile:  (302) 656-8920

OF COUNSEL:
Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA  19103
(215) 299-2135
*Attorneys for Defendants and*
Dated: January 23, 2006                     Counterclaim Plaintiff

- 17 -