# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

January 25, 2006

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

*VIA ELECTRONIC FILING*

Re:  *Wayne Van Scoy v. Van Scoy Diamond Mine of Delaware, et al.,*  
C.A. No. 05-108-KAJ

Dear Judge Jordan:

During oral argument on January 24, 2006, the Court inquired as to the meaning of the language quoted from the Third Circuit Case of <u>Pappan Enterprises, Inc. v. Hardee's Food Systems, Inc.</u>, 143 F.3d 800 at 804, wherein it is believed the Court inquired about the language: "the relevant time period considering Hardee's and MRO's delay is the fifteen (15) month period during which Pappan was failing to pay the required royalty and advertising payments while continuing to use the ROY ROGERS marks."

However, the entire paragraph is as follows:

<u>Pappan asserts</u> that the relevant time period in considering Hardee's and MRO's delay is the fifteen (15) month period during which Pappan was failing to pay the required royalty and advertising payments while continuing to use the ROY ROGERS marks. <u>As the district court held, however,</u> Pappan did not begin infringing on the ROY ROGERS marks until Hardee's and MRO terminated Pappan's franchise agreements. Until that time, Hardee's and MRO had no basis upon which to seek an injunction, and <u>their failure to do so does not constitute delay</u>. (Emphasis Supplied)

After review of this language in its entirety, Plaintiff respectfully responds to the Court's question and submits that the fifteen month delay was Pappan's assertion which was rejected by the District Court and affirmed on this issue by the Third Circuit on appeal. The District Court held and the Third Circuit affirmed that the relevant time period of delay did not begin to run until Hardee and MRO terminated Pappan's franchise agreement and until that time they had no basis on which to seek an injunction, <u>and their failure to do so does not constitute delay</u>. Accordingly, it is respectfully submitted that the Third Circuit <u>Pappan</u> case does not count the delay when royalties were not being paid while the license was still in effect.

The Honorable Kent A. Jordan
January 25, 2006
Page 2

Accordingly, it is respectfully submitted that the Third Circuit <u>Pappan</u> case does not count the delay when royalties were not being paid while the license was still in effect.

Regarding the Court's request for the citation of the 7th Circuit case, that citation is <u>AM General Corporation v. Daimlerchrysler Corporation</u>, 311 F.3d 796, 821-825 (7th Cir. 2002).

>                    Respectfully,
>
>                    /s/ *John G. Day*
>
>                    John G. Day (I.D. #2403)

JGD: nml
166025.1

cc:   Francis X. Pileggi, Esquire (via ECF File and Serve)
      Charles N. Quinn, Esquire (via electronic mail)
      Michael F. Petock, Esquire (via electronic mail)
      Michael C. Petock, Esquire (via electronic mail)