IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 05-108-KAJ |
| v. ) | |
| ) | |
| VAN SCOY DIAMOND MINE OF ) | |
| DELAWARE, INC., a Delaware corporation, ) | |
| KURT VAN SCOY, and DONNA VAN SCOY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S ANSWERING BRIEF OPPOSING MOTION BY
DEFENDANTS KURT VAN SCOY, DONNA VAN SCOY, AND
VAN SCOY DIAMOND MINE OF DELAWARE, INC. FOR LEAVE TO FILE AN
<u>AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael F. Petock
Michael C. Petock
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA 19482-0856
(610) 935-8600
MP@IPLaw-Petock.com

Dated: February 2, 2006
166262.1

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ........................... 1

SUMMARY OF THE ARGUMENT ............................................................................... 1

STATEMENT OF FACTS ............................................................................................... 3

ARGUMENT .................................................................................................................... 5

    A.    Defendants' Motion Should Be Denied Because They Have Unduly Delayed Seeking This Leave To Amend ............................................. 6

    B.    Defendants' Motion Should Be Denied Because Their Proposed Amendment At This Late Stage In The Litigation Would Severely Prejudice Both Plaintiff and the Court ........................................................ 10

    C.    Defendants' Motion Should Be Denied Based On the Futility of the Proposed Amendment .......................................................................... 11

CONCLUSION ............................................................................................................... 13

## TABLE OF CONTENTS OF EXHIBITS

| | |
|---|---|
| EXHIBIT A | CERTIFIED COPY OF SERVICE MARK REG. NO. 1,140,958 |
| EXHIBIT B | CERTIFIED COPY OF TRADEMARK REG. NO. 1,140,711 |
| EXHIBIT C | DECLARATION OF WAYNE VAN SCOY |
| EXHIBIT D | ORDER APPROVING AGREEMENT IN SETTLEMENT OF ADVERSARY PROCEEDINGS AND CONTESTED MATTERS, WITH RELEASES AND OTHER PROVISIONS |
| EXHIBIT E | RENEWAL APPLICATION OF REG. NOS. 1,140,711 AND 1,140,958 |
| EXHIBIT F | MEMORANDUM RE: TRANSFER OF TRADEMARK AND SERVICE MARK, REGISTRATIONS, GOOD WILL AND RIGHT TO RECOVER FOR PAST INFRINGEMENT (DEFENDANTS' EXHIBIT D9) |
| EXHIBIT G | WAYNE VAN SCOY DEPOSITION OF 08/17/05, PAGES 162-164 |
| EXHIBIT H | COMPLAINT IN BANKRUPTCY COURT ADVERSARY PROCEEDING 5-96-00196A |
| EXHIBIT I | ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS, PAGES 1-4, 16 |
| EXHIBIT J | Valentin v. Philadelphia Gas Works, 128 Fed. Appx. 284, 287 (3d Cir. 2005) |
| EXHIBIT K | Dimensional Communications, Inc. v. Oz Optics, Ltd., 148 Fed. Appx. 82 (3d Cir. 2005) |
| EXHIBIT L | Renart v. Chartwells, 122 Fed. Appx. 559 (3d Cir. 2004) |
| EXHIBIT M | DEFENDANTS PRODUCTION OF ORDER APPROVING AGREEMENT IN SETTLEMENT OF ADVERSARY PROCEEDINGS AND CONTESTED MATTERS, WITH RELEASES AND OTHER PROVISIONS, BANKRUPTCY COURT DOCKET AND TRADEMARK REPORT (D000021-D000030) |

# TABLE OF AUTHORITIES

**CASES**

Birthright v. Birthright, Inc.,
    827 F.Supp. 1114 (D.N.J. 1993) .................................................................................6

Dimensional Communications, Inc. v. Oz Optics, Ltd.,
    148 Fed. Appx. 82 (3d Cir. 2005) ...............................................................................9

Foman v. Davis,
    371 U.S. 178 (1962) ....................................................................................................6

Metro Traffic Control, Inc. v. Shadow Network Inc.,
    104 F.3d 336 (Fed. Cir. 1997) ...................................................................................12

Renart v. Chartwells,
    122 Fed. Appx. 559 (3d Cir. 2004) ...........................................................................11

Resorts of Pinehurst, Inc. v. Pinehurst National Corporation,
    148 F.3d 417 (4th Cir. 1998) .....................................................................................11

United States v. Jaycees v. Philadelphia Jaycees,
    639 F.2d 134 (3d Cir. 1981) ........................................................................................6

Valentin v. Philadelphia Gas Works,
    128 Fed. Appx. 284 (3d Cir. 2005) .....................................................................6,8,10

**STATUTES**

    15 U.S.C. § 1115(b) ....................................................................................................6

## INTRODUCTION

Plaintiff Wayne Van Scoy respectfully submits this answering brief opposing Defendants' motion for leave to amend their answer, affirmative defenses and counterclaims (D.I. 157).

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

This is a suit for trademark and service mark infringement, misappropriation of an internet domain name and unfair competition where the Defendants have used the exact mark, VAN SCOY DIAMOND MINE, for exactly the same types of goods and services and have misappropriated the domain name www.vanscoydiamondmine.com. The Complaint was filed on February 23, 2005 and Defendants timely filed their Answer with their Affirmative Defenses and Counterclaims. All motions to amend or supplement the pleadings were required by the Court's Scheduling Order to be filed on or before June 1, 2005. The parties have cross moved for summary judgment and the motions have been fully briefed. Oral Argument on the summary judgment motions was held on January 24, 2006. A proposed joint final pre-trial order is due March 6, 2006. A jury trial is scheduled to commence May 3, 2006.

## SUMMARY OF THE ARGUMENT

Plaintiff is the owner of two incontestable registrations for the marks VAN SCOY DIAMOND MINE. Defendants now seek to overcome the conclusive evidence of ownership that an incontestable registration provides by seeking to plead that the registrations were acquired fraudulently. Defendants' Motion should be denied for a host of reasons including because Defendants have unduly delayed in seeking this leave. Defendants have been aware of the facts on which they now seek to plead fraud since at least July 12, 2005 and likely, in fact, much earlier. Defendants' counsel even questioned Plaintiff Wayne Van Scoy at his deposition of

1

August 17, 2005 about the document that Defendants now allege evidences fraud, attempting unsuccessfully to elicit testimony that Plaintiff now understands was intended to evidence Plaintiff's alleged fraudulent acts. Despite the fact that Defendants have been in a position to plead these new allegations for a very long time and well before the close of discovery, Defendants waited until after the close of discovery, until after all dispositive motions had been filed and fully briefed and until the eve of trial to seek leave. This delay is undue and Defendants' Motion should be denied for this reason alone.

Additionally, Defendants' Motion should be denied because if the pleadings are allowed to be amended at this late stage it will greatly prejudice both Plaintiff and the Court. Specifically, discovery will need to be reopened and both parties will be forced to essentially re-litigate the lengthy bankruptcy proceedings of Thomas Van Scoy, Sr. which lasted over six years. This will protract the litigation, significantly push back the scheduled May trial date and greatly increase the costs. Further, it will significantly delay the issuing of an injunction to Plaintiff.

Finally, Defendants' Motion should be denied considering the futility of the proposed Amendment. The standard for showing fraud before the United States Patent and Trademark Office is "clear and convincing evidence." Defendants will never be able to meet this burden as the evidence of record is that the registrations for the marks were part of the bankruptcy estate and validly transferred to Wayne Van Scoy. More significantly, there is no evidence that Plaintiff ever believed this not to be the case. Therefore, there is no evidence whatsoever to show fraud and Defendants do no even point to any such evidence in their brief. In light of Plaintiff's incontestable marks, Defendants' proposed amendment to plead fraud is futile and should be denied.

## STATEMENT OF FACTS

Plaintiff acquired the marks VAN SCOY DIAMOND MINE ("Marks at Issue"), along with the associated goodwill and federal registrations for them, pursuant to a purchase from the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to a Settlement Agreement, approved by order of the Bankruptcy Court on January 4, 2001. (Wayne Van Scoy Decl. ¶ 6, Exhibit C ; Bankruptcy Order, Exhibit D). The mark VAN SCOY DIAMOND MINE is protected by Service Mark Registration No. 1,140,958 for retail jewelry store services. (Exhibit A). The mark VAN SCOY DIAMOND MINE is protected by Trademark Registration No. 1,140,711 for jewelry and precious stones. (Exhibit B). Both registrations were registered in 1980 to Van Scoy Diamond Mines, Inc. with a date of first use in 1977 and are in full force and effect and have been made incontestable under Section 15 of the Trademark Act. (Exhibit A; Exhibit B). Exhibit A and Exhibit B are certified copies of the Registrations showing status and title, particularly showing that the Registrations are now owned by Plaintiff Wayne Van Scoy and that they have been made incontestable under Section 15 of the Trademark Act. Plaintiff filed an application to renew the registrations for the marks at issue in 2001. (Wayne Van Scoy Decl. ¶ 7). The renewal application that Defendants now are alleging evidences fraud was produced to Defendants on July 12, 2005 and the part that Defendants allege evidences fraud was even one of Defendants' deposition exhibits marked and used on August 17, 2005. (See Renewal Application, Exhibit E; Defendants' Deposition Exhibit No. 9, Exhibit F). Defendants questioned Wayne Van Scoy at his deposition of August 17, 2005 concerning this document and tried unsuccessfully to elicit testimony that Plaintiff now understands was intended to evidence fraud. (See Wayne Van Scoy Deposition of August 17, 2005 at page 163, attached as Exhibit G)

At the time this application was filed Plaintiff believed that the federal registrations for the

3

marks VAN SCOY DIAMOND MINE were part of the bankruptcy estate and validly transferred to him as part of the settlement of the bankruptcy proceedings and that he was the owner of those federal registrations, the marks and the associated goodwill. (See Wayne Van Scoy Decl. ¶ 7, Exhibit C)

The marks at issue were clearly part of the bankruptcy estate as evidenced by the actual bankruptcy proceedings. All of the corporate stock of Van Scoy Diamond Mines, Inc. became part of the bankruptcy estate. (See Page 2 of Defendants' "Appendix 3" to their Brief in Support of this Motion). Adversarial proceedings were initiated in 1996 against Plaintiff Wayne Van Scoy and several other family members seeking to enjoin them from using the marks VAN SCOY DIAMOND MINE. (See Wayne Van Scoy Decl. ¶ 5, Exhibit C). The complaint that initiated these adversarial proceedings defined the mark by stating that "Van Scoy Diamond Mines" is a registered trademark of Thomas A. Van Scoy. (See Complaint initiating adversarial proceeding 5-96-00196A, attached as Exhibit H).

Defendants did not plead fraud in their Answer, Affirmative Defenses and Counterclaims. Defendants never even raised the issue of fraud until they argued it in their Answering Brief to Plaintiff's Motion for Summary Judgment on Infringement and Willful Infringement. (See D.I. 136 which was filed December 5, 2005). As such, Plaintiff never sought any discovery nor retained any expert respecting fraud, which was never raised as an issue.

Defendants did not attach a complete copy of the brochure which Defendants contend is the "new evidence" that warrants their Motion. Defendants chose instead to attach only two pages of the eighteen page document and wait until the time for Plaintiff to file his answering brief was all but over to produce the complete document.

4

**ARGUMENT**

Defendants seek leave to amend their Answer, Affirmative Defenses and Counterclaims so that they can attempt to prove at trial that Plaintiff is not the owner of the Federal Registrations for the marks VAN SCOY DIAMOND MINE. Defendants fail to mention anywhere in their Brief, however, that the registrations for the marks that are at issue in this litigation are incontestable registrations under Section 15 of the Trademark Act. (See Federal Registrations attached as Exhibits A & B; Wayne Van Scoy Decl. ¶ 2, Exhibit C). To the extent that a registration has become incontestable, the registration is conclusive evidence, subject to certain limited defenses such as showing that the mark has been fraudulently obtained, of the registrant's ownership of the mark. Birthright v. Birthright, Inc., 827 F.Supp. 1114, 1134 (D.N.J. 1993); United States v. Jaycees v. Philadelphia Jaycees, 639 F.2d 134, 137 (3d Cir. 1981); 15 U.S.C. § 1115(b). As such Defendants can not show that Wayne Van Scoy does not own the registrations or that they are invalid as they contend on page 5 of their Brief simply by showing that they were not transferred to him through the Bankruptcy Proceedings of his father. Instead, Defendants must show that the marks were fraudulently obtained. Contrary to Defendants' statement on page 5 of their brief, pleading fraud at this time, something that was not previously pled, involves allegations that differ significantly from the allegations already pled.

**A. Defendants' Motion Should Be Denied Because They Have Unduly Delayed Seeking This Leave To Amend.**

There are numerous reasons why Defendants' Motion To Seek Leave To File An Amended Answer, Affirmative Defenses and Counterclaims should be denied, not the least of which is Defendants' undue delay. See Exhibit J, Valentin v. Philadelphia Gas Works, 128 Fed. Appx. 284, 287 (3d Cir. 2005) citing Foman v. Davis, 371 U.S. 178, 182 (1962) *(holding that*

*undue delay in seeking leave is a basis to deny a motion to amend the pleadings)*. Defendants only basis for disputing ownership is that the registrations for the marks at issue were fraudulently obtained. (See language from Defendants' Answering Brief to Plaintiff's Motion for Summary Judgment of Infringement reproduced at Page 6-7 of Defendants Brief in support of this Motion). Although Defendants attempt to characterize their proposed amendments as simple allegations that Plaintiff is not the owner of the marks, a reading of their proposed amendments shows that they are always couched in terms of fraud. The only basis Defendants have for asserting fraud, however, is their unsupported contention that the renewal applications filed by Wayne Van Scoy for the registrations were false. (See e.g. the Amendment sought to Paragraph 67 of Defendants Answer, Affirmative Defenses and Counterclaims, the text of which is reproduced on Page 6 of Defendants' Brief). Defendants have been in receipt of this Renewal Application since Plaintiff produced it on July 12, 2005 in response to Defendants' First Set of Requests For Production of Documents. (See Exhibit E which is a copy of the renewal application which was produced by Plaintiff on July 12, 2005). Therefore, since at least July 12, 2005 Defendants have had knowledge of every fact underlying the legal theory that they now move to assert on the eve of trial. Defendants' actual knowledge of a basis to plead fraud is further shown by Defendants' counsel's attempt to elicit facts pertaining to the renewal application (and specifically with respect to Defendants Exhibit D9 which is attached as Exhibit F) during the deposition of Plaintiff Wayne Van Scoy of August 17, 2005:

> Q. Is this document true and correct, to the best of your knowledge?
> A. I'd have to have an attorney look at it again to tell me if it is for sure.
> Q. Did you believe it was correct when you signed it?
> A. I believe, yes.
> (Wayne Van Scoy Deposition of August 17, 2005 at page 163, attached as Exhibit G)

Furthermore, Defendants were in possession of other documents that could have alerted

them to what they now feel was a basis to plead fraud even earlier. Defendants produced, for example, on June 7, 2005 the documents attached as Exhibit M which include the Order that transferred the marks to Plaintiff and also trademark records which show the registrations being assigned to Wayne Van Scoy from Van Scoy Diamond Mines, Inc. At least some of these documents were in the possession of Kurt Van Scoy since November 22, 2004, the day he retrieved them from the Bankruptcy Court in Wilkes Bare, Pennsylvania soon after receiving Plaintiff's cease and desist letter.

Despite Defendants' knowledge of a basis to plead fraud since at least July 12, 2005, and probably earlier, Defendants waited until after the close of discovery, until after all motions for summary judgment had been filed and briefed and until the eve of trial to seek leave to amend their pleadings. In fact, as Defendants admit, their fraud allegations were fully briefed as of December 5, 2005, yet Defendants waited until January 23, 2006 to seek leave to amend their pleadings. In affirming the District Court's denial of a motion to amend the pleadings on grounds of undue delay, the Valentin Court pointed out that the movant asserted a new cause of action under a new legal theory after the close of discovery, after motions for summary judgment were fully briefed, just twelve days before trial and that the "facts underlying the new legal theory [were] based on facts [the movant] was aware of well before the close of discovery." Valentin, 128 Fed. Appx. 284 at 287. The present situation is analogous.

Further, Defendants have absolutely no justification for this delay. The alleged "new evidence" discovered by Defendants on January 20, 2006 is a pretext and does nothing to support any allegations of fraud. (See "New Evidence" attached to Defendants' Brief as Exhibit 1 to Appendix 1). This "new evidence" does not show anything that could possibly relate to Plaintiff not being the owner of the mark; a point that certainly undercuts Defendants' contention that

7

their amendment to the pleadings would not require discovery being re-opened or a delay to the commencement of trial as Plaintiff is certainly entitled to seek discovery on a document that Defendants' apparently contend evidences fraud and justifies their amending the pleadings. Plaintiff ventures a guess that Defendants intend to argue that the footer at the bottom of page 2 of the document shows that Van Scoy Diamond Mines, Inc. is the owner of the mark. This, however, could not possibly justify Defendants' delay in filing this Motion for Leave since Defendants' position all along has been that Van Scoy Diamond Mines, Inc. was at one time an owner of the registrations. Defendants even pled on March 15, 2005 in paragraphs 17 and 18 of their Answer, Affirmative Defenses and Counterclaims that the registrations were initially registered to Van Scoy Diamond Mines, Inc. (See Defendants Answer, Affirmative Defenses and Counter Claims, D.I.6, at ¶ 17 and 18, attached as Exhibit I). Further, the "new evidence" is not even dated and therefore says nothing about who the owner of the trademark was during the bankruptcy proceeding, the only time relevant to Plaintiff allegedly doing anything fraudulent. The discovery of this "new evidence" clearly does not satisfy the "good cause" requirement adopted by the Third Circuit in determining the propriety of a motion to amend the pleadings after the deadline has elapsed. See Exhibit K, Dimensional Communications, Inc. v. Oz Optics, Ltd., 148 Fed. Appx. 82, 85 (3d Cir. 2005).

It is also noted that Defendants did not even attach a complete copy of the brochure that they characterize as "new evidence." Instead, Defendants attached only two pages of the eighteen page document to their brief in support of this motion, waiting until the time for Plaintiff to file this Answer was all but over to disclose the full document to Plaintiff. Defendants should not be permitted to attach additional exhibits to their reply brief or to make additional arguments in their reply brief based on evidence that should have been part of their

opening brief.

### B. Defendants' Motion Should Be Denied Because Their Proposed Amendment At This Late Stage In The Litigation Would Severely Prejudice Both Plaintiff and the Court.

Defendants' Motion to Seek Leave to File an Amended Answer, Affirmative Defenses and Counterclaims should also be denied because it would greatly prejudice both Plaintiff Wayne Van Scoy and the Court. See Valentin, 128 Fed. Appx. 284 at 287. *(holding that prejudice to the Plaintiff or the Court is a proper basis to deny a motion to amend the pleadings)*. Contrary to Defendants' arguments, any notice given by Defendants in their Answering Brief to Plaintiff's Motion for Summary Judgment, or anywhere else well after the close of discovery, was too late and therefore ineffective. In fact, Defendants were asked numerous contention interrogatories with respect to their affirmative defenses and counterclaims, and never responded with any allegation of fraud. If Plaintiff had been on notice of Defendants' plan to plead fraud he certainly would have sought discovery on matters related to that alleged fraud. If Defendants are allowed to amend their pleadings to allege fraud at this point then discovery will need to be reopened and both parties will be forced to essentially re-litigate the lengthy bankruptcy proceedings of Thomas Van Scoy, Sr. which lasted over six years. Plaintiff would need to depose participants in the bankruptcy and certainly need to seek discovery on documents that have not previously been produced such as the "new evidence" attached to Defendants' Brief as Exhibit 1 to Appendix A and the "Kashi" document which is attached to Defendants' Brief as Appendix 4. Further, it is possible that Plaintiff would need to retain an expert on bankruptcy proceedings and on fraud on the Patent and Trademark Office. This will protract the litigation, significantly push back the scheduled May 3rd trial date and greatly increase the costs. Further, it

will significantly delay the issuing of an injunction to Plaintiff.

### C. Defendants' Motion Should Be Denied Based On the Futility of the Proposed Amendment.

Taking all of the above into account, Defendants' Motion should also be denied based on the futility of the amendment. In Renart v. Chartwells the Court held that the movant "was properly denied leave because her proposed amendments were futile." See Exhibit L, Renart v. Chartwells, 122 Fed. Appx. 559, 561 (3d Cir. 2004). As pointed out above, in order for Plaintiff to overcome the conclusive evidence of ownership established by Plaintiff's incontestable federal registrations, they must show that Plaintiff's marks were obtained fraudulently. Defendants apparently intend to show this by somehow establishing that the marks were not part of the bankruptcy estate and that Plaintiff knew this when he filed his renewal registrations. In order to prove fraud in the U.S. Patent and Trademark Office, Defendants would have to prove by clear and convincing evidence that Plaintiff knowingly made false, material representations of fact and intended to deceive the U.S. Patent and Trademark Office. Resorts of Pinehurst, Inc. v. Pinehurst National Corporation, 148 F.3d 417, 420 (4th Cir. 1998) citing Metro Traffic Control, Inc. v. Shadow Network Inc., 104 F.3d 336, 340 (Fed. Cir. 1997). The only evidence of record is that the document that Defendants now allege evidences fraud was believed by Plaintiff to be correct when he signed it. (Wayne Decl. ¶ 7, Exhibit C, Wayne Van Scoy Deposition of August 17, 2005 at page 163, attached as Exhibit G). Besides the fact that the federal registrations for the marks were actually part of the bankruptcy estate and validly transferred to Plaintiff as part of the settlement of the bankruptcy proceedings, Plaintiff had every reason to believe that this was the case. The Order Approving Agreement in Settlement Of Adversary Proceedings And Contested Matters entered by the United States Bankruptcy Court for the Middle District of Pennsylvania states that the trademark "Van Scoy Diamond Mines" shall become the sole and exclusive

property of Wayne Van Scoy. (See Bankruptcy Order, Exhibit D). This Order vacates Adversary Proceeding 5-96-00196A which was the order enjoining Van Scoy family members from use of the marks "Van Scoy Diamond Mines." In Paragraph 12 of the Complaint initiating Adversary Proceeding 5-96-00196A against Wayne Van Scoy and other family members, the Trustee defines the term "Van Scoy Diamond Mines" by stating that "Van Scoy Diamond Mines" is a registered trademark of Thomas A. Van Scoy. (See Complaint Initiating Adversarial Proceeding, Exhibit H). Clearly, Defendants argument that the registered trademark was not part of the Bankruptcy Estate is contrary to the indisputable evidence. (See also D.I. 148 at pages 7-10 which is Plaintiff's Reply Brief To Plaintiffs Motion For Summary Judgment of Infringement and Willful Infringement for a more detailed argument as to why Plaintiff is indisputably the owner of the registrations).

      Defendants attempt to stretch the facts so far in their Brief that they argue on Page 3 that when the bankruptcy schedule listed "Van Scoy Diamond Mines" as a trademark that Thomas Van Scoy Sr. owned, what the Bankruptcy Court really meant by "trademark" was "the trade name under which Mr. Van Scoy traded as a sole proprietor." Defendants can not take the plain language of a court document and argue it does not mean what it clearly says. Plaintiff had every reason to believe that the registered marks were part of the Bankruptcy Estate and properly transferred to him. Accordingly, even if Defendants could somehow show that Plaintiff's statements to the United States Patent and Trademark Office were incorrect, they could not show that they were fraudulent.

11

## **CONCLUSION**

In view of the foregoing, and especially considering Defendants' undue delay, the resulting prejudice to the Plaintiff and the Court should this Motion be granted and the futility of the proposed amendment, Defendants' Motion for Leave to File an Amended Answer, Affirmative Defenses and Counterclaims should be denied.

                                  ASHBY & GEDDES

                                  /s/ *John G. Day*

                                  _____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiff*

*Of Counsel:*

Michael F. Petock
Michael C. Petock
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA 19482-0856
(610) 935-8600
MP@IPLaw-Petock.com

Dated: February 2, 2006
166262.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2006, the attached **PLAINTIFF'S ANSWERING BRIEF OPPOSING MOTION BY DEFENDANTS KURT VAN SCOY, DONNA VAN SCOY, AND VAN SCOY DIAMOND MINE OF DELAWARE, INC. FOR LEAVE TO FILE AN AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** was served upon the below-named counsel of record at the address and in the manner indicated:

Francis G.X. Pileggi, Esquire                           <u>HAND DELIVERY</u>
Sharon Oras Morgan, Esquire
Fox Rothschild LLP
Citizen Bank Center
919 North Market Street
Suite 1300
Wilmington, DE  19801-2323

Charles N. Quinn, Esquire                              <u>VIA FEDERAL EXPRESS</u>
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA  19103


*/s/ John G. Day*
_____
John G. Day