IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY, | ) |
| | ) |
| Plaintiff and | ) |
| Counterclaim-Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| VAN SCOY DIAMOND MINE OF | ) Case No. 05-108 (KAJ) |
| DELAWARE, INC., a Delaware corporation, | ) |
| KURT VAN SCOY, and DONNA VAN SCOY, | ) |
| | ) |
| Defendants and | ) |
| Counterclaim-Plaintiffs. | ) |

<u>REPLY BRIEF OF DEFENDANTS KURT VAN SCOY, DONNA
VAN SCOY AND VAN SCOY DIAMOND MINE OF DELAWARE,
INC. IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN
AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS</u>

FOX ROTHSCHILD LLP
Sharon Oras Morgan (DE Bar No. 4287)
Sheldon K. Rennie (DE Bar No. 3772)
919 N. Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920

*Attorneys for Defendants and
Counterclaim Plaintiff*

OF COUNSEL:
Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135

Dated: February 21, 2006

## TABLE OF CONTENTS

**Page No.**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.   STANDARD OF REVIEW ................................................................................... 2

II.  PLAINTIFF'S CONTENTION THAT THE DEFENDANTS ARE ASSERTING A NEW CAUSE OF ACTION UNDER A NEW LEGAL THEORY OF FRAUD IS INACCURATE. ............................................................ 3

III. PLAINTIFF WILL NOT SUFFER UNDUE PREJUDICE IF THIS COURT GRANTS THE DEFENDANTS' REQUEST TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS. ........................................ 6

CONCLUSION ................................................................................................................ 10

# TABLE OF CITATIONS

**CASES**                                                                                                     **PAGE**

*Bechtel v. Robinson,*
   886 F.2d 644, 652 (3d. Cir. 1989)..................................................................................2

*Conley v. Gibson,*
   355 U.S. 41, 48 (1957)..................................................................................................9

*Fowler v. Shadel,*
   400 F.3d 1060, 1019 (7th Cir. 2005) ............................................................................7

*Heyl & Patterson Intern., Inc., v. F.D. Rich Housing of the Virgin Islands Incorporated,*
   663 F.2d 419, 426 (3d. Cir. 1981)..................................................................................2

*In re Murray,*
   147 B.R. 688, 690 (Bankr. E.D. Va. 1992)....................................................................7

*In re Normandin,*
   106 B.R. 14, 16 (Bankr. D. Mass. 1989) .......................................................................7

*In re Russell,*
   663 F.2d 419, 426 (3d. Cir. 1981)..................................................................................2

*Long v. Wilson,*
   393 F.3d 290, 401 (3d. Cir. 2004)..................................................................................2

**TREATISES**

*2 Collier on Bankruptcy*
   § 101.30[3]. P. 101-96 (15th ed. Rev.) ..........................................................................7

*Ginsberg And Martin On Bankruptcy*
   § 5.01[B] ........................................................................................................................7

## **INTRODUCTION**

It is clear from Wayne Van Scoy's answering brief that he either (1) misunderstands the issues in this case and the nuances of those issues to be decided or (2) intentionally mischaracterizes the basis on which defendants seek to amend their answer, affirmative defenses and counterclaims.

Defendants choose to believe that plaintiff's mischaracterizations evidence a misunderstanding of what defendants seek through their motion. On that basis, defendants again attempt to make the record absolutely clear as to what defendants seek.

Despite plaintiff's numerous assertions to the contrary, defendants are not adding an additional count for fraud.

Contrary to plaintiff's contentions, grant of defendants' motion will not require reopening discovery, will not require the Court to re-litigate Mr. Van Scoy, Sr.'s bankruptcy proceeding, will not delay the trial schedule, and will not cause plaintiff undue prejudice. Granting defendants' motion will substantially narrow and clarify the issues, facilitating a decision on the merits.

This Court should exercise its discretion and grant defendants' motion to amend their answer, affirmative defenses and counterclaims, to assert more specifically plaintiff's non-ownership of the federal registrations for the mark at issue.

-2-

## ARGUMENT

### I. STANDARD OF REVIEW

Amendments of pleadings by leave of the Court are freely granted when justice so requires. *Long v. Wilson*, 393 F.3d 390, 401 (3d. Cir. 2004). This is especially so when there is no identifiable prejudice to the non-movant. See *Bechtle v. Robinson*, 886 F.2d 644, 652 (3d. Cir. 1989), emphasizing that "prejudice to the non-moving party is the touchstone for denial of the amendment".

A party, such as Wayne Van Scoy, seeking to deny leave to amend a pleading must do more than merely claim prejudice—he must show that he will be unfairly disadvantaged or deprived of an opportunity to present facts or evidence that he would have offered had the amendments been made earlier. *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of the Virgin Islands Incorporated*, 663 F.2d 419, 426 (3d. Cir. 1981).

Wayne Van Scoy cannot meet that burden. Despite his attempt to construct arguments that he would be "unfairly prejudiced" by grant of defendants' motion, there is nothing in defendants' motion supporting that position. Defendants merely seek to make more specific the previously existing allegations asserting Wayne Van Scoy's non-ownership of United States trademark registrations 1,140,958 and 1,140,711.

[Remainder of page intentionally left blank]

## II. PLAINTIFF'S CONTENTION THAT DEFENDANTS ARE ASSERTING A NEW CAUSE OF ACTION FOR FRAUD IS WRONG.

Plaintiff wrongly contends that defendants, through their motion to amend, are seeking to add a cause of action for fraud. This conclusion does not follow from any reading of defendants' motion to amend, defendants' brief in support of the motion or defendants' proposed Amended Answer, Affirmative Defenses and Counterclaims. Plaintiff makes this argument on the premise that his filing of the renewal applications for the contested trademark registrations in the United States Trademark and Patent Office made the registrations incontestable and that a demonstration of fraud is necessary to overcome such incontestability. This assertion, which underlies every one of plaintiff's arguments, misses the point.

Defendants recently obtained a brochure that solidified their previously asserted position that the federal trademark registrations for the mark at issue are not owned by Wayne Van Scoy. The brochure evidences, consistently with the information on the registration certificates as they were issued by the United States Patent and Trademark Office, that Van Scoy Diamond Mine, Inc., not Mr. Van Scoy Sr. personally, owned the challenged registrations. As a result, Wayne Van Scoy could not have acquired them through his father's personal bankruptcy. Based on the recently obtained document, defendants seek to amend the answer, affirmative defenses and counterclaims to make more specific their already asserted defense that the trademark registrations asserted by Wayne Van Scoy are not his.

Ownership of the federal trademark registrations is a threshold issue. If Wayne Van Scoy does not own the registrations, then the renewal applications in which he asserted his ownership

were inaccurate and amounted to a technical fraud in the United States Patent and Trademark Office. In such case the registrations are invalid and counts I and III of the complaint are moot.

Defendants' proposed amendments merely seek to supplement their previous challenges to the validity of the registrations at issue by alleging that "Plaintiff does not actually own United States trademark registration[s] 1, 140,711 [or 1,140,958]." See, e.g., Defendants' proposed Amended Answer, Affirmative Defenses and Counterclaims at ¶¶62, 63 and 66. In other sections of their proposed Amended Answer, Affirmative Defenses and Counterclaims, defendants further allege, with specificity, that (1) plaintiff is not the owner of the trademark registrations at issue; (2) plaintiff did not acquire the challenged registrations from the previous owner, Van Scoy Diamond Mine, Inc. and thus does not own the challenged registrations; and (3) as a result of plaintiff's non-acquisition of the challenged registrations from Van Scoy Diamond Mine, Inc., his no doubt well intended representation of ownership to the United States Patent and Trademark Office was nevertheless false and thus technically fraudulent. See, e.g., Defendants' proposed Amended Answer, Affirmative Defenses and Counterclaims at ¶ 73. These allegations are minimal and do not differ significantly from the allegations already pleaded.

Significantly, nowhere in any of the added allegations do defendants assert a cause of action for fraud or a theory of recovery premised on fraud. All that are proposed to be added are factual allegations by which defendants supplement their previously alleged defenses pertaining to ownership, and hence the validity, of the challenged registrations. The incidental characterization of Wayne Van Scoy's inaccurate ownership representation to the United States Patent and Trademark Office as being "fraudulent" is use of an accepted term of art in the intellectual property law practice and does not set forth a claim for fraud. As a result, there will

-5-

be no need, as plaintiff contends, for defendants to seek to prove the elements of fraud, i.e. a knowingly false statement made with intent to mislead and to induce action by the recipient.

Likewise, plaintiff's argument that defendants' motion to amend should be denied based on the futility of the amendment is based upon the erroneous premise that defendants are asserting a cause of action for fraud. In support of this argument, plaintiff goes off on a tangent and makes arguments tending to justify that he did not *knowingly* make false representations of fact to the U.S. Patent and Trademark Office. Again, this argument misses the point, because it is erroneously premised on the contention that defendants are seeking to assert a cause of action for fraud. Plaintiff fails to appreciate that defendants are not seeking to add a fraud count to this case.

[Remainder of page intentionally left blank]

### III. PLAINTIFF WILL NOT SUFFER UNDUE PREJUDICE IF THIS COURT GRANTS THE DEFENDANTS' REQUEST TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS.

Plaintiff argues that he will be unduly prejudiced if defendants are permitted to amend their answer to add minimal factual allegations bolstering their previous assertions that Wayne Van Scoy does not own the challenged registrations. The premise for plaintiff's prejudice argument is that (1) Wayne Van Scoy will supposedly now have to engage in new discovery on defendants' alleged causes of action for fraud; (2) both parties will supposedly be forced to re-litigate the lengthy bankruptcy proceedings of then father Thomas Van Scoy, Sr. which lasted over six years; (3) Wayne Van Scoy would supposedly need to depose participants in the bankruptcy; and (4) it is possible that plaintiff would supposedly need to retain an expert on bankruptcy proceedings and fraud on the Patent and Trademark Office. See Plaintiff's answering brief in opposition to defendants' motion to amend at p. 9.

Plaintiff's arguments are all based upon the erroneous premise that defendants seek to add a cause of action for fraud and hence are without merit. Defendants do not seek to add a cause of action for fraud – in which case there might well be a need for additional discovery. Instead, defendants are seeking to make more specific, through minor amendments, their previous allegations that pertain to the non-ownership of Wayne Van Scoy of the trademark registrations at issue. Indeed, the basis on which defendants allege that Wayne Van Scoy does not own the trademark registrations at issue involve facts, many of which have already been conceded by plaintiff. Plaintiff cannot dispute that the registrations at issue belonged to Van Scoy Diamond Mines, Inc. See Plaintiff's answering brief in opposition to defendants' motion

to amend at p. 8. Instead, plaintiff asserts there was some sort of unsubstantiated divestment of the registrations by the original owner, Van Scoy Diamond Mines, Inc.

Plaintiff concedes that Van Scoy Diamond Mines, Inc. (the entity to which registrations were issued) did not file for bankruptcy. Both parties recognize that it was Mr. Thomas Van Scoy, Sr. who filed for personal bankruptcy. There is no evidence that the registrations at issue were an asset of the Thomas Van Scoy Sr. bankruptcy estate such that Wayne Van Scoy could acquire the registrations from the estate. See *Fowler v. Shadel*, 400 F.3d 1016, 1019 (7th Cir. 2005) citing, *2 Collier on Bankruptcy* § 101.30[3] p. 101-96 (15th ed. rev.), stating that "while the individual's interest in the partnership or corporation (which could be 100%) would be property of the estate, the assets of the partnership or corporation would not be.". Defendants note the general principle that bankruptcy courts do not bring corporate assets into an individual debtor's bankruptcy estate.[1]

Since there is no evidence of any transfer of the trademark registrations for the mark at issue to Mr. Van Scoy, Sr., and the registrations were not an asset of Thomas Van Scoy Sr.'s personal bankruptcy estate, it follows that Wayne Van Scoy could not have acquired the registrations through the bankruptcy proceeding, as he alleges. As a result, Wayne Van Scoy could not own the United States trademark registrations for the mark at issue, the renewal applications he filed were erroneous and inaccurate, with the result that those registrations would

---

[1] *Ginsberg And Martin On Bankruptcy* § 5.01[B] (stating that "the interest in question [an interest included in the estate] must be the debtor's property. For example, if the debtor owns shares in a corporation, the shares become part of the estate; the assets of the corporation do not."); *In re Murray*, 147 B.R. 688, 690 (Bankr.E.D.Va.1992) (denying the debtor's motion to enforce an automatic stay because property owned by corporations of which debtor's husband was sole shareholder was not property of the bankruptcy estate because the debtor's equitable interests did not run to the property but only to the stock, and thus there was no present property interest); *In re Russell*, 121 B.R. 16, 17 (Bankr.W.D.Ark.1990) (stating that "[a] corporation has a separate legal existence from its shareholders, and the corporation, not its shareholders, owns the corporate assets and owes the corporate debts."); *In re Normandin*, 106 B.R. 14, 16 (Bankr.D.Mass.1989) (holding that Chapter 13 debtor shareholder was not entitled to a partition sale of a corporation in which he owned stock because ownership of capital stock did not extend to ownership of corporate assets).

be invalid. Such a determination can easily be made by this Court, as a matter of law, without the need for additional discovery, engaging of bankruptcy or fraud experts, without re-litigating Thomas Van Scoy Sr.'s personal bankruptcy and without pushing back the trial date, as suggested by plaintiff. Plaintiff's arguments along these lines are solely conjecture.

Defendants note that all of the documents from the bankruptcy proceeding are available. This includes the schedule of assets that constituted the bankruptcy estate, the papers evidencing the disposition of those assets, including the acquisition of those assets by various parties including the plaintiff, Wayne Van Scoy. Defendants further note that Wayne Van Scoy submitted a portion of one of those papers to United States Patent and Trademark Office as a part of the applications to renew the registrations for the mark at issue. It is noteworthy that Wayne Van Scoy found it necessary to have his counsel prepare a memorandum for submission to the United States Patent and Trademark Office, which memorandum purported to fill in the gaps regarding Wayne Van Scoy's asserted ownership of the trademark registrations, which gaps were so conspicuously present as respecting ownership of the trademark registrations in the bankruptcy proceeding papers. With all of the papers being available and with the bankruptcy proceeding being closed, the determination of whether Wayne Van Scoy did or did not acquire ownership of the trademark registrations for the mark at issue requires only a straightforward reading of the papers from the bankruptcy proceeding. There is no need for additional discovery, experts or the like. It is a straightforward question of fact as to what assets went into the bankruptcy estate, to be determined from the schedules.

Further, plaintiff cannot claim surprise based on defendants' assertion that plaintiff does not own the trademark registrations at issue. Defendants made arguments nearly two months ago in their answering brief to plaintiff's motion for summary judgment on infringement, specifically

asserting that Wayne Van Scoy does not own the federal registrations for the mark at issue. <u>See</u> Defendants' brief in support of their motion to amend at pp. 6-7. Moreover, defendants' instant motion for leave to amend is unquestionably timely because defendants' only received the brochure at issue on Friday January, 20, 2006 and filed their motion the following Monday. Because defendants are not seeking to add a new cause of action, nor to change in any significant way the legal issues involved in the case, nor to add an additional defendant, nor to re-open discovery, nor to pursue an additional party, nor to otherwise delay the proceedings, plaintiff will suffer no undue prejudice from the amendment of the defendants' Answers, Affirmative Defenses and Counterclaims to assert non-ownership of the federal registrations at issue by Wayne Van Scoy.

The United States Supreme Court reminds us that the purpose of the Federal Rules is to facilitate decision of cases on their merits as opposed to precluding proposed allegations of parties based upon mere technicalities:

> (T)he Federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Conley v. Gibson*, 355 U.S. 41, 48 (1957)

Defendants' answer, affirmative defenses and counterclaims should be amended to ensure a proper decision on the merits.

[Remainder of page intentionally left blank]

## CONCLUSION

Justice requires that leave be given defendants to amend their pleadings because (1) the amendments sought do not add any cause of action to the case; (2) the amendments do not involve allegations differing significantly from the allegations already pleaded; (3) the amendments will not require the re-opening of discovery; (4) the amendments will not delay the trial; and (5) plaintiff will not be surprised or prejudiced, having on numerous previous occasions addressed these very contentions of defendants. Leave to amend will assure a decision on the merits and should be granted.

**FOX ROTHSCHILD LLP**

/s/ Sharon Oras Morgan
Sharon Oras Morgan (DE Bar No. 4287)
Sheldon K. Rennie (DE Bar No. 3772)
919 N. Market Street
Suite 1300
Wilmington, Delaware 19801
Telephone: (302) 622-4246
Facsimile: (302) 656-8920

OF COUNSEL:
Charles N. Quinn
Fox Rothschild LLP
2000 Market Street
Tenth Floor
Philadelphia, PA 19103
(215) 299-2135
*Attorneys for Defendants and Counterclaim Plaintiff*

Dated: February 21, 2006