# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

February 27, 2006

The Honorable Kent A. Jordan                                          VIA E-FILE
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

     Re:    Wayne Van Scoy v. Van Scoy Diamond Mine of Delaware, Inc. et al.
              C.A. No. 05-108-KAJ

Dear Judge Jordan:

     In anticipation of today's teleconference with the Court, Plaintiff submits this letter. We respectfully request the Court's assistance with respect to the schedule for preparation of the Proposed Pretrial Order.

     The Proposed Pretrial Order is due Monday, March 6, 2006 pursuant to this Court's Scheduling Order of April 26, 2005.

     Plaintiff's counsel, Michael F. Petock, Esquire, sent an e-mail to Mr. Quinn on January 18, 2006 requesting agreement on a schedule of exchange of the necessary information for the preparation of the Proposed Pretrial Order. A copy of this e-mail is attached as Exhibit A.

     Mr. Quinn responded on January 19, 2006 that he would get back to Plaintiff shortly. See Exhibit B. He never did.

     Michael F. Petock conducted a telephone conference with Sharon Morgan, Esquire on February 3, 2006 in which Ms. Morgan promised to get back to Mr. Petock with respect to the scheduling order, but did not.

     Michael C. Petock, Esquire then sent an e-mail to Ms. Morgan on February 8, 2006 again requesting agreement on a schedule. See Exhibit C.

     Michael F. Petock then e-mailed Mr. Quinn and Ms. Morgan on February 14, 2006 requesting agreement on a schedule of exchange of information. This was responded to by Ms. Morgan's e-mail of February 14, 2006 in which she advised that there would be ample time after Mr. Quinn's return to get the Proposed Pretrial Order filed. See Exhibits D and E.

The Honorable Kent A. Jordan
February 27, 2006
Page 2

On February 15, 2006, Michael F. Petock then e-mailed Mr. Quinn and Ms. Morgan advising that in view of Mr. Quinn's circumstances and Ms. Morgan's representation that there was ample time for them to get the Proposed Pretrial Order together, he was deferring contacting the Court until February 20, 2006 conditioned on a schedule being agreed to by then. See Exhibit F.

On February 20, 2006, a schedule was agreed upon between the parties. The agreement on the schedule was confirmed by Mr. Petock's and Mr. Quinn's e-mails of February 20, 2006. See Exhibit G. The schedule included, *inter alia*, exchange of designation of witness lists and designation of deposition transcripts by February 22, 2006 and exchange of *motions in limine* by February 24, 2006.

On February 22, 2006, Mr. Quinn sent a letter attached as Exhibit H in which he advised that in all likelihood he was not going to be able to adhere to the schedule. With that letter he sent identification of certain witnesses reserving the right to add additional witnesses and designating entire deposition transcripts, not by page and line number. This would make it extremely burdensome for Plaintiff to raise objections to everything that could possibly be objectionable in an entire deposition transcript.

In accordance with the schedule, Plaintiff served his five *Motions in Limine* on February 24, 2006. Defendants did not serve any *motions in limine* on February 22, 23 or 24, 2006. Michael F. Petock called Mr. Quinn on February 24, 2006 asking him whether he would cooperate and at least estimate when he might be able to serve Defendants' *Motions in Limine* and whether he would serve them as they were prepared. He refused to serve them as prepared and refused to give any estimate as to when they will be served. He repeatedly insisted "we will serve them when we serve them."

In view of this situation, Plaintiff felt that it was necessary to contact the Court rather than risk having the Court learn of the problem for the first time on March 6, 2006.

A key person who is essential for the preparation of the Proposed Pretrial Order and related documents will be out of Plaintiff's office March 7-13, 2006. These plans were based on the Court's Scheduling Order which has been in place for the best part of a year since April 26, 2005 where the Proposed Pretrial Order would have been filed on March 6, 2006.

Since Plaintiff has not even received Defendants' *Motions in Limine* nor Defendants' exhibits and needs to prepare responses to their *Motions in Limine* and objections to their exhibits, and also needs to prepare citations/arguments with respect to the admissibility of any of Plaintiff's exhibits that Defendants object to, there is now not sufficient time left between now and March 6, 2006 to get the materials prepared and exchanged. In view of the fact that a key

The Honorable Kent A. Jordan
February 27, 2006
Page 3

person will be out of Plaintiff's counsel's office from March 7 through March 13, 2006, an extension of time of only one week would greatly prejudice Plaintiff, quite improperly since Plaintiff has been trying to get the parties to work on preparation of the Proposed Pretrial Order since January 18, 2006 with no response from Defendants until February 20, 2006. If Defendants had met the schedule that they agreed to, it would have been possible to get the Proposed Pretrial Order filed by March 6, 2006. However, Defendants failed to meet the schedule that they agreed to.

      Plaintiff now requests that the Court enter an order that the parties serve their *motions in limine*, exhibit list and hard copies of the exhibits by Wednesday March 1, 2006; that responses to the *motions in limine* and objections to the exhibits be served by no later than Wednesday March 15, 2006; that citations and/or arguments supporting admission of an objected to exhibit be served by March 17, 2006 and that the Proposed Pretrial Order be filed by Monday March 20, 2006.

      Plaintiff expresses deepest sympathies on the passing of Mr. Quinn's mother in the early part of February, 2006, but this unfortunate event should not be used to prejudice Plaintiff when Plaintiff has been at all times diligently trying to get this Proposed Pretrial Order in place in a timely manner and Plaintiff's counsel's office has relied upon the Scheduling Order of April 26, 2005 that the Proposed Pretrial Order would be filed by March 6, 2006.

Respectfully,

*(signature)*

Tiffany Geyer Lydon

TGL/dmf
Attachments
167042.1

c:    Sharon Oras Morgan, Esquire
      Charles N. Quinn, Esquire
      Michael F. Petock, Esquire
      Michael C. Petock, Esquire