IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY,                )<br>                                               )<br>            Plaintiff,               )<br>                                               )    C.A. No. 05-108-KAJ<br>        v.                                  )<br>                                               )<br>VAN SCOY DIAMOND MINE OF  )<br>DELAWARE, INC., a Delaware corporation, )<br>KURT VAN SCOY, and DONNA VAN SCOY, )<br>                                               )<br>            Defendants.           ) | |

**PLAINTIFF WAYNE VAN SCOY'S SUPPLEMENT TO
HIS ANSWERING BRIEF IN OPPOSITION TO MOTION OF
DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, INC.,
KURT VAN SCOY AND DONNA VAN SCOY FOR SUMMARY JUDGMENT**

**Summary:** Defendants should not be granted summary judgment of laches, *inter alia*, because of the Doctrine of Progressive Encroachment.

**Argument:**

Wayne Van Scoy has made clear throughout these proceedings that the reason he filed suit against the Defendants was because of his discovery of Defendants' infringing website in July 2004. (*See e.g. Plaintiff Wayne Van Scoy's Answering Brief at page 23-24- D.I. 134*). Defendants registered Plaintiff's mark as a domain name in July of 2002. At some point between July 2002 and July 2004 when Plaintiff first discovered it, Defendants began operating their vanscoydiamondmine.com website and offering jewelry products for sale through that website using Plaintiff's mark both as a mark on their website and as a domain name. It is a disputed issue of fact with respect to Defendants' Motion for Summary Judgment on laches as to when after July 12, 2002 Defendants' website became operational. Regardless, Defendants'

website did not become operational prior to the alleged three or four year statute of limitations. Prior to Defendants establishing their website, there was no basis for Plaintiff to bring a suit for infringement against Defendants, who operated in a separate geographic territory from Plaintiff, did not share customers, and did not advertise in the same geographic channels. Not until there was truly a likelihood of confusion could Plaintiff bring suit.

The nature of Defendants' use of Plaintiff's registered mark changed drastically when Defendants started using Plaintiff's registered mark on a website offering jewelry for sale, using Plaintiff's mark both on the website and as a domain name. Courts have embraced the <u>Doctrine of Progressive Encroachment</u> as a way of giving a "plaintiff some latitude in the timing of bringing suit, that is, waiting until the 'likelihood of confusion looms large' to bring the suit." <u>Kellogg Company v. Exxon Corporation</u>, 209 F.3d 562, 570-571 (6th Cir. 2000). Even if it were determined that Plaintiff had some legal basis to bring suit earlier then he did, Plaintiff's failure to do so is excused under the Doctrine of Progressive Encroachment. Under the Doctrine of Progressive Encroachment any delay on the part of a plaintiff is excused when the nature of an existing infringement changes in character and scope such that the defendant's infringement places a defendant's marketing efforts "more squarely in competition with the plaintiff." <u>Kason Industries, Inc. v. Component Hardware Group, Inc.</u>, 120 F.3d 1199, 1205 (11th Cir. 1997)(*reversing grant of summary judgment on the basis of laches because district court did not evaluate "under the progressive encroachment theory the point at which [plaintiff] could have demonstrated likelihood of confusion in its primary . . . market"*). The Doctrine of Progressive Encroachment measures the time period for determining laches from when a defendant increased the severity of the infringement, even though the defendant was infringing earlier and a plaintiff could have sued earlier. Defendants operating their vanscoydiamondmine.com website and

2

offering products for sale under Plaintiff's registered mark on that website in Plaintiff's sales area drastically changed the nature of any underlying infringement that may have previously existed. Defendants' website offers many of the exact products offered by Plaintiff in his store and lists the prices for each of those products. Plaintiff is aware of other on-line jewelers such as the one hosted at www.bluenile.com which have experienced great success and which have established themselves as serious competitors with traditional off-line jewelry retailers. The period for determining laches should not begin to run until Plaintiff discovered the completely changed nature of the infringement and the increased severity of the infringement by Defendants using Plaintiff's registered mark on their website and as a domain name. Under any set of possible facts, the time for determining laches could not have begun to run prior to the time that Defendants first registered Plaintiff's mark as a domain name on July 12, 2002. Since Plaintiff filed suit on February 23, 2005, which is less than three years later, any period of laches is shorter than any possible statute of limitations. Accordingly, it is respectfully submitted that the Court should not apply the doctrine of laches.

      Defendants, through their website, are attempting to operate on a far greater scale than they ever have previously. Wayne Van Scoy brought this suit promptly upon discovering Defendants' website. Defendants contest the present significance of Defendants' website claiming that it does not make significant sales. However, this is an issue of fact. Further, Plaintiff must seek an injunction enjoining Defendants from use of his mark on their website now as delay into the future waiting for Defendants to become more successful is again likely to result in a laches defense being raised. Defendants, through their laches defense, are improperly seeking a windfall that will essentially grant them the right to do continue expanding as they see fit. Plaintiff incorporates by reference his Opening and Reply Briefs in Support of Plaintiff's

3

Motion of Summary Judgment of No Laches, Acquiescence or Estoppel. See D.I. 113 and 146. Particularly, See D.I. 113 at pages 20-21.

                                                ASHBY & GEDDES

                                                /s/ *John G. Day*

                                                _____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19801
(302) 654-1888
*Attorneys for Wayne Van Scoy*

*Of Counsel:*

Michael F. Petock
Michael C. Petock
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 856
Valley Forge, PA 19482-0856
(610) 935-8600

Dated: March 7, 2006
167307.1

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2006, the attached **PLAINTIFF WAYNE VAN SCOY'S SUPPLEMENT TO HIS ANSWERING BRIEF IN OPPOSITION TO MOTION OF DEFENDANTS VAN SCOY DIAMOND MINE OF DELAWARE, INC., KURT VAN SCOY AND DONNA VAN SCOY FOR SUMMARY JUDGMENT** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Sharon Oras Morgan, Esquire<br>Fox Rothschild LLP<br>Citizen Bank Center<br>919 North Market Street<br>Suite 1300<br>Wilmington, DE  19801-2323 | VIA ELECTRONIC MAIL |
| Charles N. Quinn, Esquire<br>Fox Rothschild LLP<br>2000 Market Street<br>Tenth Floor<br>Philadelphia, PA  19103 | VIA ELECTRONIC MAIL |

*/s/ John G. Day*
_____
John G. Day