THE UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE VAN SCOY<br>　　　　　　Plaintiff<br><br>V.<br><br>VAN SCOY DIAMOND MINE OF<br>DELAWARE, INC., a Delaware Corporation<br>KURT VAN SCOY, and<br>DONNA VAN SCOY<br>　　　　　　Defendants. | Civil Action No. 05-108-KAJ |

## CONSENT JUDGMENT

Plaintiff Wayne Van Scoy and Defendants Kurt Van Scoy, Donna Van Scoy and Van Scoy Diamonds Mine of Delaware Inc. (which shall in the future be named "Van Scoy Diamonds of Delaware, Incorporated"), subject to Court approval, have agreed to settle this action as between one another, and to the entry of this Consent Judgment, as follows:

1.　　Plaintiff filed this suit seeking injunctive relief and damages for trademark infringement, unfair competition and violation of 15 USC 1125(d) by defendants.

2.　　Plaintiff and the defendants have reached a settlement of the claims between them, and such settlement is fully embodied in the Settlement Agreement dated April 11, 2006.

3.　　Plaintiff and defendants acknowledge that this Court has subject matter jurisdiction of this action; that, by agreeing to this Consent Judgment, a Permanent Injunction and a Settlement Agreement in this matter, they voluntarily consent to this Court exercising jurisdiction over them; and that to preserve the benefits of the settlement and to assure

compliance with it, the parties further acknowledge that the Court retains jurisdiction to enforce this Consent Judgment, the Permanent Injunction and the Settlement Agreement.

4. Defendants acknowledge the validity and enforceability of United States trademark and service mark registrations 1,140,711 and 1,140,958, both for the mark "Van Scoy Diamond Mine" and acknowledge Wayne Van Scoy's ownership of the mark and those two federal registrations for it.

5. Plaintiff and defendants acknowledge that the terms of the proposed Permanent Injunction attached as Exhibit 1, and the confidential Settlement Agreement dated April 11, 2006, collectively constitute full and fair resolution of all claims asserted in such litigation as between plaintiff and the defendants, and that the Permanent Injunction should be entered as the Final Judgment in this action by the Court.

6. Each party shall bear its own costs and attorney fees in this matter.

7. The Court finds that, under Federal Rule of Civil Procedure 54(b), there is no just reason for delay in the entry of the Consent Judgment and Permanent Injunction, which should be entered as a final judgment. Accordingly, the Court approves this Consent Judgment and Orders its entry as a Final judgment.

Dated: _____, 2006

_____
Kent Jordan
United States District Judge

Agreed:

*(signature)*  
Steven J. Balick, Esquire  
John G. Day, Esquire  
ASHBY & GEDDES  
222 Delaware Avenue, 17th Floor  
P.O. Box 1150  
Wilmington, DE 19899  

*Attorneys for Plaintiff*

*Of Counsel:*

Michael F. Petock, Esquire  
Michael C. Petock, Esquire  
PETOCK & PETOCK, LLC  
46 The Commons at Valley Forge  
1220 Valley Forge Road  
P.O. Box 856  
Valley Forge, PA 19482-0856  

*(signature)*  
Sharon Oras Morgan, Esquire  
Francis G.X. Pileggi, Esquire  
Fox Rothschild LLP  
Suite 1300  
919 N. Market Street  
Wilmington, DE 19801  

*Attorneys for Defendants*

*Of Counsel:*

Charles N. Quinn, Esquire  
Fox Rothschild LLP  
2000 Market Street  
Tenth Floor  
Philadelphia, PA 19103-3291